FILED

2004 JUN 18 P 2: 12

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

————————————————————X

| | |
|---|---|
| LAURA GUIGLIANO, as Guardian Ad Litem for MICHAEL GUIGLIANO, as a Person Adjudged to be Incompetent, and LAURA GUIGLIANO, Individually | CIVIL ACTION NO.: 3:02 CV 718 (RNC) |
| Plaintiffs, | |
| VS. | |
| DANBURY HOSPITAL, JAMES DEPUY, M.D., F. SCOTT GRAY, M.D., GEORGINA CARLSON, P.A., DEANNA WOLFFE, P.A., DAVID OELBERG, M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D., ARTHUR KOTCH, M.D., JULIA CIRCIUMARA, M.D., ANDRE KOUZNETSOV, M.D., MICHAELA FEDERICA, M.D., MUAREEN BENNETT, R.N., JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N., JANE DOE NO. 1, JANE DOE NO. 2 AND JANE DOE NO. 3 | |
| Defendants. | JUNE 17, 2004 |

————————————————————X

**DEFENDANT GEORGINA CARLSON, P.A.'S ANSWER TO THE PLAINTIFF'S COMPLAINT DATED JUNE 2, 2004**

**BY WAY OF ANSWER TO PARTIES:**

1-15. As to paragraphs 1 through 15, the undersigned defendant has no knowledge sufficient to form a belief, and therefore, leaves the plaintiff to her proof.

16-17.  Paragraphs 16 and 17 are admitted, except her name is spelled Georgina Knowles.

18.  As to paragraph 18, it is admitted that at all times hereinafter mentioned the defendant, Georgina Knowles, P.A., was a physician assistant specializing in the field of orthopedics, who held herself out to the general public as being competent in the care and treatment of patients in accordance with standards of accepted physician assistant care and practice.  The remainder of paragraph 18 is denied.

19.  As to paragraph 19, it is admitted that at all times hereinafter mentioned the defendant Georgina Knowles, P.A. had privileges at defendant Danbury Hospital and was authorized to provide care and treatment to patients at defendant Danbury Hospital.  The remainder of paragraph 19 is denied.

20-69.  As to paragraphs 20 through 69, the undersigned defendant has no knowledge sufficient to form a belief, and, therefore, leaves the plaintiff to her proof.

**BY WAY OF ANSWER TO JURISDICTION:**

70.  Paragraph 70 is admitted as to the undersigned defendant.

71. As to paragraph 71, the undersigned defendant has no knowledge sufficient to form a belief, and, therefore, leaves the plaintiff to her proof.

**BY WAY OF ANSWER TO VENUE:**

72. Paragraph 72 is admitted.

**BY WAY OF ANSWER TO JURY DEMAND:**

73. Paragraph 73 is admitted.

**BY WAY OF ANSWER TO THE FIRST CAUSE OF ACTION:**

74. The answers to paragraphs 1 through 73 are hereby made the answer to paragraph 74.

75-77. The undersigned defendant does not respond to the allegations contained in said paragraphs since they are not directed against her.

78. So much of paragraph 78 as alleges that on or about February 7, 2001 and subsequent thereto, Michael Guigliano came under the care of the defendant Georgina Knowles, P.A., in her capacity as a physician assistant charged with the responsibility of caring for patients in accordance with standards of accepted physician assistant practice is admitted. The remainder of paragraph 78 is denied.

79-95.   As to paragraphs 79 through 95, the undersigned defendant does not respond since said paragraphs are not directed against her.

96.   So much of paragraph 96 as alleges that at all times hereinafter mentioned, it was the duty of the physician assistant, Georgina Knowles, P.A., to render care and treatment to patients in general and to Michael Guigliano in accordance with approved methods of care and treatment generally used in the community and in accordance with standards of good and accepted physician assistant care and practice is admitted.  The remainder of paragraph 96 is denied.

97-110.   The undersigned defendant does not respond to paragraphs 97 through 110 since said paragraphs are not directed against her.

111-116.   Paragraphs 111 through 116 are denied as to the undersigned defendant.

**BY WAY OF ANSWER TO THE SECOND CAUSE OF ACTION**

117.   The answers to paragraphs 1 through 116 are hereby made the answer to paragraph 117.

118. The undersigned defendant has no knowledge sufficient to form a belief, and therefore, leaves the plaintiff to her proof.

119-120. Paragraphs 119 and 120 are denied.

**BY WAY OF ANSWER TO THE THIRD CAUSE OF ACTION**

121. The answers to Paragraphs 1 through 120 are hereby made the answer to Paragraph 121.

122-128. As to Paragraphs 122 through 128, the undersigned defendant has no knowledge sufficient to form a belief and, therefore, leaves the plaintiff to her proof.

**BY WAY OF ANSWER TO THE FOURTH CAUSE OF ACTION**

129. The answers to Paragraphs 1 through 128 are hereby made the answer to Paragraph 129.

130-132. Paragraphs 130 through 132 are hereby denied.

133-134. As to Paragraphs 133 and 134, the undersigned defendant has no knowledge sufficient to form a belief and, therefore, leaves the plaintiff to her proof.

135-136. Paragraphs 135 and 136 are denied as to the undersigned defendant.

```
                              THE DEFENDANT,
                              GEORGINA KNOWLES, P.A.

                              BY: _____
                                  Garie J. Mulcahey
                                       of
                                  Bai, Pollock, Blueweiss

                               & Mulcahey, P.C.
                              (203) 366-7991
                              Fax (203) 366-4723
                              Federal Bar No. CT 05242
```

**CERTIFICATION**

This is to certify that on ___6/17/04___, a copy of the foregoing was mailed, postage prepaid to all counsel and pro-se parties of record to wit:

Joseph Lanni, Esq.
138 Chatsworth Ave., Suite 6-B
Larchmont, NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue, 7th FL
New York, NY 10001

Michael Neubert, Esq.
Neubert, Pepe & Monteith
195 Church St.,
New Haven, CT 23067

Christine Robinson, Esq.
Hitt, Sachner & Miele
673 S. Main St.
Cheshire, CT 06410

Michael Ryan, Esq.
Ryan, Ryan, Johnson & DeLuca, LLP
80 Fourth Street
Stamford, CT 06905

_____
Bai, Pollock, Blueweiss
& Mulcahey, P.C.