UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------X

| | |
|---|---|
| LAURA GUIGLIANO, as Guardian Ad Litem for MICHAEL GUIGLIANO, as a Person Adjudged to be Incompetent, and LAURA GUIGLIANO, Individually | CIVIL ACTION NO.: 3:02 CV 718 (RNC) |
| Plaintiffs, | |
| VS. | |
| DANBURY HOSPITAL, JAMES DEPUY, M.D., F. SCOTT GRAY, M.D., GEORGINA CARLSON, P.A., DEANNA WOLFFE, P.A., DAVID OELBERG, M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D., ARTHUR KOTCH, M.D., JULIA CIRCIUMARA, M.D., ANDRE KOUZNETSOV, M.D., MICHAELA FEDERICA, M.D., MUAREEN BENNETT, R.N., JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N., JANE DOE NO. 1, JANE DOE NO. 2 AND JANE DOE NO. 3 | |
| Defendants. X | January 20, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF FACTS**

The plaintiff initiated this medical malpractice action by way of summons and complaint dated April 24, 2002. On June 29,

2004, plaintiff filed an amended complaint.

By way of allegations, the plaintiff claims that all of the defendants', including the undersigned defendant, **GEORGINA CARLSON, P.A. a/k/a GEORGINA KNOWLES, P.A.**, work up, diagnosis, care and treatment of the decedent, **MICHAEL GUIGLIANO**, from February 7, 2001 to February 17, 2001 was improper, negligent and careless, in that they failed to properly and timely diagnose and treat fat emboli syndrome; failed to properly and timely take prophylactic measures against respiratory distress, failed to avoid and prevent the onset of ARDS and respiratory arrest; failed to properly monitor, observe, supervise and attend to the patient; failed to timely diagnose, recognize and become alert to a respiratory arrest; and failed to properly and timely perform cardiopulmonary resuscitation.  As a result of said negligence, plaintiff claims that the decedent was caused to suffer permanent, severe, disabling injuries, including conscious pain and suffering, ARDS, respiratory failure, respiratory arrest, cardiopulmonary arrest, brain damage, permanent vegetative state, permanent coma and death.

The undersigned defendant denied these allegations in her answer and special defenses dated August 23, 2004.

The undersigned defendant was employed by Connecticut Family Orthopedics as a physician's assistant during the time period from February 7, 2001 through February 17, 2001. At said time, the decedent, **MICHAEL GUIGLIANO**, was admitted to Danbury Hospital subsequent to falling 12 feet from a ladder/roof and suffering a left tibial plateau fracture and left calcaneal fracture.

The instant matter is scheduled to begin trial June 1, 2005.

On November 5, 2004, all counsel of record finalized and signed a "Case Management Plan Stipulation & Order" agreeing that the plaintiff would disclose all trial experts and provide opposing counsel with the trial experts' reports by November 15, 2004. On November 16, 2004, plaintiff disclosed 5 trial experts (three doctors, one registered nurse and an economist), along with their reports. Plaintiff's trial experts' reports do <u>not</u> contain any opinions of negligence directed against the

undersigned defendant.  Additionally, to date the plaintiff has not disclosed an expert witness to testify that anything that the undersigned defendant did or did not do proximately caused the decedent's alleged injuries, and is now well beyond the scheduling order deadline.

On December 29, 2004, correspondence forwarded by plaintiff's counsel stated that the plaintiff, **LISA GUIGLIANO**, had provided a written authorization "to discontinue claims against any defendant whose conduct was not addressed by and not considered to constitute departures from proper medical and nursing practice in the plaintiff's experts' reports." (See attached, Exhibit A).  The letter further states that "the plaintiff is willing to withdraw all claims asserted against. . ." the undersigned defendant, **GEORGINA CARLSON, P.A. a/k/a GEORGINA KNOWLES, P.A.**  Id.  Plaintiff's counsel elected to discontinue the claims against the undersigned defendant by stipulation, designated to be "with prejudice."  Id.

Since the plaintiff has failed to disclose an expert witness to establish that the undersigned defendant breached the

standard of care or that the decedent's claimed injuries and damages were proximately caused by the actions of the undersigned defendant, summary judgment must enter on her behalf.

**LAW AND ARGUMENT**

    A.  STANDARD

Federal Rules of Civil Procedure, Rule 56(c) provides that Summary Judgment "shall be rendered forthwith if the pleadings, affidavits and any other proofs offered show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"Summary Judgment is a method of resolving litigation when pleadings, affidavits and any other proofs submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Masotti vs. Bristol Savings Bank,</u> 43 Conn. Supp. 360, 361 (1994), <u>citing</u>, <u>Wilson vs. New Haven,</u> 213 Conn. 277, 279, 567 A.2d 829 (1989). A material fact is one which will make a difference in the outcome

of the case. <u>Hammer v. Lumberman's Mutual Casualty Co.</u>, 214 Conn. 573, 578, 573 A.2d 699 (1990).

"To avoid summary judgment, the plaintiff must establish the factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." <u>Connell vs. Colwell</u>, 214 Conn. 242, 251, 571 A.2d 116 (1990). "Mere assertions of fact, whether in a Complaint or in a brief, cannot establish the existence of material fact and cannot refute evidence properly presented by the movant." <u>Kakadelis v. DeFabritis,</u> 191 Conn. 276, 464 A.2d 57 (1983).

