Exhibit A

# The Law Firm Of
# JOSEPH LANNI, P. C.
138 Chatsworth Avenue, Suites 6 – 8
Larchmont, New York 10538
Tel: (914) 834-6600  /  Fax: (914) 834-0152

December 29, 2004

**VIA FACSIMILE**
**VIA REGULAR MAIL**

Eric Stockman, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Richard A. O'Connor, Esq.
Sachner & O'Connor, L.L.C.
765 Straits Turnpike
Building 2, Suite 1001
Middlebury, CT 06762-1323

Garie Mulcahey, Esq.
Bai, Pollock, Blueweiss
& Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604

Kevin Tepas, Esq.
Ryan, Ryan, Johnson
& Deluca, LLP
80 Fourth Street
Stamford, CT 06905

RE: **GUIGLIANO v. DANBURY HOSPITAL, ET AL.**
*302 CV 718 (RNC)(DFM)*

Dear Counsel:

I have received written authorization from my client, Laura Guigliano, to discontinue the claims against those answering defendants whose conduct was not addressed by and not considered to constitute departures from proper medical and nursing practice in our experts' reports. Thus, the plaintiff is willing to withdraw all claims asserted against defendants Gray, DePuy, Wolff, Knowles-Carlson, Oelberg, Yuan, Kouznetsov and Tudorica.

According to *Fed. R. Civ. P. 41*, the discontinuance or dismissal of claims against a defendant can be accomplished by stipulation, designated to be "with prejudice", signed by all of the parties (*Rule 41(a)(1)*) or by court order (*Rule 41(a)(2)*). Please advise me at the earliest convenience whether all parties are willing to proceed with the discontinuance of the claims against the above named defendants via stipulation as provided by Rule *41(a)(1)* or whether filing a motion for the requisite court order pursuant to (*Rule 41(a)(2)*) is needed.

December 29, 2004
Page 2 of 2

      Assuming that a stipulation will be sufficient, I am forwarding the original of a *Fed. R. Civ. P. 41(a)(1) Stipulation of Voluntary Dismissal of Certain Claims*, dated December 29, 2004, (signed by Mr. Morgan and I), enclosed with the copy of this letter to Mr. O'Connor (Sachner & O'Connor). I ask Mr. O'Connor to sign this stipulation on behalf of his clients and then send the stipulation to Ms. Mulcahy (Bai, Pollock, et al.) for signature, then for Ms. Mulcahy to send it on to the offices of Neubert, et al., and so forth. Upon its return to my offices, we will take care of electronically filing same with the court clerk.

      Thank you for your courtesy and cooperation with this matter.

Very truly yours,

JOSEPH LANNI (CT 23566)

JL/
Enclosure

Cc:

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
==========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased, and LAURA
GUIGLIANO, Individually,

                Plaintiff(s)                      **CASE MANAGEMENT PLAN STIPULATION & ORDER**

                -against-

DANBURY HOSPITAL, JAMES DEPUY, M.D.,
F. SCOTT GRAY, M.D., GEORGIANA KNOWLES,
P.A., DEANNA WOLFFE, P.A., DAVID OELBERG,
M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D.,        *3:02 CV 718*
ARTHUR KOTCH, M.D., IULIA CIRCIUMARA,        *(RNC)(DFM)*
M.D., ANDREI KOUZNETSOV, M.D., MIHAELA
TUDORICA, M.D., MAUREEN BENNETT, R.N.,
JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N.,
VANESSA SAIPHER, JOE ROTH and "JANE DOE
NO. 1" (*full identity unknown, being identified as a
DANBURY HOSPITAL employee who was assigned to
monitor, supervise and attend to patient MICHAEL
GUIGLIANO prior to and during a CT Scan procedure
on 2/17/01*),

                Defendants.
==========================================X

The following "*Case Management Plan Stipulation & Order*" amends and modifies the sections entitled "Case Management Plan" (Section V) and "Trial Readiness" (Section VI) contained in the *L. Civ. R. 38 (a) Report of Parties' Planning Meeting,* dated July 31, 2002, previously filed with the Court in this action:

1

(V) **CASE MANAGEMENT PLAN:**

(D) **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS:** (See, *Stipulation & Order, dated June 4, 2004,* providing for service of an Amended Complaint and amendment of the caption.)

