UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
==========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased, and LAURA
GUIGLIANO, Individually,

                    Plaintiff(s)

               -against-

DANBURY HOSPITAL, JAMES DEPUY, M.D.,
F. SCOTT GRAY, M.D., GEORGIANA KNOWLES,
P.A., DEANNA WOLFFE, P.A., DAVID OELBERG,
M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D.,
ARTHUR KOTCH, M.D., IULIA CIRCIUMARA,          *3:02 CV 718*
M.D., ANDREI KOUZNETSOV, M.D., MIHAELA         *(RNC)(DFM)*
TUDORICA, M.D., MAUREEN BENNETT, R.N.,
JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N.,
VANESSA SAIPHER, JOE ROTH and "JANE DOE
NO. 1" (*full identity unknown, being identified as a
DANBURY HOSPITAL employee who was assigned to
monitor, supervise and attend to patient MICHAEL
GUIGLIANO prior to and during a CT Scan procedure
on 2/17/01*),

                    Defendants.
==========================================X

**PLAINTIFF'S MEMORANDUM OF LAW
IN  SUPPORT OF MOTION FOR
FOR JOINDER OF ADDITIONAL DEFENDANTS,
FOR LEAVE TO SERVE A SECOND AMENDED COMPLAINT
& FOR ISSUANCE OF A SUPPLEMENTAL SCHEDULING ORDER.**


                    Submitted by:
                    **JOSEPH LANNI, ESQ.**    (CT 23566)
                    THE LAW FIRM OF JOSEPH LANNI, P.C.
                    Attorneys for Plaintiff LAURA GUIGLIANO



**ORAL ARGUMENT [IS ___ /IS NOT _X_ ]
REQUESTED FOR THIS MOTION**.

## TABLE OF CONTENTS

*Page No.*

Preliminary Statement…………………………………………………………3

Relief Sought………………………………………………………………..4

*L. CIV. R. 7(b)(2)-(3)* Certification……………………………………………5

Summary Of Developments In Case
During Discovery Proceedings & Facts………………………………………..6

Argument for Relief…………………………………………………………8

Conclusion…………………………………………………………………..11

## TABLE OF EXHIBITS

Exhibit 1 – Complaint (dated April 12, 2002)

Exhibit 2 – Court Order Staying Action (dated )

Exhibit 3 – Amended Complaint (dated June 29, 2004)

Exhibit 4 – [Proposed] Second Amended Complaint

Exhibit 5 – Case Management Order (dated November 9, 2004)

## PRELIMINARY STATEMENT

This action, premised on diversity jurisdiction, sounds in medical malpractice and negligence.

On February 7, 2001, plaintiff Michael Guigliano was admitted to defendant Danbury Hospital after sustaining a fractured leg and foot in a fall at work.  Mr. Guigliano underwent surgery to repair these fractures and remained in the hospital for further care.  During the postoperative course, Mr. Guigliano developed abdominal distention and breathing difficulties that worsened over time.  On February 17, 2001, Mr. Guigliano was found in cardiorespiratory arrest in the hospital's CT scan room.  Though eventually resuscitated after approximately 30 minutes, Mr. Guigliano became severely brain damaged, quadriplegic, ventilator dependent, and semi-comatose.  He died from complications of these injuries at the Northeast Center for Special Care on July 14, 2003.

It is alleged that Mr. Guigliano's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital and the medical personnel caring for him during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.

## RELIEF SOUGHT

This *Memorandum of Law* is submitted in support of the plaintiff's motion for the following relief:

1.  Pursuant to *Fed. R. Civ. P. 20 (a)*, granting leave to the plaintiff to join JOSEPH J. CATANIA, M.D., DANBURY SURGICAL ASSOCIATES, P.C., and SCOTT B. BERGER, M.D., as defendants in this action on the ground that the claims to be brought against these proposed additional defendants arise out of the same series of transactions and occurrences as the claims already made against defendants and that common questions of law and fact exist in this action between the proposed additional defendants and the aforementioned defendants;

