```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                           X

LAURA GUIGLIANO, as Guardian Ad              CIVIL ACTION NO.:
Litem for MICHAEL GUIGLIANO, as a
Person Adjudged to be Incompetent,           3:02 CV 718 (RNC)
and LAURA GUIGLIANO, Individually

      Plaintiffs,
VS.

DANBURY HOSPITAL, JAMES DEPUY, M.D.,
F. SCOTT GRAY, M.D., GEORGINA
CARLSON, P.A., DEANNA WOLFFE, P.A.,
DAVID OELBERG, M.D., DAVID YUAN, M.D.,
J. BORRUSSO, M.D., ARTHUR KOTCH, M.D.,
JULIA CIRCIUMARA, M.D., ANDRE
KOUZNETSOV, M.D., MICHAELA FEDERICA,
M.D., MUAREEN BENNETT, R.N., JOANN
BROWN, R.N., BETH ANN HOFFMAN, R.N.,
JANE DOE NO. 1, JANE DOE NO. 2 AND
JANE DOE NO. 3

      Defendants.                  X         January 20, 2005
```

**MOTION FOR INVOLUNTARY DISMISSAL WITH PREJUDICE
PURSUANT TO F.R.C.P. 41(b)**

The undersigned defendant hereby moves this court to enter an involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In support of this motion the undersigned defendant relies upon the attached memorandum of law.

```
                              THE DEFENDANT,
                              GEORGINA KNOWLES, P.A.


                              _____
                              GAILEEN A. KAUFMAN
                                     OF
                              BAI, POLLOCK, BLUEWEISS
                                  & MULCAHEY, P.C.
                              One Corporate Drive, Fifth Floor
                              Shelton, CT 06484
                              gkaufman@baipollock.com
                              Telephone:  (203)925-8100
                              Facsimile:  (203)925-8101
                              Federal Bar No. CT 09826
```

**C E R T I F I C A T I O N**

This is to certify that on _____, a copy of the foregoing has been mailed, postage prepaid to all counsel and pro-se parties of record to wit:

| | |
|---|---|
| Joseph Lanni, Esq.<br>138 Chatsworth Ave., Suite 6-8 LLP<br>Larchmont, NY 10538 | Michael Ryan, Esq.<br>Ryan, Ryan, Johnson & DeLuca, LLP<br>80 Fourth Street<br>Stamford, CT 06905 |
| Scott F. Morgan, Esq.<br>Weiner, Millo & Morgan, LLC<br>220 Fifth Avenue, 7th FL<br>New York, NY 10001 | |
| Michael Neubert, Esq.<br>Neubert, Pepe & Monteith<br>195 Church Street<br>New Haven, CT 23067 | |
| Christine Robinson, Esq.<br>Hitt, Sachner & Miele<br>673 S. Main St.<br>Cheshire, CT 06410 | _____<br>GAILEEN A. KAUFMAN<br>          OF<br>BAI, POLLOCK, BLUEWEISS<br>   & MULCAHEY, P.C.<br>One Corporate Drive, Fifth Floor<br>Shelton, CT 06484<br>gkaufman@baipollock.com<br>Telephone: (203)925-8100<br>Facsimile: (203)925-8101<br>Federal Bar No. CT 09826 |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------X

| | |
|---|---|
| LAURA GUIGLIANO, as Guardian Ad Litem for MICHAEL GUIGLIANO, as a Person Adjudged to be Incompetent, and LAURA GUIGLIANO, Individually | CIVIL ACTION NO.: 3:02 CV 718 (RNC) |
| Plaintiffs, | |
| VS. | |
| DANBURY HOSPITAL, JAMES DEPUY, M.D., F. SCOTT GRAY, M.D., GEORGINA CARLSON, P.A., DEANNA WOLFFE, P.A., DAVID OELBERG, M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D., ARTHUR KOTCH, M.D., JULIA CIRCIUMARA, M.D., ANDRE KOUZNETSOV, M.D., MICHAELA FEDERICA, M.D., MUAREEN BENNETT, R.N., JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N., JANE DOE NO. 1, JANE DOE NO. 2 AND JANE DOE NO. 3 | |
| Defendants. | January 20, 2005 |

---------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RULE 41(b) INVOLUNTARY DISMISSAL WITH PREJUDICE**

**STATEMENT OF FACTS**

     The plaintiff initiated this medical malpractice action by way of summons and complaint dated April 24, 2002. On June 29, 2004, plaintiff filed an amended complaint.

