UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
===========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased, and LAURA
GUIGLIANO, Individually,

                    Plaintiff(s)

          -against-

DANBURY HOSPITAL, JAMES DEPUY, M.D.,
F. SCOTT GRAY, M.D., GEORGIANA KNOWLES,
P.A., DEANNA WOLFFE, P.A., DAVID OELBERG,
M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D.,
ARTHUR KOTCH, M.D., IULIA CIRCIUMARA,       *3:02 CV 718*
M.D., ANDREI KOUZNETSOV, M.D., MIHAELA       *(RNC)(DFM)*
TUDORICA, M.D., MAUREEN BENNETT, R.N.,
JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N.,
VANESSA SAIPHER, JOE ROTH and "JANE DOE
NO. 1" (*full identity unknown, being identified as a
DANBURY HOSPITAL employee who was assigned to
monitor, supervise and attend to patient MICHAEL
GUIGLIANO prior to and during a CT Scan procedure
on 2/17/01*),

                    Defendants.
===========================================X

**PLAINTIFF'S MEMORANDUM OF LAW
IN  RESPONSE TO THE DEFENDANT CARLSON a/k/a KNOWLES'
F.R.C.P. 56(b) MOTION FOR SUMMARY JUDGMENT
& F.R.C.P. 41(b) MOTION FOR DISMISSAL WITH PREJUDICE.**

                    Submitted by:
                    **JOSEPH LANNI, ESQ.**    (CT  23566)
                    THE LAW FIRM OF JOSEPH LANNI, P.C.
                    Attorneys for Plaintiff LAURA GUIGLIANO

**ORAL ARGUMENT [IS ___ /IS NOT  X  ]
REQUESTED FOR THIS MOTION**.

1

This action, premised on diversity jurisdiction, sounds in medical malpractice, negligence and wrongful death.  On February 7, 2001, plaintiff Michael Guigliano was admitted to defendant Danbury Hospital after sustaining a fractured leg and foot in a fall at work.  Mr. Guigliano underwent surgery to repair these fractures and remained in the hospital for further care.  During the postoperative course, Mr. Guigliano developed abdominal distention and breathing difficulties that worsened over time.  On February 17, 2001, Mr. Guigliano was found in cardiorespiratory arrest in the hospital's CT scan room.  Though eventually resuscitated after approximately 30 minutes, Mr. Guigliano became severely brain damaged, quadriplegic, ventilator dependent, and semi-comatose.  He died from complications of these injuries at the Northeast Center for Special Care on July 14, 2003.  It is alleged that Mr. Guigliano's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital and the medical personnel caring for him during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.  Named among the defendants is the movant, defendant CARLSON, P.A., a/k/a KNOWLES, P.A., who was later revealed to be a physician's assistant on the orthopedic team assigned to care for the plaintiff's decedent.

This Memorandum of Law is submitted in response to two motions filed by counsel for defendant CARLSON, P.A., a/k/a KNOWLES, P.A., and dated January 20, 2005.  One motion is pursuant to *Fed. R. Civ. P. 41(b)* and seeks dismissal of all claims against defendant CARLSON, P.A., a/k/a KNOWLES, P.A., with prejudice.  The second motion is pursuant to *Fed. R. Civ. P. 56(b)* and seeks summary judgment for defendant

CARLSON, P.A., a/k/a KNOWLES, P.A., on all claims against this defendant. In essence, plaintiff agrees that summary judgment should be granted to the movant and all claims dismissed with prejudice against this defendant as adjudicated on the merits.

This action was commenced on April 24, 2002, with the filing of a *Complaint, dated April 12, 2002*. On July 14, 2003, plaintiff incompetent MICHAEL GUIGLIANO died. This action was then stayed by this Court on or about July 24, 2003, pending appointment of plaintiff LAURA GUIGLIANO as the Administrator of her late husband's estate. On May 26, 2004, a status conference was held before the Court. Subsequently, the plaintiff served an *Amended Complaint, dated June 29, 2004*, which asserted claims for medical malpractice and wrongful death on behalf of the Estate of MICHAEL GUIGLIANO, Deceased.

After the service of the *Amended Complaint*, the parties undertook to continue with discovery proceedings in this matter. A series of thirteen (13) separate depositions of fact witnesses were held during the period September 13, 2004 – December 17, 2004.

