UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB 11  P 4: 59

U.S. DISTRICT COURT
HARTFORD, CT.

LAURA GUIGLIANO, as guardian
ad litem for MICHAEL GUIGLIANO,
as a person adjudged to be
incompetent, and LAURA
GUIGLIANO, INDIVIDUALLY,

    Plaintiffs,

    v.

DANBURY HOSPITAL, ET AL.,

    Defendants.

CASE NO. 3:02CV718(RNC)

### RECOMMENDED RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION FOR INVOLUNTARY DISMISSAL

This diversity medical malpractice action arises from treatment received by Michael Guigliano while a patient at the Danbury Hospital. Pending before the court are motions for summary judgment (doc. #101) and for involuntary dismissal (doc. #107) filed by the defendant Georgina Carlson a/k/a Georgina Knowles ("Knowles").

I.  Discussion

The plaintiff alleges that the defendants, including Knowles, a physician's assistant, were negligent and careless in their treatment and diagnosis of the decedent. The defendant Knowles now moves for summary judgment. Specifically, Knowles contends that there is no expert testimony to establish that she breached the standard of care and that her breach proximately and in fact caused the injuries and death of the decedent.

"[T]o prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury." Gold v. Greenwich Hosp. Ass'n, 262 Conn. 248, 254-55 (2002). "Generally, the plaintiff must present expert testimony in support of a medical malpractice claim because the requirements for proper medical diagnosis and treatment are not within the common knowledge of laypersons." Boone v. William W. Backus Hosp., 272 Conn. 551, 2005 WL 95724 (Jan. 25, 2005). "Additionally, in order to prevail upon her medical malpractice claim, the plaintiff must establish that the defendant's negligent conduct was a cause in fact and the proximate cause of the decedent's injuries and death." Id.

In her response to the defendant's motion, the plaintiff states that she learned, after conferring with medical experts, that her claims against Knowles were "without merit" and that there was no evidence that any malpractice or negligence "had been perpetrated" by Knowles. (Doc. #112 at 3.) The plaintiff therefore agrees that the defendant is entitled to summary judgment. (Id.)

II. Conclusion

Accordingly, the court recommends that the defendant's motion for summary judgment (doc. #101) be granted and the defendant's motion for involuntary dismissal (doc. #107) be denied as moot.

Any party may object to this recommended ruling within ten

days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 11th day of February, 2005.

_____
Donna F. Martinez
United States Magistrate Judge