UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**CASE NUMBER: 302CV718(RNC)**

**Laura Guigliano, as Guardian Ad Litem
for Michael Guigliano, a Person Adjudged to
be Incompetent and Laura Guigliano, Individually**

              **Plaintiffs**

**Vs.**

**Danbury Hospital, James Depuy, M.D., F. Scott
Gray, M.D., Georgiana Knowles, P.A., Deanna
Wolff, P.A., David Oelberg, M.D., David Yuan, M.D.,
J. Borrusso, M.D., Arthur Kotch, M.D., Julia Circiumara,
M.D., Andre Kouznetsov, M.D., Michaela Federica, M.D.,
Maureen Bennett, R.N. Joanne Brown, R.N., Beth Ann
Hoffman, R.N., R.N.,"Jane Doe No. 1:, "Jane Doe No. 2"
and "Jane Doe No. 3"**

            **Defendants**   **FEBRUARY 16, 2005**

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS JAMES DEPUY,
M.D., SCOTT GRAY, M.D. AND DEANNA WOLFF, P.A.**

I.  FACTUAL AND PROCEDURAL HISTORY

  By way of Summons and Complaint dated April 24, 2002, the plaintiff, Laura Guigliano, as Guardian Ad Litem for Michael Guigliano and individually, brought a three (3) count Complaint against eighteen (18) defendants, fifteen (15) named and three (3) unnamed (Jane Doe No. 1, 2 and 3) alleging medical malpractice and loss of consortium as to all defendants.  Michael Guigliano passed away on July 14, 2003. Subsequently, an Amended

Complaint alleging wrongful death was filed. (See **Exhibit A** attached hereto) There are no cross-claims filed by any of the defendants.

Count One of the Complaint sounding in medical malpractice is directed against all of the defendants, and alleges that they, including the undersigned defendants, James Depuy, M.D. (Orthopedic Surgery), Scott Gray, M.D. (Orthopedic Surgery) and Deanne Wolff, P.A. (Physician's Assistant), rendered medical care to Michael Guigliano, Laura Guigliano's husband, during his admission to Danbury Hospital from February 7, 2001 to April 17, 2001 and that said care was improper, negligent and careless.

Pursuant to the November 8, 2004 order of the Court (Chatigny, J.) requiring the plaintiff's expert reports to be disclosed on or before November 15, 2004 (See **Exhibit B** attached hereto), the plaintiff disclosed the expert reports of Richard Batista, Jr., M.D. (General Surgery), Brian Kaufman, M.D. (Internal Medicine and Critical Care Medicine), Gerard A. Catanese, M.D. (Pathology), Helen Zellner, Ph.D. (Economics) and Nancy Mure, R.N on November 17, 2004. (See Plaintiff's Disclosure of Experts dated November 17, 2004 attached hereto as **Exhibit C**.) Following disclosure of expert reports by plaintiff, counsel for the undersigned was informed by plaintiff's counsel that the undersigned defendants would be withdrawn from the matter. This notification was made in November, 2004 and relied upon by the undersigned so that investigation and participation in the discovery activities of the case ceased.

On December 29, 2004, counsel for the plaintiff, Attorney Joseph Lanni, wrote to

counsel of record advising that the plaintiff had given him written authorization to discontinue the claims against particular defendants, including the undersigned defendants, whose conduct was neither addressed by, nor considered to constitute a departure from accepted standards of care by, plaintiff's experts as articulated in her disclosures and/or reports dated November 17, 2004.  (See Correspondence from Attorney Lanni to counsel of record dated December 29, 2004 attached hereto as **Exhibit D**.)  Attorney Lanni further wrote that it was his intention to file a stipulation with this Court according to Fed. R. Civ. P. 41 for the dismissal of all claims against the undersigned defendants, with prejudice.  On January 18, 2005 Attorney Lanni again wrote counsel of record advising that co-defendant Danbury Hospital refused to sign the stipulation and if the undersigned defendants wished to file a Motion for Summary Judgment the same would be unopposed by the plaintiff.  (See Correspondence from Attorney Lanni to counsel of record dated January 18, 2005 attached hereto as **Exhibit E**.)

LAW AND ARGUMENT

      The defendants' Motion for Summary Judgment is properly granted because as the undisputed facts illustrate the plaintiff does not have, nor does she intend to disclose, an expert witness who will testify that the undersigned defendants violated accepted standards of care or caused any injury in their care and treatment of the plaintiff's decedent, Michael Guigliano, in this medical malpractice action.  Therefore, the undersigned defendants are entitled to judgment as a matter of law.

