IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Guardian Ad Litem for MICHAEL GUIGLIANO, a Person Adjudged to be Incompetent, and LAURA GUIGLIANO, Individually<br><br>Plaintiffs,<br><br>v.<br><br>DANBURY HOSPITAL, JAMES DEPUY, M.D., F. SCOTT GRAY, M.D., GEORGIANA KNOWLES, P.A., DEANNA WOLFFE, P.A., DAVID OELBERG, M.D., DAVID YUAN, M.D., J. BORRUSSO, M.D., ARTHUR KOTCH, M.D., JULIA CIRCIUMARA, M.D., ANDRE KOUZNETSOV, M.D., MICHAELA TUDORICA, M.D., MAUREEN BURNETT, R.N., JOANN BROWN, R.N., BETH ANN HOFFMAN, R.N., VANESSA SAIPHER, BETSY MILES and "JANE DOE NO. 3"<br><br>Defendants | Civil No.: 302CV718 (RNC)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>March 3, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

I.  **PRELIMINARY STATEMENT OF FACTS**

This medical malpractice action was commenced in April 2002 by Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, and on her own behalf against eighteen (18) defendants. On June 29, 2004, plaintiff filed an amended complaint (see **Exhibit A** attached).

Michael Guigliano was admitted to Danbury Hospital on February 7, 2001 following a 12 foot fall from a ladder. His injuries required surgical intervention. He

was discharged from Danbury Hospital on April 17, 2001. The claim arises out of care delivered from February 7, 2001 through February 17, 2001.

In the Amended Complaint, Plaintiff claims that David Oelberg, M.D., Andre Kouznetsov, M.D., David Yuan, M.D., Arthur Kotch, M.D. and Michaela Tudorica, M.D. failed to render medical care and treatment to Michael Guigliano, in accordance with approved methods of care and treatment generally used in the community and in accordance with standards of good and accepted medical practice.

Pursuant to the Case Management Plan Stipulation & Order dated November 8, 2004, plaintiff's expert reports were to be disclosed on or before November 15, 2004 (see **Exhibit B** attached).

On November 17, 2004, plaintiff disclosed expert reports from Richard Batista, Jr., M.D.,(general surgery), Brian Kaufman, M.D., (critical care medicine), Gerard Catanese, M.D. (forensic pathology), Helen Zellner, Ph.D. (economic loss) and Nancy Mure, R.N.(nursing care). Plaintiff's expert reports do not contain any opinions of negligence directed against the undersigned defendants (see **Exhibit C** attached).

On December 29, 2004, counsel for the plaintiff, Joseph Lanni wrote to counsel of record advising that the plaintiff had agreed to "discontinue the claims against those answering defendants whose conduct was not addressed by and not considered to constitute departures from proper medical and nursing practice in our experts' reports. Plaintiff is willing to withdraw all claims asserted against defendants including Oelberg, Yuan, Kouznetsov, Kotch and Tudorica (see **Exhibit D** attached). As no expert expressed an opinion that Dr. Kotch deviated from the standard of care, defense counsel

contacted plaintiff's counsel who stated that plaintiff is willing to withdraw all claims against Dr. Kotch.

Since plaintiff has failed to disclose an expert witness to establish that the undersigned defendants breached the standard of care or caused the injuries Michael Guigliano allegedly sustained, these defendants have moved for summary judgment.

## II. ARGUMENT

Defendants' Motion for Summary is properly granted because the plaintiff does not have, an expert witness who will testify that the undersigned defendants violated accepted standards of care or caused any injury in their care and treatment of the plaintiff's decedent, Michael Guigliano, in this medical malpractice action.

### A. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedures states that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a Summary Judgment in the party's favor as to all or part thereof." Rules 56(c) provides that judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." A material fact is one that can affect the outcome of the case under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there is no genuine issue of material fact." Id. At 248 (Emphasis in original).

The purpose of summary judgment is to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary Judgment . . . is an integral part of the federal rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

In a medical malpractice case, summary judgment is appropriately granted for the defendant when the plaintiff fails to present expert evidence concerning the standard of care and breach. Hutchinson v. U.S., 838 F.2d 390, 392-393 (9th Cir., 1988).

