UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NUMBER: 302CV718(RNC)

**Laura Guigliano, as Guardian Ad Litem**
**for Michael Guigliano, a Person Adjudged to**
**be Incompetent and Laura Guigliano, Individually**

Plaintiffs

Vs.

**Danbury Hospital, James Depuy, M.D., F. Scott**
**Gray, M.D., Georgiana Knowles, P.A., Deanna**
**Wolff, P.A., David Oelberg, M.D., David Yuan, M.D.,**
**J. Borrusso, M.D., Arthur Kotch, M.D., Julia Circiumara,**
**M.D., Andre Kouznetsov, M.D., Michaela Federica, M.D.,**
**Maureen Bennett, R.N. Joanne Brown, R.N., Beth Ann**
**Hoffman, R.N., R.N.,"Jane Doe No. 1:, "Jane Doe No. 2"**
**and "Jane Doe No. 3"**

Defendants        MARCH 9, 2005

### DEFENDANTS JAMES DEPUY, M.D., SCOTT GRAY, M.D. AND DEANNA WOLFF, P.A.'S REPLY TO CODEFENDANT JOHN BORRUSSO, M.D.'S MEMORANDUM REGARDING MOTION FOR SUMMARY JUDGMENT

In the defendant, John Borrusso, M.D.'s Memorandum regarding the undersigned defendants' Motion for Summary Judgment, it states that he has no objection to the Court granting the same as to the issue of liability and damages as to the plaintiff's claims, but does object, on page 1 and 2 of his memorandum, to the extent granting the undersigned defendants' Motion may affects his rights as a codefendant to claim apportionment of liability as to the defendants pursuant to Connecticut General Statutes section 52-572h.  The

issue of apportionment is irrelevant to the issue of whether the moving defendants are entitled to summary judgment as to the direct claim asserted against them by plaintiff seeking money damages.

Initially, the record in this case is clear that there has been no objection filed by any party to the defendants' Motion for summary judgment with respect to the plaintiff's claims against them. In fact, the plaintiff has filed a response to the Motion for Summary Judgment setting forth that the motion is appropriately granted. No party, including Dr. Borruso, objects to summary judgment being granted as it relates to plaintiff's claims seeking economic damages against these defendants. Contrary to codefendant Dr Borruso's contention, the undersigned defendants' Motion is ripe for consideration because the time for the plaintiff to disclose her experts has passed pursuant to the applicable scheduling order and no expert was disclosed against these defendants. Any suggestion that these defendants should have to incur the additional costs concomitant with further expert discovery activities is devoid of merit given that the record is clear that there will be no expert testimony proffered against these defendants by plaintiff's disclosed experts. Moreover, the plaintiff has stated in her Memorandum in Support of the defendants' Motion that her investigation did not reveal that the undersigned defendants were negligent in their care and treatment of the plaintiff's decedent. Consequently, this is exactly the proper time for this Court to consider and grant the defendants' Motion for Summary Judgment, as it is clear that the plaintiff has not, and will not, produce expert testimony to support a claim of medical

malpractice against these defendants.

As to defendant Dr. Borruso's claim, asserted on page 2 and 3 of his memorandum, that a potential or speculative claim for apportionment should defeat the defendants' Motion, this argument is devoid of merit and irrelevant to the issue at bar. Quite simply, even the actual existence of a properly supported apportionment claim is irrelevant to the issue of whether these defendants are entitled to summary judgment as to the claim for monetary damages asserted by plaintiff.

The pending Motion for Summary Judgment seeks to determine the legal issue of whether the moving defendants are entitled to judgment as a matter of law as to plaintiff's claims for monetary damages. The pending motion does not address the completely separate legal issue of whether a statutory apportionment claim may be asserted against the moving defendants. A statutory apportionment claim does not seek monetary damages, but rather, allows defendants to reduce damages that might be asserted against them. See Donner v. Kearse, 234 Conn. 660, 666-70 (1995). The plaintiff's claim for monetary damages is a completely separate claim than that of statutory apportionment. The distinction between such claims, the differing standards applicable to such claims, and the disparate treatment of such claims is well recognized in the law. See e.g. Montanez v. Hartford Healthcare Corporation, ____ F. Supp. 3d ____ (D. Conn., 2003) (Copy attached). (Exhaustion requirement of FTCA not applicable to apportionment claim, though applicable to original plaintiff claim).

In addition, assuming arguendo, the relevancy of a potential and speculative apportionment claim to a summary judgment motion as to plaintiff's claim for monetary damages, the defendant, Borrusso, in his memorandum, does not even remotely set forth the basis for a legally sufficient apportionment claim. Dr. Borrusso neither discloses a qualified expert to testify as to deviation from the standard of care and causation, nor does he assert that he will so disclose. See Stowe v. McHugh, 46 Conn. App. 391, 394-398 (1997). (Apportionment claim in medical malpractice case requires qualified expert testimony).

The undersigned defendants respectfully assert that the Motion for Summary Judgment as to plaintiff's claim for monetary damages is not objected to by any party to this litigation; and consequently, should be granted.

        THE DEFENDANTS,
        JAMES DEPUY, M.D.,
        SCOTT GRAY, M.D. AND
        DEANNA WOLFF, P.A.


        By_____
        Richard A. O'Connor
        SACHNER & O'CONNOR
        The Crossroads West
        765 Straits Turnpike, Bldg. 2, Ste. 1001
        P.O. Box 1323
        Middlebury, CT 06762-1323
        Telephone: 203-598-7585
        Fax (203) 598-7595
        Federal Bar No. Ct. 06082

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the ___ day of March, 2005, to the following counsel of record:

Nancy A. Meehan, Esq.
Eric J. Stockman, Esq.
Michael Neubert, Esq.
Maureen Dinnan, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan
220 Fifth Avenue, 7th Floor
New York, NY 10001


Daniel E. Ryan, III, Esq.
Michael T. Ryan, Esq.
Kevin M. Tepas, Esq.
Ryan, Ryan, Johnson & Deluca
80 Fourth Street
Stamford, CT 06905

Robert Finke, Esq.
14 Henry Street                                              _____
Darien, CT 06820                                             Richard A. O'Connor