___ F.Supp.3d ___; **Montanez v. Hartford Healthcare Corp.;**

JACQUELINE **MONTANEZ**, Administratrix for the Estate of Edgardo Rosario, Plaintiff, **v. HARTFORD HEALTHCARE CORP.**, et al., Defendants. NATCHAUG HOSPITAL and JOHN F.B. HANEY, M.D., Defendants/Apportionment Plaintiffs, **v.** GENERATIONS FAMILY HEALTH CENTER, INC., Apportionment Defendant.

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Decided October 17, 2003

No. 3:03CV1202(GLG)

MEMORANDUM DECISION

Apportionment-defendant, GENERATIONS FAMILY HEALTH CENTER, INC., ("Generations"), has moved this Court to substitute the United States in its place as the apportionment-defendant, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 - 2680. Generations has also moved to dismiss the apportionment complaint for lack of subject matter jurisdiction, Rule 12(b)(1), Fed. R. Civ. P., on the ground that it was not timely served under Conn. Gen. Stat. § 52- 102b(a) or, alternatively, because Generations is immune from suit [Doc. # 10]. For the reasons discussed below, Generations' motion will be granted in part and denied in part.

DISCUSSION

I. Substitution of the United States as Apportionment- Defendant

There is no question, and the apportionment-plaintiffs do not contend otherwise (see Natchaug's Resp. at 2, 3, and 4 n.6), that substitution of the United States would be required if Generations had been sued directly by the first-party plaintiffs.1 Generations receives federal funding from the United States Department of Health and Human Services ("HHS") and, pursuant to the FSHCAA, 42 U.S.C. § 233(g)-(n), at all times relevant hereto, HHS has deemed Generations to be an employee of the United States Public Health Service ("PHS") for purposes of the FTCA, 28 U.S.C. §§ 2671 - 2680. (See Ex. C to Notice of Removal, Cert'n of John B. Hughes, Civil Chief, U.S. Attorneys' Office, D. Conn.) Under such circumstances, the FTCA covers claims against Generations, and the United States stands in the shoes of Generations with respect to those claims. See Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000) (discussing 42 U.S.C. § 233(a) under which the United States in effect insures designated PHS employees by standing in their place financially when they are sued for the performance of their medical duties). Indeed, Judge Squatrito so ruled in an earlier case brought by the same plaintiffs against Generations and several Generations' employees. See **Montanez v.** Windham Community Memorial Hospital, No. 3:02CV1448(DJS)(D. Conn. July 31, 2003) (ruling on defendants' motion for substitution and to dismiss).2

In this case, however, plaintiffs have not sued Generations. Generations has been brought into this suit by Natchaug Hospital and Dr. Haney as an apportionment-defendant for the limited purpose of reducing plaintiffs' recovery, if any, from Natchaug and Haney.3 The apportionment complaint asserts that, if the plaintiffs prevail, Generations is legally responsible for some or all of those injuries and damages. (Apportionment Compl. at ¶ 10.) As relief, the apportionment-plaintiffs seek a determination by the fact finder of the percentage of negligence, if any, attributable to Generations and any other appropriate relief. (Apportionment Compl. at 8.) Notably, the apportionment complaint does not seek an

award of money damages.

