**UNITED STATES DISTRICT COURT**

————————————District of Connecticut————————————

```
-------------------------------------------------------------X
LAURA GUIGLIANO, as Administratrix of
the Estate of MICHAEL GUIGLIANO, Deceased
and LAURA GUIGLIANO, Individually              ANSWER TO AMENDED
                                                COMPLAINT
     Plaintiff,
                                                Case No. 3:02 CV 718 (RCN)(DFM)
vs.
DANBURY HOSPITAL, ET AL

     Defendants.                                June 6, 2005
-------------------------------------------------------------X
```

To the Clerk of this court and all parties of record:

   The Defendants Joseph John Borruso, M.D. and Danbury Surgical Associates, P.C. respectfully responds to Plaintiff's Second Amended Complaint dated 9 March, 2005 as follows:

**AS TO THE ALLEGATION AS TO THE PARTIES**

1-3.     The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 1, 2 and 3 but leave the plaintiff to her proof.

4-7.     Paragraphs 4, 5, 6 and 7 are admitted.

8-31.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 and therefore deny said allegations and leave the plaintiff to her proof.

32-33.   Paragraphs 32 and 33 are admitted.

34.      The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit so

much of paragraph 34 as alleges that at all times Defendant J. Borruso, M.D. was a physician specializing in the field of surgery who held himself out to the general public as being competent in the diagnosis, care and treatment of patients and as being able to treat patients in general in accordance with the standard of accepted medical and surgical care and practices is admitted. As to the remaining allegations of Paragraph 34 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations but leave the plaintiff to her proof.

35. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny so much of Paragraph 35 as alleges that the Defendant J. Borruso, M.D. "was affiliated with" the Defendant Danbury Hospital, but leave the plaintiff to her proof. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit so much of Paragraph 35 as alleges that the Defendant J. Borruso, M.D. was authorized to provide care and treatment to patients at Danbury Hospital.

36-41 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 36, 37, 38, 39, 40, 41, but leave the plaintiff to her proof.

42.-43 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit the allegations of paragraphs 42 and 43.

44. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit so much of paragraph 44 as alleges that at all times mentioned Danbury Surgical Associates, P.C. held itself out to the general public as a surgical practice is admitted. As to the remaining allegations of Paragraph 44 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations but leave

      the plaintiff to her proof.

45.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit so much of paragraph 45 as alleges that at all time hereinafter mentioned Danbury Surgical Associates, P.C. employed and provided personnel, including defendant Joseph Borruso, M.D. for the work-up, care and treatment of patients, including Michael Gugliano. As to the remainder of paragraph 45 Dr. Borruso and the Danbury Surgical Associates, P.C have insufficient knowledge and leave plaintiff to her proof.

46 - 79.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 but leave the plaintiff to her proof.

**AS TO THE ALLEGATIONS OF JURISDICTION**

80.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. deny the allegation of paragraph 80.

81.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 81 but leave the plaintiff to her proof.

**AS TO THE ALLEGATIONS OF VENUE**

82.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit the allegations contained in Paragraph 82.

**AS TO THE ALLEGATIONS AS TO JURY DEMAND**

83.    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraph 83but leave the plaintiff to her

proof.

**AS TO THE FIRST CAUSE OF ACTION**

84. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. repeat their responses to the allegations in paragraphs 1-73 as if more fully stated herein.

85. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 85, 86, 87, 88, 89, 90 and 91 but leave the plaintiff to her proof.

92. As to Paragraph 92 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admits that at certain times in February, 2001 J. Borruso, M.D. provided medical services to Michael Guigliano with regard to certain signs, symptoms and complaints relating to his physical condition and that he did so in his capacity as physician and surgeon charged with the responsibility of caring for patients in accordance with the standards of accepted medical and surgical practice. As to the precise dates specified by the Plaintiff in Paragraph 82 and as to the allegation that Dr. Borruso's care began "sometime prior and subsequent thereto" the Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations but leave the plaintiff to her proof.

93-94. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraphs 93 and 94 but leave the plaintiff to her proof.

95. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit so much of paragraph 95 as alleges that between the dates alleged, with regard to certain signs ans symptoms and complaints relating to his physical condition Michael

           Guigliano came under the care of the defendant Danbury Surgical Associates, P.C. in its capacity as the employer of J. Borruso, M.D.. As to the remainder of paragraph 95 the Danbury Surgical Associates, P.C. and J Borruso, M.D. neither admit nor deny those allegation but leave plaintiff to her proof.

96 - 112. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations of paragraphs 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111 and 112 but leave the plaintiff to her proof.

113. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. admit parapraph 113 except as to the imprecise allegation "all time mentioned". As to that allegation they leave the plaintiff to her proof.

114-126. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegation of paragraphs 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 and 126 but leave plaintiff to her proof.

127. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. deny that the work-up diagnosis, care and treatment rendered to Michael Guigliano was rendered in an improper, negligent or careless manner as alleged. As to the remainder of paragraph 127 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegation but leave plaintiff to her proof.

128. The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. deny that the care and treatment rendered to Michael Guigliano by them failed to adhere to good and accepted surgical practice. As to the reaminder of the allegatio of paragraph 128 The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations but leave plaintiff to her proof.

129-132.  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. deny the allegation of paragraphs 129, 130, 131 and 132.

**AS TO THE SECOND CAUSE OF ACTION**

133.  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. repeat and re-allege their responses to the allegations in Paragraph 1-116 inclusive as if more fully set forth herein.

134.  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations of Paragraph 134 but leave the plaintiff to her proof.

135-136.  So much of Paragraphs 135 and 136 as allege negligence and medical malpractice on the part of The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. is denied.  As to the remainder of the allegations contained in these paragraphs the Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations but leave the plaintiff to her proof

**AS TO THE THIRD CAUSE OF ACTION**

137.  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. repeat and re-allege their responses to Paragraphs 1-120 as if more fully set forth herein.

138-144.  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny the allegations contained in Paragraph 138, 139, 140, 141, 142, 143 and 144 but leave the plaintiff to her proof.

**AS TO THE FOURTH CAUSE OF ACTION**

145.  Defendant J. Borruso, M.D. repeats and re-alleges his responses to Paragraphs 1-128 as if more fully set forth herein.

146-148  The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C.deny so

        much as Paragraphs 146, 147 and 148 as allege negligence and medical malpractice on the part of the Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C.. As to the remainder of the allegations contained in this paragraph The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny these allegations contained but leave the plaintiff to her proof

149-150.   The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. neither admit nor deny paragraph 140, 150, 151 and 152 but leave plaintiff to her proof. These defendants further deny that such allegations are cognizable in this action.

**By Way of Affirmative Defenses**

**First Affirmative Defense**

    The Plaintiffs' 2nd Amended Complaint in whole or in part fails to state a cause of action upon which relief can be granted.

    The Defendants J. Borruso, M.D. and Danbury Surgical Associates, P.C. demands trial by jury.

                                        THE DEFENDANTS,
                                          J. BORRUSO, M.D. AND DANBURY
                                          SURGICAL ASSOCIATES, P.C.

                         By:_____
                                      Kevin M. Tepas, Esq., (CT 05552)
                                      Ryan, Ryan, Johnson & Deluca, LLP
                                      80 Fourth Street, P.O. Box 3057
                                      Stamford, CT  06905
                                      Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue
Suites 6-8
Larchmont, NY 10538
Attorney for Plaintiffs, Laura Guigliano, as Administrator of the Estate of Michael Guigliano, and Laura Guigliano Individually

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue
New York, NY 10001
Attorney for Plaintiffs, Laura Guigliano, as Administrator of the Estate of Michael Guigliano, and Individually

Michael Neubert, Esq.
and Eric Stockman, Esq
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Attorneys for Danbury Hospital, Oelberg, Yuan, Kotch, Circiumara, Kouznetsov, Tudorica, Burness, Brown, Hoffman, Does 1,2,3

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLC
205 Church Street
P.O. Box 1936
New Haven, CT 06509
Attorney for Scott B. Berger, M.D.

Richard C. Tynan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303
Attorney for Joseph J. Catania, M.D.

_____
Kevin M. Tepas, Esq.

I:\Procases\290.117\Pld- answer to 2nd amended complaint.wpd