UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURA GUIGLIANO,                           :
                                           :
        Plaintiff,                         :
                                           :
        v.                                 :    CASE NO. 3:02CV718(RNC)
                                           :
DANBURY HOSPITAL ET AL.,                   :
                                           :
        Defendant.                         :


SUPERSEDING SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

After a status conference held on June 7, 2005, the following
dates are hereby adopted as reasonable and appropriate to serve the
purposes of Fed. R. Civ. P. 1:

**Pleadings:** By **June 17, 2005,** the plaintiff shall file a Third
Amended Complaint omitting all claims against the dismissed
defendants and revising the case caption so that it lists only
those defendants remaining in the action.  The plaintiff either
shall identify or dismiss Jane Doe.  The purpose of this order is
to simplify and clarify the pleadings.  This is for administrative
purposes only and should not be construed an opportunity for the
plaintiff to add new allegations, claims or parties.

**Damages Analysis:** Any party with a claim or counterclaim for
damages will provide a damages analysis on or before **September 2,
2005.**

**Discovery Deadline:**  All fact discovery shall be completed by
**September 15, 2005.**   All discovery, including all discovery

relating to expert witnesses, will be completed (not propounded) by **February 28, 2006.**

**Discovery Relating To Expert Witnesses:** An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Unless otherwise ordered, a party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B).  The plaintiff has represented that he already has disclosed his expert reports.  The plaintiff's experts will be deposed on or by **October 30, 2005.**  The defendants' expert reports shall be disclosed on or before **December 30, 2005,** and any such experts will be deposed by **February 28, 2006.**

**Motions to Compel:** Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response.  Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

**Joint Trial Memorandum:** A joint trial memorandum in the form described in the attached addendum will be filed on or before **April 17, 2005.**  Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

**Trial Ready List:**  The case will be placed on the trial ready

2

list for **May 2006.**

   **Dispositive Motions:**   No dispositive motion will be filed
unless a prefiling conference is requested.   Any request for a
prefiling conference must be submitted in the form of a letter to
the court (with copies to all counsel of record or pro se parties)
briefly describing the nature and basis of the proposed motion.
Except in cases involving pro se parties, no request for a
prefiling conference may be submitted unless the attorney making
the request has conferred with other counsel of record and
discussed the proposed motion in a good faith effort to clarify the
issues, eliminate or reduce the area of controversy and arrive at
a mutually satisfactory resolution. <u>Cf</u>. D. Conn. L. Civ. R.
37(2)(requiring counsel to confer before filing motions relating to
discovery disputes).  Except in cases involving pro se parties, any
request for a prefiling conference must include a statement that
the attorney submitting the request has conferred with other
counsel and must briefly describe the results of the conference.
To be timely, any request for a prefiling conference regarding a
motion for summary judgment must be submitted on or before **January
16, 2006.**   Failure to submit a timely request may result in a
waiver of the right to file a summary judgment motion.   If a
summary judgment motion is filed, the joint trial memorandum will
be due 30 days after a ruling on the motion.

   **Joint Status Reports of Counsel:**   A joint status report of

3

counsel will be submitted on or before **September 8, 2005.** The report will address the matters listed in Fed. R. Civ. P. 16(c). Joint status reports of counsel addressing those matters will be submitted every **90 days** thereafter until the matter is resolved.

**Extensions of Time**: All dates set forth in this order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order. As was stated in the status conference, due to the age of this case, any request for an extension of these deadlines is unlikely to be granted.

Counsel will provide their clients with a copy of this order.

SO ORDERED at Hartford, Connecticut this 8th day of June, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Addendum

Case Name      Guigliano v. Danbury Hospital, et al.
Case No.       3:02cv718

    1.   Pursuant to the schedule that has been established for
this case, the case should be ready for trial by May 2006.  Counsel
should inform their clients that the court intends to try the case
at that time or as soon thereafter as possible.

    2.   The pretrial schedule reflects the parties' case
management plan and is intended to provide sufficient time to
enable the parties to properly prepare the case for resolution by
trial or settlement.  No deadline set forth in the pretrial
schedule will be extended or stayed except by order of the court.
**Motions for extension of time pursuant to Fed. R. Civ. P. 6(b) and
Local Civil Rule 7(b) will not be granted except for good cause.
Any such motion must be filed in writing at least five days before
the deadline in question.**

    3.   **Before a party files a motion to dismiss, motion for
summary judgment or motion for partial summary judgment, a
prefiling conference will be held.**  A party wishing to file such a
motion will submit a letter to chambers requesting a conference no
later than 45 days before the discovery deadline.  No such request
will be granted unless the attorney making the request has

5

conferred with other counsel beforehand.  At the prefiling conference, consideration will be given to the timing and appropriateness of the motion, formulation and simplification of the issues encompassed by the motion, avoidance of unnecessary motion practice and other matters that might facilitate the just, speedy and inexpensive determination of the action.  The conference may be conducted by telephone.

4.  On or before **April 17, 2006,** the parties will jointly prepare and file for approval by the Court a joint trial memorandum.  Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.  The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

a.  **Witnesses**:  Set forth the name and address of each witness to be called at trial.  Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day).  For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  If a party objects to all or any part of the

6

anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

b. **Exhibits**: The parties will prepare the list of exhibits required by the Standing Order. The list must specifically identify each exhibit by providing a brief description of the exhibit. The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1. If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived. Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk. The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference. Counsel will retain the original set of exhibits for use at trial.

c. **Jury Instructions**: In jury cases, the parties will meet and confer for the purpose of preparing and filing tailored jury instructions on the elements of the parties' claims and defenses. The proposed instructions will be submitted as an attachment to the joint trial memorandum. If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including citation to applicable

authority.

       d.    **<u>Anticipated Evidentiary Problems</u>**:  The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

       e.    **<u>Verdict Form</u>**:  In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury.  The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b).  If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.