UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
=========================================X
LAURA GUIGLIANO, as Guardian Ad
Litem for MICHAEL GUIGLIANO, a
Person Adjudged to be Incompetent,
and LAURA GUIGLIANO, Individually,        **CIVIL INDEX NO.:**
        **3:02 CV 718**
        Plaintiffs,        **(RNC) (DFM)**

     –against –

DANBURY HOSPITAL, et al.

        Defendants.
=========================================X


**PLAINTIFFS' MEMORANDUM OF LAW**
**IN RESPONSE TO THE DEFENDANTS JOHN BORRUSO, M.D.**
**AND DANBURY SURGICAL ASSOCIATES, P.C.**
**F.R.C.P. 19(b) MOTION TO DISMISS PLAINTIFFS' ACTION FOR NON-JOINDER**


        Submitted by:
        **JOSEPH LANNI, ESQ.** (CT 23566)
        THE LAW FIRM OF JOSEPH LANNI, P.C.
        Attorneys for Plaintiff LAURA GUIGLIANO


ORAL ARGUMENT [ IS ___ / IS NOT __X__]
REQUESTED FOR THIS MOTION.

This action, premised on diversity jurisdiction, sounds in medical malpractice, negligence and wrongful death.  On February 7, 2001, plaintiff Michael Guigliano was admitted to defendant Danbury Hospital after sustaining a fractured leg and foot in a fall at work. Mr. Guigliano underwent surgery to repair these fractures and remained in the hospital for further care.  During the postoperative course, Mr. Guigliano developed abdominal distention and breathing difficulties that worsened over time.  On February 17, 2001, Mr. Guigliano was found in cardiorespiratory arrest in the hospital's CT scan room.  Though eventually resuscitated after approximately 30 minutes, Mr. Guigliano became severely brain damaged, quadriplegic, ventilator dependent, and semi-comatose. He died from complications of these injuries at the Northeast Center for Special Care on July 14, 2003.  It is alleged that Mr. Guigliano's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital and the medical personnel caring for him during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.  Named among the defendants are the movants, defendants John Borruso, M.D. and Danbury Surgical Associates, P.C.

This Memorandum of Law is submitted in response to the motion filed by John Borruso, M.D., and Danbury Surgical Associates, P.C., dated June 7, 2005, pursuant to F.R.C.P. 19(b) seeking to dismiss plaintiffs' action for non-joinder.

This action was commenced on April 24, 2002, with the filing of a *Complaint dated April 12, 2002*.  On July 14, 2003, plaintiff incompetent MICHAEL GUIGLIANO died.  This action was then stayed by this Court on or about July 24, 2003, pending appointment of plaintiff LAURA GUIGLIANO as the Administrator of her late husband's estate.  On May 26, 2004, a status

2

conference was held before the Court.  Subsequently, the plaintiff served an *Amended Complaint,*

*dated June 29, 2004*, which asserted claims for medical malpractice and wrongful death on behalf

of the Estate of MICHAEL GUGLIANO, Deceased.

After the service of the Amended Complaint, the parties undertook to continue with

discovery proceedings in this matter.  A series of thirteen (13) separate depositions of fact witnesses

were held during the period September 13, 2004 – December 17, 2004.

Defendants Borruso and Danbury Surgical Associates, P.C., assert that decedent's primary

care provider, Dr. Frank Kessler, who "upon information recently received by the (moving)

defendants….lives and works in the State of New York", is significant to the adjudication of this

case as an "apportionment defendant".  Further, the moving defendants claim that joinder of Dr.

Kessler is not permitted under FRCP Rule 19(a) because such joinder would destroy diversity and

deprive this Court of jurisdiction.  These defendants, therefore, move to dismiss plaintiffs' action

under F.R.C.P. Rule 19(b).

As a threshold matter, plaintiffs refer the Court to the ruling of the Supreme Court in

Caterpillar, Inc. v. Lewis, 519 U.S.61, 117 S. Ct. 467, 136 L.Ed2d 437 (1996).  In that case, the

Court stated that:

> [o]nce federal subject matter jurisdiction is established over the underlying case
> between [plaintiff] and [defendant] the jurisdictional propriety of each additional
> claim is to be assessed individually.  Thus, assuming that jurisdiction is based upon
> diversity of citizenship between [plaintiff] and [defendant], the question concerning
> impleader is whether there is a jurisdictional basis for the claim by [defendant]
> against [third-party defendant]. The fact that [plaintiff] and [third-party defendant]
> may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his

compliant to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them. Id., at 472 n.1 (citation omitted).  In accord, Kim v. The Convent of the Sacred Heart, Inc., 1998 WL 241213 (D. Conn).

