UNITED STATES DISTRICT COURT

DISTRICT OF DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administratrix of the Estate of MICHAEL GUIGLIANO, Deceased and LAURA GUIGLIANO, Individually <br><br> Plaintiffs, <br><br> vs <br><br> DANBURY HOSPITAL, ET AL <br><br> Defendants. | CIVIL ACTION NO. 3:02 CV00718 (RNC) (DFM) <br><br><br> JUNE 30, 2005 |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO SERVE APPORTIONMENT COMPLAINT

By pleading dated March 9, 2005, the plaintiff, Laura Guigliano, individually and as fiduciary of the Estate of Michael Guigliano, commenced a medical malpractice action against the defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., among others. A copy of that pleading is on file with this court and will be attached in its entirety to the apportionment complaint to be served on Dr. Kessler as Attachment A. The defendants/apportionment plaintiffs, John Borruso, M.D. and Danbury Surgical Associates, P.C., now assert their statutory right of apportionment pursuant to Connecticut General Statutes § 52-102b as to non-party Frank Kessler, M.D.

The present motion is filed to effect formal compliance with F.R.C.P. Rule 14a. The right of apportionment which the defendants seek to assert is substantive and is statutorily permitted to them. It does not involve the assertion of a new cause of action but rather a defense to the cause of action already asserted by the plaintiffs. For that reason the defendants respectfully submit that any action on the motion other than the granting of it would strip the defendants of their statutory right to claim an apportionment of liability. The defendants also represent to this court that after consultation, no other party objects to the granting of this motion.

> Conn. Gen Stat. § 52- 572h( c) provides in pertinent part as follows:
>
> In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
>
> And Conn. Gen. Stat. § 52-102b(a) provides in pertinent part as follows:
>
> The defendant in any civil action to which section 52-572 applies may serve a writ, summons, and complaint upon a person not a party to the action who is or may be liable pursuant to said section for proportionate share of the plaintiff's damage in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons, and complaint, hereinafter called the apportionment compliant, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.

The present action, a negligence action seeking recovery for wrongful death, is an action to which the statutory right to apportionment under Conn. Gen. Stat. § 52-572 applies.

During the time period in which plaintiff claims her decedent received negligent medical care from the defendants he also received medical care from Frank Kessler, M.D. who was his primary care provider at the time. Plaintiff's expert witnesses, Dr Battista and Dr Kaufman have both opined that the failure of plaintiff's decedent's care-givers to monitor his ionized calcium and potassium levels caused or contributed to the injuries and losses suffered by him. The defendants assert to this court that upon information and belief the care-giver ultimately responsible for monitoring and managing these levels is Dr. Kessler. If plaintiff's expert are believed, some portion of the liability for the injuries to and death of plaintiff's decedent should be borne by Dr. Kessler and not by the defendants. Accordingly Dr. Kessler should be made an apportionment defendant in this matter.

The defendant respectfully submit that their motion to join Frank Kessler, M.D. should be granted.

THE DEFENDANTS,
JOHN BORUSSO, M.D.
DANBURY SURGICAL ASSOCIATES, P.C.

By:_____
Kevin M. Tepas, Esq., (CT 05552)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue
Suites 6-8
Larchmont, NY 10538
Attorney for Plaintiffs, Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, a Person Adjudged to be

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue
New York, NY 10001
Attorney for Plaintiffs, Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, a Person Adjudged to be

Michael Neubert, Esq.
and Eric Stockman, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Attorney for Defendant, Danbury Hospital

Regina Duchin Kraus
Tyler, Cooper & Alcorn, LLC
205 Church Street
P.O. Box 1936
New Haven, CT 06509
Attorney for Defendant, Scott B. Berger, M.D.

Richard C. Tynan
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303
Attorney for Defendant, Joseph J. Catania, M.D.

_____
Kevin M. Tepas, Esq.

I:\Procases\290 117\Pld -Memo re leave to file apport complaint.wpd