IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator ) <br> Of the Estate of MICHAEL GUIGLIANO, ) <br> Deceased, and LAURA GUIGLIANO, ) <br> Individually ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DANBURY HOSPITAL, J. BORRUSSO, M.D., ) <br> JOSEPH CATANIA, M.D. and ) <br> DANBURY SURGICAL ASSOCIATES, P.C. ) <br> ) <br> Defendants ) | Civil No.: 302CV718 (RNC) <br><br><br> July 19, 2005 |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY CLAIM

Defendant, Danbury Hospital hereby answers the plaintiff's Third Amended Complaint dated June 14, 2005:

### PARTIES:

1-3.   With regard to the allegations contained within Paragraphs 1, 2 and 3, this defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

4.   Defendant admits such portions of Paragraph 4 as alleges that Danbury Hospital is a corporation within the State of Connecticut which provides services as a hospital and denies the remainder of said paragraph.

5.   Paragraph 5 is admitted.

6.   Defendant admits such portion of Paragraph 6 as alleges that Danbury Hospital operates as a hospital and provides care and treatment in a competent, safe manner and in accordance with accepted standards of nursing and hospital

practice. Defendant denies such portion of Paragraph 6 as implies or suggests that Danbury Hospital is responsible for any orthopedic or surgical care rendered to Michael Guigliano. Defendant denies Paragraph 6 to the extent that it implies or suggests a higher standard of care than required by law. With regard to the remaining allegations contained within said paragraph, the defendant has insufficient knowledge or information upon which to form a belief and therefore leaves plaintiff's to their proof.

7. Defendant admits Paragraph 7 insofar as Danbury Hospital provides personnel for the care and treatment of patients admitted to the hospital including Michael Guigliano. Defendant denies Paragraph 7 insofar as it implies or suggests that Danbury Hospital is responsible for all physicians, surgeons, technicians, physician's assistants, residents, interns, medical and other patient care personnel who may treat patients at the hospital including Michael Guigliano. As to any remaining allegations contained within said paragraph, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, denies the same and leaves plaintiffs to their proof.

8-10. Defendant does not respond to Paragraphs 8, 9 and 10 as the same are not directed to it.

11. Defendant admits Paragraph 11 insofar as J. Borrusso, M.D. had privileges to admit and care for his patients at Danbury Hospital. Defendant denies Paragraph 11 insofar as it implies or suggests that J. Borrusso, M.D. is an agent, servant or employee of Danbury Hospital.

12-13. This defendant does not respond to the allegations contained within Paragraphs 12 and 13 as the same are not directed to it.

14. Defendant admits Paragraph 14 insofar as it alleges that Joseph J. Catania, M.D. has privileges to admit and care for patients at Danbury Hospital. Defendant denies Paragraph 14 insofar as it implies or suggests that Joseph J. Catania, M.D. is an agent, servant or employee of Danbury Hospital.

15-18. This defendant does not respond to the allegations contained within Paragraphs 15, 16, 17 and 18, as the same are not directed to it.

## JURISDICTION:

19-20. With regard to the allegations contained within Paragraphs 19 and 20, the defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves plaintiff to their proof.

## VENUE:

21. Paragraph 21 is admitted.

## JURY DEMAND:

22. The allegations contained with Paragraph 22 require no response from this defendant.

## FIRST CAUSE OF ACTION:

23. Defendant incorporates its responses to Paragraphs 1-23 of this Third Amended Complaint as its responses to Paragraph 23 as if fully set forth herein.

24. With regard to the allegations contained within Paragraph 24, this defendant admits that Michael Guigliano was a patient at Danbury Hospital for the period of February 7, 2001 to April 17, 2001 and was offered care within accepted standards of hospital practice. This defendant denies Paragraph 24 insofar as it implies or suggests that Danbury Hospital was responsible for orthopedic, surgical or medical care rendered by providers who are not agents, servants or employees of Danbury Hospital.

25-27. This defendant does not respond to the allegations contained within Paragraphs 25, 26 and 27 as the same are not directed to it.

