# HALLORAN &SAGE LLP

ATTORNEYS AT LAW

RECEIVED JUL 20 12 44 PM '05

TIMOTHY J. GRADY   Direct 860 297-4624   grady@halloran-sage.com

ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

July 20, 2005

The Hon. Robert N. Chatigny
Chief U.S. District Court Judge
District of Connecticut
450 Main Street
Hartford, CT 06103

Re:   Laura Guigliano, Adm. V. Danbury Hospital, et al.
      Civil Action No.: 3:02 CV 718 (RNC) (DFM)
      Our File No.: 10858.0123

Dear Judge Chatigny:

As you are aware, there is an ongoing dispute between the parties in regard to the joinder and/or apportionment of Michael Guigliano's former primary care physician, Frank J. Kessler, M.D. As you are also aware, Dr. Kessler is a New York physician. We filed an Apportionment Complaint against Dr. Kessler, as has co-defendant John Borruso, M.D. It is my understanding that you are currently considering whether or not the apportionment of Dr. Kessler destroys diversity in this matter.

Dr. Berger, also a New York physician, was joined as a defendant in the plaintiffs' second Amended Complaint, along with Dr. Catania on March 9, 2005. On June 7, 2005, Judge Martinez held a status conference on this matter. Subsequent to the status conference, a Scheduling Order was issued to simplify and clarify the pleadings. At that point in time, there were several resident physicians, nurses and technicians who were agents of Danbury Hospital involved in the matter. It was evidently the Court's intention to streamline the matter. The parties appear to have been in agreement that it made sense to drop the agents of Danbury Hospital from the case.

However, without any discussion as to the merits of Dr. Berger's involvement in the case or his potential share of liability, the plaintiffs, who had previously represented to the Court that Dr. Berger was a necessary party to the action, made their intention to dismiss Dr. Berger known. When, in compliance with the new Scheduling Order, the plaintiffs issued the Third Amended Complaint on July 14, 2005, along with the agents of Danbury Hospital, Dr. Berger was indeed removed from the caption. On July 11, 2005, our office received the plaintiffs' Notice of Voluntary Dismissal of Scott Berger, M.D.

One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103   860 522-6103   Fax 860 548-0006   www.halloran-sage.com
Hartford / Middletown / Westport / Washington, D.C. / White Plains, NY

---

July 21, 2005. The Clerk will docket this letter. Counsel may file the motion without a prefiling conference on or before August 22, 2005. So ordered.

Robert N. Chatigny, U.S.D.J.

The Hon. Robert N. Chatigny
Page 2
July 20, 2005

The plaintiff's obvious purpose is to preserve the diversity jurisdiction of this Court. The plaintiffs claim pursuant to Federal Rules of Civil Procedure 41(a)(1)(i), they may voluntarily dismiss their claims as to Dr. Berger, because Dr. Berger had yet to answer the Second Amended Complaint in which he was joined. As will be set forth more completely in the attached draft motion, that is not the controlling law in the District of Connecticut.

Rule 41(a) refers to the voluntary dismissal of "an action." The Court of Appeals for the Second Circuit has held that the word "action" as used in the Rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed a cause of action. Therefore, a plaintiff may not dismiss one of several defendants under Rule 41(a), but must proceed under Rule 21.

However, a condition of dropping a party under Rule 21, who destroys the diversity jurisdiction of the Court, is that Rule 19 does not require the party's presence in the action. When the party is indispensable to the action, Rule 19, rather than Rule 21 applies and may result in the dismissal of the action under the Rule 19(b) analysis. A plaintiff may only preserve diversity jurisdiction by dropping a non-diverse party not indispensable to the action under Rule 19.

As is also set forth more completely in the attached draft motion, we believe that Dr. Berger is an indispensable party to this litigation. There has been no finding by the Court that Dr. Berger is a dispensable party. Absent such a finding, he is a party in this case and as a New York resident destroys diversity jurisdiction. If the Court agrees the case must be dismissed. Therefore, with the Court's approval we intend to file a Motion to Dismiss the Plaintiffs' Notice of Voluntary Dismissal and a Motion to Dismiss the Action for Lack of Subject Matter jurisdiction.

I hereby represent that I have discussed this motion with the plaintiffs' counsel. However, we are unable to come to an agreement. We, therefore, respectfully request a pre-filing conference in accordance with Judge Martinez's revised Scheduling Order. A draft copy of the motion we intend to file with the Court's approval is attached.

Very truly yours,

Timothy J. Grady

TJG/dmp
Enclosures
Cc: All Counsel of Record

712096_1.DOC