UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, and LAURA GUIGLIANO, Individually | : : : : | CIVIL ACTION NO. 3:02 CV 718 (RNC) (DFM) |
| Plaintiffs, | : : | |
| V. | : : | |
| DANBURY HOSPITAL, ET AL. | : | |
| Defendants. | : | JULY 26, 2005 |

**MOTION TO STRIKE PLAINTIFFS' NOTICE OF
VOLUNTARY DISMISSAL AND TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to the Federal Rule of Civil Procedure 12(f) and Local Rule 7, the defendant Joseph J. Catania, M.D. hereby moves (1) to strike to the plaintiffs' Notice of Voluntary Dismissal of certain claims as to Scott Berger, M.D., under Federal Rule of Civil Procedure 41(a)(1) dated July 11, 2005 and (2) to dismiss the action for lack of subject matter jurisdiction.

This is a claim of medical malpractice based on an incident occurring on February 17, 2001, during a hospitalization at the Danbury Hospital in Danbury, Connecticut.

The present action was commenced on April 24, 2002, with the filing of a Complaint dated April 12, 2002. On July 14, 2003, Michael Guigliano died. This Court then stayed on or about July 24, 2003, pending appointment of the plaintiff Laura Guigliano as the Administratrix of her late husband's estate the action on or about

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10858.0123
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

July 24, 2003, pending appointment of the plaintiff Laura Guigliano as the Administratrix of her late husband's estate. On May 26, 2004, a status conference was held before the Court. Subsequently, the plaintiff served an Amended Complaint dated June 29, 2004, which asserted claims for medical malpractice and wrongful death on behalf of the Estate of Michael Guigliano, Deceased.

After service of the Amended Complaint, the parties undertook to continue with discovery proceedings. Thirteen separate depositions of fact witnesses were held between September 13, 2004 and December 17, 2004.

On January 5, 2005, the plaintiff filed a Memorandum of Law in Support of Motion for Joinder of Additional Defendants, for Leave to Serve a Second Amended Complaint, and For the Issuance of a Supplemental Scheduling Order, in which they represented to the Court that they had learned through discovery that Dr. Berger, among others, had committed acts of medical malpractice. (Exhibit A). The plaintiff cited their expert reports as grounds for their argument that Dr. Berger should rightly be joined in the case.

The plaintiff was granted leave of the Court and filed a Second Amended Complaint dated March 9, 2005, which joined among others, the undersigned defendant, Joseph J. Catania, M.D. Scott B. Berger, M.D. was also joined in the Second Amended Complaint. However, Dr. Berger was subsequently discovered by the plaintiff to be a resident of New York.

On June 7, 2005, Judge Martinez held a status conference on this matter. Subsequent to the status conference, a Scheduling Order was issued. At that point in

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

time, there were several resident physicians, nurses and technicians who were agents of Danbury Hospital involved in the matter. It was evidently the Court's intention to streamline the matter. The parties appear to have been in agreement to drop the agents of Danbury Hospital from the case.

However, without any discussion as to the merits of Dr. Berger's involvement in the case, or his potential share of liability, the plaintiffs made their intention to dismiss Dr. Berger known. When, in compliance with the Scheduling Order, the plaintiffs filed the Third Amended Complaint on June 14, 2005, along with the agents of Danbury Hospital, in an attempt to preserve the diversity jurisdiction of this Court, Dr. Berger was removed from the caption. On July 11, 2005, our office received the plaintiffs' Notice of Voluntary Dismissal of Scott Berger, M.D.

The plaintiffs appear to believe that they may, pursuant to Fed. R. Civ. P. 41(a)(1)(i), voluntarily dismiss their claims as to Dr. Berger, in order to preserve the diversity jurisdiction of the Court because Dr. Berger had yet to answer the Second Amended Complaint.

Rule 41(a) refers to the voluntary dismissal of "an action." The Court of Appeals for the Second Circuit has held that: "the word 'action' as used in the rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed a 'cause of action.'" Therefore, a plaintiff may not dismiss one of several defendants under Rule 41(a), but must proceed under Rule 21. Wright & Miller <u>Federal Practice & Procedure</u>: Civil. 3d § 2362; <u>Harvey Aluminum, Inc. v. American Cyanamid Co.</u>, 203 F.2d 105, 108, <u>cert</u>. <u>denied</u> (2d Cir. 1953).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

However, a condition to dropping a party under Rule 21 because the party's citizenship destroys the Court's subject matter jurisdiction over the case, is that the party's presence in the action is not required by Rule 19. When the party is indispensable to the action, Rule 19, rather than Rule 21 applies and may result in the dismissal of the action. Wright, Miller & Kane, Federal Practice & Procedure, Civil. 3d § 1685. In Soberay Machine & Equipment Co. v. MRF, Ltd., Inc., 181 F.3d 759, (6th Cir. 1999) the court recognized that a party may not create diversity by dropping a non-diverse and indispensable party. See also Zepik v. Tidewater Midwest, Inc., 719 F. Supp. 751, 755. (N.D.Ind.1989). Insurance Underwriting Assoc., 815 F.2d 240, 242 (2d Cir.1987).

