UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
=========================================X
LAURA GUIGLIANO, as Guardian Ad
Litem for MICHAEL GUIGLIANO, a
Person Adjudged to be Incompetent,
and LAURA GUIGLIANO, Individually,

                                                            *3:02 CV 718*

               Plaintiffs,                     *(RNC) (DFM)*


     –against –


DANBURY HOSPITAL, et al.


               Defendants.
=========================================X


**PLAINTIFFS' MEMORANDUM OF LAW
IN RESPONSE TO THE MOTIONS
OF DEFENDANTS CATANIA, BORRUSSO
& DANBURY SURGICAL ASSOCIATES
TO STRIKE PLAINTIFF'S *Fed. R. Civ. P. 41(a)(1)(i)*
NOTICE OF VOLUNTARY DISMISSAL OF DR. BERGER
AND TO DISMISS THE ACTION PURSUANT TO *Fed. R. Civ. P. 19 (b)*
<u>FOR LACK OF SUBJECT MATTER JURSIDICTION</u>**


Submitted by:

**JOSEPH LANNI, ESQ.** (CT 23566)
THE LAW FIRM OF JOSEPH LANNI, P.C.
Attorneys for Plaintiff LAURA GUIGLIANO


**ORAL ARGUMENT [ IS _<u>X</u>__ / IS NOT ____]
REQUESTED FOR THIS MOTION.**

# TABLE OF CONTENTS

*Page No.*

Table of Authorities……………………………………………………………………….3

Preliminary Statement……………………………………………………………………..5

Statement of Facts………………………………………………………………………6

Argument……………………………………………………………………………10

Point I:

Plaintiff's Filing Of a Voluntary
Dismissal Notice Under *Rule 41(1)(i)*
Was a Timely and Proper Method of
Preserving Diversity Jurisdiction……………………………………………………………10

Point II:

A Treating Physician's Status as a
Joint Tortfeasor in a Medical Malpractice
Action Precludes a Claim of
"Indispensability"Under *Fed. R. Civ. P. 19(b)*……………………………………………13

Conclusion ..……………………………………………………………………………19

## TABLE OF AUTHORITIES

**Cases**

*Associated Dry Goods Corp. v. Towers Financial Corp., 920 F. 2d 1121 (2d Cir. 1990)*

*Bressler v. Liebman, 1998 WL 167334 (S.D.N.Y.)*

*Boone v. General Motors Acceptance Corp., 682 F. 2d 552 (5th Cir. 1982)*

*D'Amico v. Doe 1, 2005 WL 850961 (D. Conn.)*

*Harvey Aluminum, Inc., v. American Cyanimid Co., 203 F. 2d 105 (2d Cir. 1953)*

*Jaser v. New York Property Insurance Underwriting Assoc., 815 F. 2d 240 (2d Cir. 1987)*

*Kerr v. Compagnie de Ultramar, 250 F. 2d 860 (2d Cir. 1958)*

*Mutual Benefit Life Ins. Co. v. Carol Management Corp., 1994 WL 570154 (S.D.N.Y.)*

*Pasco International (London) Ltd. v. Stenograph Corp., 637 F. 2d 496 (7th Cir. 1980)*

*Prescription Plan Service Corporation v. Franco, 552 F.2d 493, (2d Cir.1977)*

*Samaha v. Presbyterian Hospital, 757 F. 2d 529 (2d Cir. 1985)*

*Santiago v. Victim Services Agency, 753 F. 2d 219 (2d Cir. 1985)*

*Thorp v. Scarne, 599 F. 2d 1169 (2d Cir. 1979)*

*Viacom International v. Kearney, 212 F. 3d 721, 725 (2d Cir. 2000)*

*Yosef v. Passamaquoddy Tribe, 876 F. 2d 283 (2d Cir. 1989*

## TABLE OF AUTHORITIES (Cont'd)

**<u>Statutes:</u>**

*Fed. R. Civ. P. 14(a)*

*Fed. R. Civ. P. 19(a)*

*Fed. R. Civ. P. 19(b)*

*Fed. R. Civ. P. 41(a)(1)(i)*


**<u>Treatises</u>**[1]

*9 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2362 at 150 (1971);*

*5 J. Moore & J. Lucas, J. Wicker, Moore's Federal Practice p 41.06-1 at 41-85--41-87 (2d ed. 1985)*

*3A J. Moore & J. Lucas, Moore's Federal Practice p 19.07 (2d ed. 1984);*

*7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1623 (1972)*

---

[1] In order of citation in the plaintiff's Memorandum of Law.

