UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased and LAURA GUIGLIANO, Individually <br><br> Plaintiffs, <br><br> VS. <br><br> DANBURY HOSPITAL, ET AL. <br><br> Defendants. | CIVIL ACTION <br> NO. 3:02 CV 718 (RNC) (DFM) <br><br><br><br><br><br><br><br> AUGUST 25, 2005 |

**DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANT'S MOTIONS TO STRIKE PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL AND TO DISMISS THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

I. **PLAINTIFFS' FILING OF A VOLUNTARY DISMISSAL NOTICE ON RULE 41(A)(1)(I) WAS NOT A TIMELY OR PROPER METHOD OF PRESERVING DIVERSITY JURISDICTION.**

Contrary to the plaintiffs' contention, this defendant's reliance upon Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108, cert. denied, (2d Cir. 1953). to argue that the plaintiffs cannot unilaterally notice a voluntary dismissal of claims against a single defendant under Federal Rule of Civil Procedure Rule 41(a)(1)(i) and pursue claims against the remaining defendants, is entirely correct under the controlling law of the District of Connecticut.

Although a plaintiff may be able to dismiss an entire action without an order of the court by service of notice, pursuant to 41(a)(1)(i), under the controlling law of the

10858.0123

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second Circuit, a plaintiff may not dismiss one of several defendants under Rule 41(a), but must proceed under Rule 21.  Wright & Miller, <u>Federal Practice & Procedure,</u> Civ. 3d, § 2362; <u>Harvey Aluminum, Inc. v. American Cyanamid Co.</u>, 203 F.2d 105, 108, <u>cert. denied</u>, (2d Cir. 1953).

Although the <u>Harvey Aluminum</u> decision has been criticized by subsequent cases in the Second District, including those cited by the plaintiffs for its "merits of the controversy" rationale, the court's holding that Rule 21, Misjoinder and Nonjoinder of Parties, rather than Rule 41(a)(1)(i), provides the proper procedural mechanism with which a plaintiff may drop individual parties to a lawsuit remains the applicable law.  The cases cited by the plaintiffs, <u>Thorp v. Scarne,</u> 599 F.2d 1169 (2d Cir. 1979); <u>Yosef v. Passamaquoddy Tribe</u>, 876 F.2d 283, (2d Cir.1989); <u>Santiago v. Victim's Services Agency</u>, 753 F.2d 219 (2d Cir. 1985), each deal with either a single defendant or defendants with common interest.  Further, none of those cases considers or comments on the <u>Harvey Aluminum</u> court's holding that Rule 41(a)(1)(i) may only be used to voluntarily withdraw an entire action, as opposed to an individual claim.

Although it is true that the circuits are divided as to the interpretation of the word "action" in Rule 41(a)(1)(i) and whether it refers to the entire controversy against all defendants, or a claim against a single defendant, the Second Circuit continues to follow the literal reading of the rule, as defined in <u>Harvey Aluminum</u>.  The First, Third, Fifth and Eighth Circuits have held that a plaintiff is entitled to a dismissal against one defendant under Rule 41(a)(1)(i), although the action against other defendants would

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

remain pending.  See Cabrara v. Municipality of Bayamon, 622 F.2d 4, 6 (1st Cir. 1980); Young v. Wilky Carrier Corp., 150 F.2d 764, cert. denied, (3d Cir. 1945); Plains Growers, Inc. v. Ickes-Braun Glass Houses, Inc., 474 F.2d 250, 253-55 (5th Cir. 1973); Johnson v. Cartwright, 355 F.2d 32, 39 (8th Cir. 1966).  However, the Second and Sixth Circuits continue to hold that the plaintiff may not voluntarily dismiss a claim under 41(a)(1)(i) against one defendant while maintaining the action against another defendant.  See Harvey Aluminum, supra; Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 785 (6th Cir. 1961).

One of the Harvey Aluminum Court's reasons for denying the plaintiff's notice of voluntary dismissal was that the merits of the suit had been considered by the court. The Court denied the notice of dismissal although the defendant had not filed an answer or a motion for summary judgment, which are the two procedural steps that would generally foreclose a plaintiff's option to voluntarily dismiss a claim. The Harvey Aluminum decision has been criticized because although it "furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test for marking the termination of a plaintiff's otherwise unfettered right to voluntarily and unilaterally dismiss an action." Thorp, 599 F. 2d at 1175.

Nevertheless, even the otherwise critical court in Thorp recognized that there could be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

better served by extending the answer or motion for summary judgment test. 599 F.2d at 1176. For that reason, it should not go unnoticed that in the instant case, the original Complaint was filed on April 24, 2002.

