**UNITED STATES DISTRICT COURT**

—————————————District of Connecticut—————————————

```
-------------------------------------------------------------X
LAURA GUIGLIANO, as Administrator of the
Estate of MICHAEL GUIGLIANO, deceased           CIVIL ACTION NO.
and LAURA GUIGLIANO, individually                3:02 CV00718 (RNC)(DFM)

        Plaintiff,

vs.

DANBURY HOSPITAL, ET AL
                                                 August 29, 2005
        Defendants.
-------------------------------------------------------------X
```

**REPLY BY DEFENDANTS JOHN BORRUSO, M.D. AND DANBURY SURGICAL ASSOCIATES, P.C. TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND TO DISMISS THIS ACTION FOR LACK OF JURISDICTION**

This is the defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reply to Plaintiff's Memorandum of Law dated August 13, 2005.

Plaintiff's argument that because Dr Berger is a joint-tortfeasor he is not an indispensable party shows a fundamental misconception of the role of an apportionment defendant under Connecticut law and relies on case law authority that is out-dated.

Plaintiff relies primarily on <u>Samaha vs. Presbyterian Hospital</u>, 757 F.2d 529 (2nd Cir. 1985). This authority is wholly inapposite to the law to be applied in the present matter. <u>Samaha</u> involved a system of recovery for tort that provided for joint and several liability; since 1986, however, Connecticut's Legislature has passed numerous statutes to eliminate joint and several liability in favor of a system of purely proportionate liability. Connecticut General Statutes Section 52-572h(c) provides in pertinent part as follows:

> In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable non-economic damages, except as provided in subsection (g) of this section

In Samaha, because a defendant's liability was both joint and several liability, the presence or not of a joint tort-feasor could not have affected a plaintiffs rights of recovery nor a defendant's liability. Rather, a defendant would be severally liable for the entire of any verdict regardless of any liability that may exist in the joint-tortfeasor. Unlike the defendant in Samaha, the defendants Dr. Borruso and Danbury Surgical Group may be found jointly liable but can not under Connecticut law be found severally liable to the plaintiff. Rather, their liability, if any, is limited to that percentage of the overall damages which represents their percentage of the overall liability of all parties including apportionment defendants. For this reason, Dr. Berger's involvement as an apportionment directly affect the present defendants' potential liability. Even if the jury were to assign only minimal liability to Dr. Berger that percentage of liability would directly reduce the defendants' liability to the plaintiff. Without Dr Berger in this case as a defendant, Dr Borruso and DSA will be deprived of their statutory right to avoid liability for the acts of others.

Plaintiff's reliance on Associated Dry Good Corp. v. Towers Financial Corp, 920 F.2d 1121 (2nd Cir. 1990) is also flawed and also misapplies the legal principles involved in the present matter. Associated, a commercial tenant of landlord, 417 Fifth Ave. Corp, sublet a portion of the leased premises to subtenant Towers. Towers had negotiated for

certain improvements in the leased property's electrical system but 417 Fifth Ave declined to cooperate with the changes to the electrical system.  When Associated sued Towers for non-payment of rent and for a declaratory judgment as to the changes to the electrical system Towers moved for dismissal on the basis that 417 Fifth Ave was an indispensable party in that the dispute as to the electrical system could not be resolved without 417's involvement.  In reversing the lower court's dismissal the Second Circuit specifically noted that dismissal was not required <u>because Towers had other ways of asserting its rights regarding the electrical system</u>.  Specifically the court held that Towers could have brought a compulsory counterclaim against 417 and could have joined Associated in that counterclaim[1].  In the present action Dr. Borruso and DSA have no basis for asserting a counter-claim against Dr Berger (or Dr Kessler) since neither putative counter-claim defendant owes a duty of care to them.  Rather, the only rights Borruso and DSA have is to limit their liability to the plaintiff so that it excludes any damages resulting from the conduct of Dr. Berger (and Dr. Kessler).  There is no legally cognizable relationship between Dr Borruso and DSA on the one hand and Dr Berger (or Dr Kessler) on the other except that of co-sharers of proportionate liability to the plaintiff under Connecticut General Statutes § 52-572H.  Because the defendants here have no way to assert their rights against Dr. Berger (or Dr. Kessler) <u>Associated</u> is simply inapposite.

<u>Shell Oil  Co. v. Aetna Cas. and Sur. Co.</u>, 158 F.R.D. 395 (N.D. Ill. 1994) was a diversity action in which plaintiff sued several excess insurers but did not sue the primary insurors whose presence in the matter would destroy diversity.  The court granted

---

[1] The court noted: "In this case, we view as dispositive Towers' ability to avoid all prejudice to itself by asserting a compulsory counterclaim against Associated pursuant to Rule 13(a) and adding 417 Fifth as a party to the counterclaim under Rule 13(h)"

3

defendants' motion to dismiss under FRCP Rule 19(b) on the basis that the absent insurers would suffer prejudice in that their obligations would necessarily have to be resolved before the defendants' obligations under their policies could be determined. Because such a ruling would be both material and highly prejudicial to the absent carriers they were determined by the court to be indispensable parties.  In the present action any finding against Dr Berger (or Dr. Kessler) is also likely to be material and highly prejudicial to them.  Not only is an assessment of liability for medical negligence likely to be professionally repugnant to them, it may well also trigger an administrative investigation by the Connecticut Department of Public Health, medical negligence database reporting and negative publicity in the local press as well as credentialing and insurability problems.  While the defendants acknowledge that the prejudice to the absent parties envisioned in Shell, legal liability in future law suits based on the same facts, is not present here, nonetheless the prejudice of professional disparagement should be sufficient to give Dr. Berger (and Dr. Kessler) a right to participate.

       Plaintiff's protestation that Dr Berger (and Dr. Kessler) are not indispensable is simply wrong.  The present defendants right to have this case resolved in accordance with Connecticut's law of proportionate liability can be protected only if Dr. Berger (and Dr. Kessler) participate as if they were first party defendants.  The jury must be allowed to consider and assess Dr. Berger's (and Dr. Kessler's) direct responsibility to the plaintiff. Such an assessment must necessarily prejudice Dr. Berger (and Dr. Kessler) unless he has an opportunity to participate in the trial and refute the evidence against him.  An adequate remedy can not be "shaped" because they jury's finding must necessarily subject Dr.

Berger to the taint of professional negligence. Finally, of course, the plaintiff has an adequate remedy in the state courts.

      Dr. Berger (and Dr. Kessler) are indispensable parties whose presence destroys diversity. Plaintiff's action must be dismissed.

                                    THE DEFENDANTS,
                                    JOHN BORRUSO, M.D. AND
                                    DANBURY SURGICAL
                                    ASSOCIATES, P.C.

                            By:_____
                                Kevin M. Tepas, Esq. (CT 05552)
                                Ryan, Ryan, Johnson & Deluca, LLP
                                80 Fourth Street, P.O. Box 3057
                                Stamford, CT   06905
                                Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue
Suites 6-8
Larchmont, NY 10538
Attorney for Plaintiffs

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue
New York, NY 10001
Attorney for Plaintiffs

Michael Neubert, Esq.
Eric Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Attorney for Defendant, Danbury Hospital

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLC
205 Church Street
P.O. Box 1936
New Haven, CT 06509
Attorney for Scott B. Berger, M.D.

Richard C. Tynan, Esq.
Timothy J. Grady, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303
Attorney for Defendant, Joseph J. Catania, M.D.

                                                  _____
                                                  Kevin M. Tepas

I:\Procases\290.117\Pld- Reply memo re dispensable parties.doc