# UNITED STATES DISTRICT COURT

District of _____ Connecticut

PLAINTIFF
    Laura Guigliano

V DEFENDANT AND THIRD PARTY PLAINTIFF
    Joseph J. Catania, M.D.

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

Case Number:   3:02 CV 718 (RNC) (DFM)

V  THIRD PARTY DEFENDANT
    Frank Kessler, M.D.

To: Name and address of Third Party Defendant
    Frank Kessler, M.D.
    3423 Danbury Road
    Brewster, NY 105909

**YOU ARE HEREBY SUMMONED** and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Joseph Lanni, Esq. <br> The Law Firm of <br> JOSEPH LANNI, P.C. <br> Fed Bar No. ct 23566 <br> 138 Chatsworth Avenue, Suites 6-8 <br> Larchmont, NY 10538 | Richard C. Tynan, Esq. <br> HALLORAN & SAGE, LLP <br> One Goodwin Square <br> 225 Asylum Street <br> Hartford, CT 06103 |

an answer to the third-party complaint which is served on you with this summons, within ___20___ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

KEVIN F ROWE
CLERK

(By) DEPUTY CLERK   A. Montgomery

DATE  6/26/05

ATTEST:
KEVIN F ROWE
Clerk, U.S. District Court

By A. Montgomery
Deputy Clerk

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me [1] | DATE |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            Date                 Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.
706163 1(HS-FP)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, and LAURA GUIGLIANO, Individually <br>     Plaintiffs, <br><br> V. <br><br> JOSEPH J. CATANIA, M.D. <br><br> Defendant and Third-Party Plaintiff <br><br> V. <br><br> Frank Kessler, M.D. <br> Third-Party Defendant | CIVIL ACTION NO. <br> 3:02 CV 718 (RNC) (DFM) <br><br><br><br><br><br><br><br><br><br> JUNE 30, 2005 |

## APPORTIONMENT COMPLAINT

1. This Complaint is brought on behalf of Joseph J. Catania, M.D., a defendant named in the Third Amended Complaint dated June 14, 2005, pursuant to Connecticut General Statutes Section 52-102b for apportionment of liability. By way of Complaint, the plaintiffs, Laura Guigliano, as Administrator of the Estate of Michael Guigliano, Deceased and Laura Guigliano, Individually, brought a civil action sounding in negligence for medical malpractice against Joseph J. Catania and other defendants. A copy of the plaintiffs' Third Amended Complaint is attached as Exhibit A, and is hereby made a part of this Apportionment Complaint.

10858.0123

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2. The apportionment-defendant, Frank Kessler, M.D., is or may be liable for an apportionment share of the damages alleged in the Complaint, pursuant to Connecticut General Statutes Section 52-572h, et seq., and 52-102b.

3. At all times mentioned in the plaintiffs' Complaint, the apportionment-defendant, Frank Kessler, M.D. was and continues to be a physician specializing in the field of internal medicine, who held himself out to the general public as being competent in the diagnosis, care and treatment of patients and as being able to treat patients in general accordance with the standards of acceptable medical care and practice.

4. At all times mentioned in the plaintiffs' Complaint, the apportionment-defendant, Frank Kessler, M.D., was a resident of the State of New York.

5. At all times mentioned in the plaintiffs' Complaint, the apportionment-defendant, Frank Kessler, M.D., was licensed to practice medicine, both in the State of New York and the State of Connecticut.

6. At all times mentioned in the plaintiffs' Complaint, the apportionment-defendant, Frank Kessler, M.D., had admitting privileges and practiced medicine at Danbury Hospital in Danbury Connecticut.

7. During the plaintiff-decedent, Michael Guigliano's, admission to Danbury Hospital in February 2001, and for some time prior thereto and subsequent thereto, Michael Guigliano came under the care of the apportionment-defendant, Frank Kessler, M.D., in his capacity as a physician charged with the responsibility of caring for patients in accordance with the standards of acceptable medical practice.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8. At all times hereinafter mentioned, it was the duty of the apportionment-defendant, Frank Kessler, M.D., to render medical care and treatment to Michael Guigliano in a manner in accordance with the approved methods of care and treatment generally used in the community, and in accordance with the standards of good and acceptable medical practice.

9. The workup, diagnosis, care and treatment rendered to Michael Guigliano by the apportionment-defendant, Frank Kessler, M.D., was rendered in an improper, negligent and careless manner, in that said apportionment-defendant:

    a. failed to adhere to accepted standards of medical practice;

    b. failed, neglected and omitted to exercise and employ the skill, care, diligence, learning and judgment commonly and ordinarily possessed and required of physicians;

    c. failed to use and employ approved methods of care and treatment generally used in the community;

    d. failed to workup, diagnose, care for and treat the plaintiff-decedent in accordance with the standards of medical care and treatment generally accepted in the community.

10. The apportionment-defendant, Frank Kessler, M.D., at various times during the period of Michael Guigliano's hospitalization in February 2001, failed to:

    a. appropriately diagnose and take measures against respiratory distress, respiratory failure, hypoxemia and respiratory arrest;

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

    b. avoid and prevent the onset of respiratory failure, hypoxemia and respiratory arrest;

    c. ensure proper monitoring, observation, supervision and attendance to the patient;

11. By reason of the aforesaid negligence and medical malpractice of the apportionment-defendant, Frank Kessler, M.D., Michael Guigliano was caused to suffer from permanent, severe and disabling injuries, including hypoxemia, respiratory failure, and cardio pulmonary arrest.

