```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LAURA GUIGLIANO, individually    :
and as Administrator of the      :
Estate of MICHAEL GUIGLIANO,     :
Deceased,                        :
                                 :
     Plaintiff,                  :
                                 :
V.                               :   CASE NO. 3:02-CV-718 (RNC)
                                 :
DANBURY HOSPITAL, ET AL.,        :
                                 :
     Defendants.                 :
```

RULING AND ORDER

Plaintiff brings this action, in her own capacity and as administrator of her husband's estate, for negligence, wrongful death, and loss of consortium. Jurisdiction is based on diversity of citizenship; plaintiff is a citizen of New York and defendants are citizens of Connecticut. Pending for decision are motions to dismiss for nonjoinder of Frank Kessler, M.D., a citizen of New York, against whom the movants have filed claims for apportionment; motions to strike plaintiff's voluntary dismissal of her claims against Scott Berger, M.D., which plaintiff filed after discovering that Dr. Berger is also a citizen of New York; and motions to dismiss for lack of subject matter jurisdiction based on the lack of diversity of citizenship between the plaintiff and Dr. Berger. In essence, the movants contend that the action must be dismissed because Dr. Kessler is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure (i.e. a necessary party who cannot be made a

1

party without divesting the court of diversity jurisdiction) and plaintiff's attempt to preserve diversity jurisdiction by voluntarily dismissing her claims against Dr. Berger, a nondiverse party, is invalid under Rule 41(a)(1) of the Federal Rules of Civil Procedure.  I conclude that any risk of prejudice to the movants arising from the nonjoinder of Dr. Kessler can be eliminated by joining him as a third-party apportionment defendant, and that plaintiff's voluntary dismissal of her claims against Dr. Berger is valid.[1]  Accordingly, the pending motions are denied.

I.   BACKGROUND

Plaintiff's husband received medical treatment at Danbury Hospital in 2001. During that time, he received care from John Borruso, M.D., and Joseph J. Catania, M.D., both surgeons employed by Danbury Surgical Associates ("DSA").  Plaintiff alleges that these defendants failed to adhere to good medical practice in their diagnosis, treatment and monitoring of her husband and that, as a result, he suffered permanent disabling injuries, which ultimately led to his death in July 2003.

In April 2002, plaintiff filed this suit against Danbury

---

[1] I also conclude that Dr. Berger is not indispensable because he can be joined as a third-party apportionment defendant unless the plaintiff has agreed to release him, in which case the action can proceed in his absence without unfairly prejudicing the movants because, under Connecticut's apportionment statute, any recovery by the plaintiff would be reduced by Dr. Berger's percentage of negligence.

Hospital, Dr. Borruso, and a number of other medical personnel.[2] Following the death of her husband in July 2003, she sought, and was granted, a stay of the case. In January 2005, she filed an amended complaint adding a claim for wrongful death.

In March 2005, plaintiff filed a second amended complaint, adding as defendants Dr. Catania, DSA, and Dr. Berger. She then learned that Dr. Berger is a citizen of New York and thus a nondiverse party. On June 15, she filed a third amended complaint, which is now the operative complaint, setting forth claims against Danbury Hospital, Drs. Catania and Borruso, and DSA, but not Dr. Berger. She then filed a notice purporting to dismiss all her claims against Dr. Berger with prejudice pursuant to Rule 41(a)(1).

Shortly after the third amended complaint was filed, Drs. Catania and Borruso and DSA filed apportionment complaints under Conn. Gen. Stat. §§ 52-572h and 52-102b against Dr. Kessler, contending that he is liable for all or part of plaintiff's alleged damages.[3] These claims differ from contribution claims

---

[2] Some of the original defendants have been dismissed on summary judgment motions (Docs. #123, #148, #149), and others have been dismissed by amendments to the complaint (Docs. #135, #158).

[3] Connecticut has abolished joint and several liability in favor of a system of comparative fault. See Conn. Gen. Stat. § 52-572h(c)("[E]ach party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable . . . damages"); Donner v. Kearse, 234 Conn. 660, 666-67 (1995). A defendant seeking to shift liability to a nonparty must file an apportionment complaint against that person under § 52-102b(a) within 120 days of the return date specified in the plaintiff's original complaint. See Conn. Gen.

in that they seek to apportion liability on the plaintiff's claims, rather than recover money damages.  See Bloom v. Gershon, 271 Conn. 96, 110 (2004).

The movants have also filed notices of claims of apportionment under Conn. Gen. Stat. § 52-102b(c), alleging that plaintiff's damages are attributable to negligent acts and omissions of other persons, including Dr. Berger.  Notices of claims of apportionment are filed against a person who has been released from liability to the plaintiff.  When such a notice is filed, the released person is not made a party but the plaintiff's total award may be reduced by the released person's percentage of negligence, as determined by the factfinder.  Conn. Gen. Stat. § 52-572h(f), (n); see also Collins v. Colonial Penn Ins. Co., 257 Conn. 718, 734-35 (2001).

