UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
LAURA GUIGLIANO, as Administratrix of the
Estate of MICHAEL GUIGLIANO, Deceased and
LAURA GUIGLIANO, Individually,

                    Plaintiffs,

-against-

JOSEPH J. CATANIA, M.D.,

                    Defendant and Third-Party Plaintiffs,

-against-

FRANK KESSLER, JR., M.D.,

                    Third-Party Defendant.
------------------------------------------------------------------X

MOTION TO SET ASIDE DEFAULT

Civil Action No. 3:02 cv 718
(RNC) (DFM)

December 9, 2005

### AFFIRMATION IN SUPPORT OF THIRD-PARTY/APPORTIONMENT DEFENDANT FRANK KESSLER, JR., M.D.'S MOTION TO SET ASIDE DEFAULT

Third-party/apportionment defendant, FRAN K KESSLER, JR., M.D., respectfully request that this Court issue and order pursuant to Rule 55(c) setting aside the default previously entered by motion defendant/third-party plaintiff JOSEPH J. CATANIA, M.D.

An answer on behalf of third-party/apportionment defendant, FRAN K KESSLER, JR., M.D., was interposed in November and registered as having been filed by the Clerk of this Court on December 7, 2005.

---

December 13, 2005.   Guigliano v. Danbury Hospital
                                  3:02-cv-718(RNC)

Re: Third-Party Defendant's Motion to Set Aside Default (Doc. #207)

Granted for good cause shown pursuant to Fed. R. Civ. P. 55(c). The third-party defendant has shown that the default was not willful, and that it has been participating in discovery. In the circumstances, refusing to set aside the default would be unduly harsh. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). So ordered.

Robert N. Chatigny, U.S.D.J.