UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                  :
LAURA GUIGLIANO,                  :
         Plaintiff,               :
                                  :
    v.                            :        CASE NO. 3:02CV718 (RNC)
                                  :
DANBURY HOSPITAL,ET AL.,          :
         Defendants.              :
```

## CALENDAR AND SETTLEMENT CONFERENCE ORDER

This case is scheduled for a second settlement conference with the undersigned on February 10, 2006 at noon at her chambers at 450 Main Street, Room 262, Hartford, Connecticut.  Those in attendance at the conference should be prepared to spend the remainder of the day at the settlement conference.

I. PARTIES WITH FULL AUTHORITY MUST ATTEND.  The parties are hereby ORDERED to be present at the conference.  If a party is a legal entity, not an individual, a representative of the party who is fully authorized to decide all matters pertaining to the case shall be present at the conference.  The court will not hold a settlement conference without all parties present.  A party may not participate by phone without express, advance approval by the court.  In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference.  For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.  For a defendant, "full authority" means final

authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present.  The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference.  Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions.  See Nick v. Morgan's Foods, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo 2000).  Counsel are ordered to advise their respective clients and insurance company representatives of the Nick decision.

II. EXCHANGE OF OFFERS AND DEMANDS.  Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own.  The defendants have conveyed an offer to the plaintiff. **Not less than 5 days before the conference,** the plaintiff's counsel shall serve a settlement demand upon counsel for the  defendants.  The defendants are encouraged to respond to the plaintiff's demand prior to the settlement conference.

III. CONFERENCE MEMORANDA.  Not later than five (3) working days prior to the conference counsel shall submit to chambers of

2

the undersigned a supplemental <u>ex</u> <u>parte</u>, confidential conference memorandum.  The memorandum shall be double spaced in no less than 12 point font and shall not exceed 10 pages.  It shall include the following: (A) a summary of the expert opinions to be offered at trial and (B) a summary of the evidence surrounding the so-called "code event" at issue in the case.  More specifically, the parties shall outline (including specific times when possible) the events on February 17, 2001 which culminated in the decedent's cardiopulmonary arrest.

IV. <u>REQUESTS PERTAINING TO THE CONFERENCE</u>.  Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 10 days from the date of this order.  Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

SO ORDERED this 27th day of January, 2006 at Hartford, Connecticut.

                   /s/
            DONNA F. MARTINEZ
            UNITED STATES MAGISTRATE JUDGE