UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
LAURA GUIGLIANO, as Administratrix of the
Estate of MICHAEL GUIGLIANO, Deceased and
LAURA GUIGLIANO, Individually,

                Plaintiffs,

-against-

JOSEPH J. CATANIA, M.D.

                Defendant and Third-Party Plaintiffs,

-against-

FRANK KESSLER, JR., M.D.,

                Third-Party Defendant.
------------------------------------------------------------X

CIVIL ACTION NO.
3:02 CV 718 (RNC) (DFM)

March 1, 2006

## MOTION FOR DETERMINATION OF APPORTIONMENT STATUS AND FOR A FURTHER EXTENSION OF TIME TO DISCLOSE EXPERT INFORMATION

Third-party/apportionment defendant, FRANK KESSLER, M.D., hereby moves for a determination by this Court as to his status with regard to this litigation and for further extension of time to exchange expert information. Specifically, the Court is respectfully requested to issue a ruling that FRANK KESSLER, M.D., is an apportionment defendant without monetary liability.

In this Court's decision of October 25, 2005 (396 F. Supp. 2d 220), the Court denied the defendant Rule 19 Motion to Dismiss by acknowledging that the defendants could implead FRANK KESSLER, M.D., on apportionment claims. Further, the Court pointed out that although apportionment claims bear similarity to third party claims, apportionment claims are "claims for the apportionment of liability and are, therefore, separate and distinct from claims from monetary damages." (Quoting <u>Bloom v. Gershon</u> 271 Conn. 96 at 110, 856 A.2d 335 (2004)).

The Court allowed DR. KESSLER, as an apportionment defendant, to " be treated as a third party defendant for purposes of subject matter jurisdiction" (396 F. Supp. 2d 220 at 223). Because the underlying issues of the October decision were jurisdictional, the Court's decision was not specific in identifying whether or not DR. KESSLER would potentially face monetary damages or merely be used by the defendants to reduce their potential exposure to the plaintiff at the close of

proof. In it's discussion of DR. KESSLER'S presence in this case in terms of diversity jurisdiction, the Court acknowledged that his presence as "a third party apportionment defendant" did not divest the Court of diversity jurisdiction. 396 F. Supp. at 224. The Court acknowledged reliance on an underlying Connecticut case: Bloom v. Gershon 271 Conn. 96, 856 A 2d 335 (2004). This Court, in it's October 25, 2005 decision, pointed out the difference between contribution claims and apportionment claims based on its reading of Bloom. Briefly stated, apportionment claims were identified by the Court to merely seek to apportion liability rather than recover money damages.

Your affirmant sought clarification of this issue during two settlement conferences conducted before Magistrate Martinez on January 25 and February 10, 2006. During the January 25, 2006 conference, counsel for each of the third parties/apportionment plaintiff's acknowledged a willingness to stipulate to the claims against DR. KESSLER to be strictly based on an apportionment theory as opposed to one seeking money damages. Plaintiff's counsel took no position on this issue. Magistrate Martinez suggested that the issue was more properly to be determined through motion practice.

Determining that FRANK KESSLER, M.D., appears in this case strictly as an apportionment defendant does not affect subject manner jurisdiction or diversity jurisdiction. In as much as plaintiff had the opportunity to directly name FRANK KESSLER, M.D. in litigation, either in this forum or another forum, yet failed to do so, there is no prejudice to plaintiff.

Accordingly, it is respectfully urged that this Court issue an Order identifying FRANK KESSLER, M.D., as a party for apportionment purposes only and specifically without potential exposure for monetary damages.

In addition to the relief requested above, FRANK KESSLER, M.D., requests a further extension of time to exchange expert information regarding this case.

Your affirmant has retained an expert to review materials and issue an opinion in support of FRANK KESSLER, M.D. Although the expert has given an initial supportive opinion, he has not completed a review of file materials to the extent that a report can be prepared and exchanged with counsel. Based on the volume of material involved in this case, a further extension of time is

requested. It is acknowledged that the Court previously granted an initial extension of time for such exchange until February 24, 2006.

In order to obtain the report and exchange it with counsel a further extension is requested until April 14, 2006. It is your affirments belief that this further extension will allow sufficient time for the expert to complete his review and prepare a report, which can be exchanged in accordance with Discovery rules. No prejudice will ensue from this further extension; the parties are conducting depositions of experts.

Wherefore, third party/apportionment defendant FRANK KESSLER, M.D., respectfully moves for a determination that he appears in this case strictly as an apportionment defendant without potential monetary liability and, further, for a further extension of time, up to and including April 14, 2006, within which to disclose expert information and for any such further, different, and other relief that the Court finds proper in the circumstances.

APPORTIONMENT-DEFENDANT
FRANK J. KESSLER, MD.

By: _____
ANDREW M. NEUBARDT
His attorney
RENDE, RYAN & DOWNES, LLP.
Federal Bar No. phv0714
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444
aneubardt@rrd-law.com

## CERTIFICATION

This is to certify that on this 1st day of March 2006, I hereby mailed a copy of the foregoing to:

THE LAW FIRM OF JOSEPH LANNI, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, New York 10538
**For the Plaintiff**

WEINER, MILLO & MORGAN, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001
**For the Plaintiff**

RYAN, RYAN, JOHNSON & DELUCA, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. & Borruso**

NEUBERT, PEPE & MONTIETH, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hospital, Julia Circiumara, Roth, Saipher Bennet, Brown, Hoffman, Doe #1, 2 & 3**

HALLORAN & SAGE, LLP
One Goodwin Square
Hartford, CT 06103
**For the Defendant Joseph J. Catania, M.D.**

Siobhan Funchion
Paralegal