UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
========================================X
LAURA GUIGLIANO, as Guardian Ad
Litem for MICHAEL GUIGLIANO, a
Person Adjudged to be Incompetent,
and LAURA GUIGLIANO, Individually,

                                                                        *3:02 CV 718*
                     Plaintiffs,                           *(RNC) (DFM)*

      –against –

DANBURY HOSPITAL, et al.

                     Defendants.
========================================X


# PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE MOTION OF APPORTIONMENT DEFENDANT / THIRD PARTY DEFENDANT FRANK KESSLER, M.D.


                                    Submitted by:

                                    **JOSEPH LANNI, ESQ.** (CT 23566)
                                    THE LAW FIRM OF
                                    JOSEPH LANNI, P.C.
                                    Attorneys for Plaintiff
                                    LAURA GUIGLIANO


Dated: Larchmont, New York
         March 21, 2006




**ORAL ARGUMENT [ IS \_X\_\_ / IS NOT \_\_\_ ]
REQUESTED FOR THIS MOTION.**

1

## **TABLE OF CONTENTS**

*__Page No.__*

Table of Authorities…………………………………………………… 3

Preliminary Statement……………………………………………………. 4

Argument…………………………………………………………………..5

Conclusion ..………………………………………………………………...13

**TABLE OF AUTHORITIES**

**Cases**

*DeGrenier v. Joly*, 2002 U.S. Dist. LEXIS 17646, No. 3:01CV1012 (CFD), 2002 WL 31106386 (D. Conn. Aug. 9, 2002)

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)

*Gasperini v. Center for Humanities*, 518 U.S. 415 (1996).

*Guigliano v. Danbury Hospital*, 396 F. Supp. 2d 220 (D. Conn. 2005)

*Hanna v. Plumer*, 380 U.S. 460 (1965)

*Lostritto v. Community Action Agency of New Haven*, 269 Conn. 10, 848 A. 2d 418 (Conn. 2004)

*Montanez v. Hartford Healthcare Corp.*, 2003 U.S. Dist. LEXIS 18715, No. 3:03CV1202 (GLG), 2003 WL 22389355, at *5 (D. Conn. Oct. 17, 2003) and

*Morse v. Elmira Country Club*, 752 F. 2d 35 (2nd Cir. 1984).

*Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949)

*Stingley v. Raskey*, 1995 U.S. Dist. LEXIS 17649 (D. Alaska 1995)

*Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)

**Statutes:**

*Fed. R. Civ. P. 14(a)*

*Conn. Gen. Stat. § 52-102b(a)*

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in response to the motion filed on March 6, 2006, by apportionment defendant / third party defendant KESSLER for an Order (a) clarifying his status with respect to this action as either an "apportionment defendant" under *Conn. Gen. Stat. § 52-102b(a)* or a "third party defendant" under *Fed. R. Civ. P. 14(a)* and (b) granting an extension of time until April 14, 2006, for DR. KESSLER to disclose expert information. Plaintiff's counsel has no objection to that portion of KESSLER's motion which seeks an extension of time to serve expert disclosure.

Closer scrutiny of the issue regarding KESSLER's status as either an "apportionment defendant" or a "third party defendant" leads plaintiff to request a determination that KESSLER is the latter for the purposes of this litigation. In essence, KESSLER's status appears to be governed by *Fed. R. Civ. P. 14(a)* and he should be considered a third party defendant for all purposes due to the following reasons: (a) it would not be outcome determinative vis-à-vis the rights of the third-party plaintiffs / apportionment plaintiffs CATANIA and BORRUSSO who brought KESSLER into this action; (b) it would not result in an inequitable administration of the laws; and (c) most important, *Fed. R. Civ. P. 14(a)* covers the issue in its entirety and cannot be voided by state law.

