UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------X
LAURA GUIGLIANO, as Administratrix of the	CIVIL ACTION NO.
Estate of MICHAEL GUIGLIANO, Deceased and	3:02 CV 718 (RNC) (DFM)
LAURA GUIGLIANO, Individually,

                Plaintiffs,

                                                                       March 29, 2006
    -against-

JOSEPH J. CATANIA, M.D.

                Defendant and Third-Party Plaintiffs,

    -against-

FRANK KESSLER, JR., M.D.,

                Third-Party Defendant.
-----------------------------------------------------------------------X

### THIRD-PARTY/APPORTIONMENT DEFENDANT, FRANK KESSLER, M.D.'S MEMORANDUM IN REPLY TO PLAINTIFF'S MEMORANDUM OF LAW

      This Memorandum is respectfully submitted in reply to plaintiff's Memorandum of Law concerning the underlying motion brought on behalf of third-party/apportionment defendant, Frank Kessler, M.D. for determination by this Court as to his status with regard to this litigation either as an apportionment defendant without monetary liability or as a third-party defendant with potential exposure for monetary damages.

      Plaintiff has stated no objection to that portion of the underlying motion brought on behalf of Frank Kessler, M.D. seeking an extension of time to serve expert disclosure.

      Plaintiff cites numerous cases in their Memorandum of Law which are purported to support the notion that Federal Courts have deemed parties such as Frank Kessler, M.D. to have strict third-party defendant status with the potential of monetary exposure. A close reading of those cases shows this not to be the case.

      Plaintiff's list of cases goes back chronologically to <u>Erie R. Co. v. Thompkins</u>, 304 U.S. 64 (1938). [Plaintiff Memorandum of Law at page 7] Although the progeny of <u>Erie</u> cover virtually every aspect of Federal litigation, the core holding applicable to this case is that "except in matters governed by the Federal Constitution of by acts of Congress, the law to be applied in any case is the

law of the state." 304 U.S. at 78. Due to an absence of federal common law the Federal Courts, based on Erie, have looked to State Law in matters not preempted by Federal Statute.

In an attempt to steer this Court toward finding Dr. Kessler a third-party defendant with potential monetary liability plaintiff's counsel discussed various Courts' treatment of the "outcome determination" and "inequitable administration of the laws" tests. Using the same analysis, one can read these cases to support the proposition that this Court should deem Frank Kessler, M.D. to be an apportionment defendant pursuant to the Connecticut statute under which he was brought in by the defendants.

Of significant note is that plaintiff could have sued Frank Kessler, M.D. in New York State Court or Connecticut State Court. Plaintiff chose not to do so. Separate actions in apportionment were brought by defendant Catania and by defendants Barruso and Danbury Surgical Associates, P.C. The gravamen of each of those Complaints was an apportionment theory pursuant to Connecticut Statute 52-102b. In Lostritto v. Community Action Agency of New Haven, 269 Conn. 10, 848 A.2nd 418 (2004) the Supreme Court of Connecticut identified the distinction between actions brought to apportion liability and actions seeking actual damages. The Court identified actions brought under section 52-102b as those seeking only an apportionment of liability where liability was defined (referring to Black's Law Dictionary) as a legal obligation or responsibility; however, actions instituted for damages were described by the Court as those seeking monetary compensation for loss or injury. The Court stated that "the terms are not synonymous." 269 Conn. at 43, 848 A2nd at 433.

In Lostritto, the Supreme Court of Connecticut discussed the evolution of tort reform in Connecticut which resulted in enactment of section 52-102b. To allow plaintiff in this case to use the apportionment action of the defendants as a conduit to place Frank Kessler, M.D. in a position of exposure for monetary damages would usurp the spirit, intent and letter of the Connecticut legislature in enacting General Statute §52-102b. The Court in Lostritto disagreed with the defendants' position that section 52-102(b) was a purely procedural statute; in their description of the history of this statute the Court discusses the manner in which section 52-102b created rights that previously did not

exist in Connecticut common law and stated that the section created more than a means to initiate third-party practice. 269 Conn. at 24-29, 848 A2nd 428-429.

It is respectfully suggested that plaintiff's reliance on Gasperini v. Center for Humanities, 518 U.S. 415 (1996) is misplaced based on the clear intent and language of the Connecticut apportionment statute and the Erie Doctrine. [Plaintiff Memorandum of Law at page 9] Indeed, the "inequitable administration of the laws" test would support the application sought in the instant motion by having this Court rule in conformity with Connecticut laws which are not preempted by Federal Statute.

To deny the application sought in this motion on behalf Frank Kessler, M.D. would provide plaintiff with a windfall recovery contrary to Connecticut law (General Statute section 52-102b) and inspite of their own decision not to bring a direct action against Frank Kessler, M.D. This Court should not condone that result.

WHEREFORE, it is respectfully urged that this Court grant the underlying motion and issue an Order that the status of Frank Kessler, M.D. in this litigation is that of an apportionment defendant without potential monetary liability to any party, for a further extension of time, up to and including April 14, 2006, within which Frank Kessler, M.D. must exchange expert information and for such other, further, and different relief as this Court finds proper in the circumstances.

APPORTIONMENT-DEFENDANT
FRANK J. KESSLER, MD.

By: _____
    ANDREW M. NEUBARDT
His attorney
RENDE, RYAN & DOWNES, LLP.
Federal Bar No. phv0714
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444
aneubardt@rrd-law.com

## CERTIFICATION

This is to certify that on this 30th day of March 2006, I hereby mailed a copy of the foregoing to:

THE LAW FIRM OF JOSEPH LANNI, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, New York 10538
**For the Plaintiff**

WEINER, MILLO & MORGAN, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001
**For the Plaintiff**

RYAN, RYAN, JOHNSON & DELUCA, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. & Borruso**

NEUBERT, PEPE & MONTIETH, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hospital, Julia Circiumara, Roth, Saipher Bennet, Brown, Hoffman, Doe #1, 2 & 3**

HALLORAN & SAGE, LLP
One Goodwin Square
Hartford, CT 06103
**For the Defendant Joseph J. Catania, M.D.**

\`
_____
Andrew M. Neubardt
Federal Bar No. phv 0714