## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

LAURA GUIGLIANO, as Administrator )
Of the Estate of MICHAEL GUIGLIANO, )
Deceased, and LAURA GUIGLIANO, )
Individually )          Civil No.: 302CV718 (RNC)
 )
            Plaintiffs, )
 )
v. )
 )
DANBURY HOSPITAL, J. BORRUSSO, M.D., )
JOSEPH CATANIA, M.D. and )
DANBURY SURGICAL ASSOCIATES, P.C. )
 )
            Defendants )          JULY 13, 2006

## MOTION FOR PROTECTIVE ORDER
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rules 26(c) and 30 of the Federal Rules of Civil Procedure and the Local

Rules of Civil Procedure, defendant, Danbury Hospital ("defendant" or "the Hospital"),

respectfully moves this Court for the entry of a protective order with regard to the continued

deposition of the Hospital's expert witness, Michael B. Teiger, M.D. As more fully set forth

below, Dr. Teiger has been questioned extensively and exhaustively by plaintiff's counsel on two

separate occasions regarding his opinions in this case. Plaintiff's counsel completed his

questioning of this witness three months ago; however, counsel now demands that the Hospital

produce Dr. Teiger yet again without identifying any additional areas of inquiry he wishes to

cover with this witness. Since Dr. Teiger has already been deposed and since plaintiff has not

supplied any legitimate reason to reconvene Dr. Teiger's deposition, the Hospital seeks an order

preventing plaintiff from continuing the deposition of this expert.  Good cause exists for the

entry of the relief requested, as any further questioning of Dr. Teiger by plaintiff can serve no

purpose except to harass and annoy the Hospital and its expert witness.  Counsel have conferred

in a good faith in an effort to resolve this dispute, but their efforts have been unsuccessful.  An

affidavit in compliance with Local Rule 37 is attached hereto as **Exhibit A**.

By way of background, the first session of Dr. Teiger's deposition occurred on February

28, 2006.  On that date, he was questioned by plaintiff's counsel for 1 hour and 55 minutes.  The

parties agreed to resume the deposition at a mutually-convenient time so that plaintiff's counsel

could complete his questioning of this expert.  Accordingly, the parties reconvened on Friday,

April 7, 2006 for Dr. Teiger's continued deposition.  During this second session, plaintiff's

counsel questioned the doctor for approximately 3 hours and 37 minutes.  After deposing Dr.

Teiger for a total of 5 hours and 32 minutes over two days, plaintiff's counsel concluded his

questioning, which is clearly reflected in the record.  See Deposition Transcript of Michael B.

Teiger, M.D., dated April 7, 2006 (excerpts attached hereto as **Exhibit B**), at p. 209 (plaintiff's

counsel stated that he had "no further questions" of Dr. Teiger).  Plaintiff's counsel further stated

on the record that plaintiff would not agree to pay for any further deposition time of this witness

if the co-defendants chose to resume the deposition in order to cross-examine Dr. Teiger.  Teiger

Deposition, at p. 210.  Counsel for the Hospital agreed to leave the deposition open for the

limited purpose of allowing the co-defendants an opportunity to question Dr. Teiger.  Teiger

Deposition, at p. 210.

Attorney Beverly Hunt, counsel for co-defendant Dr. Borruso, noticed Dr. Teiger's deposition for May 31, 2006 in order to cross-examine this witness on the opinions he had provided during his prior two deposition sessions. Due to a miscommunication, Dr. Teiger had not re-familiarized himself with Mr. Guigliano's care and treatment prior to this third session, and he did not have his file available to him during the deposition.[1] After less than an hour of questioning, all parties agreed to suspend the deposition and reconvene at some later time. Dr. Teiger did not offer any testimony during this abbreviated third session that could be characterized as a new opinion. In other words, the little substantive testimony that was elicited during this session was nothing more than a general restatement of some of the opinions expressed by Dr. Teiger during the course of his first two deposition sessions.

