UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
=======================================X
LAURA GUIGLIANO, as Guardian Ad
Litem for MICHAEL GUIGLIANO, a
Person Adjudged to be Incompetent,
and LAURA GUIGLIANO, Individually,

                 *3:02 CV 718*
      Plaintiffs,      *(RNC) (DFM)*

  –against –

DANBURY HOSPITAL, et al.

      Defendants.
=======================================X


# PLAINTIFFS' MOTION[1] TO PRECLUDE THE TRIAL TESTIMONY OF DEFENDANT HOSPITAL'S MEDICAL EXPERT OR COMPEL PRODUCTION OF THIS EXPERT WITNESS FOR A CONTINUED DEPOSITION AND FOR EXPENSES & SANCTIONS AGAINST DEFENDANT HOSPITAL'S COUNSEL FOR <u>OBSTRUCTION OF PROPER DISCOVERY</u>

(Dated: July 12, 2006)

Plaintiff's counsel respectfully requests that this Court issue an Order for the following relief:

  Pursuant to *Fed. R. Civ. P. 37(b)(2)(B)*, precluding the trial testimony of the defendant hospital's medical expert, Dr. Teiger, due to the intentional failure of defendant hospital's counsel to comply with this Court's Order, dated May 10, 2006, by refusing to produce this expert witness for a continued deposition and by intentionally frustrating the fair examination of this deponent; or, in the alternative,

---

[1] ORAL ARGUMENT [IS _____ /IS NOT __<u>X</u>__] REQUESTED FOR THIS MOTION.

1

Pursuant to *Fed. R. Civ. P. 37(a)(2)(B)* and *Fed. R. Civ. P. 37(a)(3)*, compelling the continued deposition of the defendant hospital's medical expert, Dr. Teiger, by July 31, 2006, to permit a full, complete and fair examination of this expert witness in accordance with the requirements of *Fed. R. Civ. P. 30(d)(2), Fed. R. Civ. P. 26(b)(2)* and *Fed. R. Civ. P. 26(b)(4)(B)* and the timetable set by this Court's Order of May 10, 2006;

Pursuant to *Fed. R. Civ. P. 37(a)(4)*, directing defendant hospital's counsel to pay to plaintiff the reasonable expenses incurred in making this motion, including attorney's fees, for the intentional failure to comply with this Court's Order, dated May 10, 2006, by refusing to produce an expert witness for a continued deposition and for intentionally frustrating the fair examination of this deponent; and

Any other relief deemed to be just and proper by this Court under the circumstances.

## CERTIFICATION OF GOOD FAITH

The undersigned counsel has made good faith attempts to confer with defendant hospital's counsel to resolve the issues presented by this motion without court intervention. Those attempts have included telephone calls on the dates of June 27, June 30, July 3, July 5, and July 7, 2006 and correspondence forwarded via facsimile and regular mail on the dates of June 27, 2006, and June 30, 2006. These efforts have been unsuccessful in resolving the above mentioned issues thereby necessitating this motion.

## FACTS & CHRONOLOGY OF EVENTS

On May 10, 2006, this Court issued an Order which, in part, stated that "[e]xpert witness depositions will be completed by June 30, 2006." (*See, Court Docket No. 227, Order of Judge Chatigny, May 10, 2006*.) Counsel for defendant Danbury Hospital has has violated this Order and obstructed proper discovery by refusing the repeated requests

of plaintiff's counsel to produce its medical expert, Dr. Teiger, for a continued deposition.

Pursuant to a deposition notice, plaintiff's counsel commenced the deposition of the defendant hospital's medical expert, Dr. Teiger, on February 28, 2006. (*See, Exhibit A, Deposition of Michael B. Teiger, M.D., dated February 28, 2006*.)  Questioning began at 8:50 a.m. and continued until 10:10 a.m. (total time: 80 minutes) when a recess was taken by the defendant hospital's counsel. (*See, Exhibit A, Deposition of Michael B. Teiger, M.D., dated February 28, 2006, pp. 1 & 56*.)  Questioning by plaintiff's counsel recommenced at 10:27 a.m. and continued until 11:02 a.m. when the deposition was adjourned (total time: 35 minutes) on consent of the parties due to Dr. Teiger's patient care commitments.  (*See, Exhibit A, Deposition of Michael B. Teiger, M.D., dated February 28, 2006, pp. 4, 56 & 79*.)  It should further be noted that there were three pauses in the proceedings noted by the court reporter during questioning. (*See, Exhibit A, Deposition of Michael B. Teiger, M.D., dated February 28, 2006, pp. 8, 13 & 33*.)

