IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURA GUIGLIANO, as Administrator<br>Of the Estate of MICHAEL GUIGLIANO,<br>Deceased, and LAURA GUIGLIANO,<br>Individually | )<br>)<br>)<br>) | Civil No.: 302CV718 (RNC) |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| DANBURY HOSPITAL, J. BORRUSO, M.D.,<br>JOSEPH CATANIA, M.D. and<br>DANBURY SURGICAL ASSOCIATES, P.C. | )<br>)<br>)<br>) | |
| Defendants | ) | AUGUST 24, 2006 |

**MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S PROPOSED EXHIBIT 8:
CONNECTICUT DEPARTMENT OF PUBLIC HEALTH INVESTIGATION FILE**

Pursuant to the Federal Rules of Evidence, the defendants, John Borruso, M.D. and Danbury Surgical Associates, P.C., respectfully move to preclude the plaintiff from introducing into evidence the Connecticut Department of Public Health Investigation file (hereinafter, the "DPH File,"). In the parties' Joint Trial Memorandum, the plaintiff identified the entire 25-page DPH File as an exhibit, despite the fact that certain entries and declarations contained therein are clearly inadmissible on various grounds, including but not limited to irrelevancy, hearsay, lack of foundation and evidence of subsequent remedial measures. Thus, the plaintiff should be required to identify with specificity the portion or portions of the DPH File that she intends to introduce into evidence so that the parties may focus their arguments only on those portions and stipulate that the remainder of the DPH File be redacted.

In support of this motion, the defendant, Dr. Borruso and Danbury Surgical Associates, P.C. rely on the reasoning and arguments articulated in the memorandum filed by the co-defendant, Danbury Hospital.

WHEREFORE, the defendants, John Borruso, M.D., and Danbury Surgical Associates, P.C., request that this Court grant its Motion and exclude the DPH File from evidence. Alternatively, if the plaintiff identifies the precise portion or portions of the DPH File that she will seek to introduce into evidence, the parties may then address the admissibility of each specific proposed item.

THE DEFENDANTS,
J. BORRUSO, M.D. AND DANBURY
SURGICAL ASSOCIATES, P.C.

By:_____
Kevin M. Tepas, Esq. (CT 05552)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT  06905
Phone No. 203-357-9200

## CERTIFICATION

      This is to certify that on this 24th day of August 2006, I hereby mailed a copy of the foregoing to:

| | |
|---|---|
| Joseph Lanni, Esq.<br>138 Chatsworth Avenue, Suites 6-8<br>Larchmont, NY 10538<br>**For the Plaintiff** | Scott F. Morgan, Esq.<br>Weiner Millo & Morgan, LLC<br>220 Fifth Avenue, 7th Floor<br>New York, NY 10001<br>**For the Plaintiff** |
| Eric J. Stockman, Esq.<br>Maureen Sullivan Dinnan, Esq.<br>Nancy A. Meehan, Esq.<br>Michael D. Neubert, Esq.<br>Neubert Pepe & Montieth, P.C.<br>195 Church Street<br>New Haven, CT 06510<br>**For the Defendant Danbury Hosp.** | Richard C. Tynan<br>Halloran & Sage, LLP<br>One Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103-4303<br>**For Defendant, Joseph J. Catania, M.D.** |
| Andrew Neubardt, Esq.<br>Rende, Ryan & Downes, LLP<br>202 Mamaroneck Road<br>White Plains, NY 10601<br>**For the Third-Party/Apport.-Defendant Kessler** | |

_____                                                                         _____
      **Kevin M. Tepas, Esq.**