UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
=========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased,
and LAURA GUIGLIANO, Individually,

                    Plaintiff(s)

            -against-
                                                    *3:02 CV 718*
                                                    *(RNC)(DFM)*
DANBURY HOSPITAL, J. BORRUSSO, M.D.,
JOSEPH J. CATANIA, M.D., and
DANBURY SURGICAL ASSOCIATES, P.C.,

                    Defendants.
=========================================X

J. BORRUSSO, M.D., JOSEPH J. CATANIA, M.D.,
and DANBURY SURGICAL ASSOCIATES, P.C.,

            Third Party Apportionment Plaintiffs,


            -against-


FRANK KESSLER, M.D.,
            Third Party Apportionment Defendant.
=========================================X

# DEFENDANTS' SECTIONS TO JOINT TRIAL MEMORANDUM


                                    Dated: August 24, 2006

**Guigliano v. Danbury Hospital, et al.** *3:02 CV 718 (RNC)(DFM)*

      Defendants, John Borusso, M.D., Danbury Surgical Associates, P.C., Joseph Catania, M.D. and Danbury Hospital submit the following as the defendants' sections and objections to plaintiff's initial proposed section to the Joint Trial Memorandum.  Subsequent to the conference call of all trial counsel on August 21, 2006, these defendants respectfully submit that plaintiff's final section and the section of the apportionment defendant have not been provided for review by defendants and defendants reserve the right to make objections or reply as needed.

**Trial Counsel:**

Plaintiff's Counsel:

Joseph Lanni (CT 23566)
Joseph Lanni, P.C.
138 Chatsworth Ave., Ste. 6 – 8
Larchmont, N.Y. 10538
(914) 834-6600

Scott F. Morgan (CT 23648)
Weiner, Millo & Morgan, LLP
220 Fifth Avenue
New York, N.Y. 10001
Tel.: (212) 213-1220

Defendants' Counsel:

Eric J. Stockman (CT 14981)
Maureen Sullivan Dinnan (CT 05587)
Neubert, Pepe & Monteith (Danbury Hospital)
195 Church Street
New Haven, CT 06510
Tel.: (203) 821-2000

Paul Williams (CT 05244)
Barbara T. Burke (CT 22331)
Day, Berry & Howard, LLP
185 Asylum Street
Hartford, CT  06103-349

Kevin Tepas (CT05552)
Ryan, Ryan, Johnson & Deluca, LLP (Borrusso & Danbury Surg. Assoc., P.C.)
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

Richard C. Tynan (CT04235)
Timothy J. Grady (CT26730)
Halloran & Sage, LLP (Catania)
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103

                    (CT        )
Rende, Ryan & Downes, LLP (Kessler)
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

**Jurisdiction:**

The jurisdiction of this Court is premised upon the diversity of citizenship among the

parties, as plaintiffs are citizens of the State of New York and the defendants are citizens of

the State of Connecticut with their principal and actual places of business in that state and

the matter in controversy exceeds, exclusive of interest and costs, the sum specified by *28*

*U.S.C. §1332 (i.e.:* $75,000.00).

**Jury trial:**

Plaintiffs have demanded a trial by jury of all issues presented in this action that are

triable as of right by a jury pursuant to *Fed. R. Civ. P. 38 (a)* such demand having been set

forth in the Complaint filed on April 24, 2002, and all subsequent amended pleadings filed

by the plaintiff.

**Nature of Case:**

This action is for medical malpractice, loss of services and consortium, negligence and wrongful death. It involves events during the February 7, 2001 – April 17, 2001, admission of Michael Guigliano to Danbury Hospital.  It is alleged that Mr. Guigliano's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital's employees and the defendant physicians whose care he was under during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.

**Defendants' Proposed Stipulations of Fact and Law:**

1.      Plaintiff's decedent Michael Guigliano sustained anoxic encephalopathy following a cardiopulmonary arrest while a patient at Danbury Hospital on February 17, 2001.

2.      Plaintiff's decedent Michael Guigliano died on July 14, 2003.

3.      Iulia Circiumaru, M.D., Vanessa Saipher, Joe Roth and Maryann Milleville, R.N., were agents and employees acting within the scope of their employment duties at Danbury Hospital during the care and treatment rendered to Michael Guigliano.

4.      Defendant Danbury Hospital is vicariously liable for the agents and employees named above who were acting within the scope of their employment duties during the treatment at issue.

5.      John Borusso, M.D. is a general surgeon who provided care and treatment to Michael Guigliano.

6.      Joseph Catania, M.D. is a general surgeon who provided care and treatment

to Michael Guigliano.

7.     Frank Kessler, M.D. is an internal medicine physician who provided care and treatment to Michael Guigliano.

8.     Doctors F. Scott Gray and James DePuy are orthopedic surgeons who provided care and treatment to Michael Guigliano.

9.     Georgina Knowles and Deanna Wolffe are physician assistants employed by the orthopedic surgeons who provided care and treatment to Michael Guigliano.

10.     Scott Berger, M.D. is a radiologist employed by Danbury Radiological Associates.

11.     The present action was commenced on April 24, 2002, with the filing of a Complaint dated April 12, 2002.

12.     Defendants Joseph J. Catania, M.D., John Borruso, M.D. and Danbury Surgical Associates have filed Apportionment Complaints against Mr. Guigliano's primary care physician, Frank J. Kessler, M.D., pursuant to Connecticut General Statutes § 52-572h, et seq., and § 52-102b.

13.     Defendants Joseph J. Catania, M.D., John Borruso, M.D. and Danbury Surgical Associates have filed Notices of Claim for Apportionment as to: Scott B. Berger, M.D., James Depuy, M. D., F. Scott Gray, M.D., Georgiana Knowles, P.A. and Deanna Wolffe, P.A., each of whom were previously parties to this action and released by the plaintiff under Section 52-102b(c) of the Connecticut General Statutes.

14.     Medical expenses incurred on behalf of plaintiff's decedent Michael Guigliano total $741,348.06.

15.    Funeral and burial expenses incurred due to the death of plaintiff's decedent Michael Guigliano total $14,964.00.

**Plaintiff's Contentions:**

Plaintiff contends that the following deviations from the standard of medical care occurred during the hospital admission at issue:

Defendant Borrusso negligently removed a nasogastric tube from the patient on February 15, 2001, which was needed to treat abdominal distention.

Defendants Borrusso and Catania negligently failed to reinsert a nasogastric tube when they saw the patient on February 16 and 17, 2001, after the abdominal distention had worsened.

Defendant Borrusso negligently failed to correct electrolyte abnormalities and low hemoglobin/hematocrit values causing the patient to be more susceptible to a cardiac arrhythmia from a lack of oxygen.

Defendant Danbury Hospital's nursing staff negligently failed to transport the patient to the radiology department on February 17, 2001, for a CT scan without the supervision of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor.

Defendant Catania negligently failed to transport the patient to the radiology department on February 17, 2001, for a CT scan without the supervision of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor.

Defendant Danbury Hospital's nursing staff negligently failed to follow doctor's

orders to use cardiopulmonary monitoring devices on the patient.

Defendant Danbury Hospital's staff negligently failed to transport the patient to the radiology department on February 17, 2001, without supplemental oxygen in use or negligently discontinued supplemental oxygen at some point in time during or after transport.

Defendant Danbury Hospital's staff negligently failed to call a "code" in a timely manner when the patient suffered severe respiratory distress in the CT scan room on February 17, 2001.

Defendant Danbury Hospital's staff negligently directed the "code" to the wrong floor in the hospital when the patient suffered severe respiratory distress in the CT scan room on February 17, 2001.

Defendant Danbury Hospital's staff negligently failed to respond to the "code" and perform CPR in a timely manner.

Defendant Danbury Hospital's staff negligently failed to timely perform chest compressions and proper techniques during CPR.

Defendant Danbury Hospital's staff negligently failed to use an oral airway during CPR.

Plaintiff further contends that the negligent removal and failure to reinsert the nasogastric tube were substantial factors in causing the abdominal distention to increase and the increased abdominal distention resulted in compression of the patient's lungs and progressively worsening breathing problems.  The lung compression and the breathing problems became seriously aggravated when the patient was placed flat for the CT Scan on

February 17, 2001, and were substantial factors in causing the patient's severe respiratory distress and respiratory arrest at that time.  Plaintiff further contends that the numerous acts of negligence committed by defendant Danbury Hospital's staff were substantial factors in causing the patient's severe respiratory distress and the subsequent respiratory arrest, cardiopulmonary arrest, prolonged absence of oxygen, and permanent severe brain damage suffered by the patient.  Plaintiff further contends that the numerous acts of negligence committed by defendants were substantial factors in causing the death of the patient more than two years later on July 14, 2003.

