**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAURA GUIGLIANO, as Administrator ) | | |
| Of the Estate of MICHAEL GUIGLIANO, ) | | |
| Deceased, and LAURA GUIGLIANO, ) | | |
| Individually ) | Civil No.: 302CV718 (RNC) | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| DANBURY HOSPITAL, J. BORRUSSO, M.D., ) | | |
| JOSEPH CATANIA, M.D. and ) | | |
| DANBURY SURGICAL ASSOCIATES, P.C. ) | | |
| ) | | |
| Defendants ) | AUGUST __, 2006 | |

**DEFENDANTS' PROPOSED**
**INTERROGATORIES AND VERDICT FORM TO THE JURY**

**I.    Interrogatories**

1.    Do you find by a preponderance of the evidence that any the following defendants violated the standard of care in the care and treatment of Michael Guigliano:

| | | |
|---|---|---|
| Danbury Hospital | Yes____ | No____ |
| John Borruso, M.D. | Yes____ | No____ |
| Joseph Catania, M.D. | Yes____ | No____ |
| Frank Kessler, M.D. | Yes____ | No____ |
| Scott Berger, M.D. | Yes____ | No____ |
| James Depuy, M.D. | Yes____ | No____ |
| F. Scott Gray, M.D. | Yes____ | No____ |
| Deanna Wolfe, P.A. | Yes____ | No____ |
| Georgiana Knowles, P.A. | Yes____ | No____ |

2.    If you responded "No" as to any defendant, proceed to defendant's verdict form and enter a verdict for that defendant. If you responded "Yes" as to any defendant, move to Question 3.

3.    As to any defendant and only as to any defendant against whom you have answered "Yes" to Question 1, do you find by a preponderance of the evidence that such violation of the standard of care was a proximate cause of injuries claimed by plaintiffs?

| | | |
|---|---|---|
| Danbury Hospital | Yes____ | No____ |
| John Borruso, M.D. | Yes____ | No____ |

| | | |
|---|---|---|
| Joseph Catania, M.D. | Yes____ | No____ |
| Frank Kessler, M.D. | Yes____ | No____ |
| Scott Berger, M.D. | Yes____ | No____ |
| James Depuy, M.D. | Yes____ | No____ |
| F. Scott Gray, M.D. | Yes____ | No____ |
| Deanna Wolfe, P.A. | Yes____ | No____ |
| Georgiana Knowles, P.A. | Yes____ | No____ |

4. If you find by a preponderance of the evidence that one or more of the defendants violated the standard of care, and that such violation was a proximate cause of the injuries claimed, you should assign a percentage of negligence to each party so responsible, and the combined negligence must total 100%. What percentage, if any, is attributable to each:

(a) Danbury Hospital _____%
(b) Joseph Borrusso, M.D. _____%
(c) Joseph Catania, M.D. _____%
(d) Frank Kessler, M.D. _____%
(e) Scott Berger, M.D. _____%
(f) James Depuy, M.D. _____%
(g) F. Scott Gray, M.D. _____%
(h) Deanna Wolfe, P.A. _____%
(i) Georgiana Knowles, P.A. _____%

## II. Damages

1. If you have found both negligence and proximate causation against any defendant, you may determine what sum of money would fairly, justly, and reasonably compensate plaintiff for its claimed injuries:

Economic Damages                         $_____

Non-economic damages                     $_____

TOTAL                                    $_____

## III. Loss of Consortium

If you find one or more parties were both negligent and a proximate cause of plaintiff's decedent's injuries, then you may proceed to the questions below against those parties. You may not proceed to these questions against any defendant as to whom you

have not found both negligence and proximate causation, and as to those defendants you must enter a defendant's verdict on the loss of consortium claims.

1.     Did plaintiff prove by a fair preponderance of the evidence that plaintiff Laura Guigliano is entitled to recover on her loss of consortium claim?

Yes____   No____

If your answer is yes, go to Question 2.  If your answer is no, fill out the remaining defendant's verdict forms regarding the loss of consortium claim.

2.     What sum of money would fairly, justly and reasonably compensate Laura Guigliano for her loss of consortium claim?

$_____

You have now completed your deliberations.  Please sign and date this form.

_____          _____
Signature                                              Date


_____
Signature of Foreperson