IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator ) <br> Of the Estate of MICHAEL GUIGLIANO, ) <br> Deceased, and LAURA GUIGLIANO, ) <br> Individually ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DANBURY HOSPITAL, J. BORRUSSO, M.D., ) <br> JOSEPH CATANIA, M.D. and ) <br> DANBURY SURGICAL ASSOCIATES, P.C. ) <br> ) <br> Defendants ) | Civil No.: 302CV718 (RNC) <br><br><br><br><br><br><br><br><br><br><br><br> AUGUST 24, 2006 |

## MOTION IN LIMINE

Pursuant to Rule 802 of the Federal Rules of Evidence, Defendant, Danbury Hospital respectfully moves to preclude certain portions of medical records as well as anticipated testimony of Laura Guigliano, Michael Guigliano, Jr. and Lauren Guigliano as set forth in plaintiff's trial memorandum. Plaintiff has represented that said witnesses will testify as to statements made by defendants. During depositions, plaintiff and her children testified as to statements which are hearsay. Defendant moves to preclude any hearsay statements and requests that plaintiff make an offer of proof outside the presence of the jury as to any statement which plaintiff claims is not hearsay or claims is subject to an exception to the hearsay rule.

**Facts:**

This wrongful death case is brought by Laura Guigliano as Administratrix of the Estate of her husband, Michael Guigliano and in her individual capacity. Plaintiff alleges that Michael

Guigliano was treated at Danbury Hospital following a fall on February 7, 2001. Plaintiff further alleges that Michael Guigliano suffered brain damage as a result of a cardiopulmonary arrest on February 17, 2001. He was discharged from Danbury Hospital on April 17, 2001. He died on July 14, 2003.

**MEDICAL RECORDS**

In the Joint Trial Memorandum, plaintiff has identified the complete Danbury Hospital medical records as plaintiff's proposed exhibit 1. Defendant objects to that portion of the medical records which set forth hearsay and request that the records be redacted.

On February 18, 2001, neurologist Dr. Culligan performed a consultation. Dr. Culligan is not an agent or employee of Danbury Hospital. Dr. Culligan was not present and did not participate in medical care prior to or during the code. His consultation report states: "according to the residents, possibly 10 minutes may have passed before effective CPR was initiated." See attached exhibit A. The consultation report does not identify the residents who are alleged to have made the statement and does not indicate whether the statement was made based on personal knowledge. The statement is clearly speculation as it refers to "possibly."

On February 25, 2001, infectious disease specialist Dr. Hindes performed a consultation. Dr. Hindes did not participate in medical care prior to or during the code. In his note, he wrote: "It is estimated that approximately 10 minutes may have passed before effective CPR was established." See attached exhibit B. The note does not identify the source of the information and clearly was not made on personal knowledge. Similar to the entry by Dr. Culligan, the statement is not definitive and is based on speculation.

**Verbal Statements**

In the Joint Trial Memorandum, plaintiff's counsel has represented that witnesses will be testifying as to statements made by defendants. During the depositions Laura Guigliano, Lauren Guigliano, and Michael Guigliano testified as to alleged statements by persons within Danbury Hospital. Defendant moves to preclude plaintiff and her children from introducing testimony regarding such statements.

Laura Guigliano testified that her son recounted a conversation with a respiratory therapist in the ICU. See attached Laura Guigliano D. Tr. pp. 109-110; Michael Guigliano D. Tr. pp. 15-19. The respiratory therapist was identified as "John." He was in the ICU and was not involved in the code or care prior to the code. The thrust of the alleged conversation was that "something went wrong" and that they should get the chart and "pursue something." Laura Guigliano also testified that she had a conversation with a female hospital employee who identified herself as one of the persons involved in transporting the patient to the radiology department. See Laura Guigliano D. Tr. pp113 - 118. The deposition testimony is that Laura Guigliano perceived her to be "devastated" and "upset" and that she appeared angry when she said that she had to give a statement in Hartford. Michael Guigliano also testified that he had a discussion with an ex-girlfriend who was a nurse at Danbury Hospital, Suzanne Esack, who "was letting [him] know something happened and that [he] should get a lawyer." She had no direct contact with his father and did not participate in care and treatment. She had talked to an unidentified lady and heard from other people a story going around the hospital. See Michael Giugliano D. Tr. pp. 19 – 21. Lauren Guigliano testified that she did not have any

conversations with anyone that she believed was employed by Danbury Hospital regarding her father's condition. See, Lauren Guigliano d. Tr. p. 42.

