**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAURA GUIGLIANO, as Administrator | ) | |
| Of the Estate of MICHAEL GUIGLIANO, | ) | |
| Deceased, and LAURA GUIGLIANO, | ) | |
| Individually | ) | Civil No.: 302CV718 (RNC) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANBURY HOSPITAL, J. BORRUSSO, M.D., | ) | |
| JOSEPH CATANIA, M.D. and | ) | |
| DANBURY SURGICAL ASSOCIATES, P.C. | ) | |
| | ) | |
| Defendants | ) | AUGUST 24, 2006 |

**MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY**
**PROPOSED BY PLAINTIFF'S NURSING EXPERT, NANCY MURE, R.N.**

Pursuant to Rule 702 of the Federal Rules of Evidence, the defendant, Danbury Hospital

(the "Hospital"), respectfully moves to preclude certain testimony of the plaintiff's expert

witness, Nancy Mure, R.N.  Specifically, the plaintiff should be precluded from eliciting any

testimony from Ms. Mure regarding the medical cause of the claimed injuries, since she is not

qualified by knowledge, skill, experience training or education to provide opinion testimony

regarding medical causation.  Fed. R. Evid. 702; Daubert v. Merrell Dow Pharmaceuticals, Inc.,

509 U.S. 579 (1993).

## I.    FACTUAL BACKGROUND

This wrongful death case was brought by Laura Guigliano on behalf of the Estate of her husband Michael, who was treated at Danbury Hospital following a fall from February 7 to April 17, 2001.  The plaintiff alleges that Mr. Guigliano suffered brain damage as a result of a cardiopulmonary arrest on February 17, 2001.  Thereafter, he remained in a comatose or semi-comatose state until his death on July 14, 2003.

The plaintiff has disclosed Nancy Mure, R.N., who is expected to testify as to certain alleged departures from the standard of care on the part of the nursing and hospital staff.  See Plaintiffs' Third Fed. R. Civ. P. 26(a)(2) Expert Disclosures, dated November 16, 2004 (**Exhibit A**).  Ms. Mure also is expected to testify that the alleged departures caused or contributed to the patient's cardiopulmonary arrest.  Exhibit A.

Ms. Mure is a registered nurse, who is currently employed as a Supervisor of the Nursing Staff at the Clove Lakes Health & Rehabilitation Center in Staten Island, New York.  Exhibit A. She has a Bachelor's degree in Health Science and a Master's degree in Community Health Care Administration.  See Exhibit A.  Ms. Mure is not a medical doctor and has no medical training in neurology, pulmonology or cardiology.  Deposition Transcript of Nancy Mure, R.N., dated April 24, 2006 ("Mure Depo."), at 29-30 (excerpts attached as **Exhibit B**).  By her own admission, in her capacity as a nurse, she does not make medical diagnoses.  Mure Depo. at 30.  Ms. Mure testified that her opinions as to the cause of the patient's cardiopulmonary arrest are based on her reading of the medical records, her experience as a nurse and the standards for proper nursing practice.  Mure Depo. at 113-14.  However, Ms. Mure unequivocally testified that she is not

2

qualified to make a medical diagnosis about what caused Mr. Guigliano's respiratory arrest and
cardiac arrest. Mure Depo. at 114. She also testified that she is not qualifed to make a
determination as to whether the patient's respiratory arrest and cardiac arrest could have been
prevented. Finally, she testified that she is not qualified to opine as to whether he could have
recovered once he arrested. Mure Depo. at 114.

## II.    ARGUMENT

Under Connecticut law, "[t]o prevail in a medical malpractice action, the plaintiff must
prove: (1) the requisite standard of care for treatment, (2) a deviation from that standard of care,
and (3) a causal connection between the deviation and the claimed injury." Gold v. Greenwich
Hosp. Assoc., 262 Conn. 248, 254-55, 811 A.2d 1266 (2002). "Expert medical opinion evidence
is usually required to show the cause of an injury or disease because the medical effect on the
human system of the infliction of injuries is generally not within the sphere of common
knowledge of the lay person." Poulin v. Yasner, 64 Conn. App. 730, 738 (2001).

An expert witness must be qualified by specialized knowledge, skill, experience, training
or education. Fed. R. Evid. 702. The party seeking to introduce expert testimony has the burden
of establishing that the proferred testimony has "a sufficiently 'reliable foundation' to permit it to
be considered." Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179 (2d Cir. 2001), quoting
Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The plaintiff should be precluded from eliciting expert testimony from Ms. Mure
regarding medical causation because the plaintiff has not satisfied her burden that Ms. Mure's
proposed statements are sufficiently reliable to satisfy Rule 702 and the Daubert criteria.

Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 253-54 (2d Cir. 2005) (citing Daubert and Rule

702, affirming district court's preclusion of expert causation testimony on the ground that no

reliable basis for the opinion testimony was demonstrated). Federal courts have held that a

nursing expert typically does not have the requisite training or experience to offer expert

testimony regarding causation in a complicated medical malpractice case. In Elswick v.

