IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator )<br>Of the Estate of MICHAEL GUIGLIANO, )<br>Deceased, and LAURA GUIGLIANO, )<br>Individually )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DANBURY HOSPITAL, J. BORRUSSO, M.D., )<br>JOSEPH CATANIA, M.D. and )<br>DANBURY SURGICAL ASSOCIATES, P.C. )<br>)<br>Defendants ) | Civil No.: 302CV718 (RNC)<br><br><br><br><br><br>AUGUST 24, 2006 |

**MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S PROPOSED EXHIBIT 8:**
**CONNECTICUT DEPARTMENT OF PUBLIC HEALTH INVESTIGATION FILE**

Pursuant to the Federal Rules of Evidence, the defendant, Danbury Hospital (the "Hospital"), respectfully moves to preclude the plaintiff from introducing into evidence the Connecticut Department of Public Health Investigation file (hereinafter, the "DPH File," attached as **Exhibit A**). In the parties' Joint Trial Memorandum, the plaintiff identified the entire 25-page DPH File as an exhibit, despite the fact that certain entries and declarations contained therein are clearly inadmissible on various grounds, including but not limited to irrelevancy, hearsay, lack of foundation and evidence of subsequent remedial measures. Thus, the plaintiff should be required to identify with specificity the portion or portions of the DPH File that she intends to introduce into evidence so that the parties may focus their arguments only on those portions and stipulate that the remainder of the DPH File be redacted.

I.  **FACTUAL BACKGROUND**

This wrongful death case was brought by Laura Guigliano on behalf of the Estate of her husband Michael, who was treated at Danbury Hospital following a fall from February 7 to April 17, 2001. The plaintiff alleges that Mr. Guigliano suffered brain damage as a result of a cardiopulmonary arrest on February 17, 2001. Mr. Guigliano died on July 14, 2003.

Beginning in April, 2001, the Department of Public Health (the "DPH") conducted an investigation into Mr. Guigliano's case, which was documented by DPH officials. See **Exhibit A**. The investigation, which included two unannounced visits to Danbury Hospital in April, 2001, consisted of a tour of the facility, interviews with Hospital personnel, a review of staffing patterns, and a review of Hospital policies and procedures. The DPH File includes 13 pages of handwritten notes that appear to have been prepared by a DPH official in the course of interviewing Hospital personnel. Exhibit A. As a result of the investigation, the DPH issued an extensive, detailed "Statement of Findings" consisting of several pages, which is also part of the DPH file. Exhibit A. The DPH also issued a report citing two violations of the Regulations of Connecticut State Agencies that were noted by DPH officials in the course of the investigation. Exhibit A, Correspondence directed to the Hospital Administrator, dated August 21, 2001. The DPH requested that the Hospital address each violation in writing, including a prospective plan of corrective measures to be implemented. By correspondence dated September 7, 2001, the Hospital responded to this request, addressing the identified violations and its proposed plans of correction. These items also are contained in the DPH File that the plaintiff seeks to admit into evidence.

## II. ARGUMENT

In the parties' Joint Pretrial Memorandum, the plaintiff indicated that she will seek to introduce the entire 25-page DPH File as an exhibit at trial. Since many portions of the DPH File clearly are not admissible, the Hospital requests that that Court order the plaintiff to identify those specific portions of the DPH File that she intends to admit into evidence. The DPH File consists of a multitude of statements that fall into a number of different categories and derive from a number of different sources. Consequently, many different evidentiary rules are invoked by the various portions of the DPH File, and it is therefore impracticable to address the admissibility of the proposed exhibit as a whole. Moreover, it is overly burdensome to address the admissibility of each separate item contained in the 25-page submission.

By way of example, while factual findings resulting from an investigation by a public health agency, such as the DPH, are generally admissible under the hearsay exception for public records and reports, Fed. R. Evid. 803(8), the Hospital challenges the admissibility of any conclusions of law drawn from those facts, including whether agency representatives identified any violations of state statutes or regulations and the nature of any such violation. Such conclusions are inadmissible because, if admitted, they would encroach upon the jury's fact-finding role and also would exceed the scope of the public documents hearsay exception as enunciated in Fed. R. Evid. 803(8)(C) (noting that "<u>factual findings</u> resulting from an investigation made pursuant to authority granted by law" are not excluded by the hearsay rule) (emphasis added). Moreover, the threshold inquiry of relevancy must be addressed before any component of the DPH File—including evidence of violations identified by the DPH—may be

admitted, and, even if determined to have some probative value, the relevancy must be balanced against the serious danger of unfair prejudice. Fed. R. Evid. 401, 402 and 403.

Depending upon which portions of the DPH File the plaintiff seeks to admit, the Hospital may raise any number of additional evidentiary challenges. For example, with respect to any statements claimed to have been made by defendant's employees in the course of interviews conducted as part of the DPH investigation, plaintiff must make an offer of proof to establish the necessary foundation under Fed. R. Evid. 613 and/or 801. Any statements expressing unsupported opinions, as opposed to factual findings, must also be redacted. Fed. R. Evid. 701. In addition, any evidence of subsequent remedial measures effected by the Hospital as a result of the DPH investigation clearly are not admissible. Fed. R. Evid. 407.

The arguments outlined above are intended to be illustrative, rather than exhaustive. The Hospital reserves its right to challenge the admissibility of individual components of the DPH File on additional grounds that may not have been specifically enunciated in this Motion.

WHEREFORE, for the reasons set forth above, the defendant, Danbury Hospital, requests that this Court grant its Motion and exclude the DPH File from evidence. Alternatively, if the plaintiff identifies the precise portion or portions of the DPH File that she will seek to introduce into evidence, the parties may then address the admissibility of each specific proposed item.

DEFENDANT,
DANBURY HOSPITAL


By: /s/ Eric J. Stockman
 Eric J. Stockman
 Neubert, Pepe & Monteith, P.C.
 195 Church Street, 13th Floor
 New Haven, CT 06510
 Fed. Bar No. 14981
 (203) 821-2000

 Paul D. Williams
 Day, Berry & Howard, LLP
 185 Asylum Street
 Hartford, CT 06103-3499
 Fed. Bar No. 05244
 (860) 275-0100

## **CERTIFICATION**

     I hereby certify that on August 24, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.


Joseph Lanni, Esq.
The Law Firm of Joseph Lanni, P.C. 138
Chatsworth Avenue, Suites 6-8 Larchmont,
NY 10538

Scott F. Morgan, Esq.
Weiner, Millo & Morgan, LLC 220
Fifth Avenue – 7 th Floor New York,
New York 10001

Kevin Tepas, Esq.
Ryan, Ryan, Johnson & Deluca, LLP 80
Fourth Street, P.O. Box 3057 Stamford, CT
06905

Andrew Neubardt, Esq. Rende,
Ryan & Downs 202 Mamaroneck
Avenue White Plains, NY

Richard C. Tynan, Esq.
Halloran & Sage, LLP One
Goodwin Square Hartford, CT
06103

                                          /s/ Eric J. Stockman
                                          Eric J. Stockman
                                          Neubert, Pepe & Monteith