UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, and LAURA GUIGLIANO, Individually<br>    Plaintiffs,<br><br>V.<br><br>JOSEPH J. CATANIA, M.D.<br>Defendant and Third-Party/<br>Apportionment Plaintiff,<br><br>V.<br><br>Frank Kessler, M.D.<br>Third-Party/Apportionment Defendant. | CIVIL ACTION NO.<br>3:02 CV 718 (RNC) (DFM)<br><br><br><br><br><br><br><br><br><br><br><br>August 24, 2006 |

**MOTION IN LIMINE TO LIMIT THE TESTIMONY OF NANCY MURE R.N.**

The defendant, Joseph J. Catania, M.D., respectfully moves this court for an order, *in limine*, precluding the defendant from eliciting any testimony from Nancy Muré, R.N. as to the standard of care applicable to Dr. Joseph J. Catania.

Nancy Muré, R.N. is expected to offer testimony that Dr, Catania among other deviated from the standard of care by transporting the patient with out the supervision and monitoring of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor. Ms. Muré is a registered nurse and is not a licensed

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

10858.0087

One Goodwin Square　　HALLORAN　　Phone (860) 522-6103
225 Asylum Street　　& SAGE LLP　　Fax (860) 548-0006
Hartford, CT 06103　　　　　　　　　Juris No. 26105

physician. Section 52-184c C.G.S.A. sets forth the standard of proof that is necessary in a medical malpractice case. In essence, an expert who is brought forth to testify against a defendant healthcare provider in a medical malpractice case must either be a "similar healthcare provider" or, plaintiff's counsel must demonstrate, to the satisfaction of the court, that the proffered expert "... possesses sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine. Such training, experience, or knowledge shall be as a result of active involvement in the practice or teaching of medicine within the five year period before the incident giving rise to the claim."

As a registered nurse Ms. Muré deals may posses a level of expertise as to the nursing care of medical and surgical patients. However, at no time during her carrier has she ever practiced or been licensed to practice medicine. Therefore, she is not qualified to testify regarding the duty owed by a physician to a patient.

Our Connecticut courts have made it very clear that when a proffered expert witness cannot meet the tests for qualification spelled out in Section 52-184c C.G.S.A. (in any of its subparts), such expert witness should be limited or precluded from testifying as to the relevant standard of care for the defendant healthcare provider. See: Farrell v. Bass, 90 Conn. App. 804, 813-814 (2005) and Tornaquindici v. Keggi, 94 Conn. App. 828, 846-847 (2006).

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Because of the requirements of Section 52-184c, in <u>Bass</u>, <u>supra</u>, internists were barred from testifying as to the relevant standard of care owed by a plastic surgeon to his patient. So too, in <u>Friedman v. Meriden Orthopedic Group</u>, 272 Conn. 57, 69-70 (2004), a neuroradiologist was precluded from being able to offer testimony as to the orthopedic standard of care. Additionally, in <u>Nesi v. Yale New-Haven Hospital</u>, (Docket number CV-99-0079893-S), Judge Agati ruled *in limine* that Dr. Mabasa, as a treating surgeon, could not offer expert testimony on the standard of care required of a plastic surgeon, because among reasons, Dr. Mabasa was a general surgeon and not a specialist in plastic surgery. (The <u>Nesi</u> decision is attached hereto as <u>Exhibit A</u>.)

In addition, a Connecticut court, following an Illinois Supreme Court decision held that a physician may not testify as to the standard of care required of a registered nurse. The court recognized that physicians have little first hand knowledge of nursing practices and training. Physicians rarely teach nursing programs or write nursing texts. Therefore, a physician in most cases would not be familiar with the standard of care or with the nursing policies and procedures governing the standard of care for nurses. <u>Markland v. Abrams</u>, 2006 WL 893639 (Conn. Super. 2006), citing <u>Sullivan v. Edward Hospital</u>, 209 Ill.2d 100, 806 N.E.2d 645 (2004). (The <u>Markland</u> decision is attached as Exhibit B)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

For all the foregoing reasons, the undersigned defendant moves that Nancy Muré, R.N. be precluded from offering any opinions critical of the care and treatment of Dr. Catania.

THIRD-PARTY/APPORTIONMENT
PLAINTIFF
JOSEPH J. CATANIA, M.D.

By_____
Timothy J. Grady
HALLORAN & SAGE LLP
Fed. Bar #ct26730
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
His Attorneys

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 24th day of August 2006, I hereby mailed a copy of the foregoing to:

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, NY 10001
**For the Plaintiff**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendant Danbury Hosp.**

Kevin Tepas, Esq.
Beverly J. Hunt, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borruso**

Andrew Neubardt, Esq.
Rende, Ryan & Downes, LLP
202 Mamaroneck Road
White Plains, NY 10601
**For the Third-Party/Apport.-Defendant Kessler**

_____
TIMOTHY J. GRADY

877466_1.DOC

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105