UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, and LAURA GUIGLIANO, Individually<br>    Plaintiffs,<br><br>V.<br><br>JOSEPH J. CATANIA, M.D.<br>Defendant and Third-Party/<br>Apportionment Plaintiff,<br><br>V.<br><br>Frank Kessler, M.D.<br>Third-Party/Apportionment Defendant. | CIVIL ACTION NO.<br>3:02 CV 718 (RNC) (DFM)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>August 24, 2006 |

## MOTION IN LIMINE TO THE LIMIT TESTIMONY OF PLAINTIFF'S EXPERT, DR. ZELLNER

The defendant, Joseph J. Catania, M.D., hereby respectfully moves this court for an order, *in limine,* limiting the trial testimony of the plaintiff's expert Harriet Zellner, PhD and precluding her from testifying about the economic value of household services.

In the course of life, everyone performs household chores for their own benefit, and with no compensation. As part of their economist's report, the plaintiffs intend to submit evidence of the economic value of such household services, apparently on the

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

10858.0075

| One Goodwin Square | HALLORAN | Phone (860) 522-6103 |
| 225 Asylum Street | &SAGE LLP | Fax (860) 548-0006 |
| Hartford, CT 06103 | | Juris No. 26105 |

basis that the loss of these services constitutes damages to Mr. Guigliano's estate. This evidence is inadmissible because the loss of household services is not compensable as an element of economic damages under the Connecticut wrongful death statute, and the non-economic value of such services is not a proper subject of expert testimony. Dr. Zellner should, therefore, be precluded from testifying about the economic value of household services.

## I.  BACKGROUND

The plaintiffs intend to submit evidence of the economic value of such household services, apparently on the basis that the loss of these services constitutes damages to Mr. Guigliano's estate. (See Exhibit A - An Estimate of the Economic Loss Sustained by Michael Guigliano's Family on Account of His Accident and Subsequent Death, prepared by Harriet Zellner, PhD.). This evidence is inadmissible because the loss of household services is not compensable as an element of economic damages under the Connecticut wrongful death statute, and the non-economic value of such services is not a proper subject of expert testimony. Dr. Zellner should, therefore, be precluded from testifying about the economic value of household services.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiffs have disclosed Dr. Harriet Zellner, an economist, as an expert to testify as to the economic loss sustained by Michael Guigliano's estate as a result of his death. In his report, Dr. Zellner estimates the value of the household services Michael Guigliano allegedly would have rendered on his own behalf during his life. Dr. Zellner s' report, values household services based on the going market wage rate in the relevant service industry, in essence measuring the cost of obtaining substitute services. The Court should preclude Dr. Zellner from testifying regarding the value of household services because the loss of household services is not an element of economic damages and is not a proper subject of expert testimony.

## II. LEGAL ARGUMENT

### A. Loss Of Household Services Is Not An Element Of Economic Damages Under The Connecticut Wrongful Death Statute.

Under the Connecticut wrongful death statute, Conn. Gen. Stat. § 52-555, damages for wrongful death "are assessed on the basis of the loss to the <u>decedent</u> had he lived." <u>Floyd v. Fruit Industries, Inc.</u>, 144 Conn. 659, 671 (1957) (emphasis added). The Connecticut Supreme Court has consistently held that a plaintiff in a wrongful death action may recover "special damages for medical and funeral costs, and three elements

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of general damages: (1) compensation for conscious pain and suffering; (2) lost earning capacity less deductions for necessary living expenses, discounted for present cash value; and (3) compensation for the destruction of life's enjoyment." Kiniry v. Danbury Hosp., 183 Conn. 448, 460 (1981); see also Katsetos v. Nolan, 170 Conn. 637, 657 (1976) (same); Floyd, 144 Conn. at 669–70 (same); Chase v. Fitzgerald, 132 Conn. 461, 469 (1946) (same). Thus, a plaintiff may recover under our wrongful death statute for economic loss resulting from medical costs, funeral costs, and lost earning capacity, and may also recover for non-economic loss in the form of conscious pain and suffering, and the destruction of life's activities.

