UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased, and LAURA
GUIGLIANO, Individually,

     Plaintiff(s)

    -against-

               *3:02 CV 718*
DANBURY HOSPITAL, J. BORRUSSO, M.D.,    *(RNC)(DFM)*
JOSEPH J. CATANIA, M.D., and
DANBURY SURGICAL ASSOCIATES, P.C.,

     Defendants.
========================================X

J. BORRUSSO, M.D., JOSEPH J. CATANIA, M.D.,
and DANBURY SURGICAL ASSOCIATES, P.C.,

   Third Party Apportionment Plaintiffs,


    -against-

FRANK KESSLER, M.D.,

   Third Party Apportionment Defendant.

========================================X


# **PLAINTIFF'S SECTION OF THE JOINT TRIAL MEMORANDUM**


        Dated: August 24, 2006

**<u>Guigliano v. Danbury Hospital, et al.</u>**
*3:02 CV 718  (RNC)(DFM)*


**<u>JOINT TRIAL MEMORANDUM</u>**

   Plaintiff's counsel submits the following as the Plaintiff's Section of the Joint

Trial Memorandum in this case pursuant to and in accordance with the Order of Judge

Chatigny, filed May 12, 2006, and the Standing Order Regarding Trial Memoranda in

Civil Cases:


**<u>Trial Counsel</u>**:


<u>Plaintiff's Counsel</u>:

Joseph Lanni (CT 23566)
Joseph Lanni, P.C.
138 Chatsworth Ave., Ste. 6 – 8
Larchmont, N.Y. 10538
(914) 834-6600

Scott F. Morgan (CT 23648)
Weiner, Millo & Morgan, LLP
220 Fifth Avenue
New York, N.Y. 10001
Tel.:  (212) 213-1220


<u>Defendants' Counsel</u>:

Eric J. Stockman (CT 14981)
Neubert, Pepe & Monteith (Danbury Hospital)
195 Church Street
New Haven, CT 23067
Tel.:  (203) 821-2000

Paul Williams (CT 05244)
Barbara T. Burke (CT 22331)
Day, Berry & Howard, LLP
185 Asylum St.
Hartford, CT 06103

Kevin Tepas (CT 05552)
Ryan, Ryan, Johnson & Deluca, LLP (Borrusso & Danbury Surg. Assoc., P.C.)
80 Fourth Street
Stamford, CT 06905
Tel.: (203) 357-9200

Richard C. Tynan (CT        )
Timothy J. Grady (CT 26730)
Halloran & Sage, LLP (Catania)
One Goodwin Square
Hartford, CT 06103
Tel.: (860) 522-6103

Andrew M. Neubardt (CT        )
Rende, Ryan & Downes, LLP (Kessler)
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

**Jurisdiction**:

The jurisdiction of this Court is premised upon the diversity of citizenship among the parties, as plaintiffs are citizens of the State of New York and the defendants are citizens of the State of Connecticut with their principal and actual places of business in that state and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by *28 U.S.C. §1332* (*i.e.:* $75,000.00).

**Jury trial**:

Plaintiffs have demanded a trial by jury of all issues presented in this action that are triable as of right by a jury pursuant to *Fed. R. Civ. P. 38 (a)* such demand having been set forth in the Complaint filed on April 24, 2002, and all subsequent amended pleadings filed by the plaintiff.

**Nature of Case**:

This action is for medical malpractice, loss of services and consortium, negligence and wrongful death. It involves events during the February 7, 2001 – April 17, 2001, admission of Michael Guigliano to Danbury Hospital. It is alleged that Mr. Guigliano's injuries and death were caused by the medical malpractice and negligence of the defendant Danbury Hospital's employees and the defendant physicians whose care he was under during the first ten (10) days (February 7 – 17, 2001) of this hospital admission.

**Plaintiff's Proposed Stipulations of Fact and Law**:

1.    Plaintiff's decedent Michael Guigliano sustained severe anoxic encephalopathy while a patient at Danbury Hospital on February 17, 2001.


2.    Plaintiff's decedent Michael Guigliano died on July 14, 2003, due to complications of severe anoxic encephalopathy.


3.    Iulia Circiumara, M.D., Maureen Burnett, R.N., Joanne Brown, R.N., Beth Ann Hoffman, R.N., Vanessa Saipher, Joe Roth and Maryann Millville, R.N., were agents and employees acting within the scope of their employment duties at Danbury Hospital during the care and treatment rendered to Michael Guigliano.


4.    Defendant Danbury Hospital is vicariously liable for the agents and employees acting within the scope of their employment duties during the treatment at issue.

5.      Medical expenses incurred on behalf of plaintiff's decedent Michael Guigliano total $741,348.06.

6.      Funeral and burial expenses incurred due to the death of plaintiff's decedent Michael Guigliano total $14,964.00.

