UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
LAURA GUIGLIANO, as Administratrix of the
Estate of MICHAEL GUIGLIANO, Deceased and
LAURA GUIGLIANO, Individually,

        Plaintiffs,                    *3:02 CV 718*
                                                                       *(RNC)(DFM)*
  -against-

JOHN BORRUSO, M.D. and DANBURY SURGICAL
ASSOCIATES, P.C.,
               Defendants.
-------------------------------------------------------------------X
J. BORRUSSO, M.D., JOSEPH J. CATANIA, M.D.,
And DANBURY SURGICAL ASSOCIATES, P.C.,

        Third Party Apportionment Plaintiffs,

  -against-

FRANK KESSLER, JR., M.D.,

        Third-Party Apportionment Defendant.
-------------------------------------------------------------------X

# TRIAL MEMORANDUM

                                               Dated: August 25, 2006

**Guigliano v. Danbury Hospital, et al,**
*3:02 CV 718 (RNC)(DFM)*

**TRIAL MEMORANDUM**

      Counsel for Third Party Apportionment Defendant submit the following as the Trial Memorandum in this case pursuant to in accordance with the Order of Judge Chatigny, filed May 12, 2006, and the Standing Order Regarding Trial Memoranda in Civil Cases:

**Trial Counsel:**

Andrew M. Neubardt (Fed. Bar # phv0714)
Rende, Ryan and Downes, LLP
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

**Jurisdiction:**

**Jury Trial:**

**Nature of Case:**

**Stipulations of Fact and Law:**

**Contentions;**

      It is Dr. Kessler's contention that none of the care or treatment he rendered to Mr. Guigliano departed from accepted standards of practice or was a contributing or proximate cause of any injury to Mr. Guigliano; that it was Dr. Kessler's well founded understanding that the surgeons caring for this patient regarding the abdominal distention would order appropriate tests and diagnostic studies to care for that condition; that the hospital staff, in its care and treatment of this patient, would alert the attending physician staff of any changes in the patient's condition and respond appropriately in the face of any changes in the patient's status; that in ordering diagnostic testing for Mr. Guigliano that the surgeons caring for him would take measures they considered, within their medical specialty, to be appropriate to safeguard this patient; that the hospital staff would maintain the level of monitoring in place in the patient's room at those times the patient was transported from his room for diagnostic or other procedures unless an appropriate written order by one of his attending physicians was placed in the chart; that Dr. Kessler was not involved in any way with the transport orders for this patient to the CT unit prior to his pulmonary and cardiac events; that Dr. Kessler was not involved in any way with the

events surrounding the pulmonary or cardiac events sustained by this patient or the medical response to those events.

Dr. Kessler was brought into this litigation by means of two third party complaints, both of which were framed in a theory of apportionment base on applicable Connecticut law.  No claim for direct, or monetary, liability has been made against Dr. Kessler by any party in this case.  The positions and arguments set forth in the motion made on behalf of Dr. Kessler (against which no opposition was submitted) will be renewed at the time of trial.

**Proposed Voir Dire Questions:**

**List of Witnesses:**

Frank Kessler, M.D.
Route 6
Brewster, New York 10509

Dr. Kessler is expected to testify consistently with his deposition and will respond to issues raised in testimony and other evidence prior to his testimony.

**Expert Witness:**

Dr. David Dorf
171 Ramapo Raod
Garnerville, New York 10923

Dr. Dorf is expected to testify consistent with his exchanged report and, in addition will testify to issues of medical and hospital practice in general and as they pertain to this case in particular; he is expected to describe the distinct roles of each medical provider involved in the medical care of Mr. Guigliano while a patient at Danbury Hospital and the interaction, expectations, obligations and responsibilities of each member of the medical staff involved in the care of this patient; he is expected to testify that none of the care, treatment or involvement of Dr. Kessler to Mr. Guigliano departed from accepted standards of care or was a contributing factor in any injury to this patient;  he may also respond to or comment upon the testimony and other evidence introduced during the trial before his own testimony.

**Exhibits:**

Exhibits: Danbury Hospital chart; office chart of Dr. Kessler regarding Mr. Guigliano; report and CV of Dr. Dorf; deposition transcripts of Dr. Borusso, Dr. Catania, Dr. Kessler and members of the Danbury Hospital staff.

Objection will be made to any testimony of Dr. Martin Keibel not set forth or beyond the opinions expressed in his report previously exchanged by counsel for Dr. Catania during discovery.  Objection will be made to the use of any purported deposition testimony of Dr. Keibel regarding this case.

**Defendants' Case-in-Chief:**

**Proposed Requests for Jury Instructions:**

**Anticipated Evidentiary Problems:**

**Proposed Verdict Form:**

**Trial Time:**

      Counsel estimate trial time of 5 weeks

Dated August 25, 2006

                      Respectfully submitted:

                      APPORTIONMENT-DEFENDANT
                      FRANK J. KESSLER, MD.

                      ANDREW M. NEUBARDT
                      RENDE, RYAN & DOWNES, LLP
                      Fed. Bar # phv0714
                      202 Mamaroneck Avenue
                      White Plains, New York 10601
                      914-681-0444
                      His Attorneys

CERTIFICATION

      This is to certify that on this 25th day of August 2006, I hereby mailed a copy of the foregoing to:

THE LAW FIRM OF JOSEPH LANNI, P.C.
138 Chatsworth Avenue, Suites 6-8
Larchmont, New York 10538
**For the Plaintiff**

WEINER, MILLO & MORGAN, LLC
220 Fifth Avenue, 7th Floor
New York, New York 10001
**For the Plaintiff**

RYAN, RYAN, JOHNSON & DELUCA, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical**
**Associates, P.C. & Borruso**

NEUBERT, PEPE & MONTIETH, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hospital,**
**Julia Circiumara, Roth, Saipher**
**Bennet, Brown, Hoffman, Doe #1, 2 & 3**

HALLORAN & SAGE, LLP
One Goodwin Square
Hartford, CT 06103
**For the Defendant**
**Joseph J. Catania, M.D.**

TYLER, COOPER & ALCORN, LLP
P.O. Box 1936
205 Church Street
New Haven, CT 06509
**For the Defendant Berger**

 

_____
Siobhán Funchion