UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURA  GUIGLIANO, as Administrator       :
of the Estate of MICHAEL GUIGLIANO,      :       CIVIL ACTION NO.
Deceased, and LAURA GUIGLIANO,           :       3:02 CV 718 (RNC) (DFM)
Individually                             :
                    Plaintiffs,          :
                                         :
V.                                       :
                                         :
DANBURY HOSPITAL, ET AL.                 :
                    Defendants.          :       AUGUST 28, 2006

**DEFENDANT JOSEPH J. CATANIA, M.D.'S
SUPPLEMENT TO DEFENDANTS' SECTIONS TO JOINT
TRIAL MEMORANDUM, DOCUMENT # 243,  DATED AUGUST 24, 2006**

The defendant, Joseph J. Catania, M.D. hereby supplements the Defendants'

Section to Joint Trial Memorandum, document No. 243, dated August 24, 2006.

**Defendants' Proposed Stipulations of Fact & Law:**

Joseph J. Catania, M.D. was joined as a defendant until the plaintiff's Second

Amended Complaint dated March 9, 2005.

**Defendants' Contentions:**

At the time Dr. Catania evaluated Mr. Guigliano, the operative physician's order

was for Mr. Guigliano to be on telemetry (continuous cardiac monitoring via a wireless

system).   Mr. Guigliano was in fact was on telemetry on the morning of February 17,

2001.  Since Mr. Guigliano was on continuous cardiac monitoring by telemetry when Dr.

Catania evaluated him, Dr. Catania could reasonably expect that the same level of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10858.0123
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

monitoring would be maintained when Mr. Guigliano went to the radiology suite for the

CT scan, unless and until another physician involved in his care issued an order to the

contrary.  When Dr. Catania wrote the order for the CT scan, the standard of care did

not require him to write an order to specify that Mr. Guigliano should be kept on the

same level of monitoring that was already ordered and already being implemented by

his primary care physicians and the nursing staff at Danbury Hospital.

## List of Witnesses

Plaintiff's Case in Chief

Fact Witnesses

Laura Guigliano
29 Oakfield Drive
Patterson, New York 12563

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to the proffered testimony of Laura Guigliano.  As a lay witness, she may not testify as to medical condition.  See Federal Rule of Evidence 701.  Defendants further object to proffered statements claimed to be made by the defendants or defendant's employees, and require plaintiff make an offer of proof to establish the necessary foundation pursuant to Federal Rules of Evidence 801 and/or 613.  Defendants further object to testimony regarding filial loss of consortium.**

Michael Guigliano, Jr.
29 Oakfield Drive
Patterson, New York 12563

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to the proffered testimony of Michael Guigliano, Jr.  As a lay witness, he may not testify as to medical condition.  See Federal Rule of Evidence 701.  Defendants further object to proffered statements claimed to be made by defendants or defendant's**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103



Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**employees, and require plaintiff make an offer of proof to establish the necessary foundation pursuant to Federal Rules of Evidence 801 and/or 613. Defendants further object to testimony regarding filial loss of consortium.**

Lauren Guigliano
29 Oakfield Drive
Patterson, New York 12563

**Objection: Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to the proffered testimony of Lauren Guigliano. As a lay witness, he may not testify as to medical condition. See Federal Rule of Evidence 701. Defendants further object to proffered statements claimed to be made by defendants or defendant's employees, and require plaintiff make an offer of proof to establish the necessary foundation pursuant to Federal Rules of Evidence 801 and/or 613. Defendants further object to testimony regarding filial loss of consortium.**

F. Scott Gray, M.D.
33 Hospital Avenue
Danbury, CT 06810

**Objection: Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of Dr. Grey's participation in the care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

James W. DePuy, M.D.
33 Hospital Avenue
Danbury, CT 06810

**Objection: Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of Dr. DePuy's participation in the care and treatment of Michael Guigliano. The witness has not been identified as an expert witness.**

John J. Borruso, M.D.
7 Galilee Way
Newtown, CT 06470



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of Dr. Borruso's participation in the care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.**

Joseph J. Catania, M.D.
107 Newton Road
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of Dr. Catania's participation in the care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.**

Frank Kessler, M.D.
Route 6
Brewster, NY 10509

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants John Borruso, M.D. and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of Dr. Kessler's participation in the care and treatment of Michael Guigliano.  The witness has not been identified as an expert witness.**

