UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

========================================X
LAURA GUIGLIANO, as Administrator of the Estate
of MICHAEL GUIGLIANO, Deceased, and LAURA
GUIGLIANO, Individually,

                    Plaintiff(s)

                   -against-

DANBURY HOSPITAL, J. BORRUSSO, M.D.,
JOSEPH J. CATANIA, M.D., and
DANBURY SURGICAL ASSOCIATES, P.C.,

                    Defendants.
========================================X

FILED
2006 OCT 19 A 11: 32
U.S. DISTRICT COURT
BRIDGEPORT, CONN

ORDER OF
REMAND

3:02 CV 718
(RNC)(DFM)

J. BORRUSSO, M.D., JOSEPH J. CATANIA, M.D.,
and DANBURY SURGICAL ASSOCIATES, P.C.,

        Third Party Apportionment Plaintiffs,


                 -against-

FRANK KESSLER, M.D.,

        Third Party Apportionment Defendant.

========================================X

      Plaintiff LAURA GUIGLIANO having voluntarily dismissed with prejudice under **Fed. R. Civ. P. 41(a)(1)(ii)** all claims for the conscious pain and suffering of decedent MICHAEL GUIGLIANO against defendants DANBURY HOSPITAL, JOHN BORRUSSO, M.D., JOSEPH CATANIA, M.D., and DANBURY SURGICAL ASSOCIATES, P.C., pursuant to the Stipulation filed with this Court on October 4, 2006, and thereafter "Approved" and "So Ordered" by Judge Robert N. Chatigny on October 6, 2006;

And defendants / third party apportionment plaintiffs BORRUSSO, CATANIA and DANBURY SURGICAL ASSOCIATES having withdrawn and voluntarily dismissed with prejudice under *Fed. R. Civ. P. 41(a)(1)(ii)* all third party apportionment claims brought against third party apportionment defendant FRANK KESSLER, M.D., pursuant to the Stipulation filed with this Court on October 4, 2006, and thereafter "Approved" and "So Ordered" by Judge Robert N. Chatigny on October 6, 2006;

And the remaining claims in this action for the wrongful death of decedent MICHAEL GUIGLIANO and the loss of consortium of LAURA GUIGLIANO brought by plaintiff LAURA GUIGLIANO against defendants DANBURY HOSPITAL, JOHN BORRUSSO, M.D., JOSEPH CATANIA, M.D., and DANBURY SURGICAL ASSOCIATES, P.C., having been subsequently settled for the agreed upon amount payable on behalf of defendant DANBURY HOSPITAL and the agreed upon amount payable in the agreed upon manner on behalf of defendants BORRUSSO, CATANIA and DANBURY SURGICAL ASSOCIATES, P.C., pursuant to the Stipulation filed with this Court on October 4, 2006, and thereafter "Approved" and "So Ordered" by Judge Robert N. Chatigny on October 6, 2006;

And the total settlement payment, comprised of the above mentioned settlement payments made on behalf of defendants DANBURY HOSPITAL, BORRUSSO, CATANIA and DANBURY SURGICAL ASSOCIATES, P.C., having been allocated sixty-seven (67) percent to the claim for wrongful death of decedent MICHAEL GUIGLIANO and thirty-three (33) percent to the claim for loss of consortium of LAURA GUIGLIANO pursuant to the Stipulation filed with this Court on October 4, 2006, and

thereafter "Approved" and "So Ordered" by Judge Robert N. Chatigny on October 6, 2006;

IT IS ORDERED that this action is hereby settled for the total settlement amount of [==================================================] ($==========) present value comprised of: (1) a settlement payment on behalf of defendant DANBURY HOSPITAL in the amount of [================================================] ($=========) to be made upon receipt of a duly executed release and mutual confidentiality agreement from the plaintiff and (2) a settlement payment on behalf of defendants BORRUSSO, CATANIA and DANBURY SURGICAL ASSOCIATES, P.C., in the amount of [===========================================] ($===========) present value payable in the form of [=================================================] ($==========) to be made upon receipt of a duly executed release, structured settlement agreement and mutual confidentiality agreement from the plaintiff and subsequent periodic payments in the amounts of: [=====================================] ($=========) guaranteed lump sum payable on May 30, 2011; [=========================================] ($========) guaranteed lump sum payable on May 30, 2016; and [=================================================] ($===========) guaranteed lump sum payable on May 30, 2021; and

IT IS FURTHER ORDERED that this action, having been settled subject to the aforementioned Stipulation filed with this Court on October 4, 2006, and thereafter "Approved" and "So Ordered" by Judge Robert N. Chatigny on October 6, 2006, and the aforementioned settlement payment agreements made between plaintiff LAURA

GUIGLIANO and defendants DANBURY HOSPITAL, BORRUSSO, CATANIA and DANBURY SURGICAL ASSOCIATES, P.C., is hereby remanded to the Surrogate's Court of Putnam County in the State of New York (the court that issued Limited Letters of Administration to plaintiff LAURA GUIGLIANO and appointing LAURA GUIGLIANO as Administrator of the Estate of MICHAEL GUIGLIANO, Deceased) for the purpose of issuing a Decree distributing the aforementioned settlement proceeds and authorizing plaintiff LAURA GUIGLIANO to execute any necessary releases, mutual confidentiality agreements and other papers effectuating the settlement agreements made between the parties in this action; and

IT IS FURTHER ORDERED that there be no publicizing or disclosure of the contents of this Order of Remand by court personnel, counsel, or any interested parties beyond that necessary to effectuate the aforementioned settlement agreements.[1]

Dated: United States Courthouse
       Bridgeport, Connecticut
       October 18, 2006

SO ORDERED:

_____
HON. WILLIAM I. GARFINKEL
United States Magistrate Judge
United States District Court
District of Connecticut

---

[1] The original Order of Remand has been submitted under seal pursuant to Court Order. Pursuant to the above referenced prohibition on publicization or disclosure and the mutual confidentiality agreements made between the parties, the publicly filed copy of this Order in the Court Docket Document History has settlement payment amounts redacted. Counsel for each party has been provided with a copy of the Order of Remand submitted under seal which discloses the settlement payment amount for that party.