**B.   ARGUMENT**

Connecticut General Statutes Section 52-184c provides in relevant part:

> "In any civil action to recover damages resulting from personal injury or wrongful death...in which it is alleged that such injury or death resulted from the negligence of a health care provider...the claimant shall have the burden of proving by the preponderance of the evidence that the alleged actions of the healthcare provider represented a breach of the prevailing professional standard of care for that health care provider... The prevailing professional standard of care for a given health care provider shall be that level of care, skill and treatment

6

which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." Connecticut General Statutes, Section 52-184c(a).

"In order to prevail in a medical malpractice action, the plaintiff must prove the following:  1) the requisite standard of care for treatment; 2) a deviation from that standard of care; and 3) a causal connection between the deviation and the claimed injury."  Boone v. William W. Backus Hospital, et al, (SC 17204); Gold v. Greenwich Hospital Association, 262 Conn. 248, 254-255, 811 A.2d 1266 (2002).

"[Further], expert testimony is required to establish both the standard of care to which the defendant is held and the breach of that standard [of care]." Id. quoting, Amsden v. Fischer, 62 Conn. App. 323, 331, 771 A.2d 233 (2001). Therefore, the testimony of an expert witness in a medical malpractice case is paramount.  Moreover, without the testimony of an expert witness who can establish that the undersigned defendant violated the standard of care and proximately caused the injuries alleged in the complaint, the plaintiff cannot meet

her burden of proof and summary judgment should enter in favor of the undersigned defendant.

In this matter, plaintiff disclosed three doctors, a registered nurse and an economist as expert witnesses. Said expert witnesses will provide testimony regarding the standard of care of surgeons, the standard of care of the nursing staff at Danbury Hospital, the proximate cause of the decedent's demise and an estimate of the economic loss sustained by the decedent's family as a result of his alleged accident and eventual demise. Plaintiff has failed to disclose any expert witness to testify regarding the standard of care of a physician's assistant and whether anything the physician's assistant did or did not do proximately caused the decedent's alleged injuries and damages. Furthermore, nothing in plaintiff's expert witnesses' reports reflects any opinion that the undersigned defendant acted negligently or deviated from the standard of care.

Pursuant to the Case Management Plan Stipulation & Order dated November 5, 2004, plaintiff was required to disclose all

trial experts and their reports by November 15, 2004. <u>See</u>, <u>Exhibit B.</u> To date, plaintiff has failed to disclose a physician's assistant to testify that the undersigned defendant, **GEORGINA CARLSON, P.A. A/K/A GEORGINA KNOWLES, P.A.**, deviated from the standard of care in treating and caring for the decedent.

The undersigned defendant in the case is entitled to summary judgment as a matter of law because the plaintiff has failed to provide evidence in this medical malpractice action through an expert witness that the undersigned defendant violated the standard of care, and as a result, caused the injuries and damages alleged. Without expert testimony, no reasonable jury could conclude that the plaintiff has met her burden of proof. Thus, the undersigned defendant is entitled to judgment as a matter of law.

### CONCLUSION

Based on the foregoing, the plaintiff, absent expert testimony, cannot prevail against the undersigned defendant. Therefore, Georgina Carlson, P.A. a/k/a Georgina Knowles, P.A.

is entitled to judgment as a matter of law and her motion for summary judgment should be granted.

                                  THE DEFENDANT,
                                  GEORGINA KNOWLES, P.A.


                                  _____
                                  GAILEEN A. KAUFMAN
                                         OF
                                  BAI, POLLOCK, BLUEWEISS
                                        & MULCAHEY, P.C.
                                  One Corporate Drive, Fifth Floor
                                  Shelton, CT 06484
                                  gkaufman@baipollock.com
                                  Telephone: (203)925-8100
                                  Facsimile: (203)925-8101
                                  Federal Bar No. CT 09826

**C E R T I F I C A T I O N**

This is to certify that on _____, a copy of the foregoing has been mailed, postage prepaid to all counsel and pro-se parties of record to wit:

| | |
|---|---|
| Joseph Lanni, Esq.<br>138 Chatsworth Ave., Suite 6-8 LLP<br>Larchmont, NY 10538 | Michael Ryan, Esq.<br>Ryan, Ryan, Johnson & DeLuca, LLP<br>80 Fourth Street<br>Stamford, CT 06905 |
| Scott F. Morgan, Esq.<br>Weiner, Millo & Morgan, LLC<br>220 Fifth Avenue, 7th FL<br>New York, NY 10001 | |
| Michael Neubert, Esq.<br>Neubert, Pepe & Monteith<br>195 Church Street<br>New Haven, CT 23067 | |
| Christine Robinson, Esq.<br>Hitt, Sachner & Miele<br>673 S. Main St.<br>Cheshire, CT 06410 | _____<br>GAILEEN A. KAUFMAN<br>　　　OF<br>BAI, POLLOCK, BLUEWEISS<br>　 & MULCAHEY, P.C.<br>One Corporate Drive, Fifth Floor<br>Shelton, CT 06484<br>gkaufman@baipollock.com<br>Telephone: (203)925-8100<br>Facsimile: (203)925-8101<br>Federal Bar No. CT 09826 |

11