(E) **DISCOVERY:**

   (1)   The parties anticipate that discovery will be needed on all aspects of the claims and defenses set forth above in Section III.

   (2)   All discovery, including the depositions of expert witnesses pursuant to *Fed. R. Civ. P. 26 (b) (4)*, will be commenced by acceptance of the Scheduling Order and completed by April 25, 2005.

   (3)   Discovery will not be conducted in phases.

   (4)   N/A

   (5)   The parties anticipate that the plaintiff will require a total of 20 – 25 depositions of fact witnesses. The depositions of fact witnesses will commence promptly after initial document production and be completed by January 1, 2005.

   (6)   N/A.

   (7)   The plaintiff intends to call 5 expert witnesses at trial. The plaintiff will designate all trial experts and provide opposing counsel with expert disclosure and expert reports, pursuant to *Fed.*

2

R. Civ. P. 26 (a) (2) by November 15, 2004. Depositions of any such experts will be completed by January 15, 2005.

(8) The defendants intend to call a total of 10 expert witnesses at trial. The defendants will designate all trial experts and provide opposing counsel with expert disclosure and expert reports, pursuant to Fed. R. Civ. P. 26 (a) (2) by March 1, 2005. Depositions of any such experts will be completed by May 1, 2005.

(9) A damage analysis will be provided by any party who has a claim or counterclaim for damages by November 15, 2004.

**(F)  DISPOSITIVE MOTIONS:** Dispositive motions will be filed on or before May 25, 2005.

**(G)  JOINT TRIAL MEMORANDUM:** The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 25, 2005.

**(VI)  TRIAL READINESS:** The case will be ready for trial, as directed by the Court, on June 1, 2005.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: November 5, 2004

Plaintiff:

By: _____
JOSEPH LANNI (CT 23566)
The Law Firm Of
JOSEPH LANNI, P.C.
138 Chatsworth Avenue, Ste. 6 – 8
Larchmont, New York 10538
Tel: (914) 834-6600

By: _____
SCOTT F. MORGAN (CT 23648)
WEINER, MILLO & MORGAN, LLP
220 Fifth Avenue
Seventh Floor
New York, New York 10001
Tel.: (212) 213-1220

Defendants:

By: _____
ERIC STOCKMAN (CT 14981)
NEUBERT, PEPE & MONTEITH
Attorneys for Defendants
DANBURY HOSPITAL, OELBERG,
YUAN, KOTCH, CIRCIUMARA,
KOUZNETSOV (s/h/a KUZNETS),
TUDORICA, BURNETT, BROWN,
HOFFMAN, DOE NO. 1, DOE NO. 2
& DOE NO. 3
195 Church Street
New Haven, CT 23067
Tel.: (203) 821-2000

By: _____
RICHARD A. O'CONNOR (CT 18976)
SACHNER & O'CONNOR, L.L.P.
Attorneys for Defendants
DEPUY, GRAY, & WOLFFE
765 Straits Turnpike
Building 2, Suite 1001
Middlebury, CT 06762-1323
Tel.: (203) 272-0371

4

Defendants (cont'd):

By: /s/ Benjamin K. Potok  
BENJAMIN K. POTOK (CT 25129)  
BAI, POLLOCK, BLUEWEISS  
& MULCAHEY, P.C.  
Attorneys for Defendant  
KNOWLES  
One Corporate Drive  
Shelton, CT 06484  
Tel.: (203) 366-7991

By: /s/ Kevin A. Tepas  
KEVIN A. TEPAS (CT 05552)  
RYAN, RYAN, JOHNSON  
& DELUCA, LLP  
Attorneys for Defendants  
BORRUSSO  
80 Fourth Street  
Stamford, CT 06905  
Tel.: (203) 357-9200

SO ORDERED:

_____   _____  
U.S.D.J.                                  Date

5