2.  Pursuant to *Fed. R. Civ. P. 15 (a)*, granting leave to the plaintiff to serve a *Second Amended Complaint* adding JOSEPH J. CATANIA, M.D., DANBURY SURGICAL ASSOCIATES, P.C., and SCOTT B. BERGER, M.D., as defendants to the caption of this action and asserting claims for medical malpractice, negligence and wrongful death against these proposed additional defendants which arise out of the same series of transactions and occurrences as the claims already made against defendants and which involve common questions of law and fact between the proposed additional defendants and the aforementioned defendants;

3. Pursuant to *Fed. R. Civ. P. 16 (a) (b) & (c), Fed. R. Civ. P. 26 (f), L. Civ. R. 16(a) & (b)* and *L. Civ. R. 7 (a),* issuing a supplemental scheduling order governing disclosure by and from newly joined defendants and extending the deadlines in the *Case Management Order* previously filed with this Court in order to permit all defendants to serve Answers to the *Second Amended Complaint* and complete discovery by and from newly joined defendants.

and for such other and further relief deemed to be just and proper by this Court under the circumstances.

## *L. CIV. R. 7(b)(2)-(3)* CERTIFICATION

The undersigned seeks issuance of a supplemental scheduling order and an extension of the deadlines in the *Case Management Order* for several reasons. First, recent developments in this case, in the form of deposition testimony and consultations with experts, demonstrate that it is necessary to join additional defendants in this matter. Second, depositions of several fact witnesses remain to be completed. The aforementioned reasons demonstrate that it is not reasonably possible to complete discovery as set forth in the *Case Management Order*. I have forwarded a letter to all other counsel in this case requesting their consent to an extension of the deadlines in the *Case Management Order*. To date, attorneys from two of the four law firms representing the defendants in this action have responded and expressed to me their consent to

plaintiff's request for the extension of these deadlines to permit joinder.  This is the first

request for an extension of **all** deadlines in the *Case Management Order.*[1]


### SUMMARY OF DEVELOPMENTS IN CASE
### DURING DISCOVERY PROCEEDINGS  & FACTS

This action was commenced on April 24, 2002, with the filing of a *Complaint,*

*dated April 12, 2002*. (*See, Exhibit 1*.)


On July 14, 2003, plaintiff incompetent MICHAEL GUIGLIANO died.   This

action was then stayed by this Court on or about July 25, 2003 (*see, Exhibit 2*), pending

appointment of plaintiff LAURA GUIGLIANO as the Administrator of her late

husband's estate.   On May 26, 2004, a status conference was held before the Court.

Subsequently, the plaintiff served an *Amended Complaint, dated June 29, 2004*, (*see,*

*Exhibit 3*) which asserted claims for medical malpractice and wrongful death on behalf of

the Estate of MICHAEL GUIGLIANO, Deceased.


After the service of the *Amended Complaint*, the parties undertook to continue

with discovery proceedings in this matter.


A series of thirteen (13) separate depositions of fact witnesses were held during

the period September 13, 2004 – December 17, 2004. The depositions of three (3) fact

witnesses remain to be completed due to scheduling problems.  During this same period

---

[1] Counsel for the parties had previously agreed to extend the deadline for the completion of the depositions of fact witnesses by sixty (60) days to January 1, 2005; however, all other deadlines in the *Case Management Order* remained unchanged.

of time, plaintiff's counsel served *Fed. R. Civ. P. 26 (a) (2)* expert disclosure pertaining to five (5) expert witnesses on defendants' counsel.

During the course of depositions from September to December 2004, information was discovered by plaintiff's counsel revealing the identity of certain non-party physicians who had rendered medical care to plaintiff's decedent, MICHAEL GUIGLIANO, at Danbury Hospital during the same period of time that the *Amended Complaint* alleges that the named defendants committed malpractice (February 7 – 17, 2001). Moreover, it was also learned that an entity named Danbury Surgical Associates, P.C., employed two of the physicians who rendered care to Mr. GUIGLIANO during this time.