By way of allegations, the plaintiff claims that all of the defendants', including the undersigned defendant, **GEORGINA CARLSON, P.A. a/k/a GEORGINA KNOWLES, P.A.**, work up, diagnosis, care and treatment of the decedent, **MICHAEL GUIGLIANO**, from February 7, 2001 to February 17, 2001 was improper, negligent and careless, in that they failed to properly and timely diagnose and treat fat emboli syndrome; failed to properly and timely take prophylactic measures against respiratory distress, failed to avoid and prevent the onset of ARDS and respiratory arrest; failed to properly monitor, observe, supervise and attend to the patient; failed to timely diagnose, recognize and become alert to a respiratory arrest; and failed to properly and timely perform cardiopulmonary resuscitation.  As a result of said negligence, plaintiff claims that the decedent was caused to suffer permanent, severe, disabling injuries, including conscious pain and suffering, ARDS, respiratory failure, respiratory arrest, cardiopulmonary arrest, brain damage, permanent vegetative state, permanent coma and death.

The undersigned defendant denied these allegations in her answer and special defenses dated August 23, 2004.

The undersigned defendant was employed by Connecticut Family Orthopedics as a physician's assistant during the time period from February 7, 2001 through February 17, 2001.  At said time, the decedent, **MICHAEL GUIGLIANO**, was admitted to Danbury Hospital subsequent to falling 12 feet from a ladder/roof and suffering a left tibial plateau fracture and left calcaneal fracture.

The instant matter is scheduled to begin trial June 1, 2005.

On November 5, 2004, all counsel of record finalized and signed a "Case Management Plan Stipulation & Order" agreeing that the plaintiff would disclose all trial experts and provide opposing counsel with the trial experts' reports by November 15, 2004.  On November 16, 2004, plaintiff disclosed 5 trial experts (three doctors, one registered nurse and an economist), along with their reports.  Plaintiff's trial experts' reports do <u>not</u> contain any opinions of negligence directed against the undersigned defendant.  Additionally, to date the plaintiff has not disclosed an expert witness to testify that anything that the undersigned defendant did or did not do proximately caused

the decedent's alleged injuries, and is now well beyond the scheduling order deadline.

Plaintiff's counsel has, further, stated that her expert witnesses cannot opine relative to any deviations from the standard of care by the undersigned defendant.  See Exhibit A.

**LAW AND ARGUMENT**

Rule 41(b)of the Federal Rules of Civil Procedure provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against he defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.  Federal Rules of Civil Procedure, Rule 41(b).

On November 5, 2004 the court entered a scheduling order in this matter.  Pursuant to that scheduling order the plaintiff was to identify her expert witness no later than November 15, 2005.  While a disclosure of expert witnesses was timely made, none of the witnesses identified within that disclosure will offer any opinion to the effect that the undersigned defendant deviated from the standard of care, or that actions of the

undersigned defendant proximately caused the plaintiff's decedent's alleged injuries.

Of particular note, the plaintiff's attorney has offered to stipulate to a dismissal of this action as to the undersigned defendant due to the lack an expert witness who will substantiate the claims directed against her.  <u>See</u> <u>Exhibit A</u>. This stipulation has not been filed, due to the failure of the codefendant to agree to same.

Under the circumstances, the appropriate remedy to the undersigned defendant is to seek from this court an involuntary dismissal with prejudice.  Given that the plaintiff has not complied with the November 15, 2004 deadline for expert disclosure, and the absence of any indication that she can or intends to disclose an expert witness who will testify that the undersigned defendant deviated from the standard of care or proximately caused the harm alleged, the court should enter a dismissal of the claims against her with prejudice.

```
                              THE DEFENDANT,
                              GEORGINA KNOWLES, P.A.


                              _____
                              GAILEEN A. KAUFMAN
                                      OF
                              BAI, POLLOCK, BLUEWEISS
                                  & MULCAHEY, P.C.
                              One Corporate Drive, Fifth Floor
                              Shelton, CT 06484
                              gkaufman@baipollock.com
                              Telephone:  (203)925-8100
                              Facsimile:  (203)925-8101
                              Federal Bar No. CT 09826
```

Case 3:02-cv-00718-RNC   Document 107   Filed 01/27/2005   Page 9 of 10

**C E R T I F I C A T I O N**

  This is to certify that on _____, a copy of the foregoing has been mailed, postage prepaid to all counsel and pro-se parties of record to wit:

| | |
|---|---|
| Joseph Lanni, Esq.<br>138 Chatsworth Ave., Suite 6-8 LLP<br>Larchmont, NY 10538 | Michael Ryan, Esq.<br>Ryan, Ryan, Johnson & DeLuca,<br><br>80 Fourth Street<br>Stamford, CT  06905 |

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue, 7th FL
New York, NY  10001

Michael Neubert, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 23067

Christine Robinson, Esq.
Hitt, Sachner & Miele
673 S. Main St.
Cheshire, CT  06410

            _____
            GAILEEN A. KAUFMAN
              OF
            BAI, POLLOCK, BLUEWEISS
              & MULCAHEY, P.C.
            One Corporate Drive, Fifth Floor
            Shelton, CT 06484
            gkaufman@baipollock.com
            Telephone:  (203)925-8100
            Facsimile:  (203)925-8101
            Federal Bar No. CT 09826