During the course of these depositions, the undersigned also consulted with plaintiff's experts in surgery, critical care medicine and nursing care among other disciplines. In the course of these expert consultations, plaintiff's counsel became apprised of evidence indicating that the claims asserted against defendant CARLSON, P.A., a/k/a KNOWLES, P.A., were without merit. Subsequently, plaintiff's counsel served *Fed. R. Civ. P. 26 (a) (2)* expert disclosure pertaining to five (5) expert witnesses

3

(surgery, critical care medicine, nursing care, forensic pathology and economics) upon defendants' counsel. None of the expert reports indicated that any act of malpractice or negligence had been perpetrated by defendant CARLSON, P.A., a/k/a KNOWLES, P.A., or any other member of the orthopedic team in the medical treatment at issue.

An offer to discontinue via stipulation (pursuant to *Fed. R. Civ. P. 41(a)(1)*) all of the claims with prejudice against defendant CARLSON, P.A., a/k/a KNOWLES, P.A., and the other named defendants whose care was no longer at issue based on the expert reports was made by plaintiff's counsel; however, this offer was rejected by counsel for several of the other defendants in this case. As noted by movant's counsel, the failure of all defendants' counsel to agree to this stipulation has necessitated these motions.

Under the circumstances, the undersigned respectfully requests that this Court note that plaintiff's counsel has no objection to the granting of summary judgment to defendant CARLSON, P.A., a/k/a KNOWLES, P.A., pursuant to *Fed. R. Civ. P. 56(b)*, and the dismissal of all claims dismissed with prejudice against this defendant as adjudicated on the merits. It should be noted that none of the remaining named defendants has asserted any cross-claims against these parties.

Dated: Larchmont, New York
      February 7, 2005         _____
                                               **JOSEPH LANNI**        (CT 23566)
                                               THE LAW FIRM OF JOSEPH LANNI, P.C.
                                               Attorneys for Plaintiff LAURA GUIGLIANO
                                               138 Chatsworth Avenue, Suites 6 – 8
                                               Larchmont, New York 10538
                                               (914) 834-6600

TO:	SACHNER & O'CONNOR
Attorneys for Defendants
DEPUY, GRAY & WOLFF
The Crossroads West
765 Straits Turnpike, Bldg. 2, Ste. 1001
P.O. Box 1323
Middlebury, CT 06762-1323

NEUBERT, PEPE & MONTEITH, P.C.
Attorneys for Defendants DANBURY HOSPITAL,
OELBERG, YUAN, KOTCH, CIRCIUMARA,
KUZNETSOV, TUDORICA, BENNETT,
BROWN and HOFFMAN
195 Church Street
New Haven, CT 06510

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendant BORRUSO
80 Fourth Street
Stamford, CT 06905

BAI, POLLOCK, BLUEWIESS
& MULCAHEY, P.C.
Attorneys for Defendant KNOWLES
10 Middle Street
Bridgeport, CT 06604

SCOTT F. MORGAN, ESQ.
Co-Counsel for Plaintiff LAURA GUIGLIANO
WEINER, MILLO & MORGAN, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York. I served a true copy of the annexed: **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANT CARLSON a/k/a KNOWLES' F.R.C.P. 56(b) MOTION FOR SUMMARY JUDGMENT & F.R.C.P. 41(b) MOTION FOR DISMISSAL WITH PREJUDICE;** on the date of February 8, 2005, by mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U. S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

NEUBERT, PEPE & MONTEITH
Attorneys for Defendants
DANBURY HOSPITAL, OELBERG, YUAN, KOTCH, CIRCIUMARA, KOUZNETSOV (s/h/a KUZNETS), TUDORICA, BURNETT, BROWN, HOFFMAN, DOE NO. 1, DOE NO. 2 & DOE NO. 3
195 Church Street
New Haven, CT 23067
Tel.: (203) 821-2000

SACHNER & O'CONNOR
Attorneys for Defendants
DEPUY, GRAY, & WOLFFE
765 Straits Turnpike
Building 2, Suite 1001
Middlebury, CT 06762-1323
Tel.: (203) 598-7585

BAI, POLLOCK, BLUEWEISS & MULCAHEY, P.C.
Attorneys for Defendants
KNOWLES
One Corporate Drive
Shelton, CT 06484
Tel.: (203) 925-8100

RYAN, RYAN, JOHNSON & DELUCA, LLP
Attorneys for Defendants
BORRUSSO
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

SCOTT F. MORGAN (CT 23648)
WEINER, MILLO & MORGAN, LLP
Attorneys for Plaintiffs
220 Fifth Avenue
Seventh Floor
New York, New York 10001
Tel.: (212) 213-1220

Executed on February 8, 2005, Larchmont, New York.

_____
**JOSEPH LANNI    (CT23566)**

6