**A.  Motion For Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedures states that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a Summary Judgment in the party's favor as to all or part thereof."  Rules 56(c) provides that judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law."  A material fact is one that can affect the outcome of the case under governing substantive law.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49 (1986).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there is no genuine issue of material fact."  Id. at 248 (Emphasis in original).

The purpose of summary judgment is to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Summary Judgment . . . is properly regarded as not a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

In a medical malpractice case, summary judgment is appropriately granted for the

defendant when the plaintiff fails to present expert evidence concerning the standard of care and breach.  Hutchinson v. U.S., 838 F.2d 390, 392-393 (9th Cir., 1988).

### B. Defendants are entitled to summary judgment due to the absence of the requisite expert testimony as to standard of care and causation.

It is axiomatic under Connecticut law that in medical malpractice cases the burden is on the plaintiff to establish through expert testimony the extent of the standard of care as well as testimony that the defendant's conduct did not meet such standard.  Polozie v. U.S., 835 F. Supp. 68, 73 (D. Conn., 1993), Powers v. United States, 589 F. Supp. 1084, 1099 (D. Conn., 1984).  In a medical malpractice action, expert testimony is also required to establish the causal connection between the medical malpractice and the claimed injury.  Zuchowicz v. U.S., 140 F.3d 381, 389 (2nd Cir., 1998); See also Shelnitz v. Greenberg, 200 Conn. 58 (1986); Aspiazu v. Orgera, 205 Conn. 623 (1987).

As set forth above, the plaintiff has not disclosed an expert as against Defendants James Depuy, M.D., Scott Gray, M.D. or Deanne Wolff, P.A., is now beyond the time limit established by the Court for so doing and has stated that plaintiff's experts will not be offering opinions as to these defendants.  Consequently, summary judgment as to Count One must be entered in favor of the defendants as a matter of law.

### C. Plaintiff's claim for loss of consortium in Count Two must fail as it is derivative of Count One

"[A] claim for loss of consortium is derivative in nature and it's viability depends upon the validity of the injured spouse's claims."  Watters v. Dinn, 666 N.E.2d 433, 438

5

(1996). "A derivative cause of action may not provide greater relief than that available under the primary cause of action." <u>Graham v. American Cyanamid Co.</u>, 2003 FED App. 0423P (6th Cir.). In the instant matter, because the loss of consortium claim filed by Linda Guigliano individually in Count Two is necessarily derivative of the medical malpractice action brought in Count One, and summary judgment as to the undersigned defendants is warranted as a matter of law as to Count One, plaintiff's derivative claim for loss of consortium must also fail as a matter of law.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Motion for Summary Judgment presently before the Court as to Counts One and Two is properly granted as to the defendants, James Depuy, M.D, Scott Gray, M.D. and Deanne Wolff, P.A., because there exists no material issues of fact and the aforesaid defendants are entitled to judgment as a matter of law.

THE DEFENDANTS,
JAMES DEPUY, M.D.,
SCOTT GRAY, M.D. AND
DEANNA WOLFF, P.A.

By_____
Richard A. O'Connor
SACHNER & O'CONNOR
The Crossroads West
765 Straits Turnpike, Bldg. 2, Ste. 1001
Middlebury, CT 06762-1323
Telephone: 203-598-7585
Fax (203) 598-7595
Federal Bar No. Ct. 06082

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on the ___ day of February, 2005, to the following counsel of record:

Nancy A. Meehan, Esq.
Eric J. Stockman, Esq.
Michael Neubert, Esq.
Maureen Dinnan, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Scott F. Morgan, Esquire
Weiner, Millo & Morgan
220 Fifth Avenue, 7th Floor
New York, NY 10001

Garie J. Mulcahey, Esquire
Jason J. Hyjek, Esq.
Bai, Pollock, Blueweiss & Mulcahey
One Corporate Drive
Shelton, CT 06484

Daniel E. Ryan, III, Esq.
Michael T. Ryan, Esq.
Kevin M. Tepas, Esq.
Ryan, Ryan, Johnson & Deluca
80 Fourth Street
Stamford, CT 06905

Robert Finke, Esq.
14 Henry Street
Darien, CT 06820

_____
Richard A. O'Connor