**B.     Defendants are entitled to summary judgment due to the absence of the requisite expert testimony as to standard of care and causation.**

The general rule under Connecticut law is that in medical malpractice cases expert testimony is necessary to establish the standard of care, deviation from the standard of care and causation of harm. Polozie v. U.S., 835 F.Supp. 68, 73 (D.Conn., 1993), Powers v. United States, 589 F.Supp. 1084, 1099 (D.Conn., 1984), Zuchowicz v. U.S., 140 F.3d 381, 389 (2nd Cir., 1998); See also Shelnitz v. Greenberg, 200 Conn. 58 (1986); Aspiazu v. Orgera, 205 Conn. 623 (1987); Sherman v. Bristol Hospital, 79 Conn. App. 78 (2003); and Sullivan v. Yale-New Haven Hospital, Inc., 64 Conn. App. 750 (2001).

There are three exceptions to the general rule requiring expert testimony in a malpractice action: (1) the medical condition is obvious or common in everyday life; (2) where plaintiff's evidence creates a probability so strong that a lay jury can form a reasonable belief; or (3) where the professional negligence is so gross as to be clear even to a lay person. Sherman, 79 Conn. App. at 89.

This case does not fall within any exception to the general rule. There is no claim that plaintiff's decedent abdominal distension and complex medical history are obvious or common in every day life. There is no evidence which creates a probability so strong that a lay jury could form a reasonable belief as to deviation from the standard of care or causation as to these defendants and there is no claim of gross negligence.

As set forth above, plaintiff has not disclosed an expert against Defendants, David Oelberg, M.D., Andre Kouznetsov, M.D., David Yuan, M.D., Arthur Kotch, M.D. and Michaela Tudorica, M.D. Plaintiff is now beyond the time limit established by the Court for disclosure of expert witnesses and plaintiff's experts will not be offering opinions as to these defendants. Summary Judgment should be entered in favor of these defendants as a matter of law.

### C. Plaintiff's claim for loss of consortium must fail as it is a derivative cause of action

"[A] claim for loss of consortium is derivative in nature and its viability depends upon the validity of the injured spouse's claims." Watters v. Dinn, 666 N.E.2d 433, 438 (1996). "A derivative cause of action may not provide greater relief than that available under the primary cause of action." Graham v. American Cyanamid Co., 2003 FED App. 0423P (6th Cir.). In the instant matter, because the loss of consortium claim filed by Laura Guigliano individually is necessarily derivative of the medical malpractice action and summary judgment as to the undersigned defendants is warranted as a matter of law, plaintiff's derivative claim for loss of consortium must also fail as a matter of law.

### III. CONCLUSION

For all the reasons stated above, the defendants, David Oelberg, M.D., Andre Kouznetsov, M.D., David Yuan, M.D., Arthur Kotch, M.D. and Michaela Tudorica,

M.D., move for summary judgment as there exists no genuine issue of material fact and these defendants are entitled to judgment as a matter of law.

        THE DEFENDANTS,
        DAVID OELBERG, M.D., ANDRE
        KOUZNETSOV, M.D., DAVID YUAN, M.D.,
        ARTHUR KOTCH, M.D. AND MICHAELA
        TUDORICA, M.D.

Maureen Sullivan Dinnan
Neubert, Pepe & Monteith, P.C.
195 Church St., 13th Floor
New Haven, CT 06510
203-821-2000
Fed. Bar No. ct05587

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on the 3rd day of March, 2005 to the following counsel of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue – 7th Floor
New York, New York 1001

Garie J. Mulcahey, Esq.
Bai, Pollock & Mulcahey, Esq.
10 Middle Street
Bridgeport, CT 06604

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

Richard O'Connor, Esq.
Sachner & O'Connor
Crossroad West
765 Straits Turnpike
Building 2, Suite 1001
P.O. Box 1323
Middlebury, Ct 06762-1323

                            Maureen Sullivan Dinnan