The apportionment-plaintiffs argue that the purpose underlying the FSHCAA's substitution requirement - i.e. to increase the availability of funds for public health care services by eliminating the need for malpractice insurance - is not served in the apportionment context because there would never be a money judgment against the apportionment-defendant. Although the FSHCAA does not expressly address apportionment, the language of the Act and its underlying purpose support substitution of the United States for Generations. The legislative history of the FSHCAA indicates that the Act was intended to extend FTCA coverage to public health care providers that have been deemed PHS employees to alleviate the financial burdens imposed by malpractice insurance and punitive damage awards. Once a public health care provider is deemed a PHS employee and the Attorney General certifies that he was acting within the scope of his employment with respect to the incident in question, the legislative history of the FSHCAA states that the "exclusive liability action against such a health care provider for actions within the scope of his or her employment would be an action against the United States, which would be defended by the Attorney General." H. R. Rep. No. 1085, 102nd Cong., 2nd Sess. 1992, 1992 WL 396419, *166-67 (Dec. 31, 1992) (emphasis added). The FSHCAA provides that the proceeding against such a health care provider shall be "deemed a tort action brought against the United States under the provisions of Title 28," 42 U.S.C. § 233(c), and that the remedy against the United States "shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a) of this section."4 42 U.S.C. § 233(g)(1)(A) (emphasis added). Thus, both the legislative history of the FSHCAA and the Act itself broadly refer to "any civil action or proceeding" and "exclusive liability action." Nothing in either indicates that Congress intended to exclude apportionment actions or other third-party actions from the coverage of the Act. Additionally, there is nothing to indicate that Congress intended to require public health entities deemed PHS employees to provide their own defense to third-party claims, such as apportionment actions. Further, we note that the apportionment statute treats an apportionment-defendant as "a party for all purposes," Conn. Gen. Stat. § 52-102b(a), who has "available to him all remedies available to an original defendant including the right to assert defenses, set-offs or counterclaims against any party." Conn. Gen. Stat. § 52-102b(b). The statute also gives the original plaintiff the right, "[n]otwithstanding any applicable statute of limitation or repose, . . . [to] assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." Conn. Gen. Stat. § 52-102b(d). Certainly, had the plaintiff asserted a claim against the apportionment-defendant, substitution would be required. The apportionment-plaintiffs also argue that substitution of the United States could engender jury confusion, if the apportionment complaint could even be tried to a jury.

To the extent that the apportionment-plaintiffs are concerned about jury confusion, the FTCA does not permit claims against the United States to be tried to a jury. 28 U.S.C. § 2402. If there were other apportionment-defendants (which there are not in this case), the jury could be instructed appropriately.

Moreover, the possibility of jury confusion could occur in any case in which the United States is substituted for a party under the FSHCAA, regardless of whether that party was a defendant or an apportionment-defendant. Therefore, the possibility of jury confusion is not grounds for circumventing the substitution requirement of the FSHCAA.

We are not persuaded by either argument advanced by the apportionment-plaintiffs in opposing substitution of the United States as an apportionment-defendant under the FSHCAA. Accordingly, we grant the apportionment-defendant's motion for substitution and order that the United States be substituted for Generations.

II. Lack of Subject Matter Jurisdiction - Untimely Service

Generations next argues that the apportionment complaint should be dismissed for lack of subject matter jurisdiction because it was not served within 120 days of the return date specified in the original complaint, as required by Conn. Gen. Stat. § 52-102b(a).5 Plaintiffs commenced this action in State Court on August 19, 2002.6 The return date was September 3, 2002. On December 31, 2002, 119 days after the return date for the original complaint, the apportionment complaint was delivered to the state marshal for service on Generations. The apportionment complaint was not served until January 2, 2003, however, one day after the 120-day statutory period for service of an apportionment complaint, Conn. Gen. Stat. § 52-102b(a), the 120th day having fallen on January 1, 2003, New Year's Day.7 Generations argues that service was untimely and, because the time limit for service in § 52-102b(a) is jurisdictional and mandatory, failure to comply with it must result in dismissal of the apportionment complaint for lack of subject matter jurisdiction. See Nobile v. United States, 193 F.R.D. 58, 60 (D. Conn. 2000). Generations, however, overlooks the savings provision of Conn. Gen. Stat. § 52-593a(a), which provides a 15-day grace period for service of a complaint, so long as the complaint was delivered to the state marshal for service within the time period provided by law. See Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725, 729-30 (1999). The statute provides that, except in certain administrative appeals not pertinent here,

> a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery.

Conn. Gen. Stat. § 52-593a(a). Thus, a right of action will continue after the statute of limitations has expired, if the marshal (1) receives the writ of summons and complaint before the statute of limitations has expired and (2) service of process occurs within fifteen days of the marshal receiving the papers.