Clearly, in the instant case, jurisdiction conveyed by diversity of citizenship is undisturbed if moving defendants wish to file a third-party complaint seeking apportionment from Dr. Kessler, whom plaintiffs have chosen not to sue.

Assuming arguendo, that this honorable Court believes that an apportionment claim leveled by moving defendants would destroy diversity jurisdiction, we respectfully submit that Dr. Kessler is not an indispensable party under F.R.C.P. Rule 19.

The purported potential apportionment claim by the moving defendants is unsupported by any medical proof.  Moving defendants do not disclose a qualified expert to testify as to deviations from the standard of care and causation by Dr. Kessler, nor do they assert that they will so disclose.  See, Stowe v. McHugh, 46 Conn. App. 391, 394-398 (1997). (Apportionment claim in medical malpractice case requires qualified expert testimony).  Thus, the moving defendants seek dismissal of plaintiffs' action based upon an unsupported and speculative claim to reduce damages that might be asserted against them.

The Second Circuit has instructed that as an alternative to dismissal, courts must take a "flexible approach" when deciding what parties need to be present for the just resolution of a suit. Jaser v. New York Property Ins. Underwriting Ass'n, 815 F.2d 240, 242 (2d Cir. 1987), citing Provident Tradesman Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S. Ct 733, 19 L.E.2d 936

(1968).   Moreover, the Second Circuit has further cautioned that very few cases should be terminated due to the absence of a non-diverse party unless there has been a reasoned determination that the non-joinder makes resolution of the action impossible.  Id.  There has been so such showing in this case.

As was stated in Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F. 3d 915, 918 (4th Cir. 1999), "Dismissal of a case is a drastic remedy…which should be employed only sparingly."

Dated: Larchmont, New York
        June 22, 2005

**JOSEPH LANNI (CT 23566)**
THE LAW FIRM OF JOSEPH LANNI, P.C.
Attorneys for Plaintiff LAURA GUIGLIANO
138 Chatsworth Avenue, Suites 6-B
Larchmont, New York 10538
(914) 834-6600

TO:

SCOTT F. MORGAN, ESQ.
WEINER, MILLO & MORGAN, LLC
Co-Counsel for Plaintiff
LAURA GUIGLIANO
220 Fifth Avenue, 7th Floor
New York, New York 10001

NEUBERT, PEPE & MONTIETH, P.C.
Attorneys for Defendants
DANBURY HOSPITAL,
195 Church Street
New Haven, CT 06510

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendant
BORRUSO & DAN. SURG. ASSOC., P.C.
80 Fourth Street
Stamford, CT 06905

HALLORAN & SAGE, L.L.P.
Attorneys for Defendant
CATANIA
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**DECLARATION OF SERVICE**
**PURSUANT TO 28 U.S.C. § 1746**

I, **JOSEPH LANNI,** an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York.  I served a true copy of the annexed: **PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANTS JOHN BORRUSO, M.D., AND DANBURY SURGICAL ASSOCIATES, P.C., F.R.C.P. 19(b) MOTION TO DISMISS PLAINTIFFS' ACTION FOR NON-JOINDER**, dated June 22, 2005, on the date of June 22, 2005, by mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U. S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

NEUBERT, PEPE & MONTEITH
Attorneys for Defendants
DANBURY HOSPITAL
195 Church Street
New Haven, CT 23067
Tel.:  (203) 821-2000

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendants
BORRUSSO & DANBURY SURG. ASSOC., P.C.
80 Fourth Street
Stamford, CT 06905
Tel.:  (203) 357-9200

HALLORAN & SAGE, LLP
Attorneys for Defendants
CATANIA
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103

SCOTT F. MORGAN (CT 23648)
WEINER, MILLO & MORGAN, LLP
Co-Counsel for Plaintiffs
220 Fifth Avenue
New York, New York 10001
Tel.:  (212) 213-1220

Executed on June 22, 2005, Larchmont, New York.

_____
JOSEPH LANNI        (CT 23566)