28. Defendant admits Paragraph 28 insofar as Danbury Hospital and/or its agents, servants and employees possess such degree of reasonable and proper skill and learning as is required to provide hospital services and that it provided hospital services to Michael Guigliano. This defendant has insufficient knowledge or information as to the remaining allegations contained within Paragraph 28 and therefore, leaves plaintiff's to their proof. Defendant denies Paragraph 28 insofar as it implies or suggests that Danbury Hospital is responsible for orthopedic, medical, and surgical care and treatment which was rendered by providers who are not agents, servants or employees of Danbury Hospital.

29. This defendant does not respond to the allegations contained within Paragraph 29 as the same are not directed to it.

30-33. Paragraphs 30, 31, 32 and 33 are denied.

34-35. Defendant denies such portion of Paragraphs 34 and 35 as allege "that by reason of the aforesaid negligence and medical malpractice of the defendants." With regard to the remaining allegations contained within said Paragraphs, this defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

## SECOND CAUSE OF ACTION

36. This defendant incorporates its responses to Paragraphs 1-35 of the Third Amended Complaint as its response to Paragraph 36 as if fully set forth herein.

37. With regard to the allegations contained within Paragraph 37, this defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the plaintiffs to their proof.

38. Defendant denies such portion of Paragraph 38 as alleges "that by reason of the foregoing negligence and malpractice of the defendants." With regard to the remaining allegations contained within said paragraph defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

39. This defendant denies such portion of Paragraph 39 as alleges "that by reason of the aforesaid negligence and malpractice of the defendants." With regard to the remaining allegations contained within said paragraph, the defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

## THIRD CAUSE OF ACTION:

40. Defendant incorporates its responses to Paragraphs 1-39 of the Third Amended Complaint as its response to Paragraph 40 as if fully set forth herein.

41. This defendant admits Paragraph 41 insofar as Danbury Hospital and its agents, servants and employees had a duty to use care when rendering hospital services to its patients and on behalf of patients in general and on behalf of Michael Guigliano and that a duty to use reasonable care in the performance of its services and in the operation of its hospital. Defendant denies Paragraph 41 insofar as it implies or suggests a higher standard of care than required by law.

42. This defendant admits Paragraph 42 insofar as Danbury Hospital and/or its agents, servants and employees had a duty to exercise a reasonable degree of care in the rendering of hospital services to and on behalf of patients in general and to Michael Guigliano in particular and to use reasonable care in the performance of their employment duties. Defendant denies Paragraph 42 insofar as it implies or suggests a higher standard of care than required by law.

43-47. Paragraphs 43, 44, 45, 46 and 47 are denied.

## FOURTH CAUSE OF ACTION:

48. This defendant incorporates its responses to Paragraphs 1-47 of the Third Amended Complaint as its responses to Paragraph 48 as if fully set forth herein.

49-51.  Paragraphs 49, 50 and 51 are denied.

52.   With regard to the allegations contained within Paragraph 52, this defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

53.   With regard to the allegations contained within Paragraph 53, this defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiff's to their proof.

54.   Defendant denies such portion of Paragraph 54 which alleges "that by reason of the foregoing negligence and medical malpractice of the defendants." With regard to the remaining allegations contained within said paragraph, defendant has insufficient knowledge or information upon which to form a belief and therefore denies the same and leaves the plaintiffs to their proof.

55.   Paragraph 55 is denied.

## AFFIRMATIVE DEFENSES:

First Affirmative Defense:

The First Count, Second Count, Third Count, and/or Fourth Count of the Third Amended Complaint fail to state a cause of action upon which relief may be granted.

Second Affirmative Defense:

Any recovery by the plaintiff must be reduced by the extent plaintiff failed to take reasonable steps to mitigate damages.

## JURY CLAIM:

Defendant hereby demands a trial by jury of all issues in this case.

DEFENDANT,
DANBURY HOSPITAL

By:_____
Eric J. Stockman, Esq.
Neubert, Pepe & Monteith
195 Church Street
P.O. Box 1940
New Haven, CT 06509-1940
Fed. Bar No. 05587
(203) 821-2000

## **CERTIFICATION**

    This is to certify that a copy of the foregoing was mailed, postage prepaid, on the 19th day of July, 2005 to the following counsel of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue – 7th Floor
New York, New York 1001

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06509-1910

Richard C. Tynan, Esq.
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT 06103

_____
Eric J. Stockman