A plaintiff may preserve diversity jurisdiction by dropping a non-diverse party not indispensable to the action under Fed.R.Civ.P. 19. Fritz v. American Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir.1985) (citing 7 C. Wright & A. Miller, Federal Practice and Procedure § 1685 (1972)). A district court generally has discretion to determine whether to drop a party under Rule 21, *id.* (quoting Anderson v. Moorer, 372 F.2d 747, 750 n. 4 (5th Cir.1967)), but before doing so, it must find that the party is not indispensable under Rule 19. *Id.* at 1155 (citing Ralli-Coney, Inc. v. Gates, 528 F.2d 572, 575 (5th Cir.1976)).

Rule 19 provides that the court shall consider the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> judgment rendered in the person's absence will be adequate;
> fourth, whether the plaintiff will have an adequate remedy if
> the action is dismissed .... Fed.R.Civ.P. 19(b).

If a court is unable to conclude that the nondiverse defendant is dispensable under Rule 19, it cannot allow their dismissal under Rule 21. See Fritz, 751 F.2d at 1155 (citing Ralli-Coney, 528 F.2d at 575).

In the instant case, there has been no finding by the Court that Dr. Berger is a dispensable party. Absent such a finding, he is a party in this case and as a New York resident destroys diversity jurisdiction. Moreover, a review of the record to date demonstrates that Dr. Berger is an indispensable party.

Deposition testimony and the Department of Public Health investigation report demonstrate that Dr. Berger was the physician who first responded when Michael Guigliano developed respiratory distress, and subsequently went into cardio pulmonary arrest. (Depo. Tr. of Virginia Saipher, p. 57) (Exhibit B); Department of Public Health Investigation Report (Exhibit C). The Department of Public Health investigation report concludes and the plaintiffs' own experts have opined that Dr. Berger's attempts at resuscitation were ineffective due to his failure to employ an oral airway when ventilating the patient, as well as his failure to begin chest compressions, when he had found the patient to be without a pulse. Dr. Kaufman states in his report dated November 7, 2004 as follows:

> During this time, the patient was being Ambu bagged via
> mask via Dr. Berger; however, there is no mention that there
> is air entry into the lungs. This method of ventilation would
> most likely been ineffective to oxygenate this patient given
> his unconsciousness without an oral airway. More

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> significant, the Department of Public Health investigative file indicates that Ambu bagging was occurring without compressions for what appears to be at least 3-4 minutes if not longer (the progress record indicates the delay of possibly 10 min. in initiating CPR). (p. 8 of Dr. Kaufman's report) (Exhibit D).

Nancy Mure, R.N. states in her report dated November 4, 2004 as follows: "Dr. Berger apparently began to Ambu bag the patient in an attempt to ventilate him; however, there is no mention of evaluating whether the patient is in cardiac arrest and nothing is documented about the commencement of chest compressions." (p. 4 of Ms. Mure's report) (Exhibit E).

It is abundantly clear that the plaintiffs now wish to dismiss Dr. Berger from this action in order to preserve the diversity jurisdiction of the Court. However, it is also obvious from a review of the medical record, the Department of Public Health investigation report, deposition transcripts and the plaintiffs' expert reports that Dr. Berger is an indispensable party to the just adjudication of this action. Since Dr. Berger is an indispensable party as contemplated by Rule 19, his dismissal is not permissible. As Dr. Berger's presence in the action destroys diversity jurisdiction, the Court must dismiss the action for lack of subject matter jurisdiction.

WHEREFORE, the defendant Joseph J. Catania, M.D. requests that the Court strike the Plaintiff's Notice of Voluntary Dismissal and dismiss this action.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
JOSEPH J. CATANIA, M.D.


By_____
    Timothy J. Grady
    HALLORAN & SAGE LLP
    Fed. Bar #ct26730
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103
    His Attorneys

- 7 -

One Goodwin Square           HALLORAN           Phone (860) 522-6103
225 Asylum Street            & SAGE LLP         Fax (860) 548-0006
Hartford, CT 06103                              Juris No. 26105

## CERTIFICATION

This is to certify that on this 26th day of July 2005, I hereby mailed a copy of the foregoing to:

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, NY 10001
**For the Plaintiff**

Richard O'Connor, Esq.
Christine Anne Robinson, Esq.
Stephen P. Sachner, Esq.
Sachner & O'Connor
Crossroad West
765 Straits Turnpike
P.O. Box 1323
Middlebury, CT 06762-1323
**For the Defendants Depuy**

Kevin Tepas, Esq.
Jane Callahan Hagerty, Esq.
Beverly J. Hunt, Esq.
Jeffrey Charles Nagle, Esq.
Daniel E. Ryan, III, Esq.
Michael T. Ryan, Esq.
Eric W. F. Niederer, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borrusso**

Richard L. Grant, Esq.
36 Tamarack Avenue, PMB #213
Danbury, CT 06811
**For the Defendant Borrusso**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hosp., Iulia Circiumara, Roth, Saipher Bennett, Brown, Hoffman, Doe #1, 2 & 3**

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLP
P.O. Box 1936
205 Church Street
New Haven, CT 06509-1910
**For the Defendant Berger**

Gaileen A. Kaufman, Esq.
Bai Pollock Bluewiess & Mulcahey
One Corporate Drive
Shelton, CT 06484
**For the Defendant Knowles**

_____
Timothy J. Grady

711388_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105