4

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the motions filed by defendant JOSEPH J. CATANIA, M.D., (dated July 26, 2005) and by defendants JOHN BORRUSSO, M.D., and DANBURY SURGICAL ASSOCIATES (dated July 25, 2005), to strike the plaintiff's *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal* pertaining to claims against a Dr. Berger (dated July 11, 2005).  The motions by these defendants further seek to dismiss this action under ***Fed. R. Civ. P. 19(b)*** on the ground that Dr. Berger is an indispensable party to the resolution of this action whose non-diverse citizenship status destroys the diversity jurisdiction of this Court.

That portion of the defendants' motions which seek to strike the plaintiff's *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal* should be denied on the ground that Dr. Berger, though named as a defendant in the plaintiff's Second Amended Complaint, never served an answer to that complaint.  Under Second Circuit law, plaintiff has an absolute right to file a notice of voluntary dismissal, pursuant to ***Fed. R. Civ. P. 41(a)(1)(i)***, to eliminate a defendant from an action before that party files a responsive pleading.  Moreover, non-diverse defendants may be dismissed from an action, pursuant to ***Fed. R. Civ. P. 41(a)(1)(i)***, to preserve the Court's diversity jurisdiction and the action may continue against the remaining defendants of diverse citizenship.  Finally, plaintiff was compelled by law to file the *Rule 41(a)(1)(i)* dismissal notice as to Dr. Berger since this party's joinder in the action under the Second Amended Complaint would inadvertently destroy complete diversity and strip this Court of its jurisdiction.

That portion of the defendants' motions which seek to dismiss the action under ***Fed. R. Civ. P. 19(b)*** on the ground that Dr. Berger is an alleged indispensable party should be denied for several

reasons.   Second Circuit law holds that defendants in a medical malpractice action are joint tortfeasors and such joint tortfeasors are not considered indispensable parties.   Second Circuit law further holds that the moving defendants are obliged to pursue any avenues for eliminating the threat of prejudice which may result from a plaintiff's inability to join a particular party as a defendant.   Since impleader of a non-diverse third party by a diverse defendant does not destroy diversity jurisdiction, the moving defendants are obliged to implead Dr. Berger to eliminate any potential prejudice that might arise from the plaintiff's inability to make him a defendant in this case.   The ability of the moving defendants to bring a third party action against Dr. Berger or any other potential defendant in this case vitiates the movants' claim that he is an "indispensable" party.

## STATEMENT OF FACTS

This action, premised on diversity jurisdiction, sounds in medical malpractice, negligence and wrongful death.

On February 7, 2001, plaintiff's decedent MICHAEL GUIGLIANO, a New York resident, was admitted to defendant Danbury Hospital in Connecticut after sustaining a fractured leg and foot in a fall at work.   Mr. GUIGLIANO underwent surgery to repair these fractures and remained in the hospital for further care.

During the postoperative course, Mr. GUIGLIANO developed abdominal distention and breathing difficulties that worsened over time.   A nasogastric tube was inserted to relieve the abdominal distention; however, this tube was removed by defendant surgeon BORRUSSO on February 15, 2001.   Over the next two days, the patient's abdominal distention and breathing

difficulties continued to worsen.  On February 17, 2001, a CT scan of the abdomen was ordered for the patient by defendant surgeon CATANIA.  Subsequently, Mr. GUIGLIANO was brought to the hospital's CT scan department where he went into severe respiratory distress when laid flat on the CT scan table.  The patient's respiratory distress then progressed to a cardiopulmonary arrest.  Dr. Berger was one among several health care providers who attended to the patient during this cardiopulmonary arrest.  Though eventually resuscitated after approximately 30 minutes, Mr. GUIGLIANO became severely brain damaged, quadriplegic, ventilator dependent, and semi-comatose as a result of this cardiopulmonary arrest.  He died from complications of these injuries at the Northeast Center for Special Care on July 14, 2003.