The plaintiffs also cite dicta from <u>Wakefield v. Northern Telecom</u>, 769 F.2d 109 (2d Cir. 1985) to bolster their argument that this defendant's reliance on the <u>Harvey Aluminum</u> decision is misplaced. However, the <u>Wakefield</u> court was considering the trial court's failure to dismiss under Rule 41(a)(2), which requires permission of the court, as opposed to Rule 41(a)(1)(i), which allows a voluntarily unilateral dismissal. In addition, the <u>Wakefield</u> court appears to have been somewhat confused as to the part of the <u>Harvey Aluminum</u> decision that has been criticized. Finally, the <u>Wakefield</u> court expressly acknowledged that it did not resolve the issue of the proper interpretation of the word "action", since it was clear that the district court could permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under 41(a). <u>Wakefield</u>, 769 F.2d at n.4.

In sum, the <u>Harvey Aluminum</u> courts holding that Rule 21, rather than Rule 41(a)(1)(i), provides the proper procedural mechanism by which a plaintiff may drop individual parties to a lawsuit remains the applicable law in the District of Connecticut. A district court generally has discretion to determine whether to drop a party under Rule 21, <u>Fritz v. American Home Shield Corp.</u>, 751 F.2d 1152, 1154 (11th Cir.1985) quoting Anderson v. Moorer, 372 F.2d 747, 750 n. 4 (5th Cir.1967)), but before doing so, it must find that the party is not indispensable under Rule 19. *Id.* at 1155 (citing Ralli-Coney,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Inc. v. Gates, 528 F.2d 572, 575 (5th Cir.1976)). A plaintiff may preserve diversity jurisdiction by dropping a non-diverse party not indispensable to the action under Rule 19. Fritz, 751 F.2d at 1154 (citing 7 C. Wright & A. Miller, Federal Practice and Procedure § 1685 (1972)). Therefore, before the Court dismisses a non-diverse party, such as Dr. Berger, under Rule 21 it must make an analysis as to his dispensability under Rule 19b.

**II.    DR. BERGER IS NOT A JOINT TORTFEASOR, BUT IS LIABLE FOR THE PERCENTAGE OF NEGLIGENCE ATTRIBUTABLE TO HIM THAT PROXIMATELY CAUSED THE INJURY TO THE PLAINTIFFS' DECEDENT. HE IS THEREFORE AN INDISPENSIBLE PARTY UNDER FED. R. OF CIV. P. 19(B).**

Dr. Berger, and for that matter, any other non-diverse treating physician involved in this case (e.g. Dr. Frank Kessler) are liable for the percentage of negligence attributable to them that proximately caused the injury. As such, they are indispensable parties and the case must be dismissed under Federal Rule of Civil Procedure 19(b) because of the fact that these doctors are New York Residents as is the plaintiff. Connecticut's Tort Reform Act II, General Statutes Section 52-572h(c) abolished joint and several liability and provides for proportional fault and allocation of damages. According to Section 52-572h(c):

> In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> proportionate share of the recoverable economic damages and the recoverable non-economic damages, except as provided in subsection (g) of this section.

Plaintiffs counsel's reliance on <u>Samah v. Presbyterian Hosp.</u>, 757 F.2d 529 (2d Cir. 1985) reveals a complete lack of understanding of Connecticut negligence law. The <u>Samah</u> holding may be applicable in the Second Circuit for cases brought under the law of the State of New York. However, the plaintiffs' argument that as a joint tortfeasor, Dr. Berger is not an indispensable party is vitiated by the Connecticut law of negligence.

Indispensable parties are defined as "persons who not only have an interest in the controversy, but an interest of such nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." <u>Roma v. Daisy Mfg.</u> 775 F. Supp 41 (D. Conn. 1991) quoting, <u>United Publishing & Printing Corp. v. Horan</u>, 268 F.Supp. 948, 950 (D. Conn.1967). Dr. Berger's interest in the instant case is of just such a nature because Connecticut's law of negligence prevents an equitable outcome from being realized without his presence.

The plaintiffs correctly point out that the Court must analyze whether Dr. Berger is indispensable under Federal Rule of Civil Procedure 19(b). First, the Court must consider the extent to which a judgment rendered in Dr. Berger's absence might prejudice the remaining parties. Dr. Berger's absence would significantly prejudice the defendant because he cannot have his liability reduced in proportion to the liability of another person unless that person is also a party to the action. Without Dr. Berger in the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

case Dr. Catania and the other defendants would be liable for more than their proportionate shares for the injuries sustained by the plaintiff's decedent. Second, the Court must consider the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided. Under the Connecticut law a co-defendant has no separate cause of action against another co-defendant. If Dr. Berger is released, Dr. Catania and the other remaining defendant's only recourse would be to file a notice of claim for apportionment of liability, which this defendant maintains would also destroy the diversity jurisdiction of the Court. (This Court is currently considering a motion as to whether apportionment of a non-diverse party destroys its diversity jurisdiction.) Third, the Court must consider whether a judgment rendered in Dr. Berger's absence will be adequate. Any judgment rendered without Dr. Berger would, for the aforementioned reasons be inadequate. Fourth consideration must be given to whether the plaintiffs will have an adequate remedy if the action is dismissed for non-joinder. The plaintiffs, barring any statute of limitation problems of their own creation, would be able to bring suit in the appropriate forum of the Connecticut state court.