12. The plaintiffs' Third-Amended Complaint alleges that as a result of the negligence and carelessness of the defendant Joseph J. Catania and other defendants, the plaintiff-decedent, Michael Guigliano, suffered cardio pulmonary arrest.

13. As a direct and proximate result of the negligence and carelessness and medical malpractice of the apportionment-defendant, Frank Kessler, M.D., the plaintiff-decedent, Michael Guigliano, suffered and sustained personal injuries, including cardio pulmonary arrest.

14. As a result of the apportionment-defendant, Frank Kessler, M.D.'s, negligence and carelessness, he is liable for all or a proportionate share of the liability for the plaintiffs' alleged damages, pursuant to Connecticut General Statute § 52-572h.

WHEREFORE, the defendant/apportionment-plaintiff seeks apportionment of liability against the apportionment-defendant, Frank Kessler, M.D., who is or may be liable for damages alleged in the plaintiffs' Third Amended Complaint, and such other and further relief as may be in law or equity just and proper.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT, APPORTIONMENT-
PLAINTIFF,
JOSEPH J. CATANIA, M.D.

By _____
    Richard C. Tynan
    HALLORAN & SAGE LLP
    Fed. Bar #ct04235
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

This is to certify that on this 30 day of June 2005, I hereby mailed a copy of the foregoing to:

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York NY 10001
**For the Plaintiff**

Richard O'Connor, Esq.
Christine Anne Robinson, Esq.
Stephen P. Sachner, Esq.
Sachner & O'Connor
Crossroad West
765 Straits Turnpike
P.O. Box 1323
Middlebury CT 06762-1323
**For the Defendants Depuy**

Kevin Tepas, Esq.
Jane Callahan Hagerty, Esq.
Beverly J. Hunt, Esq.
Jeffrey Charles Nagle, Esq.
Daniel E. Ryan, III, Esq.
Michael T. Ryan, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borrusso**

Richard L. Grant, Esq.
36 Tamarack Avenue, PMB #213
Danbury, CT 06811
**For the Defendant Borrusso**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven CT 06510
**For the Defendants Danbury Hosp., Iulia Circiumara, Roth, Saipher Bennett, Brown, Hoffman, Doe #1, 2 & 3**

Regina Duchin Kraus, Esq.
Tyler, Cooper & Alcorn, LLP
P.O. Box 1936
205 Church Street
New Haven, CT 06509-1910
**For the Defendant Berger**

Gaileen A. Kaufman, Esq.
Bai Pollock Bluewiess & Mulcahey
One Corporate Drive
Shelton CT 06484
**For the Defendant Knowles**

Richard C. Tynan

702260_1 DOC

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Attorney: HALLORAN & SAGE LLP

UNITED STATES
COUNTY OF CONNECTICUT

LAURA GUIGLIANO

Plaintiff(s)

- against -

JOSEPH J. CATANIA, M.D., ET AL.

Defendant(s)

Index No. 3:02 CV 718

FILED
2005 JUL 11 A 10:08
DISTRICT CT.

AFFIDAVIT OF SERVICE OF:
THIRD PARTY SUMMONS AND COMPLAINT IN A CIVIL ACTION

STATE OF NEW YORK: COUNTY OF WESTCHESTER ss:
MICHAEL TERZIAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 07/01/05 at 1545 Hours at 3423 DANBURY ROAD BREWSTER, NY 10509
deponent served the within THIRD PARTY SUMMONS AND COMPLAINT IN A CIVIL ACTION on
FRANK KESSLER, M.D. therein named,

**INDIVIDUAL A** ☐ by delivering a true copy of each to said personally; deponent knew the person so served to be the person described as said person therein. ☐ (S) He identified (her) himself as such.

**CORPORATION B** ☐ a (domestic) (foreign) corporation by delivering thereat a true copy of each to personally, deponent knew said corporation so served to be the corporation described in legal papers and knew said individual to be thereof

**SUITABLE AGE PERSON C** ☒ by delivering thereat a true copy of each to FEDELA KESSLER a person of suitable age and discretion. Said premises is recipient's (actual place of business ) (dwelling house) (usual place of abode) within the state. ☒ (S) He identified (her) himself as AUTHORIZED of recipient

**AFFIXING TO DOOR, ETC. D** ☐ by affixing a true copy of each to the door of said premises, which is recipient's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there on the dates below:

**MAILING USE WITH C or D** ☒ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to the above recipient at 3423 DANBURY ROAD BREWSTER, NY 10509 and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State. Mailed on 07/02/05 BY FIRST CLASS MAIL

Deponent further states that he describes the person actually served as follows

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLACK | 48 | 5'3 | 130 |

GLASSES

**MILITARY SERVICE** ☒ Person spoken to was asked whether the recipient(s) was (were) in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the recipient(s) is (are) not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person (s) so served as aforesaid to be the same person (s) mentioned and described as the defendant(s) in this action.

\* MAILED TO THE ABOVE ADDRESS IN AN ENVELOPE MARKED PERSONAL & CONFIDENTIAL

**USE IN NYC CIVIL CT.** ☐ The language required by NYCRR 2900 2(e). (f) & (h) was set forth on the face of said summons (es).

Sworn to before me on the 07/02/05

GERI L. ALBERT
Notary Public, State of New York
No. 01AL5047399
Qualified in Westchester County
Commission Expires July 31, XX

MICHAEL TERZIAN
LICENSE No.

\# 138162