II. DISCUSSION

Motions to Dismiss for Nonjoinder of Dr. Kessler

Rule 19 of the Federal Rules of Civil Procedure provides, "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties."  Fed. R. Civ. P. 19(a).  If such a person cannot be made a party, the court must determine "whether in

---

Stat. § 52-102b(f) ("This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action.").

equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  Fed. R. Civ. P. 19(b). In making this determination, the court must consider to what extent a judgment rendered in the person's absence might be prejudicial to those already parties, and whether there are measures by which the prejudice can be avoided.  <u>Id.</u>  The parties may be required to take steps to eliminate the risk of prejudice, including impleading the absent person.  See <u>Associated Dry Goods Corp. v. Towers Fin. Corp</u>, 920 F.2d 1121, 1124-25 (2d Cir. 1990)(citing with approval cases holding that persons who can be impleaded are never indispensable under Rule 19(b)); <u>see also</u> <u>Samaha v. Presbyterian Hosp.</u>, 757 F.2d 529, 531 (2d Cir. 1985) (observing that joint tortfeasors are not indispensable and that "the possibility of prejudice . . . is alleviated by the availability of impleader under Fed. R. Civ. P. 14(a)").  "[A] court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." <u>Jaser v. N.Y. Prop. Ins. Underwriting Ass'n</u>, 815 F.2d 240, 242 (2d Cir. 1987).  Dismissing the action is a measure of last resort.

Defendants contend that Dr. Kessler is a necessary party because apportionment in the present action is their only means of shifting liability to him.  His joinder as a defendant would destroy complete diversity, however, because he and the plaintiff are both citizens of New York.  Accordingly, defendants urge the court to dismiss the action on the ground that he is

5

indispensable under Rule 19.  Plaintiff responds that, even assuming Dr. Kessler is a necessary party, the action should be allowed to proceed because defendants can implead him as a third-party defendant on their apportionment claims without divesting the court of diversity jurisdiction.  I agree.

Defendants contend that Dr. Kessler, as an apportionment defendant, should be treated for purposes of subject matter jurisdiction as an original defendant, not a third-party defendant.  Their argument has some force.  Apportionment claims seek to impose direct liability to the plaintiff, not liability in damages to the defendant on a theory of contribution, as defendants correctly point out.  See Bloom, 271 Conn. at 110 ("[A]pportionment claims are claims for the apportionment of liability and are, therefore, separate and distinct from claims for monetary damages.").  Moreover, the text of Rule 14 of the Federal Rules of Civil Procedure, which governs impleader of third-party defendants, does not precisely apply to impleader of apportionment defendants.[4]

Nonetheless, apportionment claims are like third-party claims in important respects.  The apportionment plaintiff bears the burden of proving the apportionment defendant's liability.

---

[4] Rule 14(a) provides: "[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  This provision technically does not authorize apportionment complaints because apportionment defendants are liable, if at all, to the original plaintiff, not the apportionment plaintiff.

6

More fundamentally, apportionment and impleader under Rule 14 share a common purpose: "[D]efendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." Montanez v. Hartford Healthcare Corp., No. 3:03CV1202 (GLG), 2003 WL 22389355, at *5 (D. Conn. Oct. 17, 2003) (quoting 6 Wright et al., Federal Practice and Procedure § 1446, at 377 (2d ed. 1990)).

For these reasons, judges in this District have permitted apportionment claims to be brought as third-party claims under Rule 14. See Montanez, 2003 WL 22389355, at *5-6; Degrenier v. Joly, No. 3:01CV1012 (CFD), 2002 WL 31106386, at *1 (D. Conn. Aug. 9, 2002); Kim v. Convent of the Sacred Heart, Inc., No. 3:95CV961 (AHN), 1998 WL 241213, at *3 (D. Conn. Apr. 17, 1998). Following these decisions, Dr. Kessler, as an apportionment defendant, may be treated as a third-party defendant for purposes of subject matter jurisdiction.[5]

Impleader of a third-party defendant who is not diverse from the plaintiff does not divest a court of diversity jurisdiction. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 66-67 n.1 (1996). Diversity jurisdiction over a third-party claim depends on the citizenship of the third-party plaintiff and defendant only. Id.; see also Kim, 1998 WL 241213, at *3.  In this case,

---

[5] See also Stingley v. Raskey, No. A95-0242 CV (HRH), 1995 WL 696591, at *3-4 (D. Alaska Nov. 17, 1995) (holding that technical language of Rule 14(a) did not preclude impleader under Alaska's apportionment statute); Tietz v. Blackner, 157 F.R.D. 510, 514 (D. Utah 1994) (holding that impleader under Utah's apportionment statute would "have the same legal effect for which the language of Rule 14(a), F.R.C.P. contemplates joinder").

defendants are citizens of Connecticut and Dr. Kessler is a citizen of New York.  Thus, he may be joined as a third-party apportionment defendant without divesting the court of diversity jurisdiction, even though plaintiff is also a citizen of New York.  In this way, any prejudice caused by his nonjoinder can be eliminated.  Accordingly, the motions to dismiss for nonjoinder are denied.