**ARGUMENT**

Plaintiff's counsel certainly agrees with the observation by KESSLER's counsel that there is a degree of confusion about DR. KESSLER's status that requires clarification by the Court.  As noted by KESSLER's counsel, discussions with Magistrate Judge Martinez during settlement conferences on January 25 and February 10, 2006, addressed the question of KESSLER's status in this action without any conclusive determination by the Court.  At that time, the Court stated that this issue was more properly determined through motion practice.  A subsequent search of the federal appellate case law for authority on the treatment of apportionment claims in diversity cases has revealed an absence of direct guidance on this matter.  Thus, one must acknowledge "sailing in relatively uncharted waters" with regard to appellate *stare decisis* on this particular issue.

In its October 25, 2005, ruling in this case (*see, Guigliano v. Danbury Hospital, 396 F. Supp. 2d 220 (D. Conn. 2005)*), this Court held that DR. KESSLER

> "may be joined as a **third-party apportionment defendant** without divesting the court of diversity jurisdiction, even though plaintiff is also a citizen of New York.  In this way, any prejudice caused by his non-joinder can be eliminated."

*396 F. Supp. 2d at 224 (emphasis added).*  At that time, this Court found KESSLER to be a third party defendant for limited subject matter jurisdiction purposes.  "Dr. Kessler, as an apportionment defendant, may be treated as a third-party defendant for purposes of subject matter jurisdiction."  *396 F. Supp. 2d at 223-224.*

More significantly, this Court's decision noted the highly similar nature and shared common purpose of *Conn. Gen. Stat. § 52-102b(a)* apportionment claims and *Fed. R. Civ. P. 14(a)* third party claims:

> "Nonetheless, apportionment claims are like third-party claims in important respects. The apportionment plaintiff bears the burden of proving the apportionment defendant's liability. ***More fundamentally, apportionment and impleader under Rule 14 share a common purpose***: 'Defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.' Montanez v. Hartford Healthcare Corp., 2003 U.S. Dist. LEXIS 18715, No. 3:03CV1202 (GLG), 2003 WL 22389355, at *5 (D. Conn. Oct. 17, 2003) (quoting 6 Wright et al., Federal Practice and Procedure § 1446, at 377 (2d ed. 1990)).
>
> For these reasons, judges in this District have permitted apportionment claims to be brought as ***third-party claims under Rule 14***. See Montanez, 2003 U.S. Dist. LEXIS 18715, 2003 WL 22389355, at *5-6; Degrenier v. Joly, 2002 U.S. Dist. LEXIS 17646, No. 3:01CV1012 (CFD), 2002 WL 31106386, at *1 (D. Conn. Aug. 9, 2002); Kim v. Convent of the Sacred Heart, Inc., 1998 U.S. Dist. LEXIS 6692, No. 3:95CV961 (AHN), 1998 WL 241213, at *3 (D. Conn. Apr. 17, 1998)."

*396 F. Supp. 2d at 223-224 (emphasis added).* While this Court held that KESSLER was a third party defendant for subject matter jurisdiction purposes, it left specifically unstated the issue of whether KESSLER should be treated as a third party defendant for all other purposes in this action.

Similarly, other decisions on this issue arising from the District have left unaddressed the question of whether parties brought into diversity actions under *Conn. Gen. Stat. § 52-102b(a)* apportionment claims are to be treated as third party defendants under *Fed. R. Civ. P. 14(a)* for all purposes in that action. In both *Montanez v. Hartford*

*Healthcare Corp., 2003 U.S. Dist. LEXIS 18715, No. 3:03CV1202 (GLG), 2003 WL 22389355, at \*5 (D. Conn. Oct. 17, 2003)* and *DeGrenier v. Joly, 2002 U.S. Dist. LEXIS 17646, No. 3:01CV1012 (CFD), 2002 WL 31106386, at \*1 (D. Conn. Aug. 9, 2002)*, the apportionment defendant was treated as a *Fed. R. Civ. P. 14(a)* third party defendant for purposes of determining FTCA exemption.