The Hospital agreed to make Dr. Teiger available to co-defendants to complete their cross-examination questions on June 28, 2006. Attorney Beverly Hunt renoticed Dr. Teiger's deposition for that date. On June 27, 2006, one day prior to the scheduled deposition, Attorney Hunt cancelled the deposition. Counsel for the Hospital indicated that, in light of the late cancellation, the Hospital did not intend to make the witness available again if the parties did not take advantage of the offered date. See correspondence to Attorney Lanni, dated June 28, 2006 (attached as **Exhibit D**). Attorney Hunt stated that she did not intend to pursue any further

---

[1] Dr. Teiger's office inadvertently supplied him with records of another patient to review in preparation for this deposition and, thus, Dr. Teiger did not have an opportunity to review Mr. Guigliano's chart immediately prior to the May 31 session. He testified that he would need to refresh his memory by reviewing the chart before he could answer any specific questions regarding this case. See Deposition Transcript of Michael B. Teiger, M.D., dated May 31, 2006 (excerpts attached hereto as **Exhibit C**), at pp. 231-33.

3

questioning of Dr. Teiger.  Thereafter, plaintiff's counsel indicated that he wished to resume Dr.

Teiger's deposition because he had "follow up questions" and that Attorney Hunt's questioning

of the witness raised "new issues".  See correspondence to Attorney Dinnan, dated June 27, 2006

and June 30, 2006 (attached as **Exhibit D**).  Counsel for the Hospital responded that plaintiff's

counsel had already fully examined the witness, having engaged Dr. Teiger in 5.5 hours of

questioning.  Furthermore, Attorney Dinnan asked plaintiff's counsel to identify the referenced

"new issues" that would warrant follow up questions so that the Hospital may consider his

request.  See correspondence to Attorney Lanni, dated July 5, 2006 (attached as **Exhibit D**).  To

date, plaintiff's counsel has not identified any new areas of inquiry that he wishes to pursue with

this witness.  Instead, he has among other things threatened to move for sanctions against the

Hospital's counsel unless the Hospital provides dates for Dr. Teiger's continued deposition.

Under Fed. R. Civ. P. 26(c), the Court "may make any order which justice requires to

protect a party or person from annoyance, embarrassment, oppression or undue burden or

expense, including…that the disclosure or discovery not be had."  A protective order should

enter as to the continuation of Dr. Teiger's deposition because plaintiff's counsel has already

fully examined this witness.  Since Dr. Teiger has already been deposed, plaintiff is not entitled

to resume his deposition absent court permission.  Fed. R. Civ. P. 30(a)(2)(B).  Moreover,

plaintiff has not demonstrated any legitimate reason to continue Dr. Teiger's deposition.  This

tactic appears to be designed merely to harass and annoy the Hospital and to inconvenience its

expert witness.  Dr. Teiger has been exhaustively questioned about his opinions in this case, and

virtually no new material was covered during the May 31 deposition to warrant any follow up
questions.

At the very least, if the Court is inclined to allow plaintiff to continue Dr. Teiger's
deposition, the Hospital seeks an order limiting the questioning to only that material covered by
co-defendant's cross examination, and then only for the maximum remaining time of 1 hour and
28 minutes.

WHEREFORE, defendant, Danbury Hospital, requests that this Court grant its motion for
protective order, prohibiting plaintiff from reconvening Dr. Teiger's deposition.  In the
alternative, the Hospital requests that, if the Court is inclined to allow a continued deposition of
Dr. Teiger, the deposition should be limited to 1 hour 28 minutes and the questioning confined to
the scope of the cross-examination conducted by co-defendants.


DEFENDANT,
DANBURY HOSPITAL


By:
Eric J. Stockman
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Fed. Bar No. 14981
(203) 821-2000


5

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the 13th day of July, 2006 to the following counsel of record:

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue – 7th Floor
New York, New York 10001

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

Andrew Neubardt, Esq.
Rende, Ryan & Downs
202 Mamaroneck Avenue
White Plains, NY

Richard C. Tynan, Esq.
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT 06103



Eric J. Stockman

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA GUIGLIANO, as Administrator<br>Of the Estate of MICHAEL GUIGLIANO,<br>Deceased, and LAURA GUIGLIANO,<br>Individually | )<br>)<br>)<br>) | Civil No.: 302CV718 (RNC) |
| Plaintiffs, | )<br>)<br>) | |
| v. | ) | |
| DANBURY HOSPITAL, J. BORRUSSO, M.D.,<br>JOSEPH CATANIA, M.D. and<br>DANBURY SURGICAL ASSOCIATES, P.C. | )<br>)<br>)<br>) | |
| Defendants | ) | JULY 13, 2006 |

### AFFIDAVIT OF COUNSEL RE:
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The undersigned, having been duly sworn, deposes and states as follows:

1.      I am over the age of 18 and believe in the obligation of an oath.

2.      I am a principal of the firm of Neubert, Pepe & Monteith, P.C. and counsel of record for the defendant, Danbury Hospital, in the above-captioned matter.