Questioning of Dr. Teiger by plaintiff's counsel resumed at a continued deposition on April 7, 2006.  (*See, Exhibit B, Continued Deposition of Michael B. Teiger, M.D., dated April 7, 2006*.)  The continued deposition began at 1:23 p.m. and proceeded until 5:00 p.m. (total time: 217 minutes) when the proceedings were adjourned with an agreement to produce this expert witness again for questioning by the co-defendants' and third party apportionment defendant's counsel. (*See, Exhibit B, Continued Deposition of Michael B. Teiger, M.D., dated April 7, 2006, pp. 82 & 210*.)  It should further be noted

that there were four pauses in the proceedings (*see, Exhibit B, Continued Deposition of Michael B. Teiger, M.D., dated April 7, 2006, pp. 120, 125, 151 & 188*), eight discussions off the record (*see, Exhibit B, Continued Deposition of Michael B. Teiger, M.D., dated April 7, 2006, pp. 95, 113, 123, 127, 168, 194, 205 & 210*) and three recesses (*see, Exhibit B, Continued Deposition of Michael B. Teiger, M.D., dated April 7, 2006, pp. 115, 163 & 174*) noted by the court reporter during questioning at this continued deposition.

Another continued deposition of Dr. Teiger was held on May 31, 2006. (*See, Exhibit C, Continued Deposition of Michael B. Teiger, M.D., dated May 31, 2006*.) Questioning commenced at this continued deposition by counsel for co-defendant Borrusso. (*See, Exhibit C, Continued Deposition of Michael B. Teiger, M.D., dated May 31, 2006, p. 216*.) The questioning of this witness started at 10:27 a.m. and the record remained open until 11:02 a.m. (total time: 53 minutes). (*See, Exhibit C, Continued Deposition of Michael B. Teiger, M.D., dated May 31, 2006, pp. 213 & 233*.) A recess was taken by the defendant hospital's counsel before the close of the record and, though the duration of the recess is not noted in the record, the undersigned counsel observed that this recess took approximately 15 minutes in length. (*See, Exhibit C, Continued Deposition of Michael B. Teiger, M.D., dated May 31, 2006, p. 232*.) At the time that this continued deposition was adjourned at 11:02 a.m., the defendant hospital's counsel stated on the record that Dr. Teiger would again be produced to permit completion of his expert witness deposition. (*See, Exhibit C, Continued Deposition of Michael B. Teiger, M.D., dated May 31, 2006, pp. 232 – 233*.)

In sum, questioning of the defendant hospital's medical expert, Dr. Teiger, by plaintiff's counsel proceeded for a period of time totaling 5 hours and 32 minutes (total time: 332 minutes); however, this does not take into account multiple recesses, pauses in the proceedings and discussions off the record noted in the transcripts and described *supra*. Questioning of the defendant hospital's medical expert, Dr. Teiger, by co-defendant Borrusso's counsel proceeded for a period of time totaling 53 minutes; however, this does not take into account the 15 minute recess taken by the defendant hospital's counsel. Thus, the record remained open during the deposition testimony for this expert witness for a total duration of 6 hours and 25 minutes (total time: 385 minutes); however, this period of time does not take into account the previously mentioned multiple pauses in the proceedings, discussions off the record and recesses that occurred during that time.

During the questioning of Dr. Teiger by co-defendant Borrusso's counsel on May 31, 2006, new issues and subject matters were raised in the testimony of the defendant hospital's expert witness related to his opinions about medical care rendered by the co-defendant physicians. Plaintiff's counsel planned at that time to ask follow up questions addressing these new issues and subject matters at the next session of the continued deposition of this expert witness.

A continued deposition of the defendant hospital's medical expert, Dr. Teiger, was scheduled for June 28, 2006, at 10:30 a.m., by co-defendant Borrusso's counsel. On June 27, 2006, at 3:35 p.m., the office of plaintiff's counsel received via facsimile a letter

5

of the same date addressed to all counsel by co-defendant Borrusso's counsel in which it was advised that they would not be proceeding with this continued deposition scheduled for the next morning.  (*See, Exhibit D, letter of Beverly J. Hunt, Esq., dated June 27, 2006*.)  When this letter was seen by the undersigned at approximately 4:00 p.m., a telephone call was placed to the defendant hospital's counsel to request that Dr. Teiger be produced for follow up questioning by plaintiff's counsel and any other counsel who chose to ask questions at that time.  No response to this phone call was received on that date from the defendant hospital's counsel by plaintiff's counsel.