Plaintiff finally contends that, as a result of the foregoing negligent acts of the defendants, the foregoing damages were sustained.  During the two years that he lived after the cardiopulmonary arrest, Michael Guigliano sustained conscious pain and suffering, the destruction of the capacity to carry on life's activities, loss of earnings, expenses for continued medical and hospital care, and death.  Laura Guigliano sustained the loss of the services, society, companionship and consortium of her husband during that time and as a result of his death.  As a result of his death, the Estate of Michael Guigliano sustained loss of future earnings and income, the destruction of the capacity to carry on life's activities in the way that the decedent would have done had he lived, loss of services, and funeral and burial expenses.

**<u>Defendants' Contentions:</u>**

Defendant Danbury Hospital denies plaintiffs' allegations and asserts that no agents or employees of Danbury Hospital in the care and treatment of Michael Guigliano deviated from the standard of care and nothing they did or are alleged to have failed to do caused the

damages claimed.  The floor nurse did not disregard any physician orders and transportation to the CT Scan on February 17, 2001 met standard of care for the circumstances then and there existing.  There is no evidence that Michael Guigliano was transported without supplemental oxygen or that the supplemental oxygen was discontinued.  Moreover, no alleged violation regarding transportation proximately caused plaintiff's injuries.  Defendant further asserts that a code was timely called and was appropriately conducted.  There was timely response by the code team to the proper location.  No alleged deviation from the standard of care regarding the code proximately caused plaintiffs' injuries. Expert witnesses will testify that there was no deviation from the standard of care by agents and employees of Danbury Hospital and that no alleged act or omission by agents or employees of Danbury Hospital caused the damages claimed.

Dr. Borruso has denied all of the plaintiff's claims of negligence in this matter.  It is his position that his care and treatment of the plaintiff was at all times within the accepted standards of medical care.  No actions by the defendants, Dr. Borruso or Danbury Surgical Associates, P.C., was a substantial factor in causing any of the plaintiff's alleged injuries. More specifically, the defendant responds to the plaintiff's contentions as follows:

It was appropriate to remove the NG tube on February 15.

At no time should the nasogastric tube have been reinserted after February 15th prior to the patient's cardiopulmonary arrest as such could have caused complications including predisposing the patient to aspiration pneumonia.

It was reasonable for Dr. Borruso to assume that Dr. Kessler, the patient's primary care physician and internist, would take the lead in management of any electrolyte

abnormalities, anemia, and progressive pulmonary issues.  It is clear from the medical record that while many physicians document concern and awareness of the patient's fluids, electrolytes and hemoglobin and hematocrit values, the overall management of these issues was being performed by the orthopedic and medical services.

Dr. Borruso's experts will testify that the radiological findings supported the presumed diagnosis of colonic ileus likely secondary to narcotic analgesia.  Mr. Guigliano's continued abdominal distension was likely the result of *C Diff*. colitis or continued colonic ileus, neither of which requires a nasogastric tube, particularly in the absence of nausea and vomiting, as was the case with Mr. Guigliano.  Ultimately, the etiology of Mr. Guigliano's respiratory difficulty on February 17th was likely multifactorial, with pulmonary contusion, fat emboli, small pulmonary emboli, atelectasis, idiopathic arrhythmia and fluid overload all as potential causative agents.  The removal of the nasogastric tube by Dr. Borruso, in and of itself, was not a substantial factor in causing Mr. Guigliano's death.

Dr. Catania denies all of the plaintiff's claims of negligence in this matter.  It is his position that his care and treatment of the plaintiff was at all times within the applicable standard of care.  No action by the defendant, Dr. Catania was a substantial factor in causing any of the plaintiff's alleged injuries.  More specifically, the defendant responds to the plaintiff's contentions as follows:

As Mr. Guigliano did not exhibit nausea, vomiting or abdominal pain, on the morning of February 17th 2001, there was no indication for the placement of an NG tube by Dr, Catania.  An NG tube can lead to complications including but not limited to aspiration pneumonia and in an anticoagulated patient, such as Mr. Guigliano, gastrointestinal

bleeding.  Mr. Guigliano's diagnostic imaging studies supported the diagnosis of colonic

ileus likely secondary to narcotic analgesia.  Mr. Guigliano's continued abdominal

distension was likely the result of C Diff. colitis or continued colonic ileus, neither of which

would be alleviated by the placement of a nasogastric tube.

When Dr. Catania evaluated him on the morning of February 17, 2001, Mr.

Guigliano had stopped passing flatus and his abdominal distention continued.  The

appropriate test, a CT scan of the abdomen and pelvis, was therefore ordered.

It was reasonable for Dr. Catania to rely that Dr. Kessler, the patient's primary care

physician and internist, would take the lead in management of any electrolyte abnormalities,

anemia, and progressive pulmonary issues.  It is clear from the medical record that while

many physicians document concern and awareness of the patient's fluids, electrolytes and

hemoglobin and hematocrit values, the overall management of Mr. Guigliano's care was

being performed early in his hospitalization by the orthopedic service and subsequently by

the medical service.

The medical service directed by Dr. Kessler shared responsibility for coordinating

Mr. Guigliano's care with the admitting orthopedic service after February 8, 2001.  The

medical service along with the orthopedic service requested the Dr. Borruso's surgical

consult.  The orthopedic surgeons relied on Dr. Kessler to medically clear Mr. Guigliano

before they would perform the second orthopedic procedure on February 13, 2001. From

that point in the hospitalization forward, Dr. Kessler was clearly the orchestrator of Mr.

Guigliano's care.  Dr. Kessler and the rest of the medical team monitored Mr. Guigliano's

lab work, wrote orders for electrolyte replacement and at the specific request of the

orthopedic service, managed his anticoagulant therapy.  Dr. Kessler directed Mr.

Guigliano's care and was the communicator among the various services treating Mr.

Guigliano and the Guigliano family.

Dr. Kessler was responsible for monitoring Mr. Guigliano's overall medical care and

condition.  Therefore, Dr. Kessler was in the best position to evaluate any changes in Mr.

Guigliano's condition, and whether or not he required continuous monitoring.  To the extent

that the failures to appreciate changes in Mr. Guigliano's condition and/or adequately

monitor him at CT scan are proven at trial to be deviations from the standard of care, Dr.

Kessler is the physician responsible.

In the end, the etiology of Mr. Guigliano's cardiopulmonary difficulties , which lead

to his arrest on February 17th is unknown but, was likely multifactorial, with pulmonary

emboli, pulmonary contusion, fat emboli, atelectasis, idiopathic arrhythmia and fluid

overload all as potential causative agents.

**Legal Issues:**

There are three elements to an action for medical malpractice in the State of

Connecticut. "[T]o prevail in a medical malpractice action, the plaintiff must prove each

element as to each defendant (1) the requisite standard of care for treatment, (2) a deviation

from the standard of care, and (3) a causal connection between the deviation and the claimed

injury." ***Boone v. William W. Backus Hosp., 272 Conn. 551, 864 A. 2d 1 (Conn. 2005); see***

***also, Gold v. Greenwich Hospital Assn., 262 Conn. 248, 254-255, 811 A. 2d 1266 (Conn.***

***2002).***

Plaintiff must prove each of the three elements as to each defendant.  If plaintiff fails

to prove any element as to any or all defendants then plaintiff may not recover from that defendant even if plaintiff has proven injuries.

Upon a jury verdict finding that plaintiff has proven the foregoing three elements, the plaintiff is entitled to an award of damages for all injuries and losses, past and future, which are proximately caused by the defendant's proven negligence.  In a personal injury action, plaintiff is entitled to an award of both past and future economic damages and non-economic damages including the cost of medical care, lost earnings, physical pain and suffering, mental and emotional suffering, destruction of the capacity to carry on life's activities and loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function. ***See, Bartholomew v. Schweizer, 217 Conn. 671, 587 A. 2d 1014 (Conn. 1991); see also, Connecticut Civil Jury Instructions, § 2.40(a).*** In a wrongful death action, plaintiff is entitled to just damages including loss of future earnings and income, the destruction of the capacity to carry on life's activities in the way that the decedent would have done had he lived, loss of services, and funeral and burial expenses. ***See, Katsetos v. Nolan, 170 Conn. 637, 368 A. 2d 172 (Conn. 1976); Waldron v. Paccio, 166 Conn. 608, 353 A. 2d 770 (Conn. 1974); Kiniry v. Danbury Hospital, 183 Conn. 448, 439 A. 2d 408 (Conn. 1981); Conn. Stat. § 52-555; see also, Mather v. Griffin Hospital, 207 Conn. 125, 540 A. 2d 666 (Conn. 1988).*** The decedent's surviving spouse is further entitled to damages for loss of consortium. ***See, Conn. Stat. § 52-555a.***

Connecticut's Tort Reform Act II, General Statutes § 52-572h(c) abolished joint and several liability and provides for proportional fault and allocation of damages.  In a negligence action to recover damages resulting from personal injury, wrongful death or

damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable non-economic damages.

Pursuant to Section 52-102b of the Connecticut General Statutes, a defendant in any civil action to which section 52-572h applies may serve a Apportionment Complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability.