**Law:**

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 801(c) defines hearsay as a statement, other than one made by the declarant, while testifying at the trial or hearing, offered in evidence, to prove the truth of the matter asserted. Rule 801(a) defines a "statement as an oral or written assertion or a non-verbal conduct of a person, if it is intended by the person as an assertion.

Rule 802 provides: "hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or act of congress."

Although an admission by party opponent is not considered hearsay, defendant respectfully submits that the portion of the medical records proposed to be introduced by plaintiff do not fall within the exception to the hearsay rule. Defendant further submits that verbal statements referenced in the depositions constitute hearsay. There has been no statement made by an identifiable person acting in a representative capacity on behalf of Danbury Hospital. Statements have been attributed to unidentified residents or an unknown lady without confirmation of personal knowledge or statements are set forth in the passive voice and attributed to no source. There is no indication that any persons to whom statements about the code have

been attributed were present at the time of the occurrence which is the subject of this action. The only statements attributed to an unidentified person who may have been present during transport to CT scan relate to giving a statement in Hartford, which is not relevant. An adverse inference may not be drawn from her demeanor or from the fact that she had to give a statement in Hartford. Moreover, the statement in Hartford refers to the investigation conducted by the Department of Public Health which defendant has moved to preclude from entering into evidence.

The statements within the medical records also do not constitute records of regularly conducted activity in accordance with Rule 803(6). Said rule requires that the information transmitted must be done by a person with knowledge. As Dr. Culligan and Dr. Hindes have no direct knowledge of the events which they describe, the statements are not admissible. The statements may not be shown to be reliable and such speculation causes undue and unfair prejudice to defendant.

Rule 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. It follows that statements made by persons who have no personal knowledge are unduly prejudicial, confusing and a waste of time. See Federal Rule of Evidence 403.

For all the reasons stated above, defendant requests that the above referenced portions of the medical record be redacted and that the court require plaintiff to make an offer of proof regarding any other portions of medical records which make statements regarding the conduct of the code or care leading to the code which is the subject of this action that were not made by

authorized agents or employees of Danbury Hospital who participated in the code or care leading to the code. Defendant further moves that the plaintiff be precluded from recounting alleged statements referenced in the depositions and that plaintiff make an offer of proof prior to introducing any other statements allegedly made by defendants.

                            DEFENDANT, DANBURY HOSPITAL

                            /s/ Eric J. Stockman
                            Eric J. Stockman
                            Neubert, Pepe & Monteith, P.C.
                            195 Church Street, 13th Floor
                            P.O. Box 1940
                            New Haven, CT 06509-1940
                            Fed. Bar No. 14981
                            (203) 821-2000

                            Paul D. Williams, Esq.
                            Day, Berry & Howard, LLP
                            185 Asylum Street
                            Hartford, CT 06103-3499
                            (860) 275-0100

## CERTIFICATION

     I hereby certify that on August 24, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C. 138
Chatsworth Avenue, Suites 6-8 Larchmont,
NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC 220
Fifth Avenue – 7 th Floor New York,
New York 10001

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP 80
Fourth Street, P.O. Box 3057 Stamford, CT
06905

Andrew Neubardt, Esq. Rende,
Ryan & Downs 202 Mamaroneck
Avenue White Plains, NY

Richard C. Tynan, Esq.
Halloran & Sage, LLP One
Goodwin Square Hartford, CT
06103

                                              /s/ Eric J. Stockman
                                              Eric J. Stockman
                                              Neubert, Pepe & Monteith