Pikeville United Methodist Hosp., 144 F. Supp.2d 758, 766-67 (E.D. Ky. 2001) aff'd, 50 Fed.

Appx. 193 (6th Cir. 2002), for example, the plaintiff's nursing expert was not permitted to testify

regarding causation because, in order to demonstrate a causal connection between the claimed

negligence and the plaintiff's injuries, the expert essentially must make a medical diagnosis

which falls outside a nurse's area of expertise. Id. at 767.

     Connecticut state law is in agreement that a nursing expert typically does not have the

requisite training or experience to support expert opinions on causation. See, e.g., Cavallero v.

Hosp. of St. Raphael, 882 A.2d 1254 (Conn. App. 2005) (affirming trial court's preclusion of

expert causation testimony offered by two nurses on the ground that they lacked sufficient

educational background or practical experience to support their opinions); Sherman v. Bristol

Hosp., 828 A.2d 1260 (Conn. App. 2003) (affirming trial court's finding that an expert nurse

could testify on standard of care issues, but she was not qualified to testify on issues of causation).[1]

Ms. Mure, a registered nurse, is not qualified to offer opinions as to the causal connection between any alleged deviation from the standard of care and the claimed injuries because, by her own admission, she does not make such assessments in the course of her work as a nurse. Her opinions regarding medical causation are inadmissible because she is not a medical doctor and is not qualified to make a medical diagnosis. Moreover, Ms. Mure has no specialized education or training in neurology, pulmonology or cardiology, the specialties at issue in this case.

In summary, Ms. Mure, a registered nurse, is not qualified by knowledge, training or experience to provide expert testimony regarding medical causation in this case, and Rule 702 mandates preclusion of such testimony.

WHEREFORE, defendant, Danbury Hospital, requests that this Court grant its motion to preclude the plaintiff from eliciting testimony from Ms. Mure regarding the medical cause of Mr. Guigliano's injuries.

---

[1] Courts in other jurisdictions have similarly reached the conclusion that the determination of the medical cause of injuries is typically beyond the scope of a nurse's professional expertise. See, e.g., Long v. Methodist Hosp., 66 N.E.2d 1164, 1167 (Ind. App. 1998); Richardson v. Methodist Hosp., 807 So.2d 1244, 1248 (Miss. 2002) (summary judgment ruling upheld where nurse consultant was not qualified to testify as to causal link between nursing care and death because nurse lacked the requisite education and experience as an expert to testify concerning causal link between patient's death and deviations in nursing care); Short v. Appalachian OH-9, Inc., 507 S.E.2d 124 (W. Va. 1998) (nurse not qualified to testify as to cause of death); Kent v. Pioneer Valley Hosp., 930 P.2d 904, 907 (Utah Ct. App. 1997) (registered nurse not qualified to give an opinion as to proximate cause of nerve damage); Flanagan v. Labe, 666 A.2d 333 (Pa. Super. 1995), aff'd, 690 A.2d 183 (Pa. 1997) (summary judgment ruling upheld where nurse was not competent to testify to a reasonable degree of medical certainty on issues of legal causation and diagnosis); Nelson v. Elba Gen'l Hosp. and Nursing Home, 828 So.2d 301, 304 (Ala. App. 2000), rev'd on other grounds, 828 So.2d 308 (Ala. 2001) (registered nurse not qualified to testify as an expert with regard to medical causation); Kaplan v. Temple Univ. Hosp., 29 Phila. Co. Rptr. 113, 116 (1981) (nurse could not testify as to physician negligence and medical causation).

DEFENDANT,
DANBURY HOSPITAL


By:   /s/ Eric J. Stockman
      Eric J. Stockman
      Neubert, Pepe & Monteith, P.C.
      195 Church Street, 13th Floor
      New Haven, CT 06510
      Fed. Bar No. 14981
      (203) 821-2000

      Paul D. Williams
      Day, Berry & Howard, LLP
      185 Asylum Street
      Hartford, CT  06103-3499
      Fed. Bar No.  05244
      (860) 275-0100

## CERTIFICATION

I hereby certify that on August 24, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C. 138
Chatsworth Avenue, Suites 6-8 Larchmont,
NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC 220
Fifth Avenue – 7 th Floor New York,
New York 10001

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP 80
Fourth Street, P.O. Box 3057 Stamford, CT
06905

Andrew Neubardt, Esq. Rende,
Ryan & Downs 202 Mamaroneck
Avenue White Plains, NY

Richard C. Tynan, Esq.
Halloran & Sage, LLP One
Goodwin Square Hartford, CT
06103

                                        /s/ Eric J. Stockman
                                        Eric J. Stockman
                                        Neubert, Pepe & Monteith