Household services can fit into one of two categories. If the decedent earned a living performing household services, he would be entitled to recovery for lost earning capacity. If not, he would be entitled to recovery for loss of household services performed for his own benefit as a component of the destruction of life's activities. Because there is nothing in the record suggesting that Michael Guigliano would have earned a living performing household services, plaintiffs' right to recovery for such services falls into the second category, as a component of the destruction of life's activities. By introducing expert testimony on the economic value of household services,

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiffs seek to recover for Michael Guigliano's alleged loss of household services performed for his own benefit as if such services were an element of lost earning capacity. But the statute does not permit a decedent, even if he did earn a living doing such services, to recover economic damages for loss of these services to himself. Kiniry, 183 Conn. at 460; Katsetos, 170 Conn. at 657; Floyd, 144 Conn. at 669–70; Chase, 132 Conn. at 469 (1946); c.f., Ecker v. Town of W. Hartford, 205 Conn. 219, 233 (1987) ("Since § 52–555 creates liability where none formerly existed, the statute must be strictly construed and we are not at liberty to extend, modify or enlarge its scope through the mechanics of construction.").

**B. Loss Of Household Services Is Not A Proper Subject Of Expert Testimony.**

A claim for loss of household services is necessarily a component of a claim for the destruction of life's activities, which is not a proper subject of expert testimony. In Ladd v. Douglas Trucking Co., 203 Conn. 187 (1987) (superseded by statute on other grounds), the Connecticut Supreme Court recognized that the estate may be compensated for the destruction of the decedent's ability "to carry on nonpecuniary activities of life, such as those of a husband, wife or parent." Id. at 197 (emphasis added). Connecticut courts have specifically permitted recovery for the loss of a

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

housewife's services in and around the home in connection with the destruction of her ability to carry on life's activities. Chase, 132 Conn. at 470; see also Maffa v. Perkins Trucking Co., 200 F. Supp. 183, 189 (D. Conn. 1961) (jury award allowed to be enhanced by the decedent's non-remunerative activities around the home).

Connecticut courts have recognized that loss of life's enjoyment seeks to compensate the decedent's estate for the destruction of the capacity to carry on life's activities, which include hobbies, recreational activities, activities and projects around the home, family connections and the ability to raise one's children. See e.g., Floyd, 144 Conn. at 675; Schleidt v. State, No. 54205, 1991 WL 257273, *4 (Conn. Super. 1991); Cronin v. McArdle, No. CV-950127272, 1997 WL 408472, *2 (Conn. Super. 1997); Peters v. Wilson, No. CV-95-0146906, 1996 WL 499888, *3 (Conn. Super. 1996). These cases measure the loss of domestic services as part of the loss of enjoyment gained by pursuing these activities, and not because of any purported economic value that the activities may have. See Feldman v. Allegheny Airlines, Inc., 524 F.2d 384, 389 (2d Cir. 1975) ("[A]ny award in relation to the portion of the child-raising period during which Mrs. Feldman would not have been working must be predicated on her 'loss of the enjoyment of life's activities' rather than on the loss of earnings"). The value that

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Michael Guigliano himself would have placed on his household activities, and the enjoyment he would have taken from these activities, is indisputably a non-economic loss that cannot be measured by an economist.

Indeed, any attempt to convert this uniquely non-economic loss into an economic loss through the use of expert testimony impermissibly invades the province of the finder of fact. Expert testimony is generally admissible if "(1) the witness has a special skill or knowledge directly applicable to the matter in issue, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues . . . ." Card v. State, 57 Conn. App. 134, 138 (2000). As the matter in issue here—the proper measure of Michael Guigliano's inability to carry on life's activities—is not capable of quantification and objective measurement, an economist has no special skill or knowledge relevant to the subject, and his opinion on the subject is neither necessary nor helpful.

Connecticut courts have recognized that non-economic losses are not properly the subject of expert testimony. See, e.g., Lanier v. Hochman, No. CV 940533324S, 1998 WL 352073, *12 (Conn. Super. Jun. 19, 1998) ("Life's enjoyment may not be the subject of mathematical precision or calculation. It is not bought or sold and is truly incapable of

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

monetary valuation."); Spruill v. Downing, No. CV 93 0068193S, 1995 WL 542121, * 10 (Conn. Super. Sept. 5, 1995) ("Life's enjoyment defies quantification. It is truly priceless.").