**Plaintiff's Contentions**:

Plaintiff contends that the following deviations from the standard of medical care occurred during the hospital admission at issue:

Defendant Borrusso negligently removed a nasogastric tube from the patient on February 15, 2001, which was needed to treat abdominal distention.

Defendants Borrusso and Catania negligently failed to reinsert a nasogastric tube when they saw the patient on February 16 and 17, 2001, after the abdominal distention had worsened.

Defendant Borrusso negligently failed to correct electrolyte abnormalities and low hemoglobin/hematocrit values causing the patient to be more susceptible to a cardiac arrhythmia from a lack of oxygen.

Defendant Danbury Hospital's nursing staff negligently failed to transport the patient to the radiology department on February 17, 2001, for a CT scan without the supervision of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor.

Defendant Catania negligently failed to transport the patient to the radiology department on February 17, 2001, for a CT scan without the supervision of a

"multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor.

Defendant Danbury Hospital's nursing staff negligently failed to follow doctor's orders to use cardiopulmonary monitoring devices on the patient.

Defendant Danbury Hospital's staff negligently failed to transport the patient to the radiology department on February 17, 2001, without supplemental oxygen in use or negligently discontinued supplemental oxygen at some point in time during or after transport.

Defendant Danbury Hospital's staff negligently failed to call a "code" in a timely manner when the patient suffered severe respiratory distress in the CT scan room on February 17, 2001.

Defendant Danbury Hospital's staff negligently directed the "code" to the wrong floor in the hospital when the patient suffered severe respiratory distress in the CT scan room on February 17, 2001.

Defendant Danbury Hospital's staff negligently failed to respond to the "code" and perform CPR in a timely manner.

Defendant Danbury Hospital's staff negligently failed to timely perform chest compressions and proper techniques during CPR.

Defendant Danbury Hospital's staff negligently failed to use an oral airway during CPR.

Plaintiff further contends that the negligent removal and failure to reinsert the nasogastric tube were substantial factors in causing the abdominal distention to increase and the increased abdominal distention resulted in compression of the patient's lungs and

progressively worsening breathing problems. The lung compression and the breathing problems became seriously aggravated when the patient was placed flat for the CT Scan on February 17, 2001, and were substantial factors in causing the patient's severe respiratory distress and respiratory arrest at that time. Plaintiff further contends that the numerous acts of negligence committed by defendant Danbury Hospital's staff were substantial factors in causing the patient's severe respiratory distress and the subsequent respiratory arrest, cardiopulmonary arrest, prolonged absence of oxygen, and permanent severe brain damage suffered by the patient. Plaintiff further contends that the numerous acts of negligence committed by defendants were substantial factors in causing the death of the patient more than two years later on July 14, 2003.

Plaintiff finally contends that, as a result of the foregoing negligent acts of the defendants, the foregoing damages were sustained. During the two years that he lived after the cardiopulmonary arrest, Michael Guigliano sustained conscious pain and suffering, the destruction of the capacity to carry on life's activities, loss of earnings, expenses for continued medical and hospital care, and death. Laura Guigliano sustained the loss of the services, society, companionship and consortium of her husband during that time and as a result of his death. As a result of his death, the Estate of Michael Guigliano sustained loss of future earnings and income, the destruction of the capacity to carry on life's activities in the way that the decedent would have done had he lived, loss of services, and funeral and burial expenses.

**Defendants' Contentions**:

See, Defendants' Section of Joint Trial Memorandum. See also, Third Party Apportionment Defendant's Section of Joint Trial Memorandum.

**<u>Plaintiff's Legal Issues</u>**:

There are three elements to an action for medical malpractice in the State of Connecticut. "[T]o prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from the standard of care, and (3) a causal connection between the deviation and the claimed injury." ***Boone v. William W. Backus Hosp., 272 Conn. 551, 864 A. 2d 1 (Conn. 2005); see also, Gold v. Greenwich Hospital Assn., 262 Conn. 248, 254-255, 811 A. 2d 1266 (Conn. 2002)***. Upon a jury verdict finding that plaintiff has proven the foregoing three elements, the plaintiff is entitled to an award of damages for all injuries and losses, past and future, which are proximately caused by the defendant's proven negligence. In a personal injury action, plaintiff is entitled to an award of both past and future economic damages and noneconomic damages including the cost of medical care, lost earnings, physical pain and suffering, mental and emotional suffering, destruction of the capacity to carry on life's activities and loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function. ***See, Bartholomew v. Schweizer, 217 Conn. 671, 587 A. 2d 1014 (Conn. 1991); see also, Connecticut Civil Jury Instructions, § 2.40(a).*** In a wrongful death action, plaintiff is entitled to just damages including loss of future earnings and income, the destruction of the capacity to carry on life's activities in the way that the decedent would have done had he lived, loss of services, and funeral and burial expenses. ***See, Katsetos v. Nolan, 170 Conn. 637, 368 A. 2d 172 (Conn. 1976); Waldron v. Paccio, 166 Conn. 608, 353 A. 2d 770 (Conn. 1974); Kiniry v. Danbury Hospital, 183 Conn. 448, 439 A. 2d 408 (Conn. 1981); Conn. Stat. § 52-555; see also, Mather v. Griffin Hospital, 207 Conn. 125, 540 A. 2d 666 (Conn. 1988).*** The decedent's surviving spouse