T. Lane
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Maryann Elizabeth Milleville, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Maureen Burnett, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Betsy D. Miles
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Laurie Lynn Brentlinger, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Vanessa Saipher
30 Canterbury Road
New Milford, CT 06776

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Joseph Roth
257 Dayton Road
Trumbull, CT 06611

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of his participation in the care and treatment of Michael Guigliano.  The defendants further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendants further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

- 6 –

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Larissa Nichole Howard
7 Main Street, Apt. 11
Bethel, CT 06801

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Dorothy Troiano
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Scott B. Berger, M.D.
15 Maple Way
Armonk, NY 10504

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of his participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

JoAnn Brown, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Beth Ann Hoffman, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Patricia M. DiLauro, R.T.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Timothy J. Hendrie, C.R.N.A.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of his participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

Iulia Circiumaru-Grillo, M.D.
38 Ricci Lane
North Kingstown, RI 02852

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to any testimony that goes beyond the scope of her participation in the care and treatment of Michael Guigliano.  The defendant further object insofar as proffered testimony may be protected pursuant to Conn. Gen. Stat. Sec. 19a-17b.  Defendant further object to any references to statements made to the Department of Public Health in accordance with the Motion in Limine previously filed.**

**List of Witnesses to be Called During Joseph J. Catania, M.D.'s Case in Chief**

**A.     Joseph J. Catania, M.D.:  Defendant may call one or more of the following witnesses to testify at trial and reserves the right to call any witnesses identified, but not called by other parties:**

Laura Guigliano
29 Oakfield Drive
Patterson, New York 12563

Brief summary of anticipated testimony:

    Laura Guigliano will testify regarding her personal knowledge of Michael Guigliano and all information known to her regarding his personal and medical history,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

including the family's relationship to Dr. Kessler, her observations and any statements made to her by Michael Guigliano, or John Borruso, M.D., Frank Kessler, M.D., or the orthopedic surgeons from admission to Danbury Hospital to February 17.  (Estimated Time: 1.5 hours)

MaryAnn Milleville, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

Brief summary of anticipated testimony:

Nurse Milleville will testify regarding her education, nursing training and employment history.  She will testify regarding her care and treatment of Michael Guigliano, his condition on February 17, and the transportation to radiology.  She will testify as to nursing practice at Danbury Hospital for transportation of patients. (Estimated Time: 1.5 hours)

John Borruso, M.D.
7 Galilee Way
Newtown, CT 06470

Brief summary of anticipated testimony:

Dr. Borruso will testify to his education, medical training and experience.  He will testify as to his care and treatment of Michael Guigliano from February 11 through February 17, 2001.  (Estimated Time: 1.0 hours)
Joseph Catania, M.D.
107 Newton Road
Danbury, CT 06810
Brief summary of anticipated testimony:

Dr. Catania will testify to his education, medical training and experience.  He will testify as to his care and treatment of Michael Guigliano on February 17.  He will also testify regarding his expectations for transportation of Michael Guigliano on February 17 in accordance with deposition testimony.  (Estimated Time: 1.0 hours)

F. Scott Gray
33 Hospital Avenue
Danbury, CT 06810



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Brief summary of anticipated testimony:

Dr. Gray will testify to his education, medical training and experience. He will testify as to the orthopedic surgical care and treatment of Michael Guigliano from February 7, 2001 through and including his care and treatment on February 17, 2001. He is expected to testify consistent with his deposition testimony regarding his involvement of Mr. Guigliano's primary care physician, Frank Kessler, M.D., as well as his expectations with regard to physician responsibility for the various aspects of Mr. Guigliano's care. He will testify regarding transportation of Michael Guigliano to the Radiology Department on February 17, 2001. (Estimated time: 1.0 hours).

Frank Kessler, M.D.
Route 6
Brewster, NY 10509

Brief summary of anticipated testimony:

Dr. Kessler will testify to his education, medical training and experience. He will testify to his relationship with Michael Guigliano's and Michael Guigliano's family. He will testify to Michael Guigliano's medical history, his care and treatment of Michael Guigliano's at Danbury Hospital and his condition prior to and on February 17, 2001. He will testify that he was Michael Guigliano's primary care physician and he did not consider Michael Guigliano's to require pulse oximetry or cardiopulmonary monitoring during transport to the radiology department and did not require transportation by a multispecialist nurse. (Estimated Time: 1.5 hours)

Vanessa Saipher
30 Canterbury Road
New Milford, CT 06776

Brief summary of anticipated testimony:

The witness will testify as education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital. (Estimated Time: 1.5 hours)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Joseph Roth
257 Dayton Road
Trumbull, CT 06611

Brief summary of anticipated testimony:

The witness will testify as education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital.  (Estimated Time: 1.0 hours)

Scott Berger, M.D.
15 Maple Way
Armonk, NY 10504

Brief summary of anticipated testimony:

The witness will testify as education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital.  (Estimated Time: 1.0 hours)

Timothy Hendries, CRNA
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

Brief summary of anticipated testimony:

The witness will testify as education, training and qualifications as well as to the facts and circumstances of his participation in care and treatment rendered to Michael Guigliano at Danbury Hospital.