During the course of these depositions, the undersigned also consulted with plaintiff's experts in surgery, critical care medicine and nursing care among other disciplines. In the course of these expert consultations, plaintiff's counsel became apprised of evidence indicating that additional parties had committed acts of malpractice in their treatment of plaintiff's decedent MICHAEL GUIGLIANO. Two non-party physicians who had rendered treatment to Mr. GUIGLIANO at Danbury Hospital on February 17, 2001, JOSEPH J. CATANIA, M.D., and SCOTT B. BERGER, M.D., were considered by plaintiff's experts to have committed acts of malpractice in addition to those committed by the named defendants. Plaintiff seeks to join those two physicians, JOSEPH J. CATANIA, M.D., and SCOTT B. BERGER, M.D., as defendants in this case. Moreover, plaintiff seeks to join as a defendant DANBURY SURGICAL ASSOCIATES,

P.C., who has been identified during discovery as the employer of both Dr. CATANIA and named defendant Dr. BORRUSO.

## ARGUMENT FOR RELIEF

This Court is respectfully requested to grant the relief sought by this motion for reasons of conserving judicial resources and due to the fact that new information not previously available to plaintiff's counsel has been obtained during discovery proceedings in this complex case.

Under the circumstances, this Court is respectfully requested to issue an order, pursuant to *Fed. R. Civ. P. 20 (a)*, granting leave to the plaintiff to join JOSEPH J. CATANIA, M.D., DANBURY SURGICAL ASSOCIATES, P.C., and SCOTT B. BERGER, M.D., as defendants in this action.  The claims to be brought against these proposed defendants arise out of the same series of transactions and occurrences (medical treatment rendered to the plaintiff's decedent during the period February 7 – 17, 2001) as the claims already made against defendants.  The proposed claims against CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C., and the claims against the defendants involve common questions of law and fact.  Finally, the statute of limitations, *Connecticut Statutes § 52-555*, applicable to the proposed claims against CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C., is not set to expire until *July 14, 2005*.

The joinder of CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C., as additional defendants in this action would conserve judicial resources. The joinder of these proposed additional defendants at this time would also make it unnecessary for plaintiff to file a separate companion action in this Court against these proposed defendants and then subject the Court to yet another motion for consolidation and joint trial.

Under the circumstances, this Court is respectfully requested to issue an order, pursuant to *Fed. R. Civ. P. 15 (a)*, granting leave to the plaintiff to serve a *Second Amended Complaint* adding JOSEPH J. CATANIA, M.D., DANBURY SURGICAL ASSOCIATES, P.C., and SCOTT B. BERGER, M.D., as defendants to the caption of this action. The claims for medical malpractice and wrongful death to be asserted against defendants CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C., arise out of the same series of transactions and occurrences as the claims already made against defendants and common questions of law and fact exist in this action between the proposed additional defendants and the aforementioned defendants. The proposed *Second Amended Complaint* is attached as Exhibit 4. (*See, Exhibit 4*.)

On November 9, 2004, a new *Case Management Order* was signed by this Court and filed with the clerk. (*See, Exhibit 5*.) This *Case Management Order*, in pertinent part, set deadlines for: (1) the depositions of fact witnesses, (2) the exchange of expert disclosure and expert reports pursuant to *Fed. R. Civ. P. 26 (a) (2)*, (3) the depositions of plaintiff's and defendants' trial experts, (4) the preparation of a damage analysis, (5) the

filing of dispositive motions, (6) the filing of a joint trial memorandum and (7) trial readiness.  The joinder of the proposed additional defendants CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C., will likely require limited additional discovery proceedings in the form of depositions of these physicians and the exchange of interrogatories.

Under the circumstances, this Court is respectfully requested to issue an order, pursuant to *Fed. R. Civ. P. 16 (a) (b) & (c), Fed. R. Civ. P. 26 (f)*, *L. Civ. R. 16(a) & (b)* and *L. Civ. R. 7 (a),* implementing a supplemental scheduling order governing disclosure by and from the proposed additional defendants CATANIA, BERGER and DANBURY SURGICAL ASSOCIATES, P.C.,and extending the deadlines in the *Case Management Order* previously filed with this Court.  This relief is requested in order to permit the defendants to serve Answers to the *Second Amended Complaint* and for the parties to complete discovery by and from newly joined defendants.