Although no appellate authority exists on the question of whether § 52-593a applies to apportionment actions, the majority of Connecticut's Superior Courts that have addressed this issue have held that the savings provision does apply. See Martidis v. Lombard Realty, 22 Conn. L. Rptr. 534, 1998 WL 470642 (Conn. Super. Ct. July 30, 1998) (discussing split of authority and holding that § 52-593a should be liberally construed because of its remedial purpose and, thus, applying it to an apportionment complaint); Gillette v. Knaus Dev. Co., 28 Conn. L. Rptr. 277, 2000 WL 1658428 (Conn. Super. Ct. Sept. 29, 2000) (same); Uygur v. S.E. Minor & Co., 33 Conn. L. Rptr. 464, 2002 WL 31886740 (Conn. Super. Ct. Dec. 5, 2002) (same); Celano v. Scasino, No. CV960385460, 1997 WL 88206 (Conn. Super. Ct. Feb. 11, 1997) (holding that, because the legislature only excepted administrative appeals from § 52-593a, the savings provision should apply to an apportionment action); Mayfield v. Colagiovanni, 24 Conn. L. Rptr. 448, 1999 WL 311218 (Conn. Super. Ct. May 6, 1999) (same); Santangeli v. Rivera, 29 Conn. L. Rptr. 656, 2001 WL 761027 (Conn. Super. Ct. June 13, 2001) (holding that § 52-593a should be applied to apportionment complaints because the legislators made no distinction between the types of processes to be affected by it); Stop & Shop Supermarket Co. v. Abco Refrigeration Supply Corp., 30 Conn. L. Rptr. 197, 2001 WL 1004255 (Conn. Super. Ct. Aug. 9, 2001) (holding that § 52-593a applied to apportionment complaints because nothing in the statute indicated that it did not apply and because there was no reason to construe the word "serve" in § 52-102b in a way different from generally accepted rules concerning service of other complaints); Young v. City of Shelton, 31 Conn. L. Rptr. 277, 2002 WL 241287 (Conn. Super. Ct. Feb. 4, 2002) (applying § 52-593a to apportionment complaints based on the clear language of the statute and the legislative policy underlying it); but see Tricon Int'l, Ltd. v. United Constr., Inc., 28 Conn. L. Rptr. 724, 2000 WL 1862643 (Conn. Super. Ct. Nov. 28, 2000) (holding that the 120-day time period of § 52-102b is jurisdictional, mandatory, and not subject to waiver and, therefore, not subject to application of the savings statute, § 52-593a).

We follow the majority's view, which we find to be the better-reasoned approach, and hold that the 15-day grace period of § 52-593a applies to service of the apportionment complaint. Here, the process was hand-delivered to the state marshal on December 31, 2002, the 119th day, and was served two days later. (Ex. B, Aff. of Hollis O. Hooper, Jr., State Marshal, Windham County.) Under such circumstances, service upon Generations within the 15-day grace period of § 52-593a was timely. Generations' motion to dismiss for lack of subject matter jurisdiction based upon untimely service is denied.

III. Lack of Subject Matter Jurisdiction - Apportionment- Defendant's Immunity From Suit Based Upon a Failure to Exhuast Administrative Remedies Under the FTCA

Generations argues, in the alternative, that the apportionment complaint should be dismissed because, having been deemed a PHS employee, it is immune from suit because there was no exhaustion of administrative remedies by the apportionment-plaintiffs, as required under the FTCA. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that a claim that has not been exhausted at the time of filing suit must be dismissed even if administrative remedies are later exhausted during the pendency of the case). Therefore, it maintains, under Conn. Gen. Stat. § 52-102b(c),8 it may not be made an apportionmentdefendant. Apportionment-plaintiffs, relying on DeGrenier v. Joly, No. 3:01Cv1012(CFD), 2002 WL 31106386 (D. Conn. Aug. 9, 2002), respond that exhaustion of administrative remedies is not required in the context of an apportionment action. In DeGrenier, Judge Droney held that state law, rather than federal law, provides the source of substantive liability for claims brought under the FTCA, id. at *1 (citing FDIC v. Meyer, 510 U.S. 471, 487 (1994)), and, thus, the right to apportionment is governed by Connecticut law. Id. (citing Nobile, 193 F.R.D. at 60). Judge Droney further observed that federal courts have treated complaints brought under apportionment statutes as claims that may be asserted under the Federal Rules of Civil Procedure by way of a third-party complaint. Id. (citing cases). Although the FTCA requires the exhaustion of administrative remedies before bringing suit under the FTCA in federal court, the FTCA, 28 U.S.C. § 2675(a), expressly exempts third-party complaints from the exhaustion requirement. Id. Finding the apportionment complaint to be a claim asserted under the Federal Rules as a third-party complaint, Judge Droney held that the exhaustion requirements of the FTCA did not apply. Id.