It is alleged that Mr. GUIGLIANO's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital and the medical personnel caring for him during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.  Named among the defendants in this action are the moving defendants, JOSEPH J. CATANIA, M.D., JOHN BORRUSO, M.D., and DANBURY SURGICAL ASSOCIATES, P.C.[2]

This action was commenced with the filing of the plaintiff's Complaint on April 24, 2002. Plaintiff LAURA GUIGLIANO is a resident of New York. Her husband, decedent MICHAEL GUIGLIANO, alive but incapacitated at the time the action was commenced, was also a resident of New York.  All of the defendants named in that original Complaint were Connecticut citizens.  In July 2003, Mr. GUIGLIANO died and this action was stayed.   After plaintiff LAURA GUIGLIANO was named the administrator of her late husband's estate, discovery in the case

---

[2]  Defendants JOSEPH J. CATANIA, M.D., and JOHN BORRUSO, M.D., are employees of defendant DANBURY SURGICAL ASSOCIATES, P.C.

proceeded in the form of depositions of the parties.  An Amended Complaint adding a wrongful death claim was also served and filed with the Court.

On January 25, 2005, the plaintiff filed a motion for joinder of additional defendants, leave to serve a second amended complaint and for issuance of a supplemental scheduling order.  The plaintiff's motion sought to join as defendants in this action defendants CATANIA and DANBURY SURGICAL ASSOCIATES.  The motion also sought to join Dr. Berger as a defendant.  At that time, plaintiff was unaware that Berger was a resident of New York and, thus, of non-diverse citizenship. On March 7, 2005, this Court granted plaintiff's motion to the extent of joining as defendants CATANIA, DANBURY SURGICAL ASSOCIATES and Berger and granting leave for the filing of a second amended complaint.

The plaintiff filed a Second Amended Complaint with the Court on March 14, 2005, including as named defendants CATANIA, DANBURY SURGICAL ASSOCIATES and Berger. Plaintiff's counsel was still unaware at that time of the non-diverse citizenship status of Berger.  In May 2005, plaintiff's counsel learned for the first time that defendant Berger was a New York resident who was employed as a radiologist in Connecticut at the defendant DANBURY HOSPITAL.  Dr. Berger never served an answer or other pleading responsive to the Second Amended Complaint.  Nor was a motion to dismiss or motion for summary judgment ever filed on behalf of Dr. Berger.

In a conference before Judge Martinez on June 7, 2005, the issue of Berger's non-diverse citizenship status was raised and plaintiff's counsel informed the Court of the intention to

voluntarily dismiss this defendant from the action to preserve diversity jurisdiction. At the same time, Judge Martinez directed plaintiff's counsel to serve a third amended complaint which streamlined the number of named defendants by eliminating those parties who were agents of defendant DANBURY HOSPITAL and any other extraneous parties[3] named in the caption. Pursuant to Judge Martinez's directives, plaintiff's counsel filed a Third Amended Complaint with the Court on June 15, 2005. Plaintiff's Third Amended Complaint set forth the same claims as that in the Second Amended Complaint; however, the number of named defendants was reduced to four: DANBURY HOSPITAL, DANBURY SURGICAL ASSOCIATES, P.C., J. BORRUSSO and JOSEPH J. CATANIA, M.D. At the time of the filing of this Third Amended Complaint, Dr.Berger was deleted as a defendant since plaintiff planned to serve a voluntary dismissal notice with respect to this defendant in the near future.

On July 19, 2005, plaintiff's *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal, dated July 11, 2005,* was filed with the Court. That *Notice of Voluntary Dismissal* dismissed all claims against Dr. Berger with prejudice in this action. As of the date that the *Notice of Voluntary Dismissal* was filed with the Court, defendant Berger had never served an answer or other pleading responsive to the Second Amended Complaint nor had a motion to dismiss or summary judgment motion been filed on his behalf. Defendant BORRUSSO, DANBURY SURGICAL and CATANIA then filed the motions that are now before this Court.

---

[3] By "extraneous parties", plaintiff's counsel refers to those former defendants who were dismissed from the action on summary judgment (defendants Gray, DePuy, Wolff and Knowles) and defendant Berger.