      The plaintiffs' characterization of their joinder of Dr. Berger as a defendant in the Second Amended Complaint as a nullity under the law is simply wrong. There has been no finding by the Court that Dr. Berger is a dispensable party. Absent such a finding, he is a party in this case and because he is a New York resident that destroys diversity jurisdiction. Moreover, a review of the record to date and an appreciation of the

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
&SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

Connecticut law of negligence demonstrate that Dr. Berger is indeed an indispensable party.

The plaintiffs fail to fully explain and confuse the court's Rule 19 analysis in <u>Associated Dry Goods Corp. v. Towers Financial Corp.</u>, 920 F.2d 1121 (2d Cir. 1990), Plaintiffs are correct that the <u>Associated Dry Goods</u> court recognized that the plaintiff could not join a non-diverse party under Federal Rule of Civil Procedure 19(a) because to do so, "would destroy complete diversity and strip the district court of the subject matter jurisdiction over the suit." <u>Associated Dry Goods</u>, 920 F.2d at 1124. However, the court then moved to the Rule 19(b) analysis to decide whether or not the non-diverse party was indispensable. Because the defendant, in <u>Associated Dry Goods</u>, Towers Financial Corp., had the ability to avoid all prejudice to itself by asserting a compulsory counterclaim against Associated Dry Goods, pursuant to Rule 13(a), and by adding another party, 417 Fifth, as a party to the counterclaim under Rule 13(h), the court found that they could not dismiss the action under Rule 19.

As previously noted, under the applicable Connecticut tort law, the defendants have no separate claim against Dr. Berger. The plaintiffs' assertion that this defendant may avoid any potential prejudice by impleading non-diverse parties as third-party defendants under Rule 14(a) is incorrect. Dr. Berger and the other defendants are not jointly and severely liable for the injuries to the plaintiffs' decedent. Each defendant is potentially liable for the percentage of negligence attributable to him that proximately caused the injury to the plaintiffs' decedent. Dr. Catania and the other defendants have

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

no third-party claim against Dr. Berger or any other non-diverse parties.  No action for indemnification lies under the facts of the case due to the obvious absence of exclusive control by any one physician.

In sum, Dr. Berger may not be released from this action under the applicable case law in the District of Connecticut because he is an indispensable party.  Because his presence in the case destroys the diversity jurisdiction of the Court, the case must be dismissed for lack of subject matter jurisdiction.

    Respectfully submitted,
    DEFENDANT:
    JOSEPH CATANIA

By_____
    Timothy J. Grady
    HALLORAN & SAGE LLP
    Fed Bar #ct 26730
    One Goodwin Square
    225 Asylum Street
    Hartford, Connecticut  06103
    Juris No. 26105
    His Attorneys

- 9 -

One Goodwin Square　　　　　HALLORAN　　　　　Phone (860) 522-6103
225 Asylum Street　　　　　　&SAGE LLP　　　　　Fax (860) 548-0006
Hartford, CT 06103　　　　　　　　　　　　　　　　Juris No. 26105

CERTIFICATION

      This is to certify that on this 25th day of August 2005, I hereby mailed a copy of the foregoing to:

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, NY 10001
**For the Plaintiff**

Richard O'Connor, Esq.
Christine Anne Robinson, Esq.
Stephen P. Sachner, Esq.
Sachner & O'Connor
Crossroad West
765 Straits Turnpike
P.O. Box 1323
Middlebury, CT 06762-1323
**For the Defendants Depuy**

Kevin Tepas, Esq.
Jane Callahan Hagerty, Esq.
Beverly J. Hunt, Esq.
Jeffrey Charles Nagle, Esq.
Daniel E. Ryan, III, Esq.
Michael T. Ryan, Esq.
Eric W. F. Niederer, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borruso**

Richard L. Grant, Esq.
36 Tamarack Avenue, PMB #213
Danbury, CT 06811
**For the Defendant Borruso**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hosp., Julia Circiumara, Roth, Saipher Bennett, Brown, Hoffman, Doe #1, 2 & 3**

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLP
P.O. Box 1936
205 Church Street
New Haven, CT 06509-1910
**For the Defendant Berger**

Gaileen A. Kaufman, Esq.
Bai Pollock Bluewiess & Mulcahey
One Corporate Drive
Shelton, CT 06484
**For the Defendant Knowles**

                                  _____
                                  Timothy J. Grady

725586v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105