<u>Motions to Strike Notice of Dismissal as to Dr. Berger</u>

Defendants move to strike plaintiff's notice of voluntary dismissal of her claims against Dr. Berger, contending that dismissal of less than an entire case is not authorized by Rule 41(a)(1).[6]  They rely on <u>Harvey Aluminum, Inc. v. American Cyanamid Co.</u>, 203 F.2d 105, 108 (2d Cir. 1953), where the Second Circuit interpreted the term "action" in Rule 41(a)(1) to mean "entire controversy" and, on that basis, stated that the Rule may not be used to dismiss claims against fewer than all defendants.  This aspect of <u>Harvey Aluminum</u> has been widely criticized and appears to have been disavowed by the Second Circuit.  <u>See</u> <u>Wakefield v. N. Telecom, Inc.</u>, 769 F.2d 109, 114 n.4 (2d Cir. 1985).  As a result, district courts have declined to view it as binding, even though it has not been explicitly overruled.  <u>See</u> <u>Mut. Benefit Life Ins. Co. v. Carol Mgt. Corp.</u>, 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994); <u>see also</u>

---

[6] Rule 41(a)(1)(i) reads: "[A]n action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . .."

8

Baksh v. Captain, 99-CV-1806 (ILG), 2000 WL 33177209, at *2-3 (E.D.N.Y. Dec. 11, 2000).

As these courts have recognized, a plaintiff may use Rule 41 to dismiss a nondiverse party provided the party has not yet served an answer or motion for summary judgment. See 8 James Wm. Moore et al., Moore's Federal Practice, § 41.21, at 37-38 (3d ed. 2005) (noting that Rules 15(a), 21, and 41 may be used to dismiss misjoined parties).  If these conditions are met, the plaintiff has the unilateral right to discontinue the action. Seippel v. Jenkens & Gilchrist, P.C., 03 Civ. 6942(SAS), 2004 WL 2809205, at *1 & n.3 (S.D.N.Y. Dec. 7, 2004).[7]

In this case, plaintiff filed her notice of dismissal before Dr. Berger served an answer or motion for summary judgment.  The notice is therefore valid and, accordingly, the motions to strike are denied.[8]

---

[7] Dr. Catania suggests that the Wakefield court may have been confused as to which part of Harvey Aluminum had been criticized and observes that the Wakefield decision involved Rule 41(a)(2), which requires court permission, as opposed to Rule 41(a)(1).  But the Court of Appeals was clearly referring to Harvey Aluminum's interpretation of "action," which has been widely criticized, as noted above. See Wakefield, 769 F.2d at 114 n.4.  Further, given that Rule 41(a)(2) contains explicit reference to Rule 41(a)(1), Harvey Aluminum's interpretation of "action" in Rule 41(a)(1) was germane to the Wakefield court's decision involving Rule 41(a)(2). See Fed. R. Civ. P. 41(a)(2) ("Except as provided in paragraph (1) of this subdivision of this rule . . ..").

[8] The parties disagree about whether Magistrate Judge Martinez authorized plaintiff to amend her complaint to dismiss the claims against Dr. Berger.  (Compare Borruso & DSA Memo. Support Mot. Strike, Doc. #184, at 2 ("Despite no agreement to voluntarily dismissal [sic] all claims against Dr. Berger, the plaintiffs filed the Third Amended Complaint . . . which removed Dr. Berger from the caption.") with Pl.'s Resp. Mots. Strike,

Motions to Dismiss for Lack of Subject Matter Jurisdiction

Defendants' motions to dismiss for lack of subject matter jurisdiction are predicated on the lack of diversity of citizenship between plaintiff and Dr. Berger, both of whom are citizens of New York.  Because I have concluded that plaintiff's voluntary dismissal of her claims against Dr. Berger is valid, he is no longer a party and defendants' motions to dismiss for lack of diversity jurisdiction are therefore moot.  In substance, however, defendants' arguments resemble a Rule 12(b)(7) motion to dismiss for nonjoinder of an indispensable party under Rule 19, so I will address them accordingly.

Defendants seek to apportion the liability of Dr. Berger, just as they do the liability of Dr. Kessler.  For the reasons stated above, they can implead him for this purpose and thus eliminate any prejudice to them caused by his nonjoinder, even though he too is a citizen of New York.  They have not filed apportionment complaints against him, however, presumably because they regard him as a released party under the apportionment statute.  Whether he should be so regarded is unclear because there is no indication that the plaintiff actually agreed to release him in exchange for some consideration.  Even assuming he is a released person, however, and thus cannot be made a party,

---

Doc. #188, at 9 & n.3 (stating that Magistrate Judge Martinez directed plaintiff to serve a third amended complaint eliminating all "extraneous parties," including Dr. Berger).)  Their dispute in this regard is now moot.  It is also unnecessary to address plaintiff's argument that her joinder of Dr. Berger was a legal nullity.

he is not indispensable under Rule 19 because, as noted at the outset, any recovery by the plaintiff will be reduced by his percentage of negligence.

III.  CONCLUSION

Accordingly, the motions to dismiss and strike are hereby denied.

So ordered at Hartford, Connecticut this 25th day of October 2005.

```
               _____/s/_____
                     Robert N. Chatigny
                United States District Judge
```