Determination of the issue presented by KESSLER's motion appears to hinge on whether *Conn. Gen. Stat. § 52-102b(a)* is procedural or substantive in nature and whether *Fed. R. Civ. P. 14(a)* is exclusive of *§ 52-102b(a)*. That task concededly presents some difficulty under these circumstances. The Supreme Court has commented that "[c]lassification of a law as 'substantive' or 'procedural'………… is sometimes a challenging endeavor." *See, Gasperini v. Center for Humanities, 518 U.S. 415, 427 (1996).*

In *Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)*, it was held that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *304 U.S. at 78. Erie, supra,* of course, is the seminal case on the principle that federal courts in diversity cases are to apply state substantive law and federal procedural law.

The progeny of *Erie* subsequently set forth tests for determining whether a state law is to be considered procedural or substantive in diversity actions. In *Guaranty Trust Co. v. York, 326 U.S. 99 (1945)*, an "outcome-determination" test was applied by the

7

Supreme Court. *Guaranty, supra,* essentially held that the test is whether it "significantly affects the result of a litigation" for a federal court to apply federal law rather than state law. *326 U.S., at 109.* The Supreme Court, in *Guaranty, supra,* further observed that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Id. See also, Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533 (1949)* (in which a virtually identical test was used by the Supreme Court.) *Hanna v. Plumer, 380 U.S. 460 (1965)* supplemented the "outcome-determination" test of the *Guaranty* decision by holding that the issue of whether to apply federal or state law must be guided by "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *380 U.S. at 468.*

*Hanna v. Plumer, supra*, further held that, in matters involving the *Federal Rules of Civil Procedure*, the tests set forth in *Erie* and its progeny do not monolithically apply in every case:

> "There is, however, a more fundamental flaw in respondent's syllogism: the incorrect assumption that the rule of *Erie R. Co.* v. *Tompkins* constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure. ***The Erie rule has never been invoked to void a Federal Rule***. It is true that there have been cases where this Court has held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, ***there being no Federal Rule which covered the point in dispute***, *Erie* commanded the enforcement of state law."

*380 U.S. at 470 (emphasis added).* Thus, the *Erie* doctrine is not to be applied where a *Federal Rule of Civil Procedure* can address in its entirety an issue presented in a diversity action. *See also, Walker v. Armco Steel Corp., 446 U.S. 740 (1980)* (discussing the breadth and applicability of *Fed. R. Civ. P. 3* on the issue of determining when a diversity action is "commenced"); *cf., Morse v. Elmira Country Club, 752 F. 2d 35 (2nd Cir. 1984).*

In *Gasperini v. Center for Humanities, supra,* the Supreme Court reiterated the application of the "outcome determination" and "inequitable administration of the laws" tests in holding that state law governing the standard of appellate review of total damages awarded by a jury was to be applied in diversity cases rather than the test established under federal case law. *518 U.S. at 430 – 431. Gasperini, supra,* invoked the "outcome determination" and the "inequitable administration of the laws" tests since it focused on the substantial discrepancy that would result from differing appellate review standards for damage award remittiturs under state law and federal law.

In this case, application of the tests designed by the Supreme Court to determine whether state law or federal law applies to an issue in a diversity case and whether a state law is procedural or substantive in nature in diversity cases indicates that this Court should treat KESSLER as a third party defendant for all purposes in this action. Under the "outcome determination" test, treatment of KESSLER as a third party defendant pursuant to *Fed. R. Civ. P. 14(a)* would not significantly affect "the result of [this] litigation" particularly vis-à-vis the rights of the third-party plaintiffs / apportionment

plaintiffs CATANIA and BORRUSSO. A third party action under *Fed. R. Civ. P. 14(a)* would similarly result in a verdict on the issues of whether KESSLER committed malpractice and whether that malpractice caused or contributed to the injury and death of plaintiff's decedent. The potential for payment of monetary damages by a *Rule 14(a)* third party defendant has never been held by a federal appellate court to significantly affect "the result of a litigation". Moreover, damage awards requiring some degree of contribution by a third party defendant do not result in an outcome substantially different from proceedings in state court since defendant / third party plaintiffs must necessarily be primarily liable to the plaintiff for monetary damages.