3.      I have personal knowledge of the fact that, both through exchange of written correspondence and by telephone, Attorney Maureen Sullivan Dinnan of this office conferred with opposing counsel regarding the issues addressed in defendant's Motion for Protective Order.  Counsel were unable to reach an agreement regarding the subject matter of this dispute; namely, whether plaintiff is entitled to reconvene the deposition of the Hospital's expert, Dr. Teiger.

Exhibit  A

4.      This affidavit is submitted as a supplement to the above-referenced motions

pursuant to Local Rule 37.

_____

Eric J. Stockman

Subscribed and sworn to before me this 13th day of July, 2006.

_____

Commissioner of the Superior Court

2

CERTIFIED COPY

VOLUME II

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - x

LAURA GUIGLIANO, as Administrator     :
of the Estate of Michael Guigliano,
Deceased, and LAURA GUIGLIANO,        :
individually,
                                      :

            Plaintiffs,
                                      : Case No.
       vs.
                                      : 3:02 CV 718
DANBURY HOSPITAL, J. BORRUSO,
M.D., JOSEPH CATANIA, M.D., and       :
DANBURY SURGICAL ASSOCIATES, P.C.,
                                      :
            Defendants.
                                      :
- - - - - - - - - - - - - - - - - x


            Continued deposition of MICHAEL B.

      TEIGER, M.D., taken pursuant to the

      Federal Rules of Civil Procedure, at the

      Offices of Pulmonary Internal Medicine

      Associates of Greater Hartford, 1000 Asylum

      Avenue, Hartford, Connecticut, before Bonita

      Cohen, a Registered Merit Reporter and Notary

      Public in and for the State of Connecticut,

      License Number 00041, on Friday, April 7,

      2006, at 1:23 p.m.

Exhibit _B_

1    Q.    That's something you would agree with?

2    A.    Of course.  Of course.

3    Q.    Whatever event or whatever cause of this

4   patient's cardiopulmonary arrest, Mr. Guigliano, would

5   you agree that that event was survivable in this

6   patient?

7                    MR. STOCKMAN:  Objection.

8                    MR. TIMOTHY GRADY:  Objection to form.

9    A.    That's such a difficult question to answer,

10  Attorney.  Cardiac arrests are always life-threatening,

11  and there are times when we successfully resuscitate

12  patients who develop cardiac arrest.  So, God willing,

13  this may be survivable, and in this gentleman it was

14  not.

15   Q.    Well, he didn't die --

16   A.    He survived the cardiac arrest, yes.  He was

17  successfully resuscitated.

18   Q.    Okay.  And he survived for another two and a

19  half years, approximately?

20   A.    Yes, sir, with deficits, as we know.

21   Q.    Right.

22                    MR. LANNI:  I have no further questions.

23                    MR. TIMOTHY GRADY:  Can we take a quick

24          break?

25                    (Article entitled "First Documented

1          Rhythm and Clinical Outcome From In-Hospital

2          Cardiac Arrest Among Children and Adults"

3          marked Plaintiff's Exhibit 6 for

4          identification)

5                    (Discussion off the record)

6                    MR. STOCKMAN:  We're going to adjourn

7          now at 5:00 o'clock, and I'm agreeing to

8          bring the witness back.  I may have some

9          questions.  The other defendants may have

10         some cross-examination, and we'll bring the

11         witness back, if requested, for a period of

12         time adequate to provide them the opportunity

13         to cross-examine.

14                   MR. TIMOTHY GRADY:  So agreed.

15                   MR. MICHAEL GRADY:  That's fine.

16                   MR. LANNI:  So agreed.  Whatever

17         testimony at another session, I'm not --

18         plaintiff is not going to take responsibility

19         for paying for.

20                   MR. STOCKMAN:  That's fine.

21                   (Time noted:  5:00 p.m.)