After the aforementioned phone call was placed by plaintiff's counsel and no response was forthcoming, a letter was subsequently forwarded via facsimile to the defendant hospital's counsel on June 27, 2006, at 4:43 p.m., by plaintiff's counsel.  (*See, Exhibit E, letter of Joseph Lanni, Esq., dated June 27, 2006*.)  That letter requested that Dr. Teiger be produced for a continued deposition so that follow up questions could be asked of this expert witness.  No response to this letter was received on that date from the defendant hospital's counsel by plaintiff's counsel.  Due to the lack of a response from the defendant hospital's counsel to the plaintiff's previously noted phone call and faxed letter and due to the lateness of the hour, it was impossible for plaintiff's counsel to make arrangements for a continued deposition of this expert witness the next day (June 28).

On June 30, 2006, plaintiff's counsel received via regular mail a letter from the defendant hospital's counsel dated June 28, 2006.  (*See, Exhibit F, letter of Maureen Sullivan Dinnan, Esq., dated June 28, 2006*.)  Ms. Dinnan's letter, in part, states:

6

> "I called Attorney Hunt regarding the late cancellation of the deposition. I explained to her that *given the late cancellation, we would object to producing Dr. Teiger at any future date*. Please be further advised that *you have already examined Dr. Teiger for <u>seven hours</u>* and *we will not produce Dr. Teiger for further questioning pursuant to FRCP 30(d)*."

(*See, Exhibit F, letter of Maureen Sullivan Dinnan, Esq., dated June 28, 2006.*)

(*Emphasis added.*)

Ms. Dinnan's letter demonstrates an intent on the part of the defendant hospital's counsel to obstruct proper discovery for two reasons. First, Ms. Dinnan refused to make this witness available for follow up questioning by plaintiff's counsel and any other counsel involved in the case based upon the late hour cancellation of co-defendant Borrusso's counsel. In other words, Ms. Dinnan obstructed discovery sought by plaintiff's counsel premised upon the actions of a co-defendant. Second, Ms. Dinnan further refused to make this witness available for follow up questioning by plaintiff's counsel based upon the obviously false and erroneous assertion that the plaintiff had "examined" this expert witness for the seven hour time guidelines contained in *Fed. R. Civ. P. 30(d)*. As previously noted, the transcripts of the deposition and continued depositions of expert witness Dr. Teiger demonstrate that plaintiff's counsel only questioned Dr. Teiger for 5 hours and 32 minutes.

Plaintiff's counsel immediately responded to the June 28, 2006, letter of Ms. Dinnan with both a phone call and a letter sent via facsimile and regular mail dated June 30, 2006. (*See, Exhibit G, letter of Joseph Lanni, Esq., dated June 30, 2006.*) The letter of plaintiff's counsel pointed out to defendant hospital's counsel, Ms. Dinnan, the fallacy

7

of her claim that the plaintiff had questioned Dr. Teiger for seven hours.  (*See, Exhibit G, letter of Joseph Lanni, Esq., dated June 30, 2006*.)  This letter also asked the defendant hospital's counsel for "prospective dates for a continued deposition of Dr. Teiger" and advised that defendant hospital's counsel would be given five days – to July 5 – to provide such dates otherwise motion practice would ensue on this issue.  (*See, Exhibit G, letter of Joseph Lanni, Esq., dated June 30, 2006*.)  A follow up phone call was made by the undersigned to the defendant hospital's counsel on July 3 to discuss this matter; however, no response was forthcoming from defendant hospital's counsel at that time.

In a letter dated July 5, 2006, forwarded via facsimile, the defendant hospital's counsel again refused to provide prospective dates for the continued deposition of Dr. Teiger.  (*See, Exhibit H, letter of Maureen Sullivan Dinnan, Esq., dated July 5, 2006*.) Additional phone conversations between the undersigned attorney and Ms. Dinnan on the dates of July 5 and July 7 were held in an effort to persuade the defendant hospital's counsel to produce Dr. Teiger for completion of his deposition and forego a motion practice; however, no such agreement for this continued deposition was obtained from the defendant hospital's counsel.  The undersigned subsequently gave the defendant hospital additional time until today to reconsider its position prior to the filing of this motion.

## ARGUMENT

The intransigence of the defendant hospital's counsel against producing their expert witness, Dr. Teiger, has: (1) prevented completion of the continued deposition of this witness; (2) obstructed a fair examination of the deponent by plaintiff's counsel; and (3) is premised upon false and meritless grounds.  This obstruction of discovery by defendant hospital's counsel has prejudiced the rights of the plaintiff since a trial date is now imminent and trial preparations are underway.  In its Order dated May 10, 2006, this Court directed that a joint trial memorandum be filed by the parties on August 21, 2006, and that the trial start on September 19, 2006.  (*See, Court Docket No. 227, Order of Judge Chatigny, May 10, 2006*.)