Pursuant to Section 52-102b(c) of the Connecticut General Statutes, if a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action.

In Bloom v. Gershon, 271 Conn. 96, 110 (2004), the Connecticut Supreme Court held that "apportionment claims are claims for the apportionment of liability and are, therefore, separate and distinct from claims for monetary damages." The defendant's right

of apportionment is not an independent and discrete cause of action, which might be severed from the plaintiffs' claim against the defendant and tried separately.  It is a basic part of the defendant's defense to the plaintiffs' direct claims against him.  At trial, the jury will consider the apportionment defendant as if he were a defendant who had been sued directly by the plaintiffs.

**Proposed Voir Dire Questions:**

See, Exhibit A Plaintiff's Proposed Voir Dire Questions.

**Objection:  Defendants object to two questions that plaintiff proposes to submit to the voir dire panel, asking if they could "award a verdict in a substantial amount if the evidence warranted" or if there is any "specific amount of damages beyond which they would not award."  These questions are an impermissible attempt to prepare the jury to award a large sum of money.  See, e.g., Bleau v. Ward, 221 Conn. 331 (1992).**

Exhibit B, Defendants Proposed Voir Dire Questions

Defendants have not been provided Third Party Apportionment Defendant Kessler's Proposed Voir Dire Questions and reserve the right to object.

**List of Witnesses:**

Plaintiff's Case-in-Chief:

Fact Witnesses:

Laura Guigliano
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for

Special Care and Kingston Hospital; statements made by or to the defendants and/or
defendant's employees; observations of the decedent's physical condition; decedent's past
and future economic damages (cost of medical care, lost earnings); decedent's non-
economic damages (destruction of the capacity to carry on life's activities, loss of the ability
to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral
and burial expenses. (Estimated time: 7.5 hrs.)

**Objection:  Defendants, Danbury Hospital, John Borruso, M.D, and Danbury Surgical
Associates, P.C. reserve the right to object to proffered testimony of Laura Guigliano.
As a lay witness, she may not testify as to medical condition.  See Federal Rule of
Evidence 701.  Defendants further object to proffered statements claimed to be made
by defendants or defendant's employees, and requires plaintiff make an offer of proof
to establish the necessary foundation pursuant to Federal Rules of Evidence 801 and/or
613.  Defendants further object to testimony regarding filial loss of consortium.**

Michael Guigliano, Jr.
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of
the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for
Special Care and Kingston Hospital; statements made by or to the defendants and/or
defendant's employees; observations of the decedent's physical condition; decedent's past
and future economic damages (cost of medical care, lost earnings); decedent's non-
economic damages (destruction of the capacity to carry on life's activities, loss of the ability
to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral
and burial expenses. (Estimated time: 2.5 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical
Associates, P.C., reserve the right to object to proffered testimony of Michael
Guigliano.  As a lay witness, he may not testify as to medical condition.  See Federal
Rule of Evidence 701.  Defendants further object to proffered statements claimed to be
made by defendants or defendant's employees, and requires plaintiff make an offer of
proof to establish the necessary foundation pursuant to Federal Rules of Evidence 801
and/or 613.  Defendants further object to testimony regarding filial loss of consortium.**

Lauren Guigliano
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of
the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for
Special Care and Kingston Hospital; statements made by or to the defendants and/or

defendant's employees; observations of the decedent's physical condition; decedent's past and future economic damages (cost of medical care, lost earnings); decedent's non-economic damages (destruction of the capacity to carry on life's activities, loss of the ability to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral and burial expenses. (Estimated time: 2.5 hrs.)

**Objection: Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to proffered testimony of Lauren Guigliano. As a lay witness, she may not testify as to medical condition. See Federal Rule of Evidence 701. Defendants further object to proffered statements claimed to be made by defendants or defendant's employees, and requires plaintiff make an offer of proof to establish the necessary foundation pursuant to Federal Rules of Evidence 801 and/or 613. Defendants further object to testimony regarding filial loss of consortium.**

F. Scott Gray, M.D.
33 Hospital Ave.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

**Objection: Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness. Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope. In addition, this witness may not testify as to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.**

**Objection: Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Gray's participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

James W. DePuy, M.D.
33 Hospital Ave.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

**Objection:  Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.  Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope.  In addition, this witness may not testify as to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.**

**Objection:  Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Depuy's participation in care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.**

John J. Borrusso, M.D.
7 Galilee Way
Newtown, CT 06470

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 7.5 hrs.)

**Objection:  Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.  Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope.  In addition, this witness may not testify as**

to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.

**Objection: Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Borruso's participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

Joseph J. Catania, M.D.
107 Newtown Rd.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

**Objection: Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness. Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope. In addition, this witness may not testify as to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.**

**Objection: Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Catania's participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

Frank Kessler, M.D.
Route 6
Brewster, New York 10509

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information

contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 4.5 hrs.)

**Objection: Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness. Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope. In addition, this witness may not testify as to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.**

**Objection: Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Kessler's participation in care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

T. Lane
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 0.5 hrs.)

**Objection: Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., reserve the right to object to any testimony that goes beyond the scope of her participation in care and treatment of Michael Guigliano. Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b. Defendants object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Maryann Elizabeth Milleville, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees; (Estimated time: 3.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserve the right to object to any testimony that goes beyond the scope of her participation in care and treatment of Michael Guigliano.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Maureen Burnett, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees; (Estimated time: 2.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D., Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of her participation in care and treatment of Michael Guigliano.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Betsy D. Miles
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements

made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

**Objection: Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C. object to proffered testimony of Betsy Miles as she did not participate in care and treatment of Michael Guigliano and did not enter or review any entries in the records of Michael Guigliano for the purposes of care and treatment. Moreover, Betsy Miles was not disclosed as an expert witness. Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701, 702 and 402. Defendants further object to references to any statements made to the State of Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Laurie Lynn Brentlinger, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

**Objection: Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C. object to proffered testimony of Laurie Lynn Brentlinger as she did not participate in care and treatment of Michael Guigliano and did not enter or review any entries in the records of Michael Guigliano for the purposes of care and treatment. Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402. Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b. Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Vanessa Saipher
30 Canterbury Rd.
New Milford, CT 06776

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements

made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. object to proffered testimony of Vanessa Saipher insofar as it may go beyond her participation in care and treatment of Michael Guigliano.   Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Joseph Roth
257 Dayton Rd.
Trumbull, CT 06611

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 2.5 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. object to proffered testimony of Joe Roth insofar as it may go beyond his participation in care and treatment of Michael Guigliano.   Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402. Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Larissa Nichole Howard
7 Main St., Apt 11
Bethel, CT 06801

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the observations, assessments, and impressions made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 2.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates object to proffered testimony of Larissa Howard insofar as she did not participate in care and treatment of Michael Guigliano and did not enter or review any entries in the medical chart of Michael Guigliano for the purposes of care and treatment.   Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402.  Defendants further object to references to any statements made to the State of Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Dorothy Troiano
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. object to proffered testimony of Dorothy Troiano insofar as she did not participate in care and treatment of Michael Guigliano and did not enter or review any entries in the medical chart of Michael Guigliano for the purposes of care and treatment.  Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402.  Defendants further object to references to any statements made to the State of Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Scott B. Berger, M.D.
15 Maple Way
Armonk, New York 10504

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 2.5 hrs.)

**Objection:  Defendant Danbury Hospital reserves the right to object to any testimony that goes beyond the scope of his participation in care and treatment of Michael**

**Guigliano.  The witness has not been identified as an expert witness.  Defendant further objects to the proffered testimony insofar as it represents that this witness will testify as to "relevant practices, procedures and protocols at Danbury Hospital" on the grounds of relevance, foundation and scope.  In addition, this witness may not testify as to nursing practices, procedures or protocols. See, Federal Rules of Evidence 104, 402, 403, and 701.**

**Objection:  Defendants John Borruso, M.D. and Danbury Surgical Associates, P.C. reserve the right to object to any testimony that goes beyond the scope of Dr. Berger's participation in care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.**

JoAnn Brown, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

**Objection:  Defendants, Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., reserve the right to object to any testimony that goes beyond the scope of her participation in care and treatment of Michael Guigliano.  Federal Rule of Evidence 701.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Beth Ann Hoffman, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements

made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

**Objection: Defendants, Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserve the right to object to any testimony that goes beyond the scope of her participation in care and treatment of Michael Guigliano. Federal Rule of Evidence 701. Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b. Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Patricia M. DiLauro, R.T.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.5 hrs.)

**Objection: Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to proffered testimony of Patricia DiLauro insofar as it may go beyond her participation in care and treatment of Michael Guigliano. Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402. Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b. Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Timothy J. Hendrie, C.R.N.A.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.5 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., object to proffered testimony of Timothy Hendrie insofar as it may go beyond his participation in care and treatment of Michael Guigliano.  Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Iulia Circiumaru-Grillo, M.D.
38 Ricci Lane
North Kingstown, R.I. 02852

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., object to proffered testimony of Iulia Circiumaru-Grillo insofar as it may go beyond her participation in care and treatment of Michael Guigliano. Defendants reserve the right to object to testimony in accordance with Federal Rules of Evidence 701 and 402.  Defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine attached.**

Records Custodian
Danbury Hospital
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Northeast Center for Special Care 300

Grant Avenue
Lake Katrine, New York 12449

This witness will testify about the following: authentication of records (if necessary).
(Estimated time: 0.2 hrs.)