Other states have also recognized that the introduction of expert testimony on this subject is improper and constitutes reversible error. See, e.g., Wilt v. Buracker, 191 W.Va. 39, 43 (1993) (reversing jury verdict because trial court had allowed expert economist to testify regarding monetary calculations for the loss of enjoyment of life); Loth v. Truck-A-Way Corp. et al., 60 Cal. App. 4th 757 (1998) (reversing and remanding for new trial because testimony of expert witness regarding loss of enjoyment of life should have been excluded; "a plaintiff's loss of enjoyment of life is not a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact").

While plaintiffs are entitled to "attempt to present an over-all picture of the decedent's activities to enable the jury to make an informed valuation of the total destruction of his capacity to carry on life's activities," Waldron v. Raccio, 166 Conn. 608, 616 (1974) (internal quotations omitted), the very nature of this valuation focuses on the loss to the *individual*, and expert testimony purporting to measure this loss based

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on an economic analysis of the cost of replacing these services simply is not proper. The finder of fact is more than capable of assessing the value these activities would have had to Michael Guigliano, without the need for complicated mathematical calculations. See Warren v. GMC, 142 N.C. App. 316, 320 (2001) (affirming decision to preclude expert economist, holding "[t]he trial court correctly concluded the jury was capable of rendering a decision on the value of a person's services to himself because such is a matter of common knowledge")

Assessing such damages in a wrongful death case is by nature an inexact task, and one rightfully within the fact finder's province. As the Connecticut Supreme Court remarked nearly half a century ago:

> Suffice it to say that, except for the special expenses allowable under the statute, all these elements [for wrongful death damages] are, of necessity, imponderable and largely speculative. No one can place a definite value upon them, nor can one do more than conjecture as to what the future course of any life, if continued, would have been. At best, the trier must take the evidence and make an intelligent estimate . . . . No one life is like any other, and the damages for the destruction of one furnish no fixed standard for others. The question is one peculiarly within the province of the jury. Juries may differ widely in the conclusions which they reach in apparently similar cases, and, in fact, in any given case one jury might arrive at a result substantially different from that of another jury. This flexibility, though it may lead to uncertainty, is a necessary concomitant of the jury system as it operates in cases of this nature.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 9 -
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Fairbanks v. State, 143 Conn. 653, 661 (1956) (superseded by statute on other grounds).

No one, including an expert economist, can have any peculiar knowledge or experience not shared by the population generally that would aid the finder of fact in determining the value of the enjoyment Michael Guigliano would have taken from life and his activities, and the inexact and speculative nature of calculating such value demonstrates that the finder of fact would not be aided by testimony laying out mathematical formulas purporting to do the job for them. The Court should not permit Dr. Zellner to testify on this element.

## III. CONCLUSION

For the foregoing reasons, this Court should preclude plaintiffs from offering any testimony or evidence through their expert, Dr. Harriet Zellner, or otherwise regarding the economic value of services Michael Guigliano would have allegedly rendered in the home.

WHEREFORE, the defendant, Joseph J. Catania, hereby moves this court to preclude the testimony of Dr. Harriet Zellner, and to issue an order that the plaintiff is not

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

permitted to have him testify, reference his opinions, or seek to have any of his opinions or conclusions admitted in any way during trial.

THIRD-PARTY/APPORTIONMENT
PLAINTIFF
JOSEPH J. CATANIA, M.D.

By_____
Timothy J. Grady
HALLORAN & SAGE LLP
Fed. Bar #ct26730
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
His Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 11 -
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 24th day of August 2006, I hereby mailed a copy of the foregoing to:

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, NY 10001
**For the Plaintiff**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendant Danbury Hosp.**

Kevin Tepas, Esq.
Beverly J. Hunt, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borruso**

Andrew Neubardt, Esq.
Rende, Ryan & Downes, LLP
202 Mamaroneck Road
White Plains, NY 10601
**For the Third-Party/Apport.-Defendant Kessler**

_____
Timothy J. Grady

877208_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105