is further entitled to damages for loss of consortium.  ***See, Conn. Stat. § 52-555a.***  An apportionment claim in a medical malpractice action requires qualified expert testimony. demonstrating the negligence of a third party apportionment defendant.  ***See, Stowe v. McHugh, 46 Conn. App. 391, 394-398 (1997), cert. denied 243 Conn. 932 (Conn. 1997)***.  Thus, the defendants / third party apportionment plaintiffs have the burden of proving their claims against the third party apportionment defendant.  ***See, Connecticut Civil Jury Instructions, 1.34; see also, Gulycz v. Stop & Shop Companies, Inc., 29 Conn. App. 519, 523, cert. denied, 224 Conn. 923 (1992).***

**Proposed Voir Dire Questions**:

See, Plaintiff's Section of Joint Trial Memorandum addendum entitled Plaintiff's Proposed Voir Dire Questions.

See also, Defendants' Section of Joint Trial Memorandum, addenda entitled "Defendants' Proposed Voir Dire Questions" – Plaintiff objects to questions numbered 1, 2, 3, 15, 17, 18, 19, 24, 26, 28 & 29 on the ground that such questions are not designed to determine impartiality or fairness of a potential juror and are an impermissible attempt to influence prospective jurors in the defendants' favor.

**List of Witnesses**:

Plaintiff's Case-in-Chief:

Fact Witnesses:

Laura Guigliano
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for

Special Care and Kingston Hospital; statements made by or to the defendants and/or defendant's employees; observations of the decedent's physical condition; decedent's past and future economic damages (cost of medical care, lost earnings); decedent's noneconomic damages (destruction of the capacity to carry on life's activities, loss of the ability to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral and burial expenses. (Estimated time: 7.5 hrs.)

Michael Guigliano, Jr.
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for Special Care and Kingston Hospital; statements made by or to the defendants and/or defendant's employees; observations of the decedent's physical condition; decedent's past and future economic damages (cost of medical care, lost earnings); decedent's noneconomic damages (destruction of the capacity to carry on life's activities, loss of the ability to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral and burial expenses. (Estimated time: 2.5 hrs.)

Lauren Guigliano
29 Oakfield Drive
Patterson, New York 12563

This witness will testify about the following: observations of the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital, Northeast Center for Special Care and Kingston Hospital; statements made by or to the defendants and/or defendant's employees; observations of the decedent's physical condition; decedent's past and future economic damages (cost of medical care, lost earnings); decedent's noneconomic damages (destruction of the capacity to carry on life's activities, loss of the ability to enjoy life's pleasures, loss of ability to function); loss of services and consortium; funeral and burial expenses. (Estimated time: 2.5 hrs.)

F. Scott Gray, M.D.
33 Hospital Ave.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

James W. DePuy, M.D.
33 Hospital Ave.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 3.0 hrs.)

John J. Borrusso, M.D.
7 Galilee Way
Newtown, CT 06470

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 7.5 hrs.)

Joseph J. Catania, M.D.
107 Newtown Rd.
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 3.0 hrs.)

Frank Kessler, M.D.
Route 6
Brewster, New York 10509

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations,

prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 4.5 hrs.)

J. Lane
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 0.5 hrs.)

Maryann Elizabeth Millville, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees; (Estimated time: 3.0 hrs.)

Maureen Burnett, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury

Hospital; and statements made by or to the defendants and/or defendant's employees; (Estimated time: 2.0 hrs.)

Betsy D. Miles
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

Laurie Lynn Brentlinger, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

Vanessa Saipher
30 Canterbury Rd.
New Milford, CT 06776

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 3.0 hrs.)

Joseph Roth
257 Dayton Rd.
Trumbull, CT 06611

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital;

the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 2.5 hrs.)

Larissa Nichole Howard
7 Main St., Apt 11
Bethel, CT 06801

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the observations, assessments, and impressions made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 2.0 hrs.)

Dorothy Troiano
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

Scott B. Berger, M.D.
15 Maple Way
Armonk, New York 10504

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 2.5 hrs.)

JoAnn Brown, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

Beth Ann Hoffman, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.0 hrs.)

Patricia M. DiLauro, R.T.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.5 hrs.)

Timothy J. Hendrie, C.R.N.A.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the examination findings, observations, assessments, impressions, and evaluations made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees. (Estimated time: 1.5 hrs.)