Maureen Burnett, R.N.
c/o Danbury Hospital
24 Hospital Avenue
Danbury, CT 06810

Brief summary of anticipated testimony:



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The witness will testify as education, training and qualifications as well as to the facts and circumstances of her participation in care and treatment rendered to Michael Guigliano at Danbury Hospital.  (Estimated Time: .5 hours)

<u>Expert Witnesses</u>:

Michael Teiger, M.D.
100 Asylum Ave Suite 4307
Hartford, CT. 06105

Brief summary of anticipated testimony:

Dr. Teiger will testify as to his qualifications, education, medical training and experience.  He will testify as to the materials reviewed and opinions rendered in this matter. Dr. Teiger will further testify that there was no deviation from the standard of care by in the transportation of Michael Guigliano to the radiology department on February 17, 2001 and that any alleged deviation was not a substantial factor or proximate cause of injuries claimed by plaintiff; there was no deviation from the standard of care in calling the code or in conducting the code and that any alleged deviation was not a substantial factor or proximate cause of injuries claimed by plaintiff. Dr. Teiger will testify as to guidelines for cardiopulmonary resuscitation and clinical outcomes for inpatients who suffer cardiopulmonary arrests. Dr. Teiger will testify in accordance with his report and deposition testimony.  (Estimated Time: 4.0 hours)

Dr. Teiger will base his opinion and testimony on his experience, education and review of materials.

Ellen Duell, R.N.
154 Mile Hill Road
Tolland, CT  06084

Brief summary of anticipated testimony:

Nurse Duell will testify as to her qualification, education, nursing training and experience.  She will testify as to the materials reviewed and opinions rendered in this matter.  Nurse Duell will testify that there was no deviation from the standard of care and nursing judgments were appropriately exercised in the care and treatment of Michael Guigliano by nurses on February 17, 2001.  She will testify in accordance with her report and deposition testimony.  (Estimated time: 3.5 hours)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

H<small>ALLORAN</small>
& S<small>AGE</small> LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Nurse Duell will base her opinion and testimony on her experience, education and review of materials.

Richard Batista, M.D.
Nassau University Medical Center
2201 Hempstead Turnpike
East Meadow, New York 11554

Brief summary of anticipated testimony:

Dr. Batista will testify as to causation in accordance with the deposition pages cited herein.  Dr. Batista is expected to testify in accordance with his deposition testimony regarding causation.  See, Deposition of Richard Batista, M.D., pgs. 5-6, 20-22, 24-26, 46, 48, 53, 80-86, 109, 126-127, 129-149, 151-173, 186-191, 215-216, 235-236, 241-244, 267-270 (Estimated Time: 1.5 hours).  Dr. Batista is also expected to testify consistent with his deposition testimony regarding his education, knowledge and experience as a surgeon regarding the management of patients and the interactions among various specialist services.  Specifically, Dr. Batista is expected to testify that Frank Kessler, M.D. was involved and responsible for the medical management of Michael Guigliano as a result of providing medical clearance for surgery on February 13, 2001, as well as his participation in tracking laboratory values and writing doctor's orders.

Adam Silverman, M.D.
2 Harvest Lane
West Hartford, CT 06117

Brief summary of anticipated testimony:

This witness will testify about the following:  the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that attributing any of his pulmonary symptoms to abdominal pathology is illogical; and the facts and information serving as the basis for the expert opinions of the witness.  (Estimated time:  7.0 hours.)