## **<u>CONCLUSION</u>**

For the reasons stated above, this Court is respectfully requested to grant the relief

sought by this motion in its entirety.

Dated:  Larchmont, New York
        January 21, 2005

_____

**JOSEPH LANNI**           (CT  23566)
THE LAW FIRM OF JOSEPH LANNI, P.C.
Attorneys for Plaintiff LAURA GUIGLIANO
138 Chatsworth Avenue, Suites 6-8
Larchmont, New York 10538
(914) 834-6600

TO:   SACHNER & O'CONNOR
      Attorneys for Defendants
      DePuy, Gray and Wolff
      The Crossroads West
      765 Straits Turnpike, Bldg. 2, Ste. 1001
      P.O. Box 1323
      Middlebury, CT 06762-1323

      NEUBERT, PEPE & MONTEITH, P.C.
      Attorneys for Defendants DANBURY HOSPITAL,
      OELBERG, YUAN, KOTCH, CIRCIUMARA,
      KUZNETSOV, TUDORICA, BENNETT,
      BROWN and HOFFMAN
      195 Church Street
      New Haven, CT 06510

      RYAN, RYAN, JOHNSON
      & DELUCA, LLP
      Attorneys for Defendant BORRUSO
      80 Fourth Street
      Stamford, CT 06905

      BAI, POLLOCK, BLUEWIESS
      & MULCAHEY, P.C.
      Attorneys for Defendant KNOWLES
      10 Middle Street
      Bridgeport, CT 06604

      SCOTT F. MORGAN, ESQ.
      Co-Counsel for Plaintiff LAURA GUIGLIANO
      WEINER, MILLO & MORGAN, LLC
      220 Fifth Avenue, 7th Floor
      New York, New York 10001

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York. I served a true copy of the annexed: PLAINTIFFS'MOTION FOR JOINDER OF ADDITIONAL DEFENDANTS, FOR LEAVE TO SERVE A SECOND AMENDED COMPLAINT & FOR ISSUANCE OF A SUPPLEMENTAL SCHEDULING ORDER, (dated January 21, 2005), PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FOR JOINDER OF ADDITIONAL DEFENDANTS, FOR LEAVE TO SERVE A SECOND AMENDED COMPLAINT & FOR ISSUANCE OF A SUPPLEMENTAL SCHEDULING ORDER, NOTICE OF MANUAL FILING, and EXHIBITS 1 – 5, on the date of January _____ , 2005, by mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U. S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

NEUBERT, PEPE & MONTEITH
Attorneys for Defendants
DANBURY HOSPITAL, OELBERG,
YUAN, KOTCH, CIRCIUMARA,
KOUZNETSOV (s/h/a KUZNETS),
TUDORICA, BURNETT, BROWN,
HOFFMAN, DOE NO. 1, DOE NO. 2
& DOE NO. 3
195 Church Street
New Haven, CT 23067
Tel.: (203) 821-2000

SACHNER & O'CONNOR
Attorneys for Defendants
DEPUY, GRAY, & WOLFFE
765 Straits Turnpike
Building 2, Suite 1001
Middlebury, CT 06762-1323
Tel.: (203) 598-7585

BAI, POLLOCK, BLUEWEISS
& MULCAHEY, P.C.
Attorneys for Defendants
KNOWLES
One Corporate Drive
Shelton, CT 06484
Tel.: (203) 925-8100

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendants
BORRUSSO
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

SCOTT F. MORGAN (CT 23648)
WEINER, MILLO & MORGAN, LLP
Attorneys for Plaintiffs
220 Fifth Avenue
Seventh Floor
New York, New York 10001
Tel.: (212) 213-1220

Executed on January _____, 2005, Larchmont, New York.

_____
**JOSEPH LANNI     (CT23566)**

13