Generations seeks to distinguish the instant case from DeGrenier on the ground that the original plaintiff in DeGrenier had exhausted administrative remedies, whereas the plaintiffs in this case have not.9 Although this fact was noted by Judge Droney in a footnote, DeGrenier, 2002 WL 31106386, at *1, n.3, it was not the basis for his decision. Moreover, nothing in the language of the FTCA, excepting third-party complaints from the administrative exhaustion requirement, requires the original plaintiff to have exhausted administrative remedies.

Generations also disagrees with the holding of DeGrenier on the ground that Connecticut's apportionment statute, Conn. Gen. Stat. § 52-102b, "creates a substantive cause of action for comparative negligence separate and apart from the rules of practice regarding impleading third parties." (Generations' Mem. at 12 n.6.) We are somewhat unclear as to the precise argument being urged by Generations. There is no question that there is a difference between rules of practice regarding third-party complaints, whether state or federal, and substantive rights asserted thereunder. For example, the federal third-party impleader rule, Rule 14(a), Fed. R. Civ. P., does not provide a source of substantive liability; it merely provides a procedural vehicle for asserting that right. See Corporation of Presiding Bishop of Church of Latter-Day Saints v. Queen Carpet Corp., 5 F. Supp. 2d 1246, 1249 (D. Utah 1998) (holding that Rule 14, Fed. R. Civ. P., does not "purport to define what constitutes a 'liability' or other cause of action for which a third party may permissibly be joined"). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1446 at 377 (1990). As long as there is an

assertion of secondary or derivative liability, "it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution ... or some other theory." Id. at 361-63.

In this case, that substantive theory is statutory apportionment, a creature of state law, which is now being asserted procedurally as a third-party complaint in federal court. In Stingley v. Raskey, No. A95-0242CV(HRH), 1995 WL 696591 (D. Alaska Nov. 20, 1995), the court addressed the issue of whether a state-law claim for equitable apportionment could be asserted under Rule 14(a), Fed. R. Civ. P.,10 where the state apportionment statute11 made the third-party defendant potentially liable only to the original plaintiff, not to the third-party plaintiff. The court held that the Federal Rules "should not be interpreted or applied so as to prevent the operation of otherwise applicable state law." Id. at *4. "To say a defendant cannot implead another tortfeasor because of the technical limitations of Rule 14(a), Federal Rules of Civil Procedure, would frustrate the purpose of [the state's apportionment statute]." Id. ; see also Corporation of Presiding Bishop, 5 F. Supp. 2d at 1249 (finding "no direct collision" between Utah's apportionment statute and the Rules 13 and 14, Fed. R. Civ. P.); Thompson v. Wheeler, 898 F.2d 406, 410 (3d Cir. 1990) (holding that the Government could not avoid the plain language of § 2675(a) of the FTCA by arguing that the exemption was applicable only if the claim against the third-party defendant was actually asserted under Rule 14, Fed. R. Civ. P.).

We find that the Connecticut statutory apportionment claim asserted against Generations is the type of claim that could be brought under Rule 14(a), Fed. R. Civ. P., and, as such, is subject to the FTCA's exemption for third-party complaints. The FTCA's exemption applies "to such claims as may be asserted under the Federal Rules of Civil Procedure by third-party complaint. . . ." 28 U.S.C. § 2675(a). It does not limit the exemption to those claims actually asserted under Rule 14(a). This exemption has been held to apply to third-party claims brought in state court under state law and later removed to federal court, not just to claims actually brought under Rule 14(a), Fed. R. Civ. P. See Hassan v. Louisiana Dep't of Transp. & Dev., 923 F. Supp. 890, 893 (W.D. La. 1996) (reasoning that Congress was simply defining the types of claims that are exempted from the administrative claim requirement and that if Congress had intended to limit the proviso to claims that are in fact asserted under the Federal Rules of Civil Procedure it would have said so). Accordingly, we agree with the holding in DeGrenier, and hold that the FTCA's exemption from administrative exhaustion for "such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint," 28 U.S.C. § 2675(a), applies to the instant apportionment action. Thus, we hold that administrative exhaustion under the FTCA was not required, and we decline to dismiss the apportionment complaint on that basis.