## ARGUMENT

### POINT I:

### PLAINTIFF'S FILING OF A VOLUNTARY DISMISSAL NOTICE UNDER *Rule 41(1)(i)* WAS A TIMELY AND PROPER METHOD OF PRESERVING DIVERSITY JURISDICTION

A plaintiff may dismiss the claims against a defendant without the order of a court by service of a notice, pursuant to *Fed. R. Civ. P. 41(a)(1)(i)*, at any time before the service of the adverse party's answer or a motion for summary judgment.  *See, Thorp v. Scarne, 599 F. 2d 1169 (2d Cir. 1979); Yosef v. Passamaquoddy Tribe, 876 F. 2d 283 (2d Cir. 1989); Santiago v. Victim Services Agency, 753 F. 2d 219 (2d Cir. 1985); Bressler v. Liebman, 1998 WL 167334 (S.D.N.Y.).*

In *Thorp v. Scarne, supra,* the Second Circuit observed that "in contrast to other methods of dismissal contemplated by Rule 41, voluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court." *599 F. 2d at 1176.*  The Court in *Thorp, supra,* further noted that the timely filing of a dismissal notice under *Rule 41(a)(1)(i)* "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *599 F. 2d at 1176.*  The absolute nature of the plaintiff's right to file a timely dismissal notice has been reiterated by the Second Circuit in *Yosef v. Passamaquoddy Tribe, (876 F. 2d at 286)* and *Santiago v. Victim Services Agency, (753 F. 2d at 221).*  In the instant action, plaintiff served her *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal,* before Dr. Berger ever served an answer or filed a motion for summary judgment.  Thus, plaintff's proceeding by notice to dismiss all claims against Berger was entirely proper under Second Circuit law.

10

It is well settled that dismissal of non-diverse parties to preserve a court's jurisdiction is proper regardless of the procedural mechanism employed, unless the dismissed parties are indispensable to the action under **Fed.R.Civ.P. 19**. **See, Samaha v. Presbyterian Hospital, 757 F. 2d 529 (2d Cir. 1985); Kerr v. Compagnie de Ultramar, 250 F. 2d 860 (2d Cir. 1958); Jaser v. New York Property Insurance Underwriting Assoc., 815 F. 2d 240 (2d Cir. 1987); Mutual Benefit Life Ins. Co. v. Carol Management Corp., 1994 WL 570154 (S.D.N.Y.).** The above cited cases all involve the scenario where the plaintiff was permitted to dismiss claims against non-diverse defendants to preserve the court's diversity jurisdiction and pursue claims against the remaining diverse citizenship defendants. Contrary to the arguments by the moving defendants, it was entirely proper for the plaintiff to discontinue the claims against Berger without discontinuing the entire action. The fact that the plaintiff's dismissal of defendant Berger was motivated by the desire to maintain complete diversity among the parties and thereby retain federal jurisdiction is not relevant to the issue of whether a **Rule 41** dismissal is effective. **See, Thorp, 599 F.2d at 1176 n. 10.**

The moving defendants' reliance upon **Harvey Aluminum, Inc., v. American Cyanimid Co., 203 F. 2d 105 (2d Cir. 1953)** to argue that the plaintiff cannot invoke a voluntary dismissal of all claims against one defendant under **Rule 41(a)(1)(i)** and pursue claims against the remaining defendants is against the weight of authority. The **Harvey Aluminum** decision has been essentially eviscerated by subsequent cases. In **Thorp, supra,** the Second Circuit wrote:

> Harvey Aluminum has not been well received. Although its rationale is occasionally reiterated in dictum, subsequent cases have almost uniformly either distinguished Harvey Aluminum, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned.

11

*599 F. 2d at 1175.*  More specifically, the Second Circuit noted in *Wakefield v. Northern Telecom,*

*769 F. 2d 109 (2d Cir. 1985)* that:

> 4 Harvey Aluminum, Inc. v. American Cyanamid Co., <u>203 F.2d 105</u> (2d Cir.1953) stated that Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss as to only one of several defendants. That decision has been criticized and is **now against the weight of authority**. 9 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2362 at 150 (1971); 5 J. Moore & J. Lucas, J. Wicker, Moore's Federal Practice p 41.06-1 at 41-85--41-87 (2d ed. 1985).