This Court recognized the absence of any major alteration in "the result of [this] litigation" posed by application of third party practice under *Fed. R. Civ. P. 14(a)* when it noted the highly similar nature and shared common purpose of *Conn. Gen. Stat. § 52-102b(a)* apportionment claims and *Fed. R. Civ. P. 14(a)* third party claims:

> "Nonetheless, apportionment claims are like third-party claims in important respects. The apportionment plaintiff bears the burden of proving the apportionment defendant's liability. ***More fundamentally, apportionment and impleader under Rule 14 share a common purpose***: 'Defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'"

*Id., (emphasis added)*. Moreover, a determination that KESSLER is a third party defendant under *Fed. R. Civ. P. 14(a)* does not implicate "forum-shopping" concerns and concerns about the "inequitable administration of the laws" for the same reasons cited above.

10

Most important, it appears that the *Erie* doctrine should not be invoked to void the effect of *Fed. R. Civ. P. 14(a)* in this case. The scope of the third party practice authorized by *Rule 14(a)* covers the point in dispute in its entirety. In a third party action under *Fed. R. Civ. P. 14(a)*, defendants / third party plaintiffs CATANIA and BORRUSSO will have the burden of proving that KESSLER departed from proper medical practice and that such a departure was a contributing factor in causing injury to and the death of plaintiff's decedent similar to an apportionment claim under *Conn. Gen. Stat. § 52-102b(a)*. Similarly, a third party action under *Fed. R. Civ. P. 14(a)* accomplishes the same result and invokes the same rights vis-à-vis CATANIA and BORRUSSO as an apportionment claim under *Conn. Gen. Stat. § 52-102b(a)* and *§ 52-572h* since the purpose is to transfer to the third-party defendant a portion of the liability asserted against the defendants / third party plaintiffs by the plaintiff. The breadth of the effect of *Fed. R. Civ. P. 14(a)* essentially preempts the application of *Conn. Gen. Stat. § 52-102b(a)*.

In sum, federal appellate case law sets forth multiple grounds indicating that KESSLER's status is that of a *Fed. R. Civ. P. 14(a)* third party defendant for all purposes in the litigation rather than that of an apportionment defendant under *Conn. Gen. Stat. § 52-102b(a)*.

There is case law indicating that *§ 52-102b(a)* should be considered both substantive and procedural in nature. In *Lostritto v. Community Action Agency of New*

11

*Haven*, 269 Conn. 10, 848 A. 2d 418 (Conn. 2004), the Connecticut Supreme Court noted:

> § 52-102b was designed to create an effective means of accomplishing apportionment with reasonable certainty. This was not possible prior to § 52-102b, which delineated the proper timing and method of service of an apportionment complaint. Although § 52-102b contains some procedural aspects, its substantive purpose and effect cannot be minimized. Section 52-102b gives tangible force to the right to apportionment created in § 52-572h. Conversely, failure to comply with its requirements prevents a defendant from exercising the right to apportion liability. Accordingly, on the basis of the mandatory language employed by the legislature and our conclusion that § 52-102b (a) is substantive, we further conclude that the 120 day time limitation contained therein is mandatory.

*269 Conn. at 26.* In *Stingley v. Raskey, 1995 U.S. Dist. LEXIS 17649 (D. Alaska 1995)*, it was held that the Alaska apportionment statute was substantive state law applicable to statute of limitation issues in a negligence case where the United States was a party. Both *Lostritto, supra,* and *Stingley, supra,* should not be considered dispositive since the standards by which it is determined if state law or federal law applies to an issue in a diversity case and the standards by which it is determined if a state law is procedural or substantive in nature in diversity cases are governed by federal appellate decisional law. The Supreme Court's decisions in *Erie, supra, Guaranty, supra, Ragan, supra, Hanna, supra, Walker, supra,* and *Gasperini, supra,* make that particular point quite clear.