22                   (Jurat follows on page 212, no omission)

23

24

25

CERTIFIED COPY

213

1                        VOLUME III

2      IN THE UNITED STATES DISTRICT COURT

3      FOR THE DISTRICT OF CONNECTICUT
       - - - - - - - - - - - - - - - - - x
4
       LAURA GUIGLIANO, as Administrator   :
5      of the Estate of Michael Guigliano,
       Deceased, and LAURA GUIGLIANO,      :
6      individually,
                                           :
7                      Plaintiffs,
                                           : Case No.
8               vs.
                                           : 3:02 CV 718
9      DANBURY HOSPITAL, J. BORRUSO,
       M.D., JOSEPH CATANIA, M.D., and     :
10     DANBURY SURGICAL ASSOCIATES, P.C.,
                                           :
11                     Defendants.
                                           :
12     - - - - - - - - - - - - - - - - - x

13

14          Continued deposition of MICHAEL B.

15          TEIGER, M.D., taken pursuant to the

16          Federal Rules of Civil Procedure, at the

17          Offices of Pulmonary Internal Medicine

18          Associates of Greater Hartford, 1000 Asylum

19          Avenue, Hartford, Connecticut, before Bonita

20          Cohen, a Registered Merit Reporter and Notary

21          Public in and for the State of Connecticut,

22          License Number 00041, on Wednesday, May 31,

23          2006, at 10:27 a.m.

24

25                   Exhibit _C_

231

1    MS. HUNT:  That's okay.  Under

2    Connecticut rules you can state your

3    objection to form but it cannot be a speaking

4    objection.

5    MS. DINNAN:  That's why I objected.

6    A.   Unfortunately, Attorney, your question is too

7    broad for me to know how to answer it with any

8    accuracy, and again, I apologize if I seem difficult.

9    I just don't know how to answer this question.

10    Q.   All right.  We will certainly deal with this

11    issue further at trial because your answer is not

12    responsive.

13    In this case, when did Mr. Guigliano begin to

14    require oxygen on a continuous basis?

15    MS. DINNAN:  Do you need to look at the

16    medical records?

17    THE WITNESS:  I think I'll need to look

18    at the records.

19    MS. DINNAN:  Off the record.

20    (Discussion off the record)

21    MS. HUNT:  I'll rephrase the question.

22    Q.   During the hospitalization of Mr. Guigliano

23    in February of 2001, did he begin to require oxygen on

24    a continuous basis around the time of February 10th?

25    A.   To be honest, Attorney, I have not looked at

232

1    this record since we met last, which means that I would

2    have to go back and look through this entire record to

3    refresh my memory. I'd be happy to do that, but I

4    think that would be not possible at this time for me to

5    answer your questions specifically. If we need to do

6    that, then I'll need to come back and rereview all

7    these in careful detail to answer these specific

8    questions.

9        Q.   All right. As of February 17th, 2001, was

10   this patient requiring in the morning time period, let

11   me just say 6:00 a.m., was this patient requiring

12   oxygen on a continuous basis?

13              MS. DINNAN:  I'm going to also object to

14        the form. What do you mean by "a continuous

15        basis"?

16       Q.   Was he receiving oxygen continuously or did

17   he have it on and take it off? Was it intermittent?

18   Was it prn? Was it ad-lib? What was his use of oxygen

19   during the morning hours?

20              THE WITNESS:  Can we take a break for a

21        minute, please?

22              MS. DINNAN:  Sure.

23              (Recess taken)

24              MS. DINNAN:  On the record now.

25              In light of the fact that Dr. Teiger's

SCRIBES, INC.

1          office had given him a similar sounding name

2          to this case, but not this Guigliano case, he

3          had not reviewed the right chart prior to

4          this deposition.  We're going to reconvene

5          the deposition and the doctor is going to

6          commit sufficient time in order for the

7          defendants to do their cross-examination, a

8          full cross-examination.

9              MS. HUNT:  Okay.  And all counsel here

10         agree?

11             MR. LANNI:  Yes.

12             MR. MICHAEL GRADY:  Agreed.

13             MR. TIMOTHY GRADY:  Agreed.

14             MS. HUNT:  Thank you very much.

15             (Time Noted:  11:20 a.m.)