In view of the circumstances, it is respectfully requested that this Court preclude the trial testimony of the defendant hospital's medical expert, Dr. Teiger, under *Fed. R. Civ. P. 37(b)(2)(B)*, due to the intentional failure of defendant hospital's counsel to comply with the Order dated May 10, 2006.  The defendant hospital's counsel has willfully refused to produce this expert witness for a continued deposition and frustrated the fair examination of this deponent.  In the alternative, this Court should compel the continued deposition Dr. Teiger, under *Fed. R. Civ. P. 37(a)(2)(B)* and *Fed. R. Civ. P. 37(a)(3)*, by July 31, 2006, to permit a full, complete and fair examination of this expert witness in accordance with the requirements of *Fed. R. Civ. P. 30(d)(2), Fed. R. Civ. P. 26(b)(2)* and *Fed. R. Civ. P. 26(b)(4)(B)* and the timetable set by this Court's Order of May 10, 2006.  Finally, this Court is asked to direct defendant hospital's counsel to pay to plaintiff the reasonable expenses incurred in making this motion, including attorney's

fees, under *Fed. R. Civ. P. 37(a)(4)*, for the intentional failure to comply with this Court's Order, dated May 10, 2006, and the prejudicial conduct necessitating the filing of this motion by plaintiff. Any award of attorney's fees should be based on the approximate ten (10) hours time expended by plaintiff's counsel on the issues presented by this motion.

## CONCLUSION

It is respectfully requested that the Court grant the relief sought by this motion and any other relief that it deems to be just and proper in this matter.

Dated: Larchmont, New York
      July 12, 2006

                              Yours, etc.,

                              _____
                              **JOSEPH LANNI**    (CT 23566)
                              The Law Firm Of
                              JOSEPH LANNI, P.C.
                              Attorneys for Plaintiff
                              LAURA GUIGLIANO
                              138 Chatsworth Avenue, Suites 6 – 8
                              Larchmont, New York 10538
                              (914) 834-6600
                              Fax:  (914) 834-0152

TO:

NEUBERT, PEPE & MONTIETH, P.C.
Attorneys for Defendants
DANBURY HOSPITAL,
195 Church Street
New Haven, CT 06510

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendant
BORRUSO & DANBURY SURG. ASSOC.
80 Fourth Street
Stamford, CT 06905

HALLORAN & SAGE, L.L.P.
Attorneys For Defendant
CATANIA
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

SCOTT F. MORGAN, ESQ.
WEINER, MILLO & MORGAN, LLC
Co-Counsel for Plaintiff
LAURA GUIGLIANO
220 Fifth Avenue, 7th Floor
New York, New York 10001

RENDE, RYAN & DOWNES, LLP
Attorneys for Apportionment Defendant / Third Party Defendant
FRANK KESSLER, M.D.
202 Mamaroneck Avenue
White Plains, New York 10601

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York. I served a true copy of the annexed:

**PLAINTIFFS' MOTION TO PRECLUDE THE TRIAL TESTIMONY OF DEFENDANT HOSPITAL'S MEDICAL EXPERT OR COMPEL THE PRODUCTION OF THIS EXPERT WITNESS FOR A CONTINUED DEPOSITION AND FOR EXPENSES & SANCTIONS AGAINST DEFENDANT HOSPITAL'S COUNSEL FOR OBSTRUCTION OF DISCOVERY, with Exhibits "A" – "G", dated July 12, 2006;**

on the date of July 12, 2006, by submitting same via electronic means to the Court Docket at CMECF@ctd.uscourts.gov and mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U.S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:

TO:

   NEUBERT, PEPE & MONTEITH
   Attorneys for Defendants
   DANBURY HOSPITAL
   195 Church Street
   New Haven, CT 23067
   Tel.: (203) 821-2000

RYAN, RYAN, JOHNSON
& DELUCA, LLP
Attorneys for Defendants
BORRUSSO & DANBURY SURG. ASSOC., P.C.
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

HALLORAN & SAGE, LLP
Attorneys for Defendants
CATANIA
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103

TO (cont'd):

   SCOTT F. MORGAN (CT 23648)
   WEINER, MILLO & MORGAN, LLP
   Co-Counsel for Plaintiffs
   220 Fifth Avenue
   New York, New York 10001
   Tel.:  (212) 213-1220

   RENDE, RYAN & DOWNES, LLP
   Attorneys for Apportionment Defendant / Third Party Defendant
   FRANK KESSLER, M.D.
  202 Mamaroneck Avenue
  White Plains, New York 10601


Executed on, July 12, 2006, in Larchmont, New York.

                                                            _____
                                                            **JOSEPH LANNI     (CT 23566)**