Records Custodian
Kingston Hospital
396 Broadway
Kingston, New York 12401

This witness will testify about the following: authentication of records (if necessary).
(Estimated time: 0.2 hrs.)

Records Custodian
Brewster Central School District
30 Farm to Market Road
Brewster, New York 10509-9956

This witness will testify about the following: authentication of records (if necessary).
(Estimated time: 0.2 hrs.)

Records Custodian
Wright Risk Management
377 Oak Street
Garden City, New York 11530

This witness will testify about the following: authentication of records (if necessary).
(Estimated time: 0.2 hrs.)

Records Custodian
New York State & Local Employees Retirement Fund
110 State Street
Albany, New York 12244

This witness will testify about the following: authentication of records (if necessary).
(Estimated time: 0.2 hrs.)

Records Custodian
Connecticut Department of Public Health
410 Capital Avenue
Hartford, CT 06134

This witness will testify about the following: authentication of records (if necessary).

(Estimated time: 0.2 hrs.)

**Objection:  Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C. object to the introduction of records of the Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Expert Witnesses:

Brian Kaufman, M.D.
Two Rubins Court
Dix Hills, New York 11746

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of medical care committed by the defendants and the defendant hospital's employees; the expert opinions of the witness on the causes of the respiratory arrest, cardiopulmonary arrest, severe anoxic encephalopathy and death of the decedent; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hrs.)

A summary of the opinions of this witness is as follows: defendant Borruso deviated from proper medical practice by removing a nasogastric tube (NGT) from the patient; defendants Borruso and Catania deviated from proper medical practice by failing to reinsert the NGT; defendants Danbury Hospital and Catania deviated from proper medical practice by transporting the patient without the supervision and monitoring of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor; defendant Danbury Hospital deviated from proper medical practice by transporting the patient without supplemental oxygen in use or negligently discontinuing supplemental oxygen during or after transport; defendant Danbury Hospital deviated from proper medical practice by failing to timely call a "code", failing to timely respond to a "code", directing the "code" to the wrong location; and failing to timely perform proper CPR technique; the patient's respiratory compromise, hypoxemia and cardiopulmonary abnormalities were caused by atelectasis and abdominal distention; that the patient sustained severe respiratory distress, hypoxemia, and respiratory arrest due to atelectasis and abdominal distention exacerbated by a supine position; the deviations from proper medical practice committed by the defendants were caused and contributed to the respiratory arrest, subsequent cardiopulmonary arrest and severe anoxic encephalopathy sustained by the patient; and the patient's death was due to complications from severe anoxic encephalopathy. The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DPH investigative file records; Northeast Center for Special Care medical records; Kingston

Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Richard Batista, M.D.
Nassau University Medical Center
2201 Hempstead Turnpike
East Meadow, New York 11554

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of medical care committed by the defendants and the defendant hospital's employees; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 4.5 hrs.)

A summary of the opinions of this witness is as follows: defendant Borruso deviated from proper medical practice by removing a nasogastric tube (NGT) from the patient; defendants Borruso and Catania deviated from proper medical practice by failing to reinsert the NGT. The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Gerard A. Catanese, M.D.
64 Muttontown Road
Syosset, New York 10005

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinion of the witness on the post-cardiopulmonary arrest level of consciousness exhibited by the patient; the expert opinion of the witness on the patient's post-cardiopulmonary arrest responsiveness to noxious, tactile and verbal stimuli, the expert opinion of the witness on the clinical evidence indicating that the patient experienced pain and discomfort related to his injuries and the medical treatment necessitated by those injuries; the expert opinion of the witness on the manner of death and the cause of death of plaintiff's decedent; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 3.5 hrs.)

A summary of the opinions of this witness is as follows: the patient's death was due to complications from severe anoxic encephalopathy; the patient's death was due to an

abdominal hemorrhage secondary to anticoagulation therapy given for the patient's immobility from brain damage and medical condition and the patient's inability to communicate pain, discomfort and changes in his condition due to the abdominal wall bleeding as a result of the brain damage. The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DPH investigative file records; Northeast Center for Special Care medical records; Kingston Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

**Objection:  Defendants Danbury Hospital, John Borusso, M.D. and Joseph Catania, M.D. object to any opinions regarding conscious pain and suffering in accordance with Motions in Limine attached.**

Nancy Mure, R.N.
15 Admiralty Loop
Staten Island, New York 10309

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of nursing care committed by the defendant hospital's employees; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 5.0 hrs.)

A summary of the opinions of this witness is as follows: defendant Danbury Hospital and Catania deviated from proper nursing practice by transporting the patient without the supervision and monitoring of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor; defendant Danbury Hospital deviated from proper nursing practice by transporting the patient without supplemental oxygen in use or negligently discontinuing supplemental oxygen during or after transport; defendant Danbury Hospital deviated from proper medical practice by failing to timely call a "code", failing to timely respond to a "code", directing the "code" to the wrong location; and failing to timely perform proper CPR technique; defendant Danbury Hospital deviated from proper medical practice by failing to use an oral airway during CPR prior to intubation; and defendant Danbury Hospital deviated from proper medical practice by failing to properly use a defibrillator/cardioverter during CPR. The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DPH

investigative file records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

**Objection: Defendants, Danbury Hospital and Dr. Catania object to opinions of Nurse Mure which go beyond her knowledge and experience as a nurse in accordance with the attached Motion in Limine.**

Harriet Zellner, Ph.D.
Integral Research, Inc.
14 East Fourth Street, Suite 408
New York, New York 10012

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on net economic loss sustained as a result of the death of plaintiff's decedent; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 5.5 hrs.)

A summary of the opinions of this witness is as follows: economic loss calculations are based on a projection of earnings stream methodology, decedent's work life expectancy, the value of decedent's household services, deductions for estimated personal consumption, loss of estimated retirement benefits, estimated loss offsets, and present value calculations of estimated loss stream; the decedent sustained a loss in pre-retirement income of $1,344,530.00 in current year dollars and $1,173,251.00 present value terms; the decedent sustained a loss in retirement income of $2,267,745.00 in current year dollars and $666,726.00 present value terms; and the decedent sustained a net total economic loss of $3,625,622.00 in current year dollars and $1,839,977.00 present value terms. The witness will also testify on those opinions referenced in the report of this witness.

The opinions of this witness are based upon the following: Brewster Central School District employment records; New York State & Local Employees Retirement Fund – Pension & Retirement benefit records; Job Description, Director of School Facilities & Operations; Correspondence to plaintiffs from Assistant Superintendent of Schools, Brewster Central School District, dated May 31, 2002; Correspondence to plaintiffs from Superintendent of Schools, Brewster Central School District, dated May 31, 2002; Determination of Permanent Disability for Michael Guigliano, New York State & Local Employees Retirement System, dated June 5, 2002; Correspondence of plaintiff Laura Guigliano to Superintendent of Schools, Brewster Central School District, dated June 12, 2002; Copy of record stub for check # 002726299 of New York State & Local Employees Retirement System, re: disability retirement benefits of Michael Guigliano, dated September 30, 2002; 1997 – 2002 U.S. Income Tax Returns for Michael Guigliano & Laura Guigliano; W – 2 Forms for Michael Guigliano for years 1998 – 2003; Collective Bargaining Agreement Between Brewster Central School District and Brewster Teachers Association (2000 – 2003);

Agreement between Brewster Central School District and Administrators' Association of Brewster pertaining to compensation and fringe benefit issues applicable to plaintiff's decedent Michael Guigliano prior to death; the depositions of plaintiff and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

**Objection:  Defendants, John Borusso, M.D., Joseph Catania, M.D. and Danbury Hospital object to anticipated testimony regarding the economic value of household services in accordance with attached Motions in Limine.**

Defendants' Case-in-Chief:

**A.  Danbury Hospital:  Defendant may call one or more of the following witnesses to testify at trial and reserves the right to call any witness identified, but not called by other parties:**

Plaintiff:       Laura Guigliano
Address:       29 Oakfield Drive
                     Patterson, NY  12563

Brief summary of anticipated testimony:
        Laura Guigliano will testify regarding her personal knowledge of Michael Giugliano and all information known to her regarding his personal and medical history, including the family's relationship to Dr. Kessler, her observations and any statements made to her by Michael Guigliano, or John Borusso, M.D., Frank Kessler, M.D., or the orthopedic surgeons from admission to Danbury Hospital through February 17.  (Estimated Time: 1.5 hours)

Defendant:       MaryAnn Milleville, R.N.
Address:       c/o Danbury Hospital
                     24 Hospital Avenue
                     Danbury, CT  06810