Iulia Circiumaru-Grillo, M.D.
38 Ricci Lane
North Kingstown, R.I. 02852

This witness will testify about the following: knowledge of and participation in the facts and circumstances of the medical treatment rendered to decedent at Danbury Hospital; the diagnoses, examination findings, observations, assessments, impressions, evaluations, prognoses, recommendations, decisions and orders made and/or formulated by this witness in relation to the aforementioned course of medical treatment; the notes and information contained in the Danbury Hospital records entered or reviewed by the witness; relevant practices, procedures and protocols at Danbury Hospital; and statements made by or to the defendants and/or defendant's employees.  (Estimated time: 3.0 hrs.)

Records Custodian
Danbury Hospital
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Northeast Center for Special Care
300 Grant Avenue
Lake Katrine, New York 12449

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Kingston Hospital
396 Broadway
Kingston, New York 12401

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Brewster Central School District
30 Farm to Market Road
Brewster, New York 10509-9956

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Wright Risk Management
377 Oak Street
Garden City, New York 11530

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
New York State & Local Employees Retirement Fund
110 State Street
Albany, New York 12244

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)

Records Custodian
Connecticut Department of Public Health
410 Capital Avenue
Hartford, CT 06134

This witness will testify about the following: authentication of records (if necessary). (Estimated time: 0.2 hrs.)


Expert Witnesses:

Brian Kaufman, M.D.
Two Rubins Court
Dix Hills, New York 11746

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of medical care committed by the defendants and the defendant hospital's

employees; the expert opinions of the witness on the causes of the respiratory arrest, cardiopulmonary arrest, severe anoxic encephalopathy and death of the decedent; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hrs.)

A summary of the opinions of this witness is as follows: defendant Borruso deviated from proper medical practice by removing a nasogastric tube (NGT) from the patient; defendants Borruso and Catania deviated from proper medical practice by failing to reinsert the NGT; defendants Danbury Hospital and Catania deviated from proper medical practice by transporting the patient without the supervision and monitoring of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor; defendant Danbury Hospital deviated from proper medical practice by transporting the patient without supplemental oxygen in use or negligently discontinuing supplemental oxygen during or after transport; defendant Danbury Hospital deviated from proper medical practice by failing to timely call a "code", failing to timely respond to a "code", directing the "code" to the wrong location; and failing to timely perform proper CPR technique; the patient's respiratory compromise, hypoxemia and cardiopulmonary abnormalities were caused by atelectasis and abdominal distention; that the patient sustained severe respiratory distress, hypoxemia, and respiratory arrest due to atelectasis and abdominal distention exacerbated by a supine position; the deviations from proper medical practice committed by the defendants were caused and contributed to the respiratory arrest, subsequent cardiopulmonary arrest and severe anoxic encephalopathy sustained by the patient; and the patient's death was due to complications from severe anoxic encephalopathy.  The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DOPH investigative file records; Northeast Center for Special Care medical records; Kingston Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Richard Batista, M.D.
Nassau University Medical Center
2201 Hempstead Turnpike
East Meadow, New York 11554

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of medical care committed by the defendants and the defendant hospital's employees; and the facts and information serving as the basis for the expert opinions of the witness.  (Estimated time: 4.5 hrs.)

18

A summary of the opinions of this witness is as follows: defendant Borruso deviated from proper medical practice by removing a nasogastric tube (NGT) from the patient; defendants Borruso and Catania deviated from proper medical practice by failing to reinsert the NGT.  The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.


Gerard A. Catanese, M.D.
64 Muttontown Road
Syosset, New York 10005

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinion of the witness on the post-cardiopulmonary arrest level of consciousness exhibited by the patient; the expert opinion of the witness on the patient's post-cardiopulmonary arrest responsiveness to noxious, tactile and verbal stimuli, the expert opinion of the witness on the clinical evidence indicating that the patient experienced pain and discomfort related to his injuries and the medical treatment necessitated by those injuries; the expert opinion of the witness on the manner of death and the cause of death of plaintiff's decedent; and the facts and information serving as the basis for the expert opinions of the witness.  (Estimated time: 3.5 hrs.)

A summary of the opinions of this witness is as follows: the patient's death was due to complications from severe anoxic encephalopathy; the patient's death was due to an abdominal hemorrhage secondary to anticoagulation therapy given for the patient's immobility from brain damage and medical condition and the patient's inability to communicate pain, discomfort and changes in his condition due to the abdominal wall bleeding as a result of the brain damage. The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DOPH investigative file records; Northeast Center for Special Care medical records; Kingston Hospital medical records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Nancy Mure, R.N.
15 Admiralty Loop
Staten Island, New York 10309

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on deviations from the applicable standard of nursing care committed by the defendant hospital's employees; and the facts and information serving as the basis for the expert opinions of the witness.  (Estimated time: 5.0 hrs.)