A summary of the expert opinions of this witness is as follows:
There was no deviation from the standard of care by Dr. Borruso by removing Mr. Guigliano's NG tube.  The patient's clinical signs demonstrated that there was no intestinal obstruction and, therefore, no need for continued NG suction. Additionally on February 15th there was blood tinged fluid noted in the NG aspirate, suggesting irritation

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of the gastric lining. As the patient was anticoagulated for his DVT, continued use of the NG tube represented an unnecessary risk for significant gastrointestinal hemorrhage. In subsequent days the patient was tolerating clear liquids, orally, without difficulty and demonstrated a functioning GI tract. Consequently, there was no further need for the NG tube.  There was no indication for a rectal tube.  As long as there are signs of intact bowel function, i.e., passage of flatus and stool, which was documented in the record repeatedly from February 11th to the 17th, there is no indication for a rectal tube.  It was reasonable for Dr. Borruso to assume that Dr. Kessler would take the lead in management of the electrolyte abnormalities, anemia, and progressive pulmonary issues. The patient's pulmonary compromise was not due to marked abdominal distension impairing diaphragmatic excursion. Mr. Guigliano had respiratory compromise that is documented back to his first surgery, the tibial plateau ORIF on 2/8/01. This was due to atelectasis related to the surgery as well as fat embolism. These two conditions resulted in the dyspnea, hypoxemia and diffuse pulmonary infiltrates noted in the record. All of these symptoms and findings pre-date any abdominal complaints or findings. Additionally, it is noted in the record on 2/10/01 that the patient experienced arterial oxygen desaturation when laid flat for his V/Q scan; again, this predates any significant abdominal pathology, and this episode is very similar albeit more severe during the CT scan that preceded the Code Blue. Consequently, attributing any of Mr. Guigliano's pulmonary symptoms to abdominal pathology is illogical.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; the depositions of the plaintiff, defendants, Danbury Hospital employees, non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

David Brooks, M.D.
Brigham & Women's Hospital
75 Francis Street
Boston, MA 02115

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that nothing of a medical nature could have reasonably been done by Dr. Borruso to prevent the decedent's cardiac and respiratory event; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dr. Borruso appropriately removed the NG tube on February 15th because the patient had a bowel movement, had had flatus, and acknowledged that he felt better. These are reasonable and acceptable indications for removal of an NG tube and completely conform to the standards of care. The standard of care did not require reinsertion of the NG tube following its removal on February 15th and prior to Mr. Guigliano's cardiac and respiratory arrest. The standard of care did not require the insertion of a rectal tube. There is no evidence that the patient's abdominal distention contributed to Mr. Guigliano's respiratory or cardiac arrest. A review of the records in this case fails to reveal anything of a medical nature that could have reasonably been done to prevent this cardiac and respiratory event. There is no evidence that the patient's hemoglobin and hematocrit or his electrolytes were a cause of the arrest. The patient's electrolytes and complete blood count were under the management of the primary team caring for Mr. Guigliano. The standard of care did not require Dr. Borruso to be responsible for monitoring or managing the patient's electrolytes and complete blood count.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; the depositions of the plaintiff, defendants, Danbury Hospital employees, and non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

Gerald Wishner, M.D.
30 West 60th Street #1H
New York, New York 10023

This witness will testify about the following: the professional education, training, experience, credentials, and qualifications of the witness; the relevant materials reviewed by the witness; the expert opinions of the witness that the defendant, John Borruso, did not deviate from the standard of care in treating the plaintiff's decedent, Michael Guigliano; the expert opinions of the witness that Dr. Borruso's medical treatment of Mr. Guigliano did not contribute to his outcome; and the facts and information serving as the basis for the expert opinions of the witness. (Estimated time: 7.0 hours.)

A summary of the expert opinions of this witness is as follows:
Within a degree of medical probability the care provided to Mr. Guigliano by Dr. Borruso was well within the standard of care and did not contribute to his unfortunate outcome. There was no indication to place an NG tube when Dr. Borruso first consulted with the patient on February 11th. The decision to remove the NG tube on the 15th was appropriate. The patient reported feeling better and was anxious to resume his diet. His continued abdominal distension was likely the result of *C.diff* colitis or continued colonic ileus, neither of which requires an NG tube, particularly in the absence of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

nausea and vomiting.  At no time prior to his arrest was a rectal tube indicated in the management of Mr. Guigliano.  Mr. Guigliano remained on the orthopedic surgery service throughout the period of time in question.  Consequently, this service would be expected to monitor the patient's overall care.  It is clear from the record that Dr. Borruso was aware that the medical and orthopedic services were monitoring and addressing Mr. Guigliano's fluids, electrolytes, and transfusion status as one would expect in the clinical setting.

The opinions of this witness are based upon the following: Danbury Hospital medical records; Danbury Hospital generated documents and materials; several interrogatories and responses; the depositions of the plaintiff, defendants, Danbury Hospital employees, and non-party witness, and plaintiff's experts; the testimony and evidence at trial; and the education, training, knowledge and experience of the witness.