Conclusion

For the foregoing reasons, the Motion for Substitution [Doc. # 10] is GRANTED and the United States is substituted as the apportionment-defendant in place of Generations Family Health Center, Inc. The Motion to Dismiss [Doc. # 10] is DENIED.

SO ORDERED.

Date: October 17, 2003.

Waterbury, Connecticut.

_____/s/_____

GERARD L. GOETTEL,

United States District Judge

---

Footnotes

1 Plaintiffs have brought this medical malpractice action against defendants, **Hartford Healthcare, Inc.**, Windham Community Memorial Hospital, and Natchaug Hospital Inc., and Dr. John F. B. Haney, alleging that Edgardo Rosario, Jr., died as a result of the negligence and carelessness of these defendants.

2 This earlier action also involved the wrongful death of Edgardo Rosario, Jr. It was brought by the same plaintiffs against Windham Community Hospital and several Windham employees, as well as Generations and several Generations employees. In addition to granting the motion for substitution, Judge Squatrito also dismissed the plaintiffs' claims against the Generations defendants on the ground that the plaintiffs had failed to exhaust their administrative remedies, as required under the FTCA, 28 U.S.C. § 2675(a). The remaining claims against the Windham defendants were then remanded to state court.

3 The apportionment statute, Conn. Gen. Stat. § 52-102b, is a legislatively created right allowing defendants, in negligence actions to which Conn. Gen. Stat. § 52-572h applies, to reduce the damages that might be assessed against them to an amount that is proportionate with their degree of liability. See Donner v. Kearse, 234 Conn. 660, 666-70 (1995). Section 52-102b(a) provides in relevant part:

(a) A defendant in any civil action to which section 52-572h [Connecticut's comparative negligence statute] applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . . The person upon whom the apportionment complaint is served . . . shall be a party for all purposes. . . .

4 The FSHCAA, 42 U.S.C. § 233(a), provides in relevant part:

(a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

5 Section 52-102b(a), Conn. Gen. Stat., provides:

Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.

6 The case was later removed to federal court by Generations.

7 Connecticut does not have a court rule similar to Rule 6(a), Fed. R. Civ. P., which excludes the last day of any period of time prescribed or allowed by the Federal Rules if the last day falls on a Saturday, Sunday, or a legal holiday. However, Connecticut does recognize the common-law rule that "if the last

day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely." Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 9 (1975). This common-law rule has been applied in situations where the clerk's office was closed or it would otherwise be impossible to perform the act because the last day fell on a Sunday or legal holiday. It is not clear whether this would apply to the situation at hand. In light of our holding that Conn. Gen. Stat. § 52-593a applies, we need not reach this question.

8 Section 52-102b(c), Conn. Gen. Stat., provides:

No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h.

9 Generations concedes that the plaintiffs did in fact file an administrative claim with HHS, but only three weeks before filing the initial state court complaint. See **Montanez**, No. 3:02CV1448(DJS)(ruling on defendants' motion for substitution and to dismiss) at 8. HHS had six months to consider the claim. Thus, it would have been constructively exhausted on November 3, 2002. Id. The administrative claim was denied by HHS on May 3, 2003. (Generations' Mem. at 4.) No claim has been asserted by plaintiffs against Generations since exhaustion occurred.

10 Rule 14(a), Fed. R. Civ. P., provides that a third-party complaint may only be asserted by a defending party against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff" (emphasis added).

11 Under Alaska Stat. § 09.17.080(c), which repealed contribution and joint and several liability, a court is to determine "each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault."

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.