*769 F. 2d at 114, n. 4 (emphasis added).  See also, Mutual Benefit Life Ins. Co. v. Carol*

*Management Corp., 1994 WL 570154, supra,; Bressler v. Liebman, 1998 WL 167334, supra.*   In

sum, *Harvey Aluminum, supra*, must be viewed as being without effect here by subsequent Second

Circuit decisions.  Thus, it was entirely permissible for the plaintiff to serve a notice of voluntary

dismissal withdrawing all claims against non-diverse defendant Berger and maintain the claims

against the remaining defendants of diverse citizenship.

It should initially be noted that plaintiff's joinder of Dr. Berger as a defendant in the filing

of the Second Amended Complaint while unaware as to his citizenship status appears to be a nullity

under the law.  *Fed. R. Civ. P. 19(a)* only permits the joinder of parties that "will not deprive the

court of jurisdiction over the subject matter of the action". In *Associated Dry Goods Corp. v.*

*Towers Financial Corp., 920 F. 2d 1121 (2d Cir. 1990),* the Second Circuit noted that the plaintiff

was prohibited from joining a non-diverse party as a defendant since the addition of such a party

"would destroy complete diversity and strip the district court of subject matter jurisdiction over the

suit." *920 F. 2d at 1124.*

In sum, Second Circuit law makes it clear that plaintiff's filing of the *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal* pertaining only to the claims of Dr. Berger was a timely and proper method of removing a non-diverse defendant from this action and preserving the Court's subject matter jurisdiction over the remaining claims in this action against the diverse citizenship defendants.


## POINT II:

### A TREATING PHYSICIAN'S STATUS AS A JOINT TORTFEASOR IN A MEDICAL MALPRACTICE ACTION PRECLUDES A CLAIM OF "INDISPENSABILITY" UNDER *Fed. R. Civ. P. 19(b)*

This case should not be dismissed pursuant to *Fed. R. Civ. P. 19(b)* since Dr. Berger or, for that matter, any other non-diverse treating physician involved in this case (*e.g.*: Dr. Frank Kessler[4]), is a joint tortfeasor.   Under Second Circuit law, such joint tortfeasors are not considered "indispensable" parties.  *See, Samaha v. Presbyterian Hospital, 757 F. 2d 529 (2d Cir. 1985).*


In *Associated Dry Goods Corp. v. Towers Financial Corp., 920 F. 2d 1121 (2d Cir. 1990),* the Second Circuit set forth the standards for determining whether a party is "indispensable" under *Fed. R. Civ. P. 19(b)*.  The Court in *Associated Dry Goods Corp., supra,* reiterated the factors to be considered under *Rule 19(b)*:

> Accordingly, the court must proceed to the second step of the indispensable party analysis, which requires it to assess whether or not, in equity and good conscience, the

---

[4] Currently pending before this Court are motions by defendants CATANIA, DANBURY SURGICAL ASSOC., and BORRUSSO for dismissal under Rule 19(b) for the failure to join Dr. Kessler, another New York resident, as a defendant in this action.  Those motions are opposed by plaintiff on the same grounds.

action should proceed in the necessary party's absence. Rule 19(b) enumerates four relevant considerations to guide the court's judgment:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.
>
> . . . . .

> The drafters of Rule 19(b) did not assign relative weight to each of the factors enumerated in the Rule. Instead, the Rule allows courts themselves to determine the emphasis to be placed on each consideration according to "the facts of [the] given case and in light of the governing equity-and-good-conscience test."

*920 F. 2d at 1124; see also, Viacom International v. Kearney, 212 F. 3d 721, 725 (2d Cir. 2000);*

*Jaser v. New York Property Insurance Underwriting Assoc., 815 F. 2d 240, 243 (2d Cir. 1987).*

In *Jaser v. New York Property Insurance Underwriting Assoc., supra,* the Second Circuit indicated that courts should have a high threshold against dismissal of an action under *Fed. R. Civ. P. 19(b)* where there is an absence of non-diverse parties:

> [T]he federal rules instruct courts to determine whether an action may in "equity and good conscience" proceed without the nonjoined parties. Fed.R.Civ.P. 19(b). As an alternative to dismissal, a court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The phrase "good conscience" implies a careful and constructive consideration of those parties that are necessary to the litigation. As a consequence, **very few cases should be terminated due to the absence of nondiverse parties** unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible.