12

## CONCLUSION

For the above stated reasons, this honorable Court is respectfully requested to clarify the status of KESSLER by determining that he is to be treated as a third party defendant under *Fed. R. Civ. P. 14(a)* for all purposes in this litigation.

Dated: Larchmont, New York
       March 21, 2006

 

**JOSEPH LANNI (CT 23566)**
THE LAW FIRM
OF JOSEPH LANNI, P.C.
Attorneys for Plaintiff
LAURA GUIGLIANO
138 Chatsworth Avenue, Suites 6 – 8
Larchmont, New York 10538
(914) 834-6600

TO:

    SCOTT F. MORGAN, ESQ.
    WEINER, MILLO & MORGAN, LLC
    Co-Counsel for Plaintiff
    LAURA GUIGLIANO
    220 Fifth Avenue, 7th Floor
    New York, New York 10001

    NEUBERT, PEPE & MONTIETH, P.C.
    Attorneys for Defendants
    DANBURY HOSPITAL,
    195 Church Street
    New Haven, CT 06510

TO (cont'd):

        RYAN, RYAN, JOHNSON
        & DELUCA, LLP
        Attorneys for Defendant
        BORRUSO & DAN. SURG. ASSOC., P.C.
        80 Fourth Street
        Stamford, CT 06905

        HALLORAN & SAGE, L.L.P.
        Attorneys for Defendant
        CATANIA
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103

        RENDE, RYAN & DOWNES, LLP
        Attorneys for Apportionment Defendant / Third Party Defendant
        FRANK KESSLER, M.D.
        202 Mamaroneck Avenue
        White Plains, New York 10601

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York.  I served a true copy of the annexed:

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE MOTION OF OF APPORTIONMENT DEFENDANT / THIRD PARTY DEFENDANT FRANK KESSLER, M.D., dated March 21, 2006,**

on the date of March 22, 2006, by mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U. S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

  NEUBERT, PEPE & MONTEITH
  Attorneys for Defendants
  DANBURY HOSPITAL
  195 Church Street
  New Haven, CT 23067
  Tel.:  (203) 821-2000

  RYAN, RYAN, JOHNSON
  & DELUCA, LLP
  Attorneys for Defendants
  BORRUSSO & DANBURY SURG. ASSOC., P.C.
  80 Fourth Street
  Stamford, CT 06905
  Tel.:  (203) 357-9200

  HALLORAN & SAGE, LLP
  Attorneys for Defendants
  CATANIA
  One Goodwin Square
  Hartford, CT 06103
  Tel.: (860) 522-6103

TO (cont'd):

  SCOTT F. MORGAN (CT 23648)
  WEINER, MILLO & MORGAN, LLP
  Co-Counsel for Plaintiffs
  220 Fifth Avenue
  New York, New York 10001
  Tel.:  (212) 213-1220

  RENDE, RYAN & DOWNES, LLP
   Attorneys for Apportionment Defendant / Third Party Defendant
  FRANK KESSLER, M.D.
 202 Mamaroneck Avenue
 White Plains, New York 10601

Executed on March 21, 2006, Larchmont, New York.

 

_____
               **JOSEPH LANNI     (CT 23566)**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
=========================================X
LAURA GUIGLIANO, as Guardian Ad
Litem for MICHAEL GUIGLIANO, a
Person Adjudged to be Incompetent,
and LAURA GUIGLIANO, Individually,

                                                                                  *3:02 CV 718*
                        Plaintiffs,              *(RNC) (DFM)*

      –against –

DANBURY HOSPITAL, et al.

                        Defendants.
=========================================X

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE MOTION OF APPORTIONMENT DEFENDANT / THIRD PARTY DEFENDANT FRANK KESSLER, M.D.**

# THE LAW FIRM OF JOSEPH LANNI, P.C.

*Attorney for Plaintiff[s]*
LAURA GUIGLIANO
138 CHATSWORTH AVENUE, SUITES 6 – 8
LARCHMONT, NEW YORK 10538
Tel.: (914) 834-6600
Fax:  (914) 834-0152

17