16             (Jurat follows on page 233)

17

18

19

20

21

22

23

24

25

# The Law Firm Of
# JOSEPH LANNI, P. C.
138 Chatsworth Avenue, Suites 6 – 8
Larchmont, New York 10538
Tel: (914) 834-6600  /  Fax: (914) 834-0152

June 27, 2006

**VIA FACSIMILE**
**VIA REGULAR MAIL**

Maureen S. Dinnan, Esq.
Eric J. Stockman, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 23067

RE:  **GUIGLIANO v. DANBURY HOSPITAL, ET AL.**
     *302 CV 718 (RNC)(DFM)*

Dear Counsel:

This acknowledges receipt via facsimile today at 3:35 p.m of correspondence from Beverly J. Hunt, Esq., of Ryan, Ryan, et al., counsel for defendant Borrusso, canceling the continued deposition of the defendant hospital's expert, Dr. Michael B. Teiger, which had been scheduled for tomorrow at 10:30 a.m.  Based upon the testimony taken from Dr. Teiger on May 31, 2006, under the questioning of Ms. Hunt, we have follow up questions for Dr. Teiger as permitted by the *Fed. R. Civ. P.*  Thus, kindly contact this office to provide prospective dates for this continued deposition so that the questioning may continue.  Given the time constraints placed upon the parties, we ask that this be done in an expeditious manner.

Very truly yours,

JOSEPH LANNI    (CT 23566)

JL/yk



Exhibit _____ *D*

*Neubert, Pepe, et al.*
*June 27, 2006*
*Page 2 of 2*

Cc:    (VIA FACSIMILE)

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001

Andrew M. Neubardt, Esq.
Rende, Ryan & Downes, LLP
202 Mamaroneck Avenue
White Plains, New York 10601

Beverly Hunt, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905

Timothy Grady, Esq.
Halloran & Sage, L.L.P
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

# NEUBERT, PEPE & MONTEITH, P.C.
Attorneys At Law

195 Church Street, 13th Floor
P.O. Box 1940
New Haven, Connecticut 06509-1940
Telephone (203) 821-2000
Facsimile (203) 821-2009

Michael D. Neubert
Gregory J. Pepe
Deborah Monteith Neubert
Douglas S. Skalka
Judy K. Weinstein
Peter T. Fay
Andrew R. Lubin
Robert T. Gradoville
Nancy Bohan Kinsella

Eric J. Stockman
Kevin M. Godbout
Cameron C. Staples
Gretchen G. Randall
Linda M. Pelechacz
Mark E. Stopa
Jason T. Prueher
Lucas B. Rocklin

Counsel:
Simon I. Allentuch
Louis J. Testa
Maureen Sullivan Dinnan

Of Counsel:
Sonja Goldstein

Eric I. B. Beller (1950-2002)

30 Jelliff Lane
Southport, Connecticut 06490
Telephone (203) 254-9332
Facsimile (203) 254-9239

*Reply to P.O. Box*
*www.npmlaw.com*

June 28, 2006

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538

Re:   **Guigliano v. Danbury Hospital, et al.**

Dear Attorney Lanni:

Please be advised that I received your facsimile timed at 16:43 on June 27, 2006 today on June 28. Please be advised that Beverly Hunt, Esq. of Ryan, Ryan, Johnson & Deluca canceled the continued deposition of Dr. Michael B. Teiger late yesterday afternoon. I called Attorney Hunt regarding the late cancellation of the deposition. I explained to her that given the late cancellation, we would object to producing Dr. Teiger at any future date. Please be further advised that you have already examined Dr. Teiger for seven hours and we will not produce Dr. Teiger for further questioning pursuant to FRCP 30 (d).

Please call me to discuss the matter.

Very truly yours,

Maureen Sullivan Dinnan

cc:   All Counsel of Record
      Mr. Christopher Grant
      Paul D. Williams, Esq.
      Patti GaNun

# The Law Firm Of
# JOSEPH LANNI, P. C.
138 Chatsworth Avenue, Suites 6 – 8
Larchmont, New York 10538
Tel: (914) 834-6600  /  Fax: (914) 834-0152

June 30, 2006

**VIA FACSIMILE**
**VIA REGULAR MAIL**

Maureen S. Dinnan, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 23067

RE:    **GUIGLIANO v. DANBURY HOSPITAL, ET AL.**
          *302 CV 718 (RNC)(DFM)*

Dear Counsel:

This acknowledges receipt in today's mail of correspondence from you, dated June 28, 2006, in which you refuse to produce the defendant hospital's expert, Dr. Michael B. Teiger, for a continued deposition.