Brief summary of anticipated testimony:
        Nurse Milleville will testify regarding her education, nursing training and employment history.  She will testify regarding her care and treatment of Michael Guigliano, his condition on February 17, and the transportation to radiology.  She will testify as to nursing practice at Danbury Hospital for transportation of patients.  (Estimated Time: 1.5 hours)

Defendant:       John Borusso, M.D.
Address:       7 Galilee Way

Newtown, CT  06470

Brief summary of anticipated testimony:

Dr. Borusso will testify to his education, medical training and experience.  He will testify as to his care and treatment of Michael Guigliano from February 11 through February 17, 2001.  (Estimated Time: 1.0 hours)

Defendant:     Joseph Catania, M.D.
Address:       107 Newtown Road
               Danbury, CT  06810

Brief summary of anticipated testimony:

Dr. Catania will testify to his education, medical training and experience.  He will testify as to his care and treatment of Michael Giugliano on February 17.  He will also testify regarding his expectations for transportation of Michael Giugliano on February 17 in accordance with deposition testimony. (Estimated Time: 1.0 hours)

Witness:       F. Scott Gray, M.D.
Address:       33 Hospital Avenue
               Danbury, CT  06810

Brief summary of anticipated testimony:

Dr. Gray will testify to his education, medical training and experience.  He will testify as to the orthopedic surgical care and treatment of Michael Guigliano from February 7, 2001 through and including his care and treatment on February 17, 2001.  He will testify regarding transportation of Michael Guigliano to the radiology department on February 17, 2001. (Estimated Time: 1.0 hours)

Apportionment defendant:    Frank Kessler, M.D.
Address:                    Route 6
                            Brewster, NY  10509

Brief summary of anticipated testimony:

Dr. Kessler will testify to his education, medical training and experience.  He will testify to his relationship with Michael Guigliano and Michael Guigliano's family.  He will testify to Michael Guigliano's medical history, his care and treatment of Michael Guigliano

34

at Danbury Hospital and his condition prior to and on February 17, 2001.  He will testify that he was Michael Guigliano's primary care physician and he did not consider Michael Guigliano to require pulse oximetry or cardiopulmonary monitoring during transport to the radiology department and did not require transportation by a multispecialist nurse. (Estimated Time: 1.5 hours)

Defendant:     Vanessa Saipher
Address:        30 Canterbury Road
                     New Milford, CT  06776

Brief summary of anticipated testimony:

The witness will testify as to her education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.5 hours)

Defendant:     Joseph Roth
Address:        257 Dayton Road
                     Trumbull, CT  06611

Brief summary of anticipated testimony:

The witness will testify as to his education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.0 hours)

Witness:         Scott Berger, M.D.
Address:        15 Maple Way
                     Armonk, NY  10504

Brief summary of anticipated testimony:

The witness will testify as to his education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.0 hours)

Defendant:     Timothy Hendries, CRNA
Address:        c/o Danbury Hospital
                     24 Hospital Avenue
                     Danbury, CT  06810

Brief summary of anticipated testimony:

The witness will testify as to his education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.0 hours)

Defendant:     Joanne Brown, R.N.
Address:       c/o Danbury Hospital
               24 Hospital Avenue
               Danbury, CT  06810

Brief summary of anticipated testimony:

The witness will testify as to her education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: .5 hours)

Defendant:     Beth Ann Hoffman, R.N.
Address:       c/o Danbury Hospital
               24 Hospital Avenue
               Danbury, CT  06810

Brief summary of anticipated testimony:

The witness will testify as to her education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: .5 hours)

Defendant:     Maureen Burnett, R.N.
Address:       c/o Danbury Hospital
               24 Hospital Avenue
               Danbury, CT  06810

Brief summary of anticipated testimony:

The witness will testify as to her education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: .5 hours)

Defendant:     Iulia Circiumaru-Grillo, M.D.

Address:        38 Ricci Lane
                North Kingston, RI  02852
Brief summary of anticipated testimony:

The witness will testify as to her education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.0 hours)

**Defendant Danbury Hospital Expert Witnesses:**

Expert witness:        Michael Teiger, M.D., F.C.C.P.
Address:               1000 Asylum Avenue, Suite 4307
                       Hartford, CT  06105

Brief summary of anticipated testimony:

Dr. Teiger will testify as to his qualifications, education, medical training and experience.  He will testify as to the materials reviewed and opinions rendered in this matter. Dr. Teiger will further testify that there was no deviation from the standard of care in the transportation of Michael Guigliano to the radiology department on February 17, 2001 and that any alleged deviation was not a substantial factor or proximate cause of injuries claimed by plaintiff; there was no deviation from the standard of care in calling the code or in conducting the code and that any alleged deviation was not a substantial factor or proximate cause of injuries claimed by plaintiff.  Dr. Teiger will testify as to guidelines for cardiopulmonary resuscitation and clinical outcomes for inpatients who suffer cardiorespiratory arrests. Dr. Teiger will testify in accordance with his report and deposition testimony.  (Estimated Time: 4.0 hours)

Dr. Teiger will base his opinions and testimony on his experience, education and review of materials.

Expert witness:        Ellen Duell, A.P.R.N.
Address:               154 Mile Hill Road
                       Tolland, CT  06084

Brief summary of anticipated testimony:

Nurse Duell will testify as to her qualifications, education, nursing training and experience.  She will testify as to the materials reviewed and opinions rendered in this matter.  Nurse Duell will testify that there was no deviation from the standard of care and nursing judgments were appropriately exercised in the care and treatment of Michael

Guigliano by nurses on February 17, 2001. She will testify in accordance with her report and deposition testimony. (Estimated Time: 3.5 hours)

Nurse Duell will base her opinions and testimony on her experience, education and review of materials.

Expert Witness:      Richard Batista, M.D.
Address:             Nassau University Medical Center
                     2201 Hempstead Turnpike
                     East Meadow, New York 11554

Brief summary of anticipated testimony:

Dr. Batista will testify in accordance with deposition testimony including causation. See, Deposition of Richard Batista, M.D., pgs. 5-6, 20-22, 24-26, 46, 48, 53, 80-86, 109, 126-127, 129-149, 151-173, 186-191, 215-216, 235-236, 241-244, 267-270 (Estimated Time: 1.5 hours)

Expert Witness:      Brian Kaufman, M.D.
Address:             Two Rubins Court
                     Dix Hills, New York 11746

Brief summary of anticipated testimony:

Dr. Kaufman will testify in accordance with deposition testimony including causation. See, Deposition of Brian Kaufman, M.D., pgs. 23, 25, 96-97, 122-125, 128-129, 134, 136-137, 139, 141, 143-144, 147-159, 161, 164-168, 173-174, 176-177, 179, 181-184, 189-190, 192-196, 200-201, 207-209.
(Estimated Time: 1.0 hours)

**List of witnesses to be called in the defendants John Borruso, M.D. and Danbury Surgical Associates' case in chief**

**The Defendants may call one or more of the following witnesses to testify at trial and reserve the right to call any witness identified, but not called by the other parties in this matter.**

Defendant:      John Borruso, M.D.
Address:        7 Galilee Way
                Newtown, CT 06470

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to the decedent at Danbury Hospital; the

diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendants' employees.  (Estimated time: 3 hours)

Expert:          Adam Silverman, M.D.
Address:       2 Harvest Lane
                    West Hartford, CT 06117

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that attributing any of his pulmonary symptoms to abdominal pathology is illogical; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:

There was no deviation from the standard of care by Dr. Borruso by removing Mr. Guigliano's NG tube.  The patient's clinical signs demonstrated that there was no intestinal obstruction and, therefore, no need for continued NG suction. Additionally on February 15th there was blood tinged fluid noted in the NG aspirate, suggesting irritation of the gastric lining. As the patient was anticoagulated for his DVT, continued use of the NG tube represented an unnecessary risk for significant gastrointestinal hemorrhage.  In subsequent days the patient was tolerating clear liquids, orally, without difficulty and demonstrated a functioning GI tract. Consequently, there was no further need for the NG tube.  There was no indication for a rectal tube.  As long as there are signs of intact bowel function, i.e., passage of flatus and stool, which was documented in the record repeatedly from February 11th to the 17th, there is no indication for a rectal tube.  It was reasonable for Dr. Borruso to assume that Dr. Kessler would take the lead in management of the electrolyte abnormalities, anemia, and progressive pulmonary issues. The patient's pulmonary compromise was not due to marked abdominal distension impairing diaphragmatic excursion. Mr. Guigliano had respiratory compromise that is documented back to his first surgery, the tibial plateau ORIF on 2/8/01. This was due to atelectasis related to the surgery as well as fat embolism. These two conditions resulted in the dyspnea, hypoxemia and diffuse pulmonary infiltrates noted in the record. All of these symptoms and findings pre-date any abdominal complaints or findings. Additionally, it is noted in the record on 2/10/01 that the patient experienced arterial oxygen desaturation when laid flat for his V/Q scan; again, this predates any significant abdominal pathology, and this episode is very similar albeit more severe during the CT scan that preceded the Code Blue. Consequently, attributing any of Mr. Guigliano's pulmonary symptoms to abdominal pathology is illogical.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; the depositions of the plaintiff, defendants, Danbury Hospital employees, non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Expert:      David Brooks, M.D.
Address:     Brigham & Women's Hospital
             75 Francis Street
             Boston, MA 02115