A summary of the opinions of this witness is as follows: defendant Danbury Hospital and Catania deviated from proper nursing practice by transporting the patient without the supervision and monitoring of a "multispecialist" nurse, without a pulse oximetry monitor and without a portable cardiac monitor; defendant Danbury Hospital deviated from proper nursing practice by transporting the patient without supplemental oxygen in use or negligently discontinuing supplemental oxygen during or after transport; defendant Danbury Hospital deviated from proper medical practice by failing to timely call a "code", failing to timely respond to a "code", directing the "code" to the wrong location; and failing to timely perform proper CPR technique; defendant Danbury Hospital deviated from proper medical practice by failing to use an oral airway during CPR prior to intubation; and defendant Danbury Hospital deviated from proper medical practice by failing to properly use a defibrillator / cardioverter during CPR.  The witness will also testify on those opinions referenced in the report and deposition testimony of this witness.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; Connecticut DOPH investigative file records; the depositions of plaintiff, defendants, defendant's employees, and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.


Harriet Zellner, Ph.D.
Integral Research, Inc.
14 East Fourth Street, Suite 408
New York, New York 10012

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness on net economic loss sustained as a result of the death of plaintiff's decedent; and the facts and information serving as the basis for the expert opinions of the witness.  (Estimated time: 5.5 hrs.)

A summary of the opinions of this witness is as follows: economic loss calculations are based on a projection of earnings stream methodology, decedent's work life expectancy, the value of decedent's household services, deductions for estimated personal

consumption, loss of estimated retirement benefits, estimated loss offsets, and present value calculations of estimated loss stream; the decedent sustained a loss in pre-retirement income of $1,344,530.00 in current year dollars and $1,173,251.00 present value terms; the decedent sustained a loss in retirement income of $2,267,745.00 in current year dollars and $666,726.00 present value terms; and the decedent sustained a net total economic loss of $3,625,622.00 in current year dollars and $1,839,977.00 present value terms. The witness will also testify on those opinions referenced in the report of this witness.

The opinions of this witness are based upon the following: Brewster Central School District employment records; New York State & Local Employees Retirement Fund – Pension & Retirement benefit records; Job Description, Director of School Facilities & Operations; Correspondence to plaintiffs from Assistant Superintendent of Schools, Brewster Central School District, dated May 31, 2002; Correspondence to plaintiffs from Superintendent of Schools, Brewster Central School District, dated May 31, 2002; Determination of Permanent Disability for Michael Guigliano, New York State & Local Employees Retirement System, dated June 5, 2002; Correspondence of plaintiff Laura Guigliano to Superintendent of Schools, Brewster Central School District, dated June 12, 2002; Copy of record stub for check # 002726299 of New York State & Local Employees Retirement System, re: disability retirement benefits of Michael Guigliano, dated September 30, 2002; 1997 – 2002 U.S. Income Tax Returns for Michael Guigliano & Laura Guigliano; W – 2 Forms for Michael Guigliano for years 1998 – 2003; Collective Bargaining Agreement Between Brewster Central School District and Brewster Teachers Association (2000 – 2003); Agreement between Brewster Central School District and Administrators' Association of Brewster pertaining to compensation and fringe benefit issues applicable to plaintiff's decedent Michael Guigliano prior to death; the depositions of plaintiff and non-party witnesses; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Defendants' Case-in-Chief:

Defendant Danbury Hospital – Fact Witnesses:

Laura Guigliano – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the plaintiff will already be subject to the defendants' cross-examination and the defendants' proposed testimony is irrelevant, unnecessary and cumulative. See, Fed. R. Evid. 401, 402, 403.

Defendant Danbury Hospital – Expert Witnesses:

Richard Batista, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that this expert will already be subject to the defendants' cross-examination and the defendants' proposed testimony is unnecessary and cumulative. See, Fed. R. Evid. 403. Plaintiff objects to any reading of the deposition of this expert

witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4).

Brian Kaufman, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that this expert will already be subject to the defendants' cross-examination and the defendants' proposed testimony is unnecessary and cumulative. See, Fed. R. Evid. 403. Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4).


Defendant Borrusso – Witnesses:

Adam Silverman, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the defendant has indicated that it will call four (4) expert witnesses who will testify on the same issues; therefore, the defendants' proposed testimony of this expert witness is unnecessary and cumulative. This defendant should only be permitted to call one such expert witness and designate prior to trial that particular expert witness who is to be called by this party. See, Fed. R. Evid. 403.

David Brooks, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the defendant has indicated that it will call four (4) expert witnesses who will testify on the same issues; therefore, the defendants' proposed testimony of this expert witness is unnecessary and cumulative. This defendant should only be permitted to call one such expert witness and designate prior to trial that particular expert witness who is to be called by this party. See, Fed. R. Evid. 403.

Gerald Wishner, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the defendant has indicated that it will call four (4) expert witnesses who will testify on the same issues; therefore, the defendants' proposed testimony of this expert witness is unnecessary and cumulative. This defendant should only be permitted to call one such expert witness and designate prior to trial that particular expert witness who is to be called by this party. See, Fed. R. Evid. 403.