**Exhibits:**

Plaintiff's Exhibits:

Plaintiff's Exhibit No. :  Danbury Hospital – Medical Records (Adm.: 02/07/0 1 – 04/17/0 1)

**Objection: Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to medical records insofar as they may contain speculation or hearsay.  See Federal Rules of Evidence 402 and 802 and Motion in Limine previously filed.**

Plaintiff's Exhibit No. 2: Incident Report of Vanessa Saipher, dated February 28, 2001

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit 2, as it was prepared for the purposes of peer review in accordance with Conn. Gen. Stat. Sec. 19a-17b and contains hearsay.  See Federal Rule of Evidence 802.**

Plaintiff's Exhibit No. 10: Northeast Center for Special Care – Medical Records (Adm.: 04/17/0 1 – 07/14/03)

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to medical records insofar as they may contain hearsay or opinions.  Federal Rules of Evidence 701, 702, and 802.**

- 17 –



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiff's Exhibit No. 12: Kingston Hospital – Medical Records (Adm.: 07/14/03)

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to medical records insofar as they may contain hearsay or opinions.  Federal Rules of Evidence 701, 702, and 802.**

Plaintiff's Exhibit No. 18: Application filed on behalf of Michael Guigliano by plaintiff Laura Guigliano, as Guardian Ad Litem for Michael Guigliano, dated March 19, 2002 [3 pgs].

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 18, as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 20: Correspondence to plaintiffs from Assistant Superintendent of Schools, Brewster Central School District, dated May 31, 2002.

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 20, as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 22: Determination of Permanent Disability for Michael Guigliano, New York State & Local Employees Retirement System, dated June 5, 2002.

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 22, as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 23: Correspondence of plaintiff Laura Guigliano to Superintendent of Schools, Brewster Central School District, dated June 12, 2002.

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 23, as it is irrelevant and a needless presentation of cumulative evidence.  Federal Rules of Evidence 402 and 403.**

Plaintiff's Exhibit No. 28: Collective Bargaining Agreement Between Brewster Central School District and Brewster Teachers Association (2000 – 2003)



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 28, as it is irrelevant, unnecessarily cumulative, and contains hearsay.  Federal Rules of Evidence 402, 403 and 802.**

Plaintiff's Exhibit No. 29: Agreement between Brewster Central School District and Administrators' Association of Brewster pertaining to compensation and fringe benefit issues applicable to plaintiff's decedent Michael Guigliano prior to death.

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., objecting to Exhibit No. 29, as it is irrelevant, unnecessarily cumulative, and contains hearsay.  Federal Rules of Evidence 402, 403 and 802.**

Plaintiff's Exhibit No. 32: Photographs of plaintiff's decedent Michael Guigliano

**Objection:  Defendant Joseph J. Catania, M.D. hereby joins the objection of defendants Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C., reserving the right to object to photographs of plaintiff's decedent as the plaintiff has not produced the same for review to date. Defendant may also object to some or all of the photographs insofar as photographs may be unduly prejudicial, repetitive and unnecessary.  Federal Rules of Evidence 402 and 403.**

**Deposition Testimony:**

<u>Plaintiff's Case in Chief</u>

As to all depositions cited by the plaintiff, defendant Joseph J. Catania hereby reserves the right to object as noted in the deposition transcripts.

<u>Defendant's Case in Chief</u>

Defendant Joseph J. Catania, M.D.:

Defendant reserves the right to use the deposition transcripts, including portions relied upon by the plaintiff in accordance with the Fed. R. Civ. Pro. 32(a)(4).  Defendant may also use some or all of the depositions listed by defendant Danbury Hospital, Dr. Borruso and Danbury Surgical Associates



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**Proposed Requests for Jury Instructions:**

**Defendant, Joseph J. Catania, M.D. hereby joins defendants Danbury Hospital, John Borruso, M.D. and Danbury Surgical Associates, P.C. in their objections to the following plaintiff's proposed jury instructions:**

1-36:  Standard of Proof – Defendant objects to this charge on the grounds that the scales of justice analogy could lead to jury confusion.

2-1:  Negligence – Definition – Defendants object to this charge in that negligence, in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care.

2-3:  Common Law Negligence Defined – Defendant objects to this charge in that negligence, in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care.