14

*815 F. 2d at 242 (emphasis added).*  In *D'Amico v. Doe 1, 2005 WL 850961 (D. Conn.)*, the Court

noted that courts have "an obligation to closely examine the parties' options to ensure that 'very few

cases [are] terminated due to the absence of nondiverse parties'".  *2005 WL 850961, p. 4.*

In *Samaha v. Presbyterian Hospital, 757 F. 2d 529 (2d Cir. 1985)*, the plaintiff appealed

from a judgment of the district court dismissing her medical malpractice suit for lack of jurisdiction

due to the absence of complete diversity and from an order denying plaintiff's motion to amend her

complaint to eliminate those defendants whose citizenship was not diverse from her own. The

Second Circuit reversed and remanded the case with directions to permit amendment of the

complaint to drop non-diverse defendants holding that "it is settled federal law that joint tortfeasors

are not indispensable parties." *757 F. 2d at 531.*

In *Samaha v. Presbyterian Hospital, supra,* the Second Circuit addressed the identical

issues twenty years ago raised by the instant motions filed by defendants CATANIA, DANBURY

SURGICAL and BORRUSSO, to wit, the claim that a non-diverse treating physician in a medical

malpractice action (*e.g.*: Dr. Berger or Dr. Kessler) is an "indispensable" party under *Rule 19(b)*

requiring dismissal for lack of subject matter jurisdiction.  The Court flatly rejected the moving

defendants' position:

> In the present case nothing justifies a conclusion that the nondiverse defendants were
> indispensable or that the remaining defendants would be prejudiced if the case proceeds
> without the nondiverse parties.
>
> Defendants arguments to the contrary are not persuasive.  They claim that, if
> plaintiff's suit went forward in federal court without four of the original [non-diverse]
> defendants, there would be substantial likelihood of jury confusion, new litigation by the
> plaintiff against the nondiverse defendants, the possibility of inconsistent verdicts, and, if
> plaintiff were to prevail, new litigation among the defendants over rights of contribution.

15

Their support for these claims, however, amounts to nothing more than the fact that the nondiverse defendants are alleged to be joint tortfeasors; **their claimed prejudice is not greater than that involved whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable**.

Defendants' arguments are therefore unavailing, since **it is settled federal law that joint tortfeasors are not indispensable parties**, Austin v. Unarco Industries, Inc., 705 F.2d 1, 5 (1st Cir.), cert. dismissed, --- U.S. ----, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); 3A J. Moore & J. Lucas, Moore's Federal Practice p 19.07 (2d ed. 1984); 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1623 (1972), and that **merely showing a party to be potentially jointly and severally liable is not enough to justify denying a motion to drop that party in order to preserve diversity jurisdiction**. Kerr v. Compagnie de Ultramar, 250 F.2d at 863. Moreover, **the possibility of prejudice of the kind asserted by the defendants is alleviated by the availability of impleader under Fed.R.Civ.P. 14(a)** and intervention as of right under Fed.R.Civ.P. 24(a)(2). See Prescription Plan Service Corporation v. Franco, 552 F.2d 493, 497 n. 4 (2d Cir.1977). Finally, this court has recognized that when federal diversity jurisdiction will exist if nondiverse parties are dropped, the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action. Id. at 497.

*757 F. 2d at 531 (emphasis added).*

The Second Circuit's decision in ***Samaha, supra,*** is directly on point with the issues raised by the instant motions. Dr. Berger, or any other treating physician for that matter, must be considered a "joint tortfeasor" in this medical malpractice case and, therefore, not indispensable. The moving defendants cannot claim prejudice from the absence of non-diverse parties in this case sufficient to justify a ***Rule 19(b)*** dismissal since "their claimed prejudice is not greater than that involved whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable." ***Id.*** The fact that the moving defendants have the right to implead Dr. Berger or any other treating physician as third party defendants under ***Fed. R. Civ. P. 14(a)*** vitiates any possibility of prejudice to their positions in this case. ***Id.*** In essence, the defendants would avoid all potential prejudice to their positions if they availed themselves of the impleader provisions against any non-diverse treating physicians (*i.e.:* Berger or Kessler).