Your assertion that the plaintiff has examined Dr. Teiger for seven (7) hours is clearly erroneous. Thus, your reliance on *Fed. R. Civ. P. 30 (d)* to prevent further questioning and obstruct proper discovery is inappropriate. Moreover, Ms. Hunt's questions and Dr. Teiger's responses raise new issues which entitle the plaintiff to follow up questions in order to obtain a fair examination of the deponent. Kindly provide us with prospective dates for a continued deposition of Dr. Teiger so that plaintiff can have a fair examination of this expert witness under *Fed. R. Civ. P. 26 (b) (4) (A) – (B)* and *Fed. R. Civ. P. 30 (d)(2) – (3)*. If we do not receive appropriate prospective dates for the continued deposition of this expert witness to be held in July by Wednesday, July 5, 2006, we will have no choice but to file a motion with the Court for an order compelling this discovery and requesting sanctions, costs and fees against your office pursuant to *Fed. R. Civ. P. 30 (d) (3)*.

Very truly yours,

JOSEPH LANNI    (CT 23566)

JL/yk

*Neubert, Pepe, et al.*
*June 30, 2006*
<u>*Page 2 of 2*</u>

Cc:     (VIA FACSIMILE)

        Scott F. Morgan, Esq.
        Weiner, Millo & Morgan, LLC
        220 Fifth Avenue, 7th Floor
        New York, New York 10001

        Andrew M. Neubardt, Esq.
        Rende, Ryan & Downes, LLP
        202 Mamaroneck Avenue
        White Plains, New York 10601

        Beverly Hunt, Esq.
        Ryan, Ryan, Johnson & Deluca, LLP
        80 Fourth Street
        Stamford, CT 06905

        Timothy Grady, Esq.
        Halloran & Sage, L.L.P
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103

# NEUBERT,
# PEPE &
# MONTEITH, P.C.
Attorneys At Law

195 Church Street, 13th Floor
P.O. Box 1940
New Haven, Connecticut 06509-1940
Telephone (203) 821-2000
Facsimile (203) 821-2009

| | | |
|---|---|---|
| Michael D. Neubert | Eric J. Stockman | **Counsel:** |
| Gregory J. Pepe | Kevin M. Godbout | Simon I. Allentuch |
| Deborah Monteith Neubert | Cameron C. Staples | Louis J. Testa |
| Douglas S. Skalka | Gretchen G. Randall | Maureen Sullivan Dinnan |
| Judy K. Weinstein | Linda M. Pelechacz | |
| Peter T. Fay | Mark E. Stopa | **Of Counsel:** |
| Andrew R. Lubin | Jason T. Prueher | Sonja Goldstein |
| Robert T. Gradoville | Lucas B. Rocklin | |
| Nancy Bohan Kinsella | | Eric I. B. Beller (1950-2002) |

30 Jelliff Lane
Southport, Connecticut 06490
Telephone (203) 254-9332
Facsimile (203) 254-9239

*Reply to P.O. Box*
*www.npmlaw.com*

July 5, 2006

**VIA FACSIMILE**
Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
1-914-834-0152

Re:    **Guigliano v. Danbury Hospital, et al.**

Dear Attorney Lanni:

I have received your correspondence dated June 30, 2006. Please be advised that I have reviewed the two transcripts for depositions of Dr. Teiger taken by you and it appears that you have questioned Dr. Teiger for approximately 5.8 hours. Attorney Hunt examined for approximately one hour. A continued deposition of Dr. Teiger had been scheduled at the request of Attorney Hunt. Attorney Hunt canceled Dr. Teiger's confirmed deposition without explanation at approximately 3:30 p.m. on the day before his deposition was to resume. When I returned to the office from court at approximately 4:30 p.m., I contacted Attorney Hunt and advised her that we were prepared to proceed with the deposition of Dr. Teiger. She represented that she did not intend to resume the deposition. We advised Dr. Teiger accordingly

I am not attempting to obstruct proper discovery. You have fully examined Dr. Teiger. Please specify the new issues which you claim Attorney Hunt's limited questions and Dr. Teiger's limited responses entitle follow-up questions and we can consider the merit of your request. At this time, it would appear that your correspondence constitutes a threat in order to pursue an examination that is intended to be conducted in bad faith or in such a manner as to unreasonably annoy, or oppress or embarrass Dr. Teiger and/or this counsel.

Joseph Lanni, Esq.
July 5, 2006
Page 2 of 2

I will be on vacation from July 7 through July 16 and will be returning to the office on July 17.

Please call me to discuss this matter.

Very truly yours,

Maureen Sullivan Dinnan

cc:    All Counsel of Record
       Eric J. Stockman, Esq.
       Mr. Christopher Grant
       Paul D. Williams, Esq.
       Ms. Patti GaNun