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that nothing of a medical nature could have reasonably been done by Dr. Borruso to prevent the decedent's cardiac and respiratory event; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:

Dr. Borruso appropriately removed the NG tube on February 15th because the patient had had a bowel movement, had had flatus, and acknowledged that he felt better. These are reasonable and acceptable indications for removal of an NG tube and completely conform to the standards of care. The standard of care did not require reinsertion of the NG tube following its removal on February 15th and prior to Mr. Guigliano's cardiac and respiratory arrest. The standard of care did not require the insertion of a rectal tube. There is no evidence that the patient's abdominal distention contributed to Mr. Guigliano's respiratory or cardiac arrest. A review of the records in this case fails to reveal anything of a medical nature that could have reasonably been done to prevent this cardiac and respiratory event. There is no evidence that the patient's hemoglobin and hematocrit or his electrolytes were a cause of the arrest. The patient's electrolytes and complete blood count were under the management of the primary team caring for Mr. Guigliano. The standard of care did not require Dr. Borruso to be responsible for monitoring or managing the patient's electrolytes and complete blood count.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; the depositions of the plaintiff, defendants, Danbury Hospital employees, and non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Expert:        Gerald Wishner, M.D.
Address:     30 West 60th Street #1H
             New York, New York 10023

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that Dr. Borruso's medical treatment of Mr. Guigliano did not contribute to his outcome; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:

Within a degree of medical probability the care provided to Mr. Guigliano by Dr. Borruso was well within the standard of care and did not contribute to his unfortunate outcome. There was no indication to place an NG tube when Dr. Borruso first consulted with the patient on February 11th. The decision to remove the NG tube on the 15th was appropriate. The patient reported feeling better and was anxious to resume his diet. His continued abdominal distension was likely the result of *C.diff* colitis or continued colonic ileus, neither of which requires an NG tube, particularly in the absence of nausea and vomiting. At no time prior to his arrest was a rectal tube indicated in the management of Mr. Guigliano. Mr. Guigliano remained on the orthopedic surgery service throughout the period of time in question. Consequently, this service would be expected to monitor the patient's overall care. It is clear from the record that Dr. Borruso was aware that the medical and orthopedic services were monitoring and addressing Mr. Guigliano's fluids, electrolytes, and transfusion status as one would expect in the clinical setting.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; several interrogatories and responses; the depositions of the plaintiff, defendants, Danbury Hospital employees, and non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Expert:        John Chabot, M.D.
Address:     Columbia University College of Physicians & Surgeons
             Department of Surgery, Division of General Surgery
             161 Fort Washington Avenue
             New York, New York 10032-3713

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; and

the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:
The general surgical care rendered to Michael Guigliano met the standard of care.  The NG tube was left in place until there was unambiguous evidence of gastrointestinal tract peristalsis, at which time it was removed.  Given the strong evidence of effective gastrointestinal tract peristalsis and the known dramatic risks of maintaining an NG tube in a patient with compromised pulmonary function, it was appropriate to remove the NG tube on February 15th.  In the presence of strong clinical evidence of effective GI peristalsis, removing the NG tube was clearly indicated.  In the setting of some element of pulmonary compromise, the NG tube represented a significant risk for development of pneumonia, and its continued use represented a far greater risk to the patient than the potential benefit it was yielding.  A rectal tube had no role in an awake patient, who could manage the diarrhea.  It was not a deviation from the standard of care not to replace the NG tube on February 16th or 17th prior to the cardiac arrest because the abdominal distention did not appear to respond to the use of the NG tube previously and there were known risks associated with an NG tube in a patient with pulmonary compromise. There is no suggestion in the Hospital records that general surgery was responsible for taking on the role of the patient's primary physician with regard to monitoring the patient's overall electrolytes, blood values and general medical care.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; the depositions of the plaintiff, defendants, Danbury Hospital employees, and non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

**List of witnesses to be called during Joseph J. Catania's case in chief**

Expert:    Lewis Kaplan, M.D., F.A.C.S
Address:   Yale New-Haven Hospital,
           Department of Surgery,
           333 Cedar Street, BB-310
           New Haven, CT 06520.

Dr. Kaplan will testify that because Mr. Guigliano did not complain of nausea, vomiting or abdominal pain, on February 17th 2001, there was no indication for the placement of an NG tube by Dr, Catania.  An awake, alert and oriented patient such as Mr. Guigliano was on the morning of February 17, 2001, can describe nausea and the need to vomit as well as turn their head and reposition their torso to help protect their airway.

The absence of nausea, vomiting or abdominal pain suggest that Mr. Guigliano was tolerating the several liters of salivary, gastric, and pancreatico-biliary secretions that are

normally directed into the GI tract each day.  Thus, providing oral contrast was for the CT scan appropriate.

Mr. Guigliano's creatinine was normal with a normal muscle mass, rendering intravenous contrast appropriate as well.

Dr. Kaplan will testify that Dr. Catania's evaluation of Mr. Guigliano was appropriate and his concerns were valid.  The appropriate test, a CT scan of the abdomen and pelvis, was therefore ordered.

When Dr. Catania evaluated Mr. Guigliano, the operative physician's order was that Mr. Guigliano be on telemetry (continuous cardiac monitoring) and he was in fact was on telemetry.

Since Mr. Guigliano was on telemetry when Dr. Catania evaluated him on the morning of February 17, 2001, Dr. Catania could reasonably expect that the same level of monitoring would be maintained when Mr. Guigliano went to the radiology suite for the CT scan, unless and until another physician involved in his care gave an order to the contrary.

When Dr. Catania wrote the order for the CT scan, the standard of care did not require him to write an order to specify that Mr. Guigliano should be kept on the same level of monitoring that was already ordered and already being implemented by the nursing staff at Danbury Hospital.

Dr. Kaplan will also opine that the most likely cause of Mr. Guigliano's cardiopulmonary arrest was a pulmonary embolism (PE).  PE's do occur in the presence of an IVC filter and anti-coagulation therapy.

Alternatively, acute gastric dilatation (filling of the stomach with air due to rapid respiration and swallowing air) may have occurred, which can precipitously trigger cardiac and respiratory arrest.

Abdominal distention leading to atelectasis did not cause Mr. Guigliano's cardiopulmonary arrest.  Pain with splinting (quite common after a fall from 12'), lying in the recumbent position, diminished exercise tolerance and capacity, all lead to atelectasis.  Indeed, if diaphragmatic displacement were truly the cause of the atelectasis, one would expect both lower lobes to have multiple segments involved, and quite possibly to have totally collapsed. Such a finding was never noted on any of Mr. Guigliano's chest radiographs.
(Estimated 7.0 hours)

Expert:     Martin Keibel, M.D.
Address:   574 East Middle Turnpike
                 Manchester, CT 06040

Dr. Keibel, will testify that Dr. Kessler was Mr. Guigliano's primary care physician prior to his hospitalization. Dr. Michaelis, Dr. Kessler's partner, shared responsibility for daily medical evaluations of Mr. Guigliano on an alternating basis. Dr. Keibel will testify that Dr. Kessler and his partner, Dr. Michaelis, supervised and directed Mr. Guigliano's medical treatment. The orthopedic service requested that Dr. Kessler not only take part in Mr. Guigliano's care as a medical consultant, but that he direct Mr. Guigliano's care by writing orders. Dr. Depuy, the orthopedic surgeon, asked that Dr. Kessler take over the management of Heparin/Coumadin for Mr. Guigliano's left calf DVT, further increasing Dr. Kessler's authority over an involvement in Mr. Guigliano's care.

It was Dr. Michaelis, along with Dr. Grey, the orthopedist, requested Dr. Borruso's surgical consultation. Dr. Kessler wrote orders, changing the gastrointestinal medications from IV to oral form. Dr. Kessler was the orchestrator of Mr. Guigliano's care and communicator among the various services treating Mr. Guigliano and the Guigliano family.