John Chabot, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the defendant has indicated that it will call four (4) expert witnesses who will testify on the same issues; therefore, the defendants' proposed testimony of this expert witness is unnecessary and cumulative. This defendant should only be permitted to call one such expert witness and designate prior to trial that particular expert witness who is to be called by this party. See, Fed. R. Evid. 403.


Defendant Catania – Witnesses:

Martin Keibel, M.D. – Plaintiff objects to this defendant calling this witness in its case-in-chief on the grounds that the proposed testimony of this expert witness does not set

forth opinions of the issues of deviations from the standard of care or the causation of the decedent's injuries or death; therefore, it does not involve scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue.  See, Fed. R. Evid. 702.


**Exhibits**:

Plaintiff's Exhibits:

Plaintiff's Exhibit No. 1:  Danbury Hospital – Medical Records (Adm.: 02/07/01 – 04/17/01) (Note: plaintiff's may request permission to display enlargements and/or projections of portions of these medical records for the jury's viewing during trial.)

Plaintiff's Exhibit No. 2:  Danbury Hospital – Itemized Billing Statement (Adm.: 02/07/01 – 04/17/01)

Plaintiff's Exhibit No. 3:  Incident Report of Vanessa Saipher, dated February 28, 2001

Plaintiff's Exhibit No. 4:  Danbury Hospital – Emergency Code Log (February 2001)

Plaintiff's Exhibit No. 5:  Danbury Hospital – Code 99 Flowsheet (02/17/01)

Plaintiff's Exhibit No. 6:  Danbury Hospital – Patient Transportation Log (February 17, 2001)

Plaintiff's Exhibit No. 7:  Danbury Hospital – Index / Table of Contents Hospital Rules and Regulations Re: Medical treatment and Patient Care (in force and effect during the period February 7 – April 17, 2001)

Plaintiff's Exhibit No. 8:  Danbury Hospital – Nurses' Handbook / Nursing Department Manual / Nursing Practice Guidelines / Nursing Department Rules & Regulations (in force and effect during the period February 7 – April 17, 2001)

Plaintiff's Exhibit No. 9:  Connecticut Department of Public Health – Investigative File Records.

Plaintiff's Exhibit No. 10:  Correspondence of Connecticut Department of Public Health, dated September 7, 2001

Plaintiff's Exhibit No. 11:  Northeast Center for Special Care – Medical Records (Adm.: 04/17/01 – 07/14/03)

Plaintiff's Exhibit No. 12:  Northeast Center for Special Care – Itemized Billing Statement (Adm.: 04/17/01 – 07/14/03)

Plaintiff's Exhibit No. 13:  Kingston Hospital – Medical Records (Adm.: 07/14/03)

Plaintiff's Exhibit No. 14:   Kingston Hospital – Itemized Billing Statement (Adm.: 07/14/03)

Plaintiff's Exhibit No. 15:  Brewster Central School District – Employment Records

Plaintiff's Exhibit No. 16:   Wright Risk Management – Medical Billing Summary Records

Plaintiff's Exhibit No. 17:  New York State & Local Employees Retirement Fund – Pension & Retirement Benefit Records

Plaintiff's Exhibit No. 18:  Correspondence of Northeast Center for Special Care, dated February 4, 2002.

Plaintiff's Exhibit No. 19:  Application filed on behalf of Michael Guigliano by plaintiff Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, dated March 19, 2002 [3 pgs].

Plaintiff's Exhibit No. 20:  Job Description, Director of School Facilities & Operations, forwarded May 22, 2002.

Plaintiff's Exhibit No. 21:  Correspondence to plaintiffs from Assistant Superintendent of Schools, Brewster Central School District, dated May 31, 2002.

Plaintiff's Exhibit No. 22:  Correspondence to plaintiffs from Superintendent of Schools, Brewster Central School District, dated May 31, 2002.

Plaintiff's Exhibit No. 23:  Determination of Permanent Disability for Michael Guigliano, New York State & Local Employees Retirement System, dated June 5, 2002.

Plaintiff's Exhibit No. 24:   Correspondence of plaintiff Laura Guigliano to Superintendent of Schools, Brewster Central School District, dated June 12, 2002.

Plaintiff's Exhibit No. 25:  Copy of record stub for check # 002726299 of New York State & Local Employees Retirement System, re: disability retirement benefits of Michael Guigliano, dated September 30, 2002.

Plaintiff's Exhibit No. 26:  Certificate of Fiduciary, Letters of Administration, issued to plaintiff LAURA GUIGLIANO, as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased, dated August 29, 2003.

Plaintiff's Exhibit No. 27:  1997 – 2002 U.S. Income Tax Returns for Michael Guigliano & Laura Guigliano.

Plaintiff's Exhibit No. 28:  W – 2 Forms for Michael Guigliano for years 1998 – 2003.

Plaintiff's Exhibit No. 29:  Collective Bargaining Agreement Between Brewster Central School District and Brewster Teachers Association (2000 – 2003)

Plaintiff's Exhibit No. 30:   Agreement between Brewster Central School District and Administrators' Association of Brewster pertaining to compensation and fringe benefit issues applicable to plaintiff's decedent Michael Guigliano prior to death.