2-28(a):  Medical Malpractice – Defendant objects to the extent that the request deviates from the principle that in the context of a medical malpractice action the definition of negligence is a breach of the prevailing professional standard of care. Defendant also objects to the definition of "similar healthcare provider" in that there are no allegations of negligence against any Danbury Hospital employed physician. Vicarious Liability of Danbury Hospital – Dr. Catania objects on this ground because the requested charge does not specifically define who "all other Hospital Staff" members are being referred to as employees of the Hospital.

2-33:  Proximate Cause – Multiple Causes
Defendant objects to the request regarding the <u>Boileau v. Williams</u> case, which it believes is not the current state of the law.

2-40(a):  Damages – Defendants object to the extent that plaintiff's proposed charge is redundant and states the standard for an award of non-economic damages and pain and suffering repeatedly, when such a standard does not need to be enumerated more than once

**Anticipated Evidentiary Problems:**

See Joseph J. Catania's objections to anticipated witness testimony and exhibits set forth above.  In addition, a Motion in Limine, document no. 249, has been filed regarding the testimony of plaintiff's expert, Gerard Catanese, M.D., to preclude testimony regarding the decedent's experience of pain subsequent to his cardiopulmonary arrest. A Motion in Limine, document no. 250, has been filed regarding the testimony of plaintiff's expert, Nancy Muré, R.N.., to preclude Nurse Muré from testifying beyond her

- 20 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

qualifications and expertise.  The Motion in Limine, document no. 251, has been filed to preclude the testimony of plaintiff's economic expert, Harriet Zellner, Ph.D., regarding certain opinions with regard to valuing the decedent's economic loss.

**Proposed Verdict Form:**

Objection. The defendant, Joseph J. Catania, hereby joins the objection of Danbury Hospital, John Borruso, M.D., and Danbury Surgical Associates, P.C. regarding the plaintiff's proposed verdict form.

See, Joint Trial Memorandum addendums Exhibit L, Plaintiff's Proposed Verdict Form

Defendant Joseph J. Catania hereby objects to plaintiff's Proposed Verdict Form.  The proposed verdict form is presumably filed under F.R.C. P. Rule 49(b), in that it seeks to have the jury answer more than thirty six interrogatories while reaching their verdict.  In this case, a medical malpractice action, there is no need for these burdensome and potentially confusing interrogatories, since the theory of recover – i.e., that one or more of the defendants violated the standard of care – is the same.  Moreover, the proposed interrogatories, specifically numbers 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22, are either unsupported by expert testimony as to standard of care or causation or are directed to defendants that are not employees or agents of the Hospital.  Defendants have submitted an alternative proposed jury verdict form.  Exhibit M.

> DEFENDANT,
> JOSEPH J. CATANIA, M.D.
>
>
> By ___/s/_____
> Timothy J. Grady
> HALLORAN & SAGE LLP
> Fed. Bar #ct26730
> One Goodwin Square
> 225 Asylum Street
> Hartford, CT 06103
> (860) 522-6103
> His Attorneys
> E-mail: Grady@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Certificate of Service

       I hereby certify that on August 28, 2006 a copy of foregoing Defendant Joseph J. Catania, M.D.'s Addendum to Defendants' Sections to Joint Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Joseph Lanni, Esq.
138 Chatsworth Avenue, Suites 6-8
Larchmont, NY 10538
**For the Plaintiff**

Scott F. Morgan, Esq.
Weiner Millo & Morgan, LLC
220 Fifth Avenue, 7th Floor
New York, NY 10001
**For the Plaintiff**

Robert W. Finke, Esq.
50 Old Kings Highway North
Darien, CT 06820
**For the Plaintiff**

Kevin Tepas, Esq.
Beverly J. Hunt, Esq.
Ryan Ryan Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
**For the Defendants Danbury Surgical Associates, P.C. and Borruso**

Andrew Neubardt, Esq.
Rende, Ryan & Downes, LLP
202 Mamaroneck Road
White Plains, NY 10601
**For the Third-Party/Apport. Defendant Kessler**

Eric J. Stockman, Esq.
Maureen Sullivan Dinnan, Esq.
Nancy A. Meehan, Esq.
Michael D. Neubert, Esq.
Neubert Pepe & Montieth, P.C.
195 Church Street
New Haven, CT 06510
**For the Defendants Danbury Hosp.**

           /s/
Timothy J. Grady
HALLORAN & SAGE LLP
Fed. Bar #ct26730
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
His Attorneys
E-mail: Grady@halloran-sage.com

880806v.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105