16

Defendants cannot argue that bringing a third party action against Dr. Berger (or Dr. Kessler) would deprive this Court of diversity jurisdiction in this case. In *Associated Dry Goods Corp. v. Towers Financial Corp., supra,* the Second Circuit held that the defendants' ability to assert claims against a non-diverse party did not undermine subject matter jurisdiction based on diversity of citizenship. *920 F. 2d at 1124.* In *Viacom International v. Kearney, supra,* the Second Circuit permitted a fourth party defendant to assert counterclaims against a non-diverse plaintiff without disrupting subject matter jurisdiction premised upon diversity. *212 F. 3d at 726.* More important, the Second Circuit, through its decision in *Samaha v. Presbyterian Hospital, supra,* has specifically spoken on the issue of maintaining diversity jurisdiction despite the impleader of a third party defendant that is non-diverse to the plaintiff and has found that impleader does not divest the court of jurisdiction. *See, Samaha, supra, 757 F. 2d at 531.* In *Associated Dry Goods Corp., supra, 920 F. 2d at 1124,* the Second Circuit cited with approval the decisions in *Pasco International (London) Ltd. v. Stenograph Corp., 637 F. 2d 496 (7th Cir. 1980)* and *Boone v. General Motors Acceptance Corp., 682 F. 2d 552 (5th Cir. 1982)* both of which held that non-diverse parties who may be impleaded are not considered indispensable under *Rule 19(b)*. In essence, there is no jurisdictional obstacle to the moving defendants, CATANIA, DANBURY SURGICAL ASSOCIATES and BORRUSSO, impleading Berger, Kessler or any other potential non-diverse tortfeasor as third party defendants to avoid prejudice from their absence in this litigation.

In *Associated Dry Goods Corp., supra,* the Second Circuit held that "'the Rule 19(b) notion of equity and good conscience contemplates that the parties actually before the court are **obliged to**

17

**pursue** any avenues for eliminating the threat of prejudice'". ***920 F. 2d at 1124 (citing C. Wright & A. Miller, 7 Federal Practice & Procedure Sec. 1608, at 112-13)(emphasis added).*** "If a party can 'avoid all prejudice to itself by asserting a compulsory counterclaim' or through similar means, dismissal under Rule 19(b) is inappropriate. *Associated Dry Goods,* 920 F.2d at 1124." ***See, D'Amico v. Doe 1, 2005 WL 850961, p. 4.*** Thus, moving defendants CATANIA, DANBURY SURGICAL ASSOCIATES and BORRUSSO are obligated to implead potential non-diverse tortfeasors (*e.g.:* Dr. Berger, Dr. Kessler) as third party defendants if they believe that their absence from the case poses the threat of prejudice. Under such circumstances, the moving defendants cannot justifiably request that an action be dismissed under ***Rule 19(b)***. The moving defendants have not taken any steps to implead Dr. Berger, Dr. Kessler or anyone else; therefore, the motion for dismissal under ***Rule 19(b)*** must necessarily fail as meritless.

The mere fact that this action could proceed in the Connecticut courts (assuming that there are no statute of limitations issues) does not lend itself to the notion that dismissal of the action under ***Rule 19(b)*** would not prejudice plaintiff LAURA GUIGLIANO. As the Second Circuit observed in ***Samaha, supra,*** "the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action." ***757 F. 2d at 531 (citing Prescription Plan Service Corporation v. Franco, 552 F.2d 493, 497 n. 4 (2d Cir.1977)).***

Pursuant to ***Fed. R. Civ. P. 19(b)***, this action should not be dismissed since Dr. Berger, Dr. Kessler and other potential non-diverse treating physicians cannot be considered an "indispensable" party under any accepted definition of the term. Joint tortfeasors such as these non-diverse treating physicians are not considered indispensable parties since their absence from an action leads to

18

prejudice no greater than that involved "whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable." ***Samaha, id.*** More important, the moving defendants can take such measures as impleader of Berger or Kessler in a third party action under ***Rule 14(a)*** to avoid any potential prejudice due to their absence as defendants from this action. In sum, the presence of the two aforementioned factors in this case vitiates any argument by the moving defendants that Dr. Berger is an indispensable party.