Dr. Kessler's Progress Notes and orders did not adequately elucidate who was responsible for the various aspects of Mr. Guigliano's care. Dr. Kessler was responsible for monitoring Mr. Guigliano's overall medical care and condition. Therefore, Dr. Kessler was in the best position to evaluate any changes in Mr. Guigliano's condition, and whether or not he required continuous monitoring. To the extent that the failure to monitor Mr. Guigliano at CT scan is proven at trial to be a deviation from the standard of care, Dr. Kessler was the physician responsible.
(Estimated 5.0 hours)

**Exhibits:**

Plaintiff's Exhibits:

Plaintiff's Exhibit No. : Danbury Hospital – Medical Records (Adm.: 02/07/01 – 04/17/01)

**Objection: Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to medical records insofar as they may contain speculation or hearsay. See Federal Rules of Evidence 402 and 802 and Motion in Limine attached.**

Plaintiff's Exhibit No. 1: Danbury Hospital – Itemized Billing Statement (Adm.: 02/07/01 – 04/17/01)

Plaintiff's Exhibit No. 2: Incident Report of Vanessa Saipher, dated February 28, 2001

**Objection: Defendants Danbury Hospital, John Borruso, M.D, and Danbury Surgical Associates, P.C., object to exhibit 2 as it was prepared for the purposes of peer review in accordance with Conn. Gen. Stat. Sec. 19a-17b and contains hearsay. See Federal Rule of Evidence 802.**

Plaintiff's Exhibit No. 3: Danbury Hospital – Emergency Code Log (February 2001)

Plaintiff's Exhibit No. 4: Danbury Hospital – Code 99 Flowsheet (02/17/0 1)

Plaintiff's Exhibit No. 5: Danbury Hospital – Patient Transportation Log (February 17, 2001)

Plaintiff's Exhibit No. 6: Danbury Hospital – Index / Table of Contents Hospital Rules and Regulations Re: Medical treatment and Patient Care (in force and effect during the period February 7 – April 17, 2001)

**Objection:     Defendant Danbury Hospital objects to Exhibit No. 6 insofar as it is not relevant.  Defendant objected to discovery requests.  Plaintiff did not claim the objection.  Discovery in this case is closed.  Federal Rule of Civil Procedure 34(b), Federal Rule of Evidence 402.**

Plaintiff's Exhibit No. 7: Danbury Hospital – Nurses' Handbook / Nursing Department Manual / Nursing Practice Guidelines / Nursing Department Rules & Regulations (in force and effect during the period February 7 – April 17, 2001)

**Objection:     Defendant Danbury Hospital objects to Exhibit No. 7 insofar as it is not relevant.  Defendant objected to discovery requests.  Plaintiff did not claim the objection.  Discovery in this case is closed.  Federal Rule of Civil Procedure, Federal Rule of Evidence 402.**

Plaintiff's Exhibit No. 8: Connecticut Department of Public Health – Investigative File Records.

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to the introduction of records of the Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Plaintiff's Exhibit No. 9: Correspondence of Connecticut Department of Public Health, dated September 7, 2001

**Objection:  Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to the introduction of records of the Connecticut Department of Public Health in accordance with the Motion in Limine attached.**

Plaintiff's Exhibit No. 10: Northeast Center for Special Care – Medical Records (Adm.: 04/17/0 1 – 07/14/03)

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to medical records insofar as they may contain**

hearsay or opinions.  Federal Rules of Evidence 701, 702, and 802.

Plaintiff's Exhibit No. 11: Northeast Center for Special Care – Itemized Billing Statement (Adm.: 04/17/01 – 07/14/03)

Plaintiff's Exhibit No. 12: Kingston Hospital – Medical Records (Adm.: 07/14/03)

**Objection:     Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C. object to medical records insofar as they may contain hearsay or opinions.  Federal Rules of Evidence 701, 702, and 802.**

Plaintiff's Exhibit No. 13: Kingston Hospital – Itemized Billing Statement (Adm.: 07/14/03)

Plaintiff's Exhibit No. 14: Brewster Central School District – Employment Records

Plaintiff's Exhibit No. 15: Wright Risk Management – Medical Billing Summary Records

Plaintiff's Exhibit No. 16: New York State & Local Employees Retirement Fund – Pension & Retirement Benefit Records

Plaintiff's Exhibit No. 17: Correspondence of Northeast Center for Special Care, dated February 4, 2002.

Plaintiff's Exhibit No. 18: Application filed on behalf of Michael Guigliano by plaintiff Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, dated March 19, 2002 [3 pgs].

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to exhibit no. 18 as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 19: Job Description, Director of School Facilities & Operations, forwarded May 22, 2002.

Plaintiff's Exhibit No. 20: Correspondence to plaintiffs from Assistant Superintendent of Schools, Brewster Central School District, dated May 31, 2002.

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to exhibit no. 20 as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 21: Correspondence to plaintiffs from Superintendent of Schools, Brewster Central School District, dated May 31, 2002.

Plaintiff's Exhibit No. 22: Determination of Permanent Disability for Michael Guigliano, New York State & Local Employees Retirement System, dated June 5, 2002.

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. object to exhibit no. 22 as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 23: Correspondence of plaintiff Laura Guigliano to Superintendent of Schools, Brewster Central School District, dated June 12, 2002.

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to exhibit no. 23 as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 24: Copy of record stub for check # 002726299 of New York State & Local Employees Retirement System, re: disability retirement benefits of Michael Guigliano, dated September 30, 2002.

Plaintiff's Exhibit No. 25: Certificate of Fiduciary, Letters of Administration, issued to plaintiff LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, dated August 29, 2003.

Plaintiff's Exhibit No. 26: 1997 – 2002 U.S. Income Tax Returns for Michael Guigliano & Laura Guigliano.

Plaintiff's Exhibit No. 27: W – 2 Forms for Michael Guigliano for years 1998 – 2003.

Plaintiff's Exhibit No. 28: Collective Bargaining Agreement Between Brewster Central School District and Brewster Teachers Association (2000 – 2003)

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to exhibit no. 28 as it is irrelevant, unnecessarily cumulative, and contains hearsay.  Federal Rules of Evidence 402, 403, and 802.**

Plaintiff's Exhibit No. 29: Agreement between Brewster Central School District and Administrators' Association of Brewster pertaining to compensation and fringe benefit issues applicable to plaintiff's decedent Michael Guigliano prior to death.

**Objection:     Defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., object to exhibit no. 29 as it is irrelevant, unnecessarily cumulative, and contains hearsay.  Federal Rules of Evidence 402, 403, and 802.**

Plaintiff's Exhibit No. 30: Invoice from the Northeast Center for Special Care, dated January

12, 2006, stating charges for medical treatment in the total amount of $322,028.70

Plaintiff's Exhibit No. 31: Funeral bill in the amount of $14,964.00

Plaintiff's Exhibit No. 32: Photographs of plaintiff's decedent Michael Guigliano

**Objection:     Subject to authentication, Defendants, Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserve the right to object to photographs of plaintiff's decedent as the plaintiff has not produced the same for review to date. Defendants may also object to some or all of the photographs insofar as photographs may be unduly prejudicial, repetitive and unnecessary.  Federal Rules of Evidence 402 and 403.**

Defendants' Exhibits:

Defendants reserve the right to introduce exhibits identified by plaintiff and not introduced in plaintiff's case-in-chief and reserve the right to supplement the exhibits depending on the evidence and testimony elicited by plaintiff:

D. Ex. 1. - Danbury Hospital medical records with hearsay portions redacted. (Note: Defendants may enlarge portions of the medical records and/or the transportation and code logs).

D. Ex. 2.- Nadkarni, Larkin, Peberdy, et. al., *First Documented Rhythm of Clinical Outcome for In-hospital Cardiac Arrest Among Children and Adults,* JAMA, Vol. 295, No.1

D. Ex. 3.-Demonstrative exhibit setting forth chronology of care on February 17, 2001.

D. Ex.  4- All diagnostic imaging of Michael Guigliano taken at Danbury Hospital in February 2001

D. Ex. 6 - The economic report of Harriet Zellner, Ph.D. subject to Motions in Limine attached.

D. Ex. 7 - Complaint dated April 12, 2002;

D. Ex. 8 - Amended Complaint dated June 29, 2004;

D. Ex. 9 - Second Amended Complaint dated March 9, 2005;

D. Ex. 10 - Third Amended Complaint dated June 14, 2005;

D. Ex. 11 - Apportionment Complaint against Dr. Kessler, dated June 30, 2005;

D. Ex. 12 - Dr. Kessler's Answer to the Apportionment Complaints;

D. Ex. 13 - Illustrative drawings and/or models depicting the stomach, small and large intestine.

**Deposition Testimony:**

Plaintiff's Case-in-Chief:

**As to all depositions cited by plaintiff, defendants Danbury Hospital, John Borruso, M.D., Danbury Surgical Associates, P.C., reserve the objections as noted in the deposition transcripts.**

Deposition of John J. Borrusso, M,D,: pgs 84-87, 90-9 1, 110-111

Deposition of Vanessa Saipher: pgs 13-15, 35, 39, 40-43, 46, 49-50, 5 1-59, 64, 66-69

Deposition of Joseph Roth: pgs 25, 33

Deposition of Larissa Nichole Howard: pgs 11, 18, 20-30, 56-57, 61, 63-64, 70-73,

Deposition of Dorothy Troiano: pgs 20-2 1, 26-28

Deposition of Maureen Burnett: pg 83

Deposition of Betsy Miles: pgs 22, 28-29

Deposition of Iulia Circiumara-Grillo, M.D.: pgs 49-

53 Deposition of Scott B. Berger, M.D.: pgs 27, 30-3

6, 44 Deposition of Patricia M. DiLauro: pg 33

Deposition of Timothy J. Hendrie: pgs 42-43, 47-49

Deposition of F. Scott Gray, M.D.: pg 65

Deposition of James DePuy, M.D.: pg 56

Deposition of Lewis J. Kaplan, M.D.: pgs 23-27, 81-101

Deposition of Michael B. Teiger, M.D.: pgs 35-39, 64-68

Deposition of John Chabot, M.D.: pgs 38 - 40

Deposition of Adam Silverman: Unknown at present due to unavailability of transcript.