Plaintiff's Exhibit No. 31:  Invoice from the Northeast Center for Special Care, dated January 12, 2006, stating charges for medical treatment in the total amount of $322,028.70

Plaintiff's Exhibit No. 32:  Funeral bill in the amount of $14,964.00

Plaintiff's Exhibit No. 33:  Photographs of plaintiff's decedent Michael Guigliano.

 (Note: plaintiff's may request permission to display enlargements and/or projections of portions of the medical records and other medical record evidentiary exhibits for the jury's viewing during trial.)


Defendants' Exhibits:

D. Ex. 2 (Nadkarni, et al, First Documented Rhythm of Clinical Outcome for In-Hospital Cardiac Arrest, etc.) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 3 (Demonstrative exhibit re: chronology of care) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  Defendant has available the Danbury Hospital records for the stated purpose of this expert.  See, Fed. R. Evid. 401, 402, 403.  Plaintiff has not viewed this proposed exhibit.

D. Ex. 6 (Economic report of Harriet Zellner, Ph.D.) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  Defendant has the right of cross-examination of this expert witness for any questions related to the expert opinions of this witness and the contents of this report.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 7 (Complaint dated April 12, 2002) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 8 (Amended Complaint dated June 29, 2004) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 9 (Second Amended Complaint dated March 9, 2005) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 10 (Third Amended Complaint dated June 14, 2005) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 11 (Apportionment Complaint) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 12 (Answer to the Apportionment Complaints) – Plaintiff objects to the submission of this exhibit into evidence on the grounds that it is irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.

D. Ex. 13 (Illustrative drawings and/or models, etc.) – Plaintiff has not viewed this proposed exhibit and contingently objects to the submission of this exhibit into evidence on the grounds that it may be irrelevant, prejudicial, cumulative and without probative value of any fact or issue in the case.  See, Fed. R. Evid. 401, 402, 403.


**Deposition Testimony**:

Plaintiff's Case-in-Chief:

Deposition of John J. Borrusso: pgs 84-87, 90-91, 110-111

Deposition of Vanessa Saipher: pgs 13-15, 35, 39, 40-43, 46, 49-50, 51-59, 64, 66-69

Deposition of Joseph Roth: pgs 25, 33

Deposition of Larissa Nichole Howard: pgs 11, 18, 20-30, 56-57, 61, 63-64, 70-73,

Deposition of Dorothy Troiano: pgs 20-21, 26-28

Deposition of Maureen Burnett: pg 83

Deposition of Betsy Miles: pgs 22, 28-29

Deposition of Iulia Circiumara-Grillo: pgs 49-53

Deposition of Scott B. Berger: pgs 27, 30-36, 44

Deposition of Patricia M. DiLauro: pg 33

Deposition of Timothy J. Hendrie: pgs 42-43, 47-49

Deposition of F. Scott Gray: pg 65

Deposition of James DePuy: pg 56

Deposition of Lewis J. Kaplan: pgs 23-27, 81-101

Deposition of Michael B. Teiger: pgs 35-39, 64-68

Deposition of John Chabot: pgs 38 - 40

Deposition of Adam Silverman:  Unknown at present due to unavailability of transcript.


Defendants' Case-in-Chief:

Defendant Danbury Hospital – Deposition Testimony:

Deposition of Joseph Catania, M.D. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition.  Fed. R. Civ. P. 32 (a)(1) – (4).  Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative.  See, Fed. R. Evid. 403.

Deposition of Frank Kessler, M.D. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition.  Fed. R. Civ. P. 32 (a)(1) – (4).  Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative.  See, Fed. R. Evid. 403.

Deposition of Richard Batista, M.D. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition.  Fed. R. Civ. P. 32 (a)(1) – (4).  Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative.  See, Fed. R. Evid. 403.

Deposition of Brian Kaufman, M.D. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4). Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative. See, Fed. R. Evid. 403.

Deposition of Gerard Catanese, M.D. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4). Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative. See, Fed. R. Evid. 403.

Deposition of Nancy Mure, R.N. – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4). Plaintiff further objects on the grounds that this witness will already be subject to the defendants' cross-examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative. See, Fed. R. Evid. 403.

Defendant Catania – Deposition Testimony:

Depositions of witnesses Brentlinger, Saipher, Hendrie, Burnett, DiLauro, Roth, Milleville, Berger, Hoffman, Brown, Kaplan, Keibel, Batista, Catanese, Kaufman, Teiger, Duell, Chabot, Mure, Brooks, Silverman, Wishner, Catania, & Borrusso – Plaintiff objects to any reading of the deposition of this expert witness on the ground that it is an impermissible use of a deposition. Fed. R. Civ. P. 32 (a)(1) – (4). Plaintiff further objects on the grounds that these witnesses will already be subject to the defendants' cross-examination or direct examination and the defendants' proposed reading of deposition testimony is unnecessary and cumulative. See, Fed. R. Evid. 403.