<u>**CONCLUSION**</u>

For the abovestated reasons, this honorable Court is respectfully requested to deny the motion by defendants CATANIA, DANBURY SURGICAL ASSOC. and BORRUSSO to strike the plaintiff's *Fed. R. Civ. P. 41(a)(1)(i) Notice of Voluntary Dismissal*. Plaintiff had an absolute right to file this notice, the notice was filed in a timely manner and voluntary dismissal can be invoked to preserve the diversity jurisdiction of the Court.

For the abovestated reasons, this honorable Court is respectfully requested to deny the motion by defendants CATANIA, DANBURY SURGICAL ASSOC. and BORRUSSO to dismiss the action under ***Fed. R. Civ. P. 19(b)*** for lack of subject matter jurisdiction. Dr. Berger is not an indispensable party to this action under ***Rule 19(b)***. Defendants in a medical malpractice action are joint tortfeasors and such joint tortfeasors are not considered indispensable parties under federal law. Moreover, any potential for prejudice to the moving defendants due to the absence of non-diverse parties like Berger from this action can be avoided by impleading such parties as third party defendants under ***Rule 14(a)*** in this action.

19

Dated: Larchmont, New York
      August 12, 2005

 

                                                                _____

                                                                **JOSEPH LANNI (CT 23566)**

                                                                THE LAW FIRM OF JOSEPH LANNI, P.C.
                                                                 Attorneys for Plaintiff LAURA GUIGLIANO
                                                                 138 Chatsworth Avenue, Suites 6-B
                                                                 Larchmont, New York 10538
                                                                 (914) 834-6600

TO:

        SCOTT F. MORGAN, ESQ.
        WEINER, MILLO & MORGAN, LLC
        Co-Counsel for Plaintiff
        LAURA GUIGLIANO
        220 Fifth Avenue, 7th Floor
        New York, New York 10001

        NEUBERT, PEPE & MONTIETH, P.C.
        Attorneys for Defendants
        DANBURY HOSPITAL,
        195 Church Street
        New Haven, CT 06510

        RYAN, RYAN, JOHNSON
        & DELUCA, LLP
        Attorneys for Defendant
        BORRUSO & DAN. SURG. ASSOC., P.C.
        80 Fourth Street
        Stamford, CT 06905

TO (cont'd):

        HALLORAN & SAGE, L.L.P.
        Attorneys for Defendant

CATANIA
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

RENDE, RYAN & DOWNES, LLP
Attorneys for Apportionment Defendant / Third Party Defendant
FRANK KESSLER, M.D.
202 Mamaroneck Avenue
White Plains, New York 10601

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York.  I served a true copy of the annexed:

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE MOTIONS OF DEFENDANTS CATANIA, BORRUSSO & DANBURY SURGICAL ASSOCIATES TO STRIKE PLAINTIFF'S *Fed. R. Civ. P. 41(a)(1)(i)*NOTICE OF VOLUNTARY DISMISSAL OF DR. BERGERAND TO DISMISS THE ACTION PURSUANT TO *Fed. R. Civ. P. 19 (b)*FOR LACK OF SUBJECT MATTER JURSIDICTION, dated August 12, 2005,**

on the date of August 13, 2005, by mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U. S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

NEUBERT, PEPE & MONTEITH
Attorneys for Defendants
DANBURY HOSPITAL
195 Church Street
New Haven, CT 23067
Tel.:  (203) 821-2000

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendants
BORRUSSO & DANBURY SURG. ASSOC., P.C.
80 Fourth Street
Stamford, CT 06905
Tel.:  (203) 357-9200

HALLORAN & SAGE, LLP
Attorneys for Defendants
CATANIA
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103

TO (cont'd):

    SCOTT F. MORGAN (CT 23648)
    WEINER, MILLO & MORGAN, LLP
    Co-Counsel for Plaintiffs
    220 Fifth Avenue
    New York, New York 10001
    Tel.:  (212) 213-1220

    RENDE, RYAN & DOWNES, LLP
    Attorneys for Apportionment Defendant / Third Party Defendant
    FRANK KESSLER, M.D.
    202 Mamaroneck Avenue
    White Plains, New York 10601


Executed on August 13, 2005, Larchmont, New York.


                                  _____
                                    **JOSEPH LANNI     (CT 23566)**