Defendants' Case-in-Chief:

**Defendant Danbury Hospital:**

Defendant intends to produce its agents and employees at trial. Defendant reserves the right to use deposition transcripts if an agent or employee becomes unavailable. Defendant further reserves the right to use such other portions of deposition transcripts relied upon by plaintiff in accordance with Federal Rule of Civil Procedure 32(a)(4).
Defendant may also use some or all of the following depositions:

Deposition of Joseph Catania, M.D., pp. 34, 36.

Deposition of F. Scott Gray, M.D., pp. 78, 85, 97

Deposition of Frank Kessler, M.D., p. 114-125

Deposition of Richard Batista, M.D., pgs. 5-6, 20-22, 24-26, 46, 48, 53, 80-86, 109, 126-127, 129-149, 151-173, 186-191, 215-216, 235-236, 241-244, 267-270.

Deposition of Brian Kaufman, M.D., pgs. 23, 25, 96-97, 122-125, 128-129, 134, 136-137, 139, 141, 143-144, 147-159, 161, 164-168, 173-174, 176-177, 179, 181-184, 189-190, 192-196, 200-201, 207-209.

Deposition of Gerard Catanese, M.D., pgs. 12, 19-22, 28-29, 31-34, 37-39, 43-46, 53-62, 64-67, 69-73, 86-87, 89-90, 96.

Deposition of Nancy Mure, RN, pgs. 16-17, 45, 51, 78, 83-86, 88-90, 93, 95, 101, 112.

**Defendant John Borusso, M.D.:**

The defendants, John Borrusso, M.D. and Danbury Surgical Associates, P.C., intend to produce all of their witnesses as listed above by way of live testimony. Defendants reserve the right to use deposition transcripts if a witness becomes unavailable. The defendants further reserve the right to use such other portions of deposition transcripts relied upon by plaintiff in accordance with Federal Rule of Civil Procedure 32(a)(4) and the right to use deposition transcripts in accordance with Federal Rule of Civil Procedure 32(a)(1).

**Defendant Joseph Catania, M.D.:**

a.    deposition transcript of Laurie Lynn Brentlinger, R.N.;
b.    deposition transcript of Vanessa Saipher;
c.    deposition transcript of Timothy J. Hendrie, R.N.;
d.    deposition transcript of Maureen Burnett, R.N.;
e.    deposition transcript of Patricia M. DiLauro;
f.    deposition transcript of Joseph D. Roth;
g.    deposition transcript of Maryann Milleville, R.N.;
h.    deposition transcript of Scott Berger, M.D.;
i.    deposition transcript of Beth Ann Hoffman, R.N.;
j.    deposition transcript of Joanne Brown, R.N.;
k.    deposition transcript of Lewis Kaplan, M.D., F.A.C.S.;
l.    deposition transcript of Martin Keibel, M.D.;
m.    deposition transcript of Richard J. Battista, M.D.;
n.    deposition transcript of Gerard Catanese, M.D.;
o.    deposition transcript of Brian S. Kaufman, M.D.;
p.    deposition transcript of Michael B. Teiger, M.D.;
q.    deposition transcript of Ellen Duell, APRN;
r.    deposition transcript of John A. Chabot, M.D.;
s.    deposition transcript of Nancy Muré, R.N.;
t.    deposition transcript of David G. Brooks, M.D.;
u.    deposition transcript of Adam Silverman, M.D.;
v.    deposition transcript of Jerald Wishner, M.D.;
w.    deposition transcript of Joseph J. Catania, M.D.;
x.    deposition transcript of John Borruso, M.D.;
y.    deposition transcript of Frank J. Kessler, M.D.;

**Objection:  Defendant Danbury Hospital reserves the right to object to portions of deposition transcripts when the same are identified at trial.**

**Proposed Requests for Jury Instructions:**

See, Joint Trial Memorandum addendums Exhibit D, Plaintiff's Proposed Requests

for Jury Instructions.

**Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., object to the following plaintiff's Proposed Jury Instructions:**

**1-36 – Standard of Proof – Defendants object to this request on the grounds that the scales of justice analogy could lead to jury confusion.**

**2-1 – Negligence – Definition – Defendants object to this charge in that negligence, in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care.**

**2-3 – Common Law Negligence Defined -- Defendants object to this charge in that negligence, in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care.**

**2-28(a) – Medical Malpractice – Defendants object to the extent that the request deviates from the principle that in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care. Defendants also object to the definition of "similar healthcare provider" in that there are no allegations of negligence against any Danbury Hospital employed physician. Vicarious Liability of Danbury Hospital – Danbury Hospital objects on this ground because the requested charge does not specifically define who "all other Hospital Staff" members are being referred to as employees of the Hospital.**

**2-33 – Proximate Cause – Multiple Causes**
**Defendants object to the request regarding the <u>Boileau v. Williams</u> case, which it believes is not the current state of the law.**

**2-40(a) – Damages – Defendants object to the extent that plaintiff's proposed charge is redundant and states the standard for an award of non-economic damages and pain and suffering repeatedly, when such a standard does not need to be enumerated more than once.**

**Defendants reserve the right to object to others depending on the evidence. Defendants submit alternate preliminary jury instructions depending on the evidence as Exhibit E.**

Exhibit F, Third Party Apportionment Defendant Kessler's Proposed Requests for Jury

Instructions.

**<u>Anticipated Evidentiary Problems:</u>**

See Danbury Hospital objections to anticipated witness testimony and exhibits set forth

above. A Motion in Limine is attached regarding anticipated testimony and entries in the

medical records which constituted hearsay. (Exhibit G) In addition, see attached

defendants' Motions in Limine regarding testimony of plaintiff's expert Gerard Catanese,

M.D. to preclude testimony regarding the decedent's experience of pain subsequent to his

cardiopulmonary arrest, (Exhibit H) Motion in Limine regarding testimony of plaintiff's

expert Nancy Mure, R.N. (Exhibit I) to preclude Nurse Mure from testifying beyond her

qualifications and expertise and Motion in Limine regarding investigation and

correspondence to or from the State of Connecticut Department of Public Health. (Exhibit J)

Defendants have also filed Motions in Limine to preclude plaintiff's economic expert,

Harriet Zellner, PhD, from testifying as to certain opinions regarding valuing the decedent's

economic loss.  (Exhibit K)

**Proposed Verdict Form:**

See, Joint Trial Memorandum addendums Exhibit L, Plaintiff's Proposed Verdict Form

**Defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., hereby object to plaintiff's Proposed Verdict Form.  The proposed verdict form is presumably filed under F.R.C.P. Rule 49(b), in that it seeks to have the jury answer more than thirty six interrogatories while reaching their verdict.  In this case, a medical malpractice action, there is no need for these burdensome and potentially confusing interrogatories, since the theory of recovery – i.e., that one or more of the defendants violated the standard of care – is the same.   Moreover, the proposed interrogatories, specifically numbers 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22, are either unsupported by expert testimony as to standard of care or causation or are directed to defendants that are not employees or agents of the Hospital.  Defendants have submitted an alternative proposed jury verdict form. Exhibit M.**

Exhibit N, Third Party Apportionment Defendant Kessler's Proposed Verdict Form.

**Trial time:**

      The parties estimate trial time of 5 to 6 weeks.

      The undersigned counsel certify that this Joint Trial Memorandum is the product of

consultation between the defense counsel who will be trying the case.

Dated: August 24, 2006

Respectfully submitted:

Defendants' Counsel:

  /s/ Eric J. Stockman
Eric Stockman   (CT 14981)
Neubert, Pepe & Monteith (Danbury Hospital)
195 Church Street
New Haven, CT 06510
Tel.: (203) 821-2000

  /s/ Paul Williams
Paul Williams (CT 05244)
Day, Berry & Howard, LLP
185 Asylum Street
Hartford, CT  06103-349
(860) 275-0100

Defendants' / Third Party Apportionment Plaintiff's
Counsel:

  /s/ Kevin Tepas
Kevin Tepas (CT 05552)
Ryan, Ryan, Johnson & Deluca, LLP (Borrusso &
Danbury Surg. Assoc., P.C.)
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

  /s/ Richard Tynan
Richard Tynan (CT 04235)
Halloran & Sage, LLP (Catania)
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103