**Proposed Requests for Jury Instructions**:

See, Plaintiff's Section of Joint Trial Memorandum addendum entitled Plaintiff's Requests for Jury Instructions.

See also, Defendants' Section of Joint Trial Memorandum, addenda entitled "Defendants' Requests to Charge" – Plaintiff objects to the use of these jury instructions generally on the ground that these instructions are not sufficiently patterned after the Civil Jury Instructions of the State of Connecticut Judicial Branch and that the requested

jury instructions submitted by plaintiff are more substantially patterned after the Civil Jury Instructions of the State of Connecticut Judicial Branch.

**<u>Anticipated Evidentiary Problems</u>**:

Plaintiff's counsel received four (4) motions in limine and three (3) motions to preclude from defendants' counsel on August 23, 2004. Plaintiff's counsel will submit responses to these motions and requests guidance from the Court on a timetable for responses.

**<u>Proposed Verdict Form</u>**:

See, Plaintiff's Section of Joint Trial Memorandum addendum entitled Plaintiff's Proposed Verdict Form.

See also, Defendants' Section of Joint Trial Memorandum, addenda entitled "Defendants' Proposed Interrogatories and Verdict Form to the Jury", "Defendant's Verdict Form" (Borrusso & Danbury Surgical Associates) and "Defendant's Verdict Form" (Catania) – Plaintiff objects to the use of these verdict forms as they fail to reflect the questions of fact presented by this case; the issue of each deviation from the standard of care alleged against each defendant and its proximate cause to the injuries and death of plaintiff's decedent should be presented to the jury and passed upon by the jury.

**<u>Trial time</u>**:

Estimated trial time: 5 – 6 weeks.

Plaintiff's counsel respectfully requests from the Court the right to submit additional objections to the contents of the Defendants' Section of Joint Trial Memorandum to the extent that such contents have not previously been forwarded for review by defendants' counsel or third party apportionment defendant's counsel.

Dated: Larchmont, New York
       August 24, 2006

        Respectfully submitted:

        <u>Plaintiff's Counsel</u>:

        _____
        Joseph Lanni (CT 23566)
        Joseph Lanni, P.C.
        138 Chatsworth Ave., Ste. 6 – 8
        Larchmont, N.Y. 10538
        (914) 834-6600

        Scott F. Morgan (CT 23648)
        Weiner, Millo & Morgan, LLP
        220 Fifth Avenue
        New York, N.Y. 10001
        Tel.:  (212) 213-1220

**DECLARATION OF SERVICE**
**PURSUANT TO 28 U.S.C. § 1746**


I, **JOSEPH LANNI**, an attorney duly admitted to practice before this Court, hereby certify, under the penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in Westchester County in the State of New York.

I served a true copy of this document: (1) PLAINTIFF'S SECTION OF THE JOINT TRIAL MEMORANDUM (dated August 24, 2006) and the submitted addenda entitled (2) PLAINTIFF'S VOIR DIRE QUESTIONS, (3) PLAINTIFF'S REQUESTED JURY INSTRUCTIONS & (4) PLAINTIFF'S PROPOSED VERDICT FORM on the date of August 24, 2006, by submitting same via electronic means to the Court Docket at CMECF@ctd.uscourts.gov and mailing the same via first class mail or the equivalent in a sealed envelope deposited in a post office or receptacle for mail provided by the U.S. Postal Service or via an express delivery courier service to the offices of counsel for the defendants located at the address indicated below:


TO:

    NEUBERT, PEPE & MONTEITH
    Attorneys for Defendants
    DANBURY HOSPITAL
    195 Church Street
    New Haven, CT 23067
    Tel.:  (203) 821-2000

    RYAN, RYAN, JOHNSON
    & DELUCA, LLP
    Attorneys for Defendants
    BORRUSSO & DANBURY SURG. ASSOC., P.C.
    80 Fourth Street
    Stamford, CT 06905
    Tel.:  (203) 357-9200

    HALLORAN & SAGE, LLP
    Attorneys for Defendants
    CATANIA
    One Goodwin Square
    Hartford, CT 06103
    Tel.: (860) 522-6103

TO (cont'd):

    SCOTT F. MORGAN (CT 23648)
    WEINER, MILLO & MORGAN, LLP
    Co-Counsel for Plaintiffs
    220 Fifth Avenue
    New York, New York 10001
    Tel.:  (212) 213-1220

    RENDE, RYAN & DOWNES, LLP
    Attorneys for Apportionment Defendant / Third Party Defendant
    FRANK KESSLER, M.D.
    202 Mamaroneck Avenue
    White Plains, New York 10601

Executed on August 24, 2006, in Larchmont, New York.

                                     _____